**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____    Chapter    **11**

☐ Check if this an amended filing

## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **iMedia Brands, Inc.** |
| 2. | All other names debtor used in the last 8 years<br>Include any assumed names, trade names and *doing business as* names | **Evine Live, Inc.**<br>**ValueVision Media, Inc.**<br>**Evine Live**<br>**ShopHQ**<br>**Bulldog Shopping Network** |
| 3. | Debtor's federal Employer Identification Number (EIN) | **41-1673770** |

| | | | |
|---|---|---|---|
| 4. | Debtor's address | **Principal place of business**<br><br>**6740 Shady Oak Road**<br>**Eden Prairie, MN 55344-3433**<br>Number, Street, City, State & ZIP Code<br><br>**Hennepin**<br>County | **Mailing address, if different from principal place of business**<br><br>_____<br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>_____<br>Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | Debtor's website (URL) | **www.imediabrands.com** |
| 6. | Type of debtor | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Debtor  **iMedia Brands, Inc.**                                                         Case number (*if known*)
　　　　　Name

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☑ None of the above

B. *Check all that apply*

- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

　　**4541**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11. *Check **all** that apply*:
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

- ☑ No.
- ☐ Yes.

| District | When | Case number |
|---|---|---|
| District | When | Case number |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- ☐ No
- ☑ Yes.

Official Form 201　　　**Voluntary Petition for Non-Individuals Filing for Bankruptcy**　　　page 2

Debtor  **iMedia Brands, Inc.**  Case number (*if known*) _____
     Name

List all cases. If more than 1, attach a separate list    Debtor  **SEE ATTACHED RIDER**    Relationship _____

District _____    When _____    Case number, if known _____

**11. Why is the case filed in *this district*?**  *Check all that apply:*
- [ ] Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- [✓] A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**
- [✓] No
- [ ] Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

  **Why does the property need immediate attention?** (*Check all that apply.*)
  - [ ] It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
      What is the hazard? _____
  - [ ] It needs to be physically secured or protected from the weather.
  - [ ] It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
  - [ ] Other _____

  **Where is the property?** _____
  Number, Street, City, State & ZIP Code

  **Is the property insured?**
  - [ ] No
  - [ ] Yes.  Insurance agency _____
       Contact name _____
       Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**    *Check one:*
- [✓] Funds will be available for distribution to unsecured creditors.
- [ ] After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors ***
- [ ] 1-49
- [ ] 50-99
- [ ] 100-199
- [ ] 200-999
- [✓] 1,000-5,000
- [ ] 5001-10,000
- [ ] 10,001-25,000
- [ ] 25,001-50,000
- [ ] 50,001-100,000
- [ ] More than 100,000

**15. Estimated Assets ***
- [ ] $0 - $50,000
- [ ] $50,001 - $100,000
- [ ] $100,001 - $500,000
- [ ] $500,001 - $1 million
- [ ] $1,000,001 - $10 million
- [ ] $10,000,001 - $50 million
- [ ] $50,000,001 - $100 million
- [✓] $100,000,001 - $500 million
- [ ] $500,000,001 - $1 billion
- [ ] $1,000,000,001 - $10 billion
- [ ] $10,000,000,001 - $50 billion
- [ ] More than $50 billion

**16. Estimated liabilities ***
- [ ] $0 - $50,000
- [ ] $50,001 - $100,000
- [ ] $100,001 - $500,000
- [ ] $500,001 - $1 million
- [ ] $1,000,001 - $10 million
- [ ] $10,000,001 - $50 million
- [ ] $50,000,001 - $100 million
- [✓] $100,000,001 - $500 million
- [ ] $500,000,001 - $1 billion
- [ ] $1,000,000,001 - $10 billion
- [ ] $10,000,000,001 - $50 billion
- [ ] More than $50 billion

\* The Debtors' estimated number of creditors, assets, and liabilities noted here are provided on a consolidated basis.

Debtor  **iMedia Brands, Inc.**                                    Case number (*if known*)
        Name

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06/28/2023
              MM / DD / YYYY

**X**  /s/ James Alt                                      **James Alt**
Signature of authorized representative of debtor          Printed name

Title  **Chief Transformation Officer**

**18. Signature of attorney**

**X**  /s/ Laura Davis Jones                              Date  06/28/2023
Signature of attorney for debtor                                MM / DD / YYYY

**Laura Davis Jones**
Printed name

**Pachulski Stang Ziehl & Jones LLP**
Firm name

**919 N. Market Street**
**17th Floor**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone  **302-652-4100**       Email address  **ljones@pszjlaw.com**

**2436 DE**
Bar number and State

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of iMedia Brands, Inc.

- ValueVision Media Acquisitions, Inc.
- iMedia Brands, Inc.
- ValueVision Interactive, Inc.
- Portal Acquisition Company
- VVI Fulfillment Center, Inc.
- ValueVision Retail Inc.
- JWH Acquisition Company
- PW Acquisition Company, LLC
- EP Properties, LLC
- FL Acquisition Company
- Norwell Television, LLC
- 867 Grand Avenue, LLC

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>    iMedia Brands, Inc.,<br><br>               Debtor. | Chapter 11<br><br>Case No. 23-[_____] ([___]) |

**ATTACHMENT TO VOLUNTARY PETITION FOR**
**NON-INDIVIDUALS FILING FOR BANKRUPTCY UNDER CHAPTER 11**

      1.      If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 001-37495.

      2.      The following financial data is the latest available information and refers to the debtor's condition on April 29, 2023 (unaudited), except as set forth below.

| | | |
|---|---|---|
| a. | Total assets: | $272,596,462 |
| b. | Total debts (including debts listed in 2.c, below) | $373,713,748 |
| c. | Debt securities held by more than 500 holders: | 8.50% Senior Unsecured Notes due 2026[1] |
| d. | Number of shares of preferred stock: | 0 |
| e. | Number of shares of common stock: | 31,831,515<br>(as of June 27, 2023) |
| f. | Comments, if any: | N/A |

      3.      Brief description of Debtor's business: The Company is an interactive, global media company that offers, manages, and markets merchandise, including men's and women's accessories and apparel, under owned and third-party brands through various entertainment, ecommerce, and digital service platforms.

      4.      List the name of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor: Cede & Co; Invicta Media Investments, LLC

---

[1] iMedia Brands, Inc. is unable to identify the precise number of beneficial holders of any publicly traded debt securities that it or its subsidiaries have issued.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>iMedia Brands, Inc.,<br><br>Debtor. | Chapter 11<br><br>Case No. 23-[_____] ([___]) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Cede & Co. | 84.75% |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>    iMedia Brands, Inc.,<br><br>           Debtor. | Chapter 11<br><br>Case No. 23-[_____] ([___]) |

**LIST OF EQUITY HOLDERS[1]**

The following is a list of debtor iMedia Brands, Inc.'s significant equity holders. This list has been prepared in accordance with Federal Rule of Bankruptcy Procedure 1007(a)(3) for filing in this chapter 11 case.

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Cede & Co. | 570 Washington Blvd FL 1<br>Jersey City, NJ 07310-1617 | 84.75% |
| Invicta Media Investments, LLC | 3069 Taft St<br>Hollywood, FL 33021-4440 | 6.98% |

---

[1] This list reflects holders of five percent or more of iMedia Brands, Inc.'s common stock. This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure. By the *Debtors' Motion for Entry of an Order (I) Authorizing Debtors to File a Consolidated (A) Creditor Matrix and (B) Top 50 Creditors List, (II) Authorizing Redaction of Certain Personal Identification Information, (III) Waiving the Requirement to File a List of Equity Security Holders of iMedia Brands, Inc. and Modifying Notice Thereto, and (IV) Granting Related Relief* filed contemporaneously herewith, the Debtor is requesting a waiver of the requirement under Federal Rule of Bankruptcy Procedure 1007 to file a list of all of its equity security holders.

Fill in this information to identify the case:
Debtor name   **iMedia Brands, Inc.**
United States Bankruptcy Court for the:   **DISTRICT OF DELAWARE**
Case number (if known):

☐ Check if this is an amended filing

## Official Form 204
### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 1 | US BANK, NA AS TRUSTEE FOR 8.5% SENIOR UNSECURED NOTES DUE 2026<br>60 LIVINGSTON AVENUE<br>ST. PAUL, MN 55107 | Corporate Trust Office | Unsecured Notes | | | | $81,706,000 |
| 2 | AT&T<br>PO BOX 2971<br>OMAHA, NE 68103-2971 | Lois Saucedo<br>lmsaucedo@directv.com<br>800-847-3595 | Trade Claim | | | | $19,890,069 |
| 3 | WRNN-TV ASSOCIATES LP<br>800 WESTCHESTER AVE STE S-640<br>RYE BROOK, NY 10573 | Wilma Rijos<br>wrijos@rnntv.com<br>914-417-2716 | Trade Claim | | | | $10,435,570 |
| 4 | DISH NETWORK CORPORATION<br>ATTN AR DEPT<br>13155 COLLECTIONS CENTER DR<br>CHICAGO, IL 60693 | Katherine Richter<br>katherine.richter@dish.com<br>303-723-2620 | Trade Claim | | | | $10,207,073 |
| 5 | EMOTION INVEST GMBH & CO.<br>KG THEATINERSTRAßE 7<br>C/O ARCUS CAPITAL AG<br>80333 MUNICH, GERMANY | Daniel Bachmeier<br>bachmeier@arcuscapital.de | Unsecured Notes | | | | $6,379,311 |
| 6 | BE BETEILIGUNGEN FONDS GMBH & CO. GESCHLOSSENE INVESTMENTKOMMANDIT GESELLSCHAFT<br>HOHENZOLLERNRING 72<br>50672 COLOGNE, GERMANY | Roland Eschmann<br>roland.eschmann@be-invest.de | Unsecured Notes | | | | $6,128,686 |
| 7 | AT&T U-VERSE<br>ATTN 0511006<br>PO BOX 8106<br>AURORA, IL 60507 | Karim Babool<br>karim.babool@directv.com | Trade Claim | | | | $5,557,974 |
| 8 | IRIS CAPITAL FUND II<br>62 RUE PIERRE CHARRON<br>C/O IRIS CAPITAL MANAGEMENT<br>75008 PARIS, FRANCE | Erik De La Riviere<br>erik@iris.vc | Unsecured Notes | | | | $4,167,104 |
| 9 | CLARUS COMMERCE LLC<br>500 ENTERPRISE DR<br>2ND FLOOR<br>ROCKY HILL, CT 06067 | J Marco<br>jmarco@claruscommerce.com<br>860-358-9198 X267 | Trade Claim | | | | $3,869,012 |

Debtor  **iMedia Brands, Inc.**                                           Case number *(if known)*
           Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 10 | STERLING TIME DBA SLM TRADING GRP<br>2361 NOSTRAND AVE STE 803<br>BROOKLYN, NY 11210 | Eli Glieberman<br>eli@sterlingtimellc.com<br>718-437-8723 | Trade Claim | | | | $3,793,796 |
| 11 | CHARTER COMMUNICATIONS INC<br>ATTN ACCOUNTS PAYABLE<br>165 KNIGHTS WAY<br>FOND DU LAC, WI 54935 | Jacqueline King<br>jacqueline.king@charter.com<br>314-2883314 | Trade Claim | | | | $3,782,064 |
| 12 | MACKENZIE-CHILDS LLC<br>DEPT 116227<br>PO BOX 5211<br>BINGHAMTON, NY 13902-5211 | Amber Gansert<br>agansert@auroraholdings.com<br>315-364-6105 | Trade Claim | | | | $3,535,762 |
| 13 | STERLING APPAREL LTD<br>18-19TH FLOOR, WIN PLAZA 9 SHEUNG HEI STREET<br>SAN PO KONG, HONG KONG | Winnie Wong<br>winnie.wong@sphk.com.hk<br>852-3588-6285 | Trade Claim | | | | $3,292,566 |
| 14 | COMCAST<br>P.O. BOX 1577<br>NEWARK, NJ 07101-1577 | (888) 633-4266 | Trade Claim | | | | $3,278,052 |
| 15 | FAMJAMS TRADING LLC<br>2361 NOSTRAND AVE STE 803<br>BROOKLYN, NY 11210 | Michael Friedman<br>mfriedman@famjamstrading.com<br>718-663-3960 | Trade Claim | | | | $3,258,842 |
| 16 | GROWTH CAPITAL PARTNERS, LLC<br>250 E. 200 S., FLOOR 16<br>SALT LAKE CITY, UTAH 84111 | Scott Brown<br>notice@growthcapitalpartnersllc.com<br>312-297-7068 | Unsecured Notes | | | | $2,900,000 |
| 17 | ALTICE USA (CABLEVISION SYSTEMS CORP)<br>ATTN GINA SQUILLANTE<br>1111 STEWART AVE<br>BETHPAGE, NY 11714 | Gina Squillante<br>gina.squillante@alticeusa.com<br>929-418-4235 | Trade Claim | | | | $2,855,668 |
| 18 | UPS<br>P.O. BOX 34486<br>LOUISVILLE, KY 40232 | | Trade Claim | | | | $2,410,144 |
| 19 | FISKARS LIVING US LLC<br>32501 COLLECTION CENTER DRIVE<br>CHICAGO, IL 60693-0325 | Kimberly Gunderson<br>kimberly.gunderson@fiskars.com<br>732-835-4406 | Trade Claim | | | | $2,115,555 |
| 20 | BSMF LLC<br>7 HARRISON STREET, 2N<br>NEW YORK, NY 10013 | Michael Frishberg<br>frish1948@gmail.com | Unsecured Notes | | | | $1,665,000 |
| 21 | ISOMERS LABS<br>105 TYCOS DRIVE<br>TORONTO ONTARIO M6B 1W3, CANADA | Manuela Marcheggiani<br>manuela@isomers.ca<br>(416) 787-2465 | Trade Claim | | | | $1,603,070 |
| 22 | C&B IPCO LLC<br>5 REVERE DR, STE 206<br>NORTHBROOK, IL 60062 | Jason Devoss<br>jdevoss@hilcoglobal.com<br>973-790 1600 | Trade Claim | | | | $1,538,029 |
| 23 | GRANT THORNTON LLP<br>33562 TREASURY CENTER<br>CHICAGO, IL 60694-3500 | Anthony Bonaguro<br>anthony.bonaguro@us.gt.com<br>312 602 8670 | Professional Services Claim | | | | $1,531,279 |

Debtor **iMedia Brands, Inc.**          Case number *(if known)*
         Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 24 | FAEGRE DRINKER BIDDLE & REATH LLP NW 6139 PO BOX 1450, MINNEAPOLIS MN 55485-6139 | Janet L. Papproth janet.papproth@faegredrinker.com 612-766-7000 | Professional Services Claim | | | | $1,501,689 |
| 25 | INVESTSTRONG LLC 3940 LAUREL CANYON BLVD SUITE 100 STUDIO CITY, CA 91604 | Mark Falthzik mfalthzik@gmail.com 978-390-5597 | Trade Claim | | | | $1,298,429 |
| 26 | EXORIGOS LTD 6 BEIT HILLEL, 3RD FLOOR TEL AVIV, ISRAEL, 6701706 | Brandin-Shuker ina.s@exorigos.com | Trade Claim | | | | $1,193,492 |
| 27 | G-III APPAREL GROUP 231 WEST 39TH STREET NEW YORK, NY 10018 | Julien Trouchaud julien@giii.com.cn 852-2751-8682 | Trade Claim | | | | $1,175,555 |
| 28 | ANIVIEW INC 79 MADISON AVE NEW YORK, NY | Anna anna@aniview.com 646) 883-3377 | Trade Claim | | | | $1,153,903 |
| 29 | GEO MANAGEMENT CORP DBA SIBORG LLC 7310 SMOKE RANCH RD, STE 1 LAS VEGAS NV 89128 | Donald Troutman donald@geomgmt.com 702-228-8950 | Trade Claim | | | | $1,061,262 |
| 30 | SERVICE ELECTRIC CABLE TV ATTN ACCOUNTS PAYABLE 2200 AVENUE A BETHLEHAM, PA 18017 | | Trade Claim | | | | $1,045,045 |
| 31 | OCEAN COMMUNICATIONS INC 477 S ROSEMARY AVE #306 WEST PALM BEACH, FL 33401 | Amanda Miller amiller@olympusat.com (561) 684-5657 | Trade Claim | | | | $1,042,100 |
| 32 | IENJOY LLC 2021 SUNNYDALE BLVD SUITE 130 CLEARWATER FL 33765 | Danette Rose danette@ienjoyhome.com 727-216-6754 | Trade Claim | | | | $1,017,290 |
| 33 | VXI GLOBAL SOLUTIONS LLC 220 W 1ST ST STE 300 LOS ANGELES CA 90012 | Rexy Pulanco rexy.pulanco@vxi.com (632) 899-2200 Ext. 34792 | Trade Claim | | | | $1,005,335 |
| 34 | BENJAMIN SCHRAG ADDRESS ON FILE | Benjamin Schrag bschrag@gmail.com | Unsecured Notes | | | | $1,000,000 |
| 35 | MILOR GROUP INC CITIZENS BANK C/O BRIAN SWEENEY 2 EAST BALTIMORE AVE MEDIA PA 19063 | Loran Klein accounting.department@milor.it 39-0286960232 | Trade Claim | | | | $991,143 |
| 36 | DONNA SALYERS FABULOUS-FURS 25 W ROBBINS ST COVINGTON KY 41011 | Kathryn Wallace kwallace@fabulousfurs.com 859-392-3501 | Trade Claim | | | | $982,429 |
| 37 | BASIC RESEARCH 5742 HAROLD GATTY DR SALT LAKE CITY UT 84116 | Amy Henderson amy.henderson@basicresearch.org 801-517-7040 | Trade Claim | | | | $952,583 |
| 38 | CHROMADEX INC PO BOX 8003 CAROL STREAM IL 60197-8003 | James Lee jamesl@chromadex.com 949-419-0288 X109 | Trade Claim | | | | $926,920 |

Debtor **iMedia Brands, Inc.**    Case number *(if known)*
      Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 39 | RCN TELECOM SERVICES INC<br>650 COLLEGE RD E<br>PRINCETON, NJ 08540 | Ashey Holanda<br>ashley.holanda@rcn.net | Trade Claim | | | | $876,375 |
| 40 | WEALTHY BRAND INTL LTD<br>B2-G, 1/F HANG FUNG IND BLDG PH2<br>HUNGHOM | Kathy Ng<br>kathy.hkcn@gmail.com<br>1-85262100080 | Trade Claim | | | | $829,969 |
| 41 | ORACLE AMERICA INC<br>PO BOX 203448<br>DALLAS, TX 75320-3448 | | Trade Claim | | | | $759,505 |
| 42 | PRESSLINK LIMITED<br>AVENIDA DA PRAIA GRANDE, NOS 367-371<br>KENGOU BLDG, EM<br>MACAO | Raysa Chan<br>raysachn@pvumgroup.com<br>+1-501-958-7060 | Trade Claim | | | | $731,523 |
| 43 | MEDIACOM<br>1 MEDIACOM WAY<br>MEDIACOM PARK, NY 10918 | Kim Stacklum<br>kstacklum@mediacomcc.com<br>845-443-2714 | Trade Claim | | | | $722,314 |
| 44 | COSMETIC CHANGES LLC<br>PO BOX 172<br>NAHANT, MA 01908 | Sheldon Sevinor<br>ss@drsevinor.com<br>617-592-3632 | Trade Claim | | | | $663,493 |
| 45 | INSPIRE JEWELRY CONN DBA IJC<br>5000 CENTRE GREEN WAY STE 500<br>CARY, NC 27513 | Dennis Reed<br>dreed@idc-us.com<br>919-229-4332 X106 | Trade Claim | | | | $642,876 |
| 46 | VIDAZOO LTD<br>YIGAL ALON ST 114<br>TEL AVIV-YAFO, ISRAEL | Daniel<br>daniel@vidazoo.com<br>00972549948535 | Trade Claim | | | | $627,033 |
| 47 | ATLANTIC BROADBAND<br>1 BATTERYMARCH PARK<br>QUINCY, MA 02169 | Pat Bratton<br>888-536-9600 | Trade Claim | | | | $625,588 |
| 48 | TABOOLA INC<br>16 MADISON SQ W<br>NEW YORK, NY 10010 | | Trade Claim | | | | $619,609 |
| 49 | WELLS FARGO EQUIPMENT FINANCE<br>PO BOX 3072<br>CEDAR RAPIDS, IA, 52406-3072 | Michal Mcaulay<br>michal.mcaulay@oracle.com<br>855-249-9681 | Trade Claim | | | | $617,558 |
| 50 | OUTBRAIN INC<br>111 WEST 19TH STREET 3RD FLOOR<br>NEW YORK NY 10011 | Rajaana Jones<br>rjones@outbrain.com | Trade Claim | | | | $604,754 |

**Fill in this information to identify the case:**

Debtor name    **iMedia Brands, Inc.**

United States Bankruptcy Court for the:    **DISTRICT OF DELAWARE**

Case number (if known)    _____

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule* _____
☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☑ Other document that requires a declaration    **Corporate Ownership Statement; List of Equity Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    06/28/2023        **x** /s/ James Alt
                                 Signature of individual signing on behalf of debtor

                                 **James Alt**
                                 Printed name

                                 **Chief Transformation Officer**
                                 Position or relationship to debtor

# SECRETARY'S CERTIFICATE

## June 28, 2023

I, J. Alex Wasserburger, Corporate Secretary of iMedia Brands, Inc., a Minnesota corporation (the "Company"), do hereby certify the following:

1. I am the duly qualified and appointed Secretary of the Meeting (as defined below).

2. Attached hereto as **Exhibit 1** is a true, correct, and complete copy of the resolutions (the "Resolutions") duly adopted at a meeting (the "Meeting") by the boards of directors or sole members, as applicable, of each of the entities identified on Exhibit A to **Exhibit 1**, acting pursuant to the such entities' organizational documents, as applicable (as amended, amended and restated, modified, supplemented, or replaced from time to time, the "Organizational Documents") and the Minnesota Business Corporation Act (as in effect at the time of the Resolutions, the "MBCA") or General Corporation Law of the State of Delaware (as in effect at the time of the Resolutions, the "DGCL"), as applicable.

3. The Resolutions are not inconsistent with the Organizational Documents or the MBCA or DGCL, as applicable.

4. The Resolutions have not been amended, modified, repealed, or rescinded since adopted, and are in full force and effect on and as of the date hereof.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the date first written above.

By: /s/ *J. Alex Wasserburger*
Name: J. Alex Wasserburger
Title: Secretary of the Meeting

**<u>Exhibit 1</u>**

**Resolutions**

# OMNIBUS RESOLUTIONS OF THE BOARDS OF DIRECTORS OF IMEDIA BRANDS INC. AND CERTAIN SUBSIDIARIES

### Dated as of June 28, 2023

WHEREAS, a telephonic meeting (the "Meeting") of the boards of directors or sole members, as applicable (collectively, the "Boards") of iMedia Brands, Inc., a Minnesota corporation (the "Company"), and each of the entities listed on **Exhibit A** hereto (together with the Company, each, a "Filing Entity" and collectively, the "Filing Entities"), was concluded on the date hereof;

WHEREAS, a requisite number of the members of the Boards, constituting a quorum, as applicable, participated throughout the Meeting;

WHEREAS, the Boards have reviewed and considered presentations by the management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of each Filing Entity, the strategic alternatives available to them, and the effect of the foregoing on the Filing Entities' businesses;

WHEREAS, the Boards have had the opportunity to consult with the management and the financial and legal advisors of the Company and fully consider each of the strategic alternatives available to the Filing Entities;

WHEREAS, the Boards have had an opportunity to consult with the Company's financial and legal advisors and review the chapter 11 preparation materials provided by the Company's financial and legal advisors;

WHEREAS, the special committee of the board of directors of iMedia Brands, Inc. (the "Special Committee") has consulted with the Company's financial and legal advisors and has reviewed the chapter 11 presentation materials, and the Special Committee recommends that the Boards approve the filing of chapter 11 petitions; and

WHEREAS, the Boards hereby take the following actions and adopt the following resolutions pursuant to the organizational documents of each of the Filing Entities, as applicable, and the laws of the state of Minnesota or Delaware, as applicable:

NOW, THEREFORE, BE IT,

**Voluntary Petition for Relief Under Chapter 11 of the Bankruptcy Code**

RESOLVED, that in the judgment of the Boards, it is desirable and in the best interests of the Filing Entities (including a consideration of each Filing Entity's creditors and other parties in interest) that each Filing Entity shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Cases") under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States.

RESOLVED, that the members of the Boards or any other duly appointed officer of the Filing Entities authorized by the Boards to act on behalf of the applicable Filing Entity (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered and directed to (i) execute and file on behalf of the respective Filing Entity all petitions, affidavits, declarations, schedules, statements of financial affairs, lists and other motions, applications, pleadings, papers, or documents; (ii) take and perform any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Filing Entity's business; (iii) appear as necessary at all bankruptcy proceedings on behalf of each Filing Entity; and (iv) pay all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein.

**Retention of Professionals**

RESOLVED, that the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Ropes & Gray LLP, as general bankruptcy counsel, to represent and assist the Filing Entities in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Filing Entities' rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Ropes & Gray LLP.

RESOLVED, that the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Pachulski Stang Ziehl & Jones LLP, as co-bankruptcy counsel, to represent and assist the Filing Entities in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Filing Entities' rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Pachulski Stang Ziehl & Jones LLP.

RESOLVED, that the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Huron Consulting Services LLC, as financial advisor and to provide a Chief Transformation Officer to the Company, to represent and assist the Filing Entities in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Filing Entities' rights and obligations; and in connection therewith, each of the Authorized Signatories is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Huron Consulting Services LLC.

RESOLVED, that the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Lincoln Partners Advisors LLC, as investment banker, to represent and assist the Filing Entities in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Filing Entities' rights and obligations; and in connection therewith, each of the Authorized Signatories is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be

filed an appropriate application for authority to retain the services of Lincoln Partners Advisors LLC.

RESOLVED, that the Authorized Signatories be, and they hereby are authorized and directed to employ Stretto, Inc., as notice, claims, solicitation and balloting agent in connection with the Chapter 11 Cases; and in connection therewith, each of the Authorized Signatories is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of Stretto.

RESOLVED, that the Authorized Signatories be, and they hereby are, authorized and directed to employ any other professionals to assist the Filing Entities in carrying out their duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

RESOLVED, that the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with the Filing Entities' Chapter 11 Cases, with a view to the successful prosecution of such case.

**Cash Collateral and Adequate Protection**

RESOLVED, that the Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition lenders (collectively, the "Prepetition Lenders").

RESOLVED, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Filing Entities will provide certain adequate protection to the Prepetition Lenders (the "Adequate Protection Obligations"), as documented in a proposed interim order (the "Interim Cash Collateral Order") and submitted for approval to the Bankruptcy Court.

RESOLVED, that, in the judgment of the Boards, it is desirable and in the best interests of the Filing Entities (including a consideration of their creditors and other parties in interest) to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Interim Cash Collateral Order.

**General**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be,

and they hereby are, authorized and empowered, in the name of and on behalf of each of the Filing Entities, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that the Boards received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each of the Filing Entities, as applicable, or hereby waive any right to have received such notice.

RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of any such Filing Entity, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of any such Filing Entity with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Boards.

RESOLVED, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of each of the Filing Entities with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment to effectuate the purposes of the transactions contemplated herein.

* * * * *

**Exhibit A**

**Filing Entities (State of Incorporation)**

1. iMedia Brands, Inc. (Minnesota)
2. 867 Grand Avenue, LLC (Minnesota)
3. EP Properties, LLC (Minnesota)
4. FL Acquisition Company (Minnesota)
5. Norwell Television, LLC (Delaware)
6. JWH Acquisition Company (Minnesota)
7. Portal Acquisition Company (Minnesota)
8. PW Acquisition Company, LLC (Minnesota)
9. ValueVision Interactive, Inc. (Minnesota)
10. ValueVision Media Acquisitions, Inc. (Delaware)
11. ValueVision Retail Inc. (Delaware)
12. VVI Fulfillment Center, Inc. (Minnesota)