**EXHIBIT B**

**Final Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>iMedia Brands, Inc., *et al.*,[1]<br><br>                                      Debtors. | Chapter 11<br><br>Case No. 23-10852 ([___])<br><br>(Jointly Administered)<br><br>**Ref. Docket No.** ___ |

**FINAL ORDER (I) AUTHORIZING
DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF LIEN
CLAIMANTS AND RELATED OBLIGATIONS, (II) AUTHORIZING
DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF CERTAIN
SECTION 503(b)(9) CLAIMANTS, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of a final order (the "Final Order") (i) authorizing the Debtors to pay, in the ordinary course of business, certain prepetition claims of third-party servicers or carriers, including shippers, warehousemen, and other lienholders, who are in current possession of the Debtors' property and who have or may assert a lien pursuant to applicable law (the "Lien Claimants," whose claims shall be identified herein collectively as the "Lien Claims") and related obligations with respect to customs duties and import charges (together with the Lien Claims, the "Lien and Import Claims"), (ii) authorizing the Debtors to pay, in their discretion, certain Claimants (the "Section 503(b)(9) Claimants") on account of goods received by the Debtors in the ordinary course of business within the twenty (20) days immediately preceding the Petition Date (the "Section 503(b)(9) Claims"), and (iii) granting related relief; and upon

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: ValueVision Media Acquisitions, Inc. (8670); iMedia Brands, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642). The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and no other or further notice of the Motion being required; and the Court having jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334; and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted on a final basis.

2. The Debtors are authorized, in their discretion, to pay, honor, or otherwise satisfy Lien and Import Claims in the ordinary course of their business up to the aggregate amount of the Lienholder Claims Cap of $1,740,000. The Debtors are further authorized, in their discretion, to pay Section 503(b)(9) Claims in an amount not to exceed $500,000 absent further order of this Court. Nothing in this paragraph shall be construed as requiring the Debtors to make a payment to a particular creditor or claimant. The Debtors shall provide a copy of this Order to any Lien Claimant and Section 503(b)(9) Claim holder to whom a payment is made pursuant to this Order.

3. The Debtors are authorized to require that, as a condition to any Lien Claimant receiving any payment under this Final Order, a payee maintain or apply, the Customary Trade Terms. If the Debtors have determined to impose such conditions on a payee, and after such payee receives a payment under this Final Order it ceases to provide the Customary Trade Terms, then the Debtors may (a) seek a Court order deeming such payment an avoidable postpetition transfer

of property pursuant to section 549 of the Bankruptcy Code and, upon recovery by the Debtors, any prepetition claim of such Lien Claimant shall be reinstated as if the payment had not been made or (b) deem such payment to apply instead to any postpetition amount that may be owing to such payee, and the Lien Claimant will be required to repay to the Debtors such paid amounts that exceed the postpetition obligations then outstanding, without the right of any setoffs, claims, provisions for payment of any claims, or otherwise. Nothing in this paragraph shall be construed as requiring the Debtors to make a payment to a particular creditor or claimant.

4. The Debtors shall maintain a matrix summarizing (a) the name of each Lien Claimant paid, (b) the amount paid to each Lien Claimant on account of its claim(s), and (c) the type of goods or services provided by that Lien Claimant.

5. Upon the Debtors' payment of the Lien and Import Claims, any lien securing such claim shall be immediately released, void, and of no further force and effect, without further action by the Debtors.

6. Notwithstanding the relief granted in this Final Order and any payment made or actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the amount of, basis for, priority of, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code or an admission that such contract or lease is subject to assumption or rejection; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on

4

property of the Debtors' estates; or (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

7.  Nothing herein shall prejudice the Debtors' rights to request additional authority to pay Lien and Import Claims.

8.  Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

9.  Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.