## **EXHIBIT B**

**Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>iMedia Brands, Inc., *et al.*,[1]<br><br>　　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 23-10852 ([___])<br><br>(Jointly Administered)<br><br>**Ref. Docket No. ___** |

**FINAL ORDER**
**(I)(A) APPROVING THE DEBTORS**
**PROPOSED ADEQUATE ASSURANCE OF**
**PAYMENT FOR FUTURE UTILITY SERVICES,**
**(B) APPROVING THE DEBTORS' PROPOSED PROCEDURES**
**FOR RESOLVING ADDITIONAL ASSURANCE REQUESTS, AND**
**(C) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING,**
**OR DISCONTINUING SERVICES; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order and this final order (this "Final Order") (i)(a) approving the Debtors' proposed adequate assurance of payment for future utility services, (b) approving the Debtors' proposed procedures for resolving requests for adequate insurance, and (c) prohibiting utility providers from altering, refusing, or discontinuing services; and (ii) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: ValueVision Media Acquisitions, Inc. (8670); iMedia Brands, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642). The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

[2] Capitalized terms used in this Final Order but not immediately defined have the meanings given to them in the Motion.

Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted on a final basis to the extent set forth below.

2. All Utility Providers are prohibited from altering, refusing, or discontinuing services on account of any unpaid prepetition charges, the commencement of these chapter 11 cases, or any perceived inadequacy of the Proposed Adequate Assurance.

3. The Debtors shall serve a copy of the Motion and this Final Order on each Utility Provider listed on **Exhibit C** to the Motion within two business days after the date this Final Order is entered, and upon service, any such Utility Provider shall be bound by the Adequate Assurance Procedures.

4. The Debtors' service of the Motion upon the Utility Providers List shall not constitute an admission or concession that any such entity is a "utility" within the meaning of

section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

5. The Debtors are authorized to cause the Adequate Assurance Deposit to be held in a segregated account during the pendency of these chapter 11 cases.

6. The Adequate Assurance Deposit, the prepetition deposits paid by the Debtors that are currently held by certain of the Utility Providers, and the Debtors' ability to pay for future Utility Services in the ordinary course of business subject to the Adequate Assurance Procedures, shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

7. To the extent the Debtors identify new or additional Utility Providers or discontinue or terminate services from existing Utility Providers, the Debtors are authorized to add or remove such parties from the Utility Providers List; *provided, however,* that the Debtors shall provide notice of any such addition or removal to the Notice Parties.  For any Utility Provider that is subsequently removed from the Utility Providers List, the Debtors are authorized, in their discretion and without further order of the Court, to reduce the Adequate Assurance Deposit by an amount not exceeding, for each of the Utility Services being discontinued, the lesser of (a) one-half of the average monthly cost of Utility Services previously provided, calculated based on the aforementioned historical average to align with the go-forward average monthly cost of Utility Services and (b) the amount of the Adequate Assurance Deposit then attributable to the applicable Utility Provider; *provided* that for any Utility Provider for which the Adequate Assurance Deposit is reduced, the Debtors shall have (i) provided such Utility Provider with two weeks' notice of such reduction and (ii) paid such Utility Provider in full and for any outstanding postpetition Utility Services.  To the extent that there is any dispute as to the postpetition amounts

3

owed to a Utility Provider, such Utility Provider shall not be removed from the Utility Providers List, and no funds shall be removed from the Adequate Assurance Deposit, until such dispute has been resolved. For any Utility Provider that is subsequently added to the Utility Providers List, the Debtors will serve such Utility Provider with a copy of the Final Order, including the Adequate Assurance Procedures, and provide such Utility Provider two weeks' notice to object to the inclusion of such Utility Provider on the Utility Providers List. The terms of the Final Order and the Adequate Assurance Procedures shall apply to any subsequently identified Utility Provider to the same extent as if the Utility Provider was listed on the original Utility Providers List attached hereto.

8. The Debtors are authorized to increase the Adequate Assurance Deposit by an amount equal to approximately one-half of the Debtors' monthly average cost of services from any subsequently added Utility Provider, net of any prepetition deposits, letters of credit, or surety bonds already provided to the Utility Provider in the ordinary course of business. For any Utility Provider that is subsequently removed from the Utility Providers List, the Debtors are authorized to decrease the Adequate Assurance Deposit by an amount equal to approximately one-half of the Debtors' monthly average cost of services from such removed Utility Provider.

9. The following Adequate Assurance Procedures are hereby approved:

    a. The Debtors will serve a copy of the Motion and this Final Order granting the relief requested herein to each Utility Provider identified on **Exhibit C** to the Motion within two business days after entry of the Final Order by the Court.

    b. Subject to paragraphs (f)-(k) herein, the Debtors will deposit the Adequate Assurance Deposit, in the aggregate amount of $225,000, in the Adequate Assurance Account as soon as practicable after entry of the Interim Order.

    c. Each Utility Provider shall be entitled to the funds in the Adequate Assurance Account in the amount set forth for such Utility Provider in the column labeled "Proposed Adequate Assurance" on the Utility Providers List.

d.  If an amount relating to Utility Services provided postpetition by a Utility Provider is unpaid, remains unpaid beyond any applicable grace period, and is undisputed, such Utility Provider may request a disbursement from the Adequate Assurance Account by giving notice to: (i) the Debtors, iMedia Brands, Inc., 6740 Shady Oak Road, Eden Prairie, MN 55344-3433 (Attn: Tim Peterman); (ii) proposed co-counsel to the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036 (Attn: Cristine Pirro Schwarzman, email: cristine.schwarzman@ropesgray.com); Ropes & Gray LLP, 191 North Wacker Drive, 32nd Floor, Chicago, IL 60606 (Attn: Stephen L. Iacovo, email: stephen.iacovo@ropesgray.com); (iii) counsel to any official committee appointed in the chapter 11 cases; (iv) the United States Trustee for the District of Delaware, 844 N. King Street, Room 2207, Wilmington, DE 19801 (Attn: Richard L. Schepacarter, email: richard.schepacarter@usdoj.gov); and (v) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  The Debtors shall honor such request within five business days after the date the request is received by the Debtors.  The Debtors and any such requesting Utility Provider maintain the ability to resolve any dispute regarding such request without further order of the Court.  To the extent a Utility Provider receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed.

e.  The portion of the Adequate Assurance Deposit attributable to each Utility Provider (including any additional amount deposited upon request of any applicable Utility Provider), or any portion thereof, shall revert to the Debtors less any amounts owed on account of unpaid, postpetition Utility Services, by no later than five business days following the earlier of the date upon which (i) the Debtors reconcile and pay the Utility Provider's final invoice in accordance with applicable nonbankruptcy law following the Debtors' termination of Utility Services from such Utility Provider or (ii) the effective date of any chapter 11 plan confirmed in these chapter 11 cases.

f.  Any Utility Provider desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "Additional Assurance Request") on the Notice Parties.

g.  Any Additional Assurance Request must: (i) be in writing; (ii) identify the location for which the Utility Services are provided; (iii) summarize the Debtors' payment history relevant to the affected account(s); (iv) certify the amount that is equal to one-half the monthly cost of the Utility Services the Utility Provider supplies to the Debtors, calculated as a historical average over the twelve-month period ended December 31, 2022; (v) certify that the Utility Provider does not already hold a prepetition deposit equal to or greater than one-half the monthly cost of Utility Services; (vi) provide

5

        evidence that the Debtors have a direct obligation to the Utility Provider; and (vii) explain why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.  Any Additional Assurance Request that does not fully comply with the foregoing requirements shall be deemed invalid.

    h.    If a Utility Provider fails to file and serve an Additional Assurance Request the Utility Provider shall be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (ii) forbidden from altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges.

    i.    Without further order of the Court, the Debtors may resolve any Additional Assurance Request by mutual agreement with a Utility Provider, and the Debtors may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of payment, including, but not limited to, cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable.

    j.    If the Debtors determine in their business judgment that the Additional Assurance Request is not reasonable and the Debtors are unable to reach an alternative resolution with the Utility Provider within twenty days of receipt of the Additional Assurance Request, the Debtors may request a hearing (the "<u>Determination Hearing</u>") before the Court to determine the adequacy of assurance of payment with respect to that Utility Provider pursuant to section 366(c)(3) of the Bankruptcy Code.

    k.    Pending resolution of such dispute at a Determination Hearing, the relevant Utility Provider shall be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of:  (i) unpaid charges for prepetition services; (ii) a pending Additional Assurance Request; or (iii) any objections filed in response to the Proposed Adequate Assurance.

10.    Nothing in this Order nor any actions taken hereunder:  (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party; (d) shall be construed as a promise to

pay a claim or continue any applicable program postpetition, which decision shall be in the discretion of the Debtors; or (e) shall create, or is intended to create, any rights in favor of, or enhance the status of any claim held by, any person.  Any payment made pursuant to this Order is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

14. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.