**<u>EXHIBIT B</u>**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>iMedia Brands, Inc., *et al.*,[1]<br><br><div align="right">Debtors.</div> | Chapter 11<br><br>Case No. 23-10852 (——KBO)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. ——18** |

**INTERIM ORDER (I) AUTHORIZING POSTPETITION USE OF
CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO
PREPETITION SECURED PARTIES AND C&B NEWCO; (III) SCHEDULING
A SECOND INTERIM HEARING; AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order") pursuant to sections 105(a), 361, 362, 363, 506, and 507 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 4001-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (i) authorizing the use of Cash Collateral (as defined herein), (ii) granting adequate protection to the Prepetition Secured Parties and C&B Newco (each as defined herein), (iii) scheduling a second interim hearing (the "Second Interim Hearing") pursuant to Bankruptcy Rules 4001(b) and (d), and (iv) granting related relief, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are:  ValueVision Media Acquisitions, Inc. (8670); iMedia Brands, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642).  The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

[2]     All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a first interim hearing to consider the relief requested in the Motion having been held on June 30, 2023 (the "First Interim Hearing"); and upon consideration of the *Declaration of James Alt, Chief Transformation Officer of iMedia Brands, Inc., in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. [●]17], the *Declaration of James Alt in Support of Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Postpetition Use of Cash Collateral; (II) Granting Adequate Protection to Certain Prepetition Secured Parties and C&B Newco; (III) Scheduling a Second Interim Hearing; and (IV) Granting Related Relief* [Docket No. [●]]19] (the "Alt Declaration"), and the record of the First Interim Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates (the "Estates"), as contemplated by Bankruptcy Rule 4001(b)(2), and is in the best interests of the Debtors, their Estates, their creditors, their stakeholders, and all other parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:[3]**

A.      <u>Disposition</u>.   The relief requested in the Motion is hereby granted on an interim basis.  Any objections to the Motion that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are hereby denied and overruled on the merits.  This Interim Order shall become effective immediately upon its entry.

B.      <u>Petition Date</u>.  On June 28, 2023 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court.

C.      <u>Debtors in Possession</u>.   The Debtors are continuing to manage and operate their businesses and property as debtors and debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

D.      <u>Jurisdiction and Venue</u>.  The Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.   Consideration of the Motion constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The Court may enter a final order consistent with Article III of the United States Constitution.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

E.      <u>Cash Collateral</u>.   Cash Collateral shall be deemed to include, without limitation, all of each Debtor's "cash collateral" ("<u>Cash Collateral</u>") within the meaning of section 363 of

---

[3]    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

the Bankruptcy Code, in which any Prepetition Secured Party or C&B Newco has a valid, perfected security interest, lien, or mortgage, regardless of whether such security interest, lien, or mortgage existed as of the Petition Date or arose thereafter pursuant to section 552 of the Bankruptcy Code.

F.    Necessity of Relief Requested.    Good cause has been shown for the entry of this Interim Order.  The Debtors have an immediate need to use Cash Collateral consistent with the Interim Budget to, among other things, fund their businesses, maintain the confidence of their customers and vendors, pay their operating expenses, including, without limitation, expenses relating to employee wages and benefits and certain tax liabilities, and pursue a value maximizing transaction for the benefit of the Debtors, their Estates, and their stakeholders. Without the ability to use Cash Collateral as provided by this Interim Order and consistent with the Interim Budget, the Debtors and their Estates would suffer immediate and irreparable harm, and the relief granted by this Interim Order is necessary to avoid such harm.  The terms for the Debtors' use of Cash Collateral pursuant to this Interim Order and the Interim Budget are fair and reasonable and reflect the Debtors' exercise of prudent business judgment consistent with their fiduciary duties.  The Debtors have requested entry of this Interim Order pursuant to Bankruptcy Rule 4001(b)(2) and (d).  The use of Cash Collateral in accordance with this Interim Order and the Interim Budget is therefore in the best interests of the Debtors and their Estates, their creditors, and other parties in interest.

G.    Debtors' Acknowledgments and Agreements.  Without prejudice to the rights of any other party (but subject to the limitations contained in Paragraph 13 below), the Debtors admit, stipulate, acknowledge, and agree that:

(1)  <u>Prepetition ABL Financing Documents</u>.  Pursuant to that certain *Loan and Security Agreement*, dated as of July 30, 2021 (as amended, restated, amended and restated, modified, supplemented, or extended from time to time, the "<u>Prepetition ABL Credit Agreement</u>"), by and among Siena Lending Group LLC, in its capacity as agent (in such capacity, the "<u>Prepetition ABL Agent</u>"), the borrowers from time to time party thereto (the "<u>Prepetition ABL Borrowers</u>"),[4] the guarantors from time to time party thereto (the "<u>Prepetition ABL Guarantors</u>"),[5] the financial institutions party thereto from time to time (collectively, the "<u>Prepetition ABL Lenders</u>" and, together with the Prepetition ABL Agent, sometimes collectively referred to as the "<u>Prepetition ABL Secured Parties</u>"), and all security agreements, pledge agreements, notes, mortgages, guarantees, control agreements, collateral access agreements, and related agreements and documents (collectively, with the Prepetition ABL Credit Agreement, as amended, modified, supplemented, extended, restated, amended and restated, or replaced from time to time, the "<u>Prepetition ABL Financing Documents</u>"), the Prepetition ABL Secured Parties made loans and advances (the "<u>Prepetition ABL Loans</u>"), and provided other financial accommodations to the Prepetition ABL Borrowers, which obligations were guaranteed by the Prepetition ABL Guarantors pursuant to the guarantee in (a) the Prepetition ABL Credit Agreement and (b) that certain *Guarantee Agreement*, dated

---

[4]  Pursuant to the Prepetition ABL Credit Agreement, "Borrowers" means ValueVision Retail Inc., iMedia Brands, Inc., ValueVision Interactive, Inc., PW Acquisition Company, LLC, FL Acquisition Company, ValueVision Media Acquisitions, Inc., JWH Acquisition Company, Norwell Television, LLC, 867 Grand Avenue, LLC, and Portal Acquisition Company.

[5]  Pursuant to the Prepetition ABL Credit Agreement and the German Law Guarantee (as defined *infra*), "Guarantors" means VVI Fulfillment Center, Inc., EP Properties, LLC, iMedia & 123tv Holding GmbH, 123tv Invest GmbH, 123tv Holding GmbH, 123tv Beteiligungs GmbH, 1-2-3.tv GmbH, and 1-2-Play GmbH.  iMedia & 123tv Holding GmbH, 123tv Invest GmbH, 123tv Holding GmbH, 123tv Beteiligungs GmbH, 1-2-3.tv GmbH, and 1-2-Play GmbH (collectively, the "<u>Prepetition ABL German Guarantors</u>") are not Debtors in these chapter 11 cases.

February 28, 2023, between the Prepetition ABL German Guarantors, as guarantors, and Siena Lending Group LLC, as beneficiary (the "German Law Guarantee").

(2)    Prepetition ABL Obligations.  As of the Petition Date, the Debtors were indebted and liable to the Prepetition ABL Secured Parties in an amount not less than $19,464,095.34 for "Obligations" outstanding under, and as defined in, the Prepetition ABL Credit Agreement totaled not less $16,390,202.25 (collectively,  the "Prepetition  ABL  Obligations"),  which Prepetition ABL Obligations have been guaranteed on a joint and several basis by the Debtors and the Prepetition ABL Guarantors; provided that the Debtors reserve any and all rights to Challenge (as defined herein) the validity and amount of the Prepetition ABL Obligations solely in connection with the asserted early termination fee arising under the Prepetition ABL Credit Agreement (the "Early Termination Fee").

(3)    Prepetition ABL Collateral.  As of the Petition Date, the Prepetition ABL Obligations were secured pursuant to the Prepetition ABL Financing Documents by valid, binding, and perfected security interests and liens ("Prepetition ABL Liens") granted by the Debtors to the Prepetition ABL Agent, for the benefit of the Prepetition ABL Secured Parties, upon the "Collateral" (as defined in the Prepetition ABL Credit Agreement) in existence as of the Petition Date (hereafter, the "Prepetition ABL Collateral"), subject only to any valid, perfected, and unavoidable liens or security interests otherwise existing as of the Petition Date that were senior to the Prepetition ABL Liens and were in existence immediately prior to the Petition Date, or that were subsequently perfected postpetition to the extent permitted by section 546(b) of the Bankruptcy Code (collectively, the "Prepetition Prior Liens" and each a "Prepetition Prior Lien").  For the avoidance of doubt, Synacor's (as defined herein) rights with respect to the Prepetition ABL Collateral are hereby reserved and Synacor retains the

right to (i) seek a determination with respect to the value of the Prepetition ABL Collateral and (ii) challenge the validity, extent, enforceability, and/or priority of any liens asserted by the Prepetition ABL Secured Parties with respect to the Prepetition ABL Collateral. The Paragraph G Stipulations shall not be binding on Synacor with respect to the Prepetition ABL Secured Parties' asserted liens in the Prepetition ABL Collateral and the Challenge Period shall not apply to Synacor.

(4)     Synacor Promissory Note.  Pursuant to that certain *Secured Promissory Note*, dated as of July 30, 2021 (as amended, restated, amended and restated, modified, supplemented, or extended from time to time, the "Synacor Promissory Note") by and between Debtors iMedia Brands, Inc., as parent, and Portal Acquisition Company, as borrower (the "Synacor Promissory Note Borrower"), and Synacor, Inc. ("Synacor" and, together with the Prepetition ABL Secured Parties, the "Prepetition Secured Parties"), as holder, Synacor provided debt financing to the Synacor Promissory Note Borrower, which obligations were guaranteed by Debtor iMedia Brands, Inc. (the "Synacor Promissory Note Guarantor") pursuant to the Synacor Promissory Note.

(5)     Prepetition Synacor Promissory Note Obligations.  As of the Petition Date, the Synacor Promissory Note Borrower and the Synacor Promissory Note Guarantor were ~~justly and lawfully~~ indebted and liable to Synacor in the aggregate principal amount of not less than $4.1 million, consisting of indebtedness outstanding under the Synacor Promissory Note plus interest accrued and accruing thereon (collectively, together with all "Obligations" (as defined in the Synacor Promissory Note) under the Synacor Promissory Note, the "Prepetition Synacor Promissory Note Obligations"), which Synacor Promissory Note Obligations have been guaranteed on a joint and several basis by the Synacor Promissory Note Guarantor.

(6)     Prepetition Synacor Collateral.

(a)     As of the Petition Date, the Prepetition Synacor Promissory Note Obligations were secured pursuant to the Synacor Promissory Note and related instruments, assignments, and other documents by valid, binding, and perfected security interests and liens granted by Debtor Portal Acquisition Company to Synacor upon the "First Priority Collateral" and remaining "Collateral" (each as defined in the Synacor Promissory Note) (hereafter, the "Prepetition Synacor Collateral" and, together with the Prepetition ABL Collateral, the "Prepetition Collateral") and in existence as of the Petition Date, subject only to any Prepetition Prior Liens.  For the avoidance of doubt, the Prepetition ABL Secured Parties' rights with respect to the Prepetition Synacor Collateral are hereby reserved and the Prepetition ABL Secured Parties retain the right to (i) seek a determination with respect to the value of the Prepetition Synacor Collateral and (ii) challenge the validity, extent, enforceability, and/or priority of any liens asserted by Synacor with respect to Prepetition Synacor Collateral.  The Paragraph G Stipulations shall not be binding on the Prepetition ABL Secured Parties with respect to Synacor's asserted liens in the Prepetition Synacor Collateral and the Challenge Period shall not apply to the Prepetition ABL Secured Parties.

(7)     Prepetition Synacor Guaranties.  Pursuant to Section 8 of the Synacor Promissory Note, on a joint and several basis, the Synacor Promissory Note Borrower and the Synacor Promissory Note Guarantor guaranteed the Prepetition Synacor Promissory Note Obligations under the Synacor Promissory Note.

H.     Use of Cash Collateral.   All Cash Collateral may be used as and to the extent set forth in this Interim Order and consistent with the Interim Budget for (a) general operating, corporate, and working capital purposes of the Debtors in the ordinary course of business, (b) the

costs and expenses of administering these chapter 11 cases, and (c) payment of the adequate protection obligations provided herein.

I.    <u>Adequate Protection of Prepetition Secured Parties and C&B Newco</u>.    The Debtors shall, pursuant to sections 361 and 363 of the Bankruptcy Code, provide the Prepetition Secured Parties and C&B Newco LLC ("<u>C&B Newco</u>") adequate protection, as and to the extent set forth in this Interim Order, for the diminution in the value, if any, of the Prepetition Secured Parties' or C&B Newco's respective interests in the Estates' interests in the Prepetition Collateral and Consigned Inventory (each as defined herein), respectively, as of the Petition Date resulting from (a) the use, sale, or lease by the Debtors of the Prepetition Collateral (including the use of any Cash Collateral) and the Consigned Inventory and (b) the imposition or enforcement of the automatic stay under section 362(a) of the Bankruptcy Code.

Based upon the foregoing findings and conclusions, the Motion and the record before this Court with respect to the Motion,[6] and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.    <u>Motion Granted</u>.    The Motion is GRANTED on an interim basis, and the Debtors' use of Cash Collateral is authorized on an interim basis, in accordance with the terms and conditions set forth in this Interim Order.

---

[6]    The Prepetition ABL Secured Parties and Synacor have advised that they dispute many of the assertions contained in the Alt Declaration, including without limitation, with respect to the Prepetition ABL Secured Parties, Mr. Alt's assertion that the Prepetition ABL Secured Parties have a substantial equity cushion by reference to the "book value" of certain assets. Nothing in this Interim Order shall constitute a finding that the assertions proffered in the Alt Declaration are accurate nor are they binding on the Prepetition ABL Secured Parties or Synacor. Because the Prepetition ABL Secured Parties and Synacor have consented to the use of their Cash Collateral on an interim basis on the terms set forth in this Interim Order, the Prepetition ABL Secured Parties' and Synacor's disagreement with the valuation methods (and other assertions by Mr. Alt) need not be addressed at this time and are reserved for a future hearing.

2.      <u>Objections to Entry of Interim Order Overruled</u>.  All objections to the entry of this Interim Order, to the extent not withdrawn, waived, or resolved, are hereby denied and overruled.

3.      <u>Authorization to Use Cash Collateral</u>.  Subject to the terms and conditions of this Interim Order, the Debtors are authorized to use the Cash Collateral ~~substantially~~ consistent with the Interim Budget, subject to any Permitted Variance (as defined herein), during the two-week period commencing as of the Petition Date (the "<u>Initial Interim Period</u>") through and including the occurrence of the Termination Date (as defined herein).  <u>Notwithstanding the entry by this Court of any interim or final order authorizing, but not directing, the Debtors, in their discretion, to remit or make payments or deposits for any pre- or postpetition claims, fees, expenses, customer programs, utility charges, insurance policies, critical vendor claims, or taxes, all such payments from use of Cash Collateral shall be subject to this Interim Order and consistent with the Interim Budget.</u>

4.      <u>Prepetition ABL Secured Parties' Adequate Protection</u>.  To the extent entitled under applicable law, as adequate protection for the Debtors' use of the Prepetition ABL Collateral, the Prepetition ABL Secured Parties are granted, solely to the extent, if any, of diminution in value of the Prepetition ABL Secured Parties' interests in the Estates' interests in the Prepetition ABL Collateral as of the Petition Date to the extent resulting from the Debtors' use, sale, or lease of the Prepetition ABL Collateral and the imposition or enforcement of the automatic stay pursuant to section 362(a) of the Bankruptcy Code:

a.      valid and perfected replacement security interests in and liens upon the Debtors' assets, whether existing on the Petition Date or arising or acquired thereafter (the "<u>Prepetition ABL Adequate Protection Liens</u>"), including the Prepetition ABL Collateral,

and any proceeds thereof, but excluding (for purposes of this Interim Order) (i) any and all claims and causes of action under chapter 5 of the Bankruptcy Code and Bankruptcy Code section 724(a) (collectively, "Avoidance Actions") and the proceeds thereof and any property received on account of Avoidance Actions, whether by judgment, settlement, or otherwise, whether pursuant to federal law or applicable state law, (ii) any and all commercial tort claims held by the Debtors (the "Commercial Tort Claims") and the proceeds thereof and any property received on account of the Commercial Tort Claims, whether by judgment, settlement, or otherwise, whether pursuant to federal law or applicable state law, (iii) any and all proceeds from any insurance policy (including any "tail policy") issued or providing coverage to the Debtors for claims against or liabilities of any of the Debtors' current or former directors, managers, and officers, and (iv) any property or proceeds received by the Debtors or their Estates to the extent allocable to costs and expenses of preserving, or disposing of, any property in accordance with section 506(c) of the Bankruptcy Code (the foregoing clauses (i)–(iv) collectively, the "Excluded Collateral"), in each case, subject only to any valid, enforceable and perfected Prepetition Prior Liens; and

      b.     a superpriority administrative claim (the "Prepetition ABL Adequate Protection Superpriority Claim") against the Debtors' Estates, as and to the extent provided in section 507(b) of the Bankruptcy Code; provided that the Prepetition ABL Adequate Protection Superpriority Claim shall not have recourse to the Excluded Collateral.

      5.     Prepetition ABL Secured Parties' Additional Adequate Protection.  As additional adequate protection of the Prepetition ABL Secured Parties' respective interests:

      a.     The Debtors shall use the Prepetition ABL Collateral, including all Cash Collateral, ~~substantially~~ consistent with the Interim Budget, subject to any Permitted Variance,

which is annexed hereto as **Annex A**, in an amount that would not cause any of the Debtors to use Cash Collateral for operating disbursements and capital expenditures in an aggregate amount greater than 20% of the operating disbursements and capital expenditures, taken together, for any particular week in the Interim Budget ("Permitted Variance"), except with respect to the fees, expenses, costs, or other disbursements of any professionals, and all fees required to be paid to the clerk of the Court and the United States Trustee for the District of Delaware ("U.S. Trustee") under section 1930(a) of title 28 of the United States Code.  If the aggregate amount of Cash Collateral actually used for operating disbursements and capital expenditures, taken together, by the Debtors, for any particular week, is less than the aggregate amount of Cash Collateral available for use by the Debtors for operating disbursements and capital expenditures, taken together, in the Interim Budget during such period, then for purposes of the Permitted Variance, the Debtors may carry over any such unused amount to future periods.

6.    Synacor's Adequate Protection.  To the extent entitled under applicable law, as adequate protection for the Debtors' use of the Prepetition Synacor Collateral securing the Synacor Promissory Note, Synacor is granted, solely to the extent, if any, of diminution in value of Synacor's interest in the Estates' interests in the Prepetition Synacor Collateral as of the Petition Date resulting from the Debtors' use, sale, or lease of the Prepetition Synacor Collateral and the imposition or enforcement of the automatic stay pursuant to section 362(a) of the Bankruptcy Code:

a.    valid and perfected replacement security interests in and liens upon the assets of Debtor Portal Acquisition Company, whether existing on the Petition Date or arising or acquired thereafter (the "Synacor Adequate Protection Liens" and, together with the Prepetition ABL Adequate Protection Liens, the "Adequate Protection Liens"), including the Prepetition

Synacor Collateral, and any proceeds thereof, but excluding the Excluded Collateral, in each case, subject only to any valid, enforceable and perfected Prepetition Prior Liens; and

   b. a superpriority administrative claim (the "Synacor Adequate Protection Superpriority Claim" and, together with the Prepetition ABL Adequate Protection Superpriority Claim, the "Adequate Protection Superpriority Claims") against Debtor Portal Acquisition Company's estate, as and to the extent provided in section 507(b) of the Bankruptcy Code; provided that the Synacor Adequate Protection Superpriority Claim shall not have recourse to the Excluded Collateral.; and

   c. during the Initial Interim Period, segregation of the proceeds received by the Debtors on account of customer receipts generated by Debtor Portal Acquisition Company up to an aggregate amount of $80,000 to be used by Debtor Portal Acquisition Company in the ordinary course of business, which, for the avoidance of doubt, shall not include any transfer to, or payment of any fees or expenses of, any other Debtor, in accordance with this Interim Order and the Interim Budget.

   7. <u>Prepetition Secured Parties' Additional Adequate Protection</u>.  As additional adequate protection of the Prepetition Secured Parties' respective interests, the Debtors shall provide the Prepetition Secured Parties with continued financial reporting consistent with the Prepetition ABL Credit Agreement and the Synacor Promissory Note, as applicable.

   8. <u>Priority of Adequate Protection Liens and Claims</u>.  The Adequate Protection Liens and the Adequate Protection Superpriority Claims shall have the same relative priorities as the liens and claims of the Prepetition ABL Secured Parties and Synacor, as applicable, as of the Petition Date.

9.      <u>C&B Newco Adequate Protection</u>.  To the extent entitled under applicable law, as adequate protection for diminution in value, if any, of C&B Newco's interests in the Estates' interests in the merchandise inventory and other goods consigned by C&B Newco to Debtor iMedia Brands, Inc. pursuant to that certain *Amended and Restated Consignment Agreement*, dated as of November 23, 2022 (as amended, restated, amended and restated, modified, supplemented, or extended from time to time, the "<u>Consignment Agreement</u>"), between Debtor iMedia Brands, Inc., as consignee, and C&B Newco, as consignor (collectively, the "<u>Consigned Inventory</u>"), as of the Petition Date, the Debtors shall segregate the proceeds received by the Debtors on account of the sale of the Consigned Inventory (the "<u>C&B Newco Adequate Protection Proceeds</u>"); <u>provided</u> that the distribution of the C&B Newco Adequate Protection Proceeds by the Debtors shall remain subject to the resolution of the priority of security interests in and liens on such proceeds among the Prepetition ABL Secured Parties, C&B Newco, and any other lawful holder of security interests in and liens on the C&B Newco Adequate Protection Proceeds.

10.     <u>Modification of Automatic Stay</u>.   The automatic stay under Bankruptcy Code section 362(a) is hereby modified as necessary to effectuate all of the terms and provisions of this Interim Order, including, without limitation, to: (a) permit the Debtors to grant the Adequate Protection Liens and the Adequate Protection Superpriority Claims; (b) permit the Debtors to perform such acts as may be requested to assure the perfection and priority of the liens granted herein; and (c) permit the Debtors to make the payments authorized to be made in accordance with the terms of this Interim Order.

11.     <u>Perfection of Adequate Protection Liens</u>.  This Interim Order shall be sufficient and conclusive evidence of the validity, perfection, and priority of the security interests and liens

granted under this Interim Order, without the necessity of filing or recording any mortgage, financing statement, or other instrument or document which may otherwise be required under the law or regulation of any jurisdiction or the taking of any other action to validate or perfect (in accordance with applicable non-bankruptcy law) the security interests and liens granted herein, or to entitle the Prepetition Secured Parties to the priorities granted herein. Notwithstanding the foregoing, the Prepetition Secured Parties may file such financing statements, mortgages, deeds of trust, notices of lien, or similar instruments or otherwise confirm perfection of such liens, security interests, and mortgages without seeking modification of the automatic stay under section 362 of the Bankruptcy Code and all such documents shall be deemed to have been filed or recorded at the time of and on the Petition Date.  A Prepetition Secured Party may, in its discretion, file a photocopy of this Interim Order as a financing statement with any recording officer designated to file financing statements or with any registry of deeds or similar office in any jurisdiction in which any Debtor has real or personal property and, in such event, the subject filing or recording officer shall be authorized to file or record such copy of this Interim Order.

12.     <u>Termination Date</u>.  The Debtors' right to use Cash Collateral shall terminate on the earlier to occur of the following (a "<u>Termination Date</u>"): (x) 11:59 p.m., New York City time, at the expiration of the Initial Interim Period, unless (i) a further Interim Order or final order granting the relief requested in the Motion is entered by the Court extending the Debtors' right to use Cash Collateral or (ii) the Debtors ~~and~~, the Prepetition ABL Secured Parties, and Synacor agree in writing ~~agreement~~ to extend the Debtors' right to use Cash Collateral; and (y) the date upon which the Court issues an order following notice and a hearing providing for the

termination of the further use of Cash Collateral due to the failure by the Debtors to comply with the material terms, covenants, or conditions of this Interim Order or otherwise.

13.    <u>Challenges to the Prepetition ABL Obligations and the Prepetition Synacor Promissory Note Obligations</u>.  The Debtors have admitted, stipulated, and agreed to the various stipulations and admissions contained in this Interim Order, including, without limitation, the stipulations and admissions included in paragraph G (Debtors' Acknowledgments and Agreements) of the *Findings of Fact and Conclusions of Law* (the "<u>Paragraph G Stipulations</u>"), which stipulations and admissions are and shall be binding upon the Debtors, subject to the Challenge Period (as defined herein), and any successors thereto in all circumstances.<u>; provided that the Debtors reserve any and all rights to Challenge the validity and amount of the Early Termination Fee.</u>  The stipulations and admissions contained in this Interim Order, including, without limitation, the Paragraph G Stipulations, shall also be binding upon the Debtors' Estates and all other parties in interest, including any statutory committee appointed pursuant to Bankruptcy Code section 1102 or any chapter 7 or chapter 11 trustee appointed or elected for any of the Debtors (a "<u>Trustee</u>"), for all purposes unless (a) any party in interest, no later than the date that is seventy five (75) days from entry of this Interim Order (the "<u>Initial Challenge Period</u>"), has ~~properly~~ filed an adversary proceeding <u>or contested matter</u> as required under the Bankruptcy Rules challenging the amount or extent of the Prepetition ABL Obligations, the Prepetition ABL Agent's liens on the Prepetition ABL Collateral securing the Prepetition ABL Obligations, the Prepetition Synacor Promissory Note Obligations, Synacor's liens on the Prepetition Synacor Collateral securing the Prepetition Synacor Promissory Note Obligations (collectively, referred to herein as "<u>Challenges</u>"), and (b) the Court rules in favor of the plaintiff sustaining any such Challenge in any such duly filed adversary proceeding or contested matter;

provided, however, that, as to the Debtors, all such Challenges, except any Challenge asserted by the Debtors in connection with the Early Termination Fee, are hereby irrevocably waived and relinquished effective as of the Petition Date.  If during the Initial Challenge Period, any statutory committee (if appointed) or other third party files a motion for standing with a draft complaint identifying and describing all Challenge(s) consistent with applicable law and rules of procedure, the Initial Challenge Period will be tolled for such statutory committee or such other third party, but only for such party, solely with respect to the Challenge(s) asserted in the draft complaint until three (3) business days from the entry of anin accordance with any order granting the motion for standing to prosecute such Challenge(s) described in the draft complaint andas permitted by the Court (the "Extended Challenge Period", together with the Initial Challenge Period, the "Challenge Period").  If standing is denied by the Court, the Challenge Period shall be deemed to have expired.  If no such Challenge or motion for standing, as applicable, is timely filed prior to the expiration of the Initial Challenge Period, without further Order of the Court: (1) the Debtors' stipulations and admissions contained in this Interim Order (including the Paragraph G Stipulations) shall be binding on all parties in interest, including the Debtors' Estates, any statutory committee (if appointed), and any subsequently appointed Trustee, case fiduciary, or successors and assigns; (2) the Prepetition ABL Obligations and the Prepetition Synacor Promissory Note Obligations shall constitute allowed claims for all purposes in these chapter 11 cases and any successor cases thereto, including, without limitation, any subsequent chapter 7 case; (3) the Prepetition ABL Secured Parties' liens on the Prepetition ABL Collateral and Synacor's liens on the Prepetition Synacor Collateral shall be deemed to have been, as of the Petition Date, and to be, valid, binding, and perfected; and (4) the Prepetition ABL Obligations, the Prepetition ABL Agent's liens on the Prepetition ABL

Collateral, the Prepetition ABL Secured Parties (and their respective agents, affiliates, subsidiaries, directors, officers, representatives, attorneys or advisors), the Prepetition Synacor Promissory Note Obligations, Synacor's liens on the Prepetition Synacor Collateral, and Synacor (and its respective agents, affiliates, subsidiaries, directors, officers, representatives, attorneys or advisors) shall not be subject to any other or further Challenge by any statutory committee (if appointed) or any other party in interest, and any such statutory committee or party in interest shall be enjoined from seeking to exercise the rights of the Debtors' Estates, including, without limitation, any successor thereto (including, without limitation, any estate representative or a Trustee, whether such Trustee is appointed or elected prior to or following the expiration of the Initial Challenge Period); provided, however, that if these chapter 11 cases are converted to chapter 7 or a Trustee is appointed prior to the expiration of the Initial Challenge Period, any such estate representative or Trustee shall receive the full benefit of any remaining Initial Challenge Period or 21 days from appointment, whichever is greater, subject to the limitations described herein.  If any Challenge or motion for standing, as applicable, is timely and properly filed prior to the expiration of the Initial Challenge Period the stipulations and admissions (including, without limitation, in the Paragraph G Stipulations) contained in this Interim Order shall nonetheless remain binding and preclusive (as provided in the second sentence of this paragraph) on any statutory committee (if appointed) and any other person, including any Trustee appointed in any of these chapter 11 case(s) or any successor cases thereto, as applicable, except as to any such findings and admissions that were expressly challenged in the original complaint initiating the adversary proceeding and excluding any amended or additional claims that may or could have been asserted thereafter through an amended complaint under Rule 15 of the Federal Rules of Civil Procedure or otherwise.  Nothing in this Interim Order

vests or confers on any person, including any statutory committee (if appointed), any Trustee, or any other party in interest, standing or authority to pursue any cause of action belonging to the Debtors or their Estates.  This stipulation shall be binding upon the Debtors, their Estates, all parties in interest in these chapter 11 cases and their respective successors and assigns, including, without limitation, any Trustee or other fiduciary appointed in these chapter 11 cases or any successor cases thereto, and shall inure to the benefit of the Prepetition ABL Secured Parties, Synacor, the Debtors and the respective successors and assigns of each of the foregoing entities.

14.    <u>Reservation of Rights</u>.   Notwithstanding anything herein or in the Motion to the contrary herein, all parties' rights are reserved except for the limited relief granted herein on an interim basis.  In particular, the Debtors reserve all of their rights (and nothing herein or in the Motion shall prejudice the Debtors' ability) to (a) seek any further use of Cash Collateral (including on a non-consensual basis) on any terms and conditions, (b) seek a determination that adequate protection payments, if any, provided by the Debtors pursuant to this Interim Order should be recharacterized under section 506(b) of the Bankruptcy Code as repayment on account of the secured portion of the applicable Prepetition Secured Parties' claims as of the Petition Date, (c) surcharge collateral pursuant to section 506(c) of the Bankruptcy Code, (d) marshal the claims of the Prepetition Secured Parties or C&B Newco, or (e) seek relief under section 552(b) of the Bankruptcy Code.  All parties reserve their rights to (fx) value the Debtors' assets and businesses, (gy) except as set forth in the Paragraph G Stipulations, dispute any claim or lien on any grounds, or (hz) except as set forth in the Paragraph G Stipulations, assert any other claim, defense, counterclaim, or cause of action against any party belonging to the Debtors or their Estatesto the extent the objecting party has standing to do so.  This Interim Order, which is

19

entered on a consensual and interim basis, does not constitute a finding as to the value of any collateral securing any party's liens or claims and reserves the rights of all parties in interest (including the Prepetition Secured Parties and C&B Newco) with respect to any further request to use Cash Collateral and/or the validity, extent, enforceability and priority of any claims and any purported liens securing such claims.

15.    <u>Miscellaneous</u>.

a.    <u>Binding Effect of Interim Order</u>.  The provisions of this Interim Order, including all findings herein, shall be binding upon all parties in interest in these chapter 11 cases, including, without limitation, the Prepetition Secured Parties, C&B Newco, the Debtors, and their respective successors and assigns (including any trustee hereinafter appointed or elected for the Estate of any Debtor, an examiner appointed pursuant to section 1104 of the Bankruptcy Code, or any other fiduciary appointed as a legal representative of the Debtors or with respect to the property of the Estate of any of the Debtors).

b.    <u>Headings</u>.    The headings in this Interim Order are for purposes of reference only and shall not limit or otherwise affect the meaning of this Interim Order.

c.    <u>Effect of this Interim Order</u>.  This Interim Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and shall take effect and be enforceable *effective as of* the Petition Date immediately upon execution thereof.

d.    <u>No Third-Party Rights</u>.    Except as explicitly provided for herein, this Interim Order does not create any rights for the benefit of any third party, creditor, equity holder or any direct, indirect, or incidental beneficiary.

e.    <u>Survival of Interim Order</u>.    The provisions of this Interim Order and any actions taken pursuant hereto shall survive the entry of any order which may be entered

(i) converting any of these chapter 11 cases to a case under chapter 7 of the Bankruptcy Code, (ii) to the extent authorized by applicable law, dismissing any of these chapter 11 cases, (iii) withdrawing of the reference of any of these chapter 11 cases from the Court, or (iv) providing for abstention from handling or retaining of jurisdiction of any of these chapter 11 cases in the Court.

       f.     <u>Retention of Jurisdiction</u>.   The Court has and will retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement this Interim Order according to its terms.

       g.     <u>Debtor Authorization to Effectuate Relief</u>. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order.

      16.    <u>Second Interim Hearing</u>.  The Second Interim Hearing on the Motion shall occur before the Court on __, 2023 at _____:_____.m (Prevailing Eastern Time) at the United States Bankruptcy Court for the District of Delaware, Bankruptcy Court, 824 North Market Street, ____ Floor, Courtroom ____, Wilmington, Delaware 19801.

      17.    <u>Objections to Entry of the Second Interim Order</u>.  Within three (3) business days after the Court's entry of this Interim Order, the Debtors shall mail copies of the Motion, this Interim Order, and notice of the Second Interim Hearing to counsel to the Prepetition ABL Agent, the Prepetition ABL Secured Parties, Synacor, C&B Newco, any party in interest that has filed prior to such date a request for notices with the Court, and counsel for any statutory committee, if one is appointed.  Any party in interest objecting to the entry of the Second Interim Order shall file any such objection with the Court and serve such objection no later than [●], 2023 at 4:00 p.m. (Prevailing Eastern Time) on the following: (a) proposed co-counsel to the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036 (Attn: Ryan

Preston Dahl and Cristine Pirro Schwarzman, email: ryan.dahl@ropesgray.com and cristine.schwarzman@ropesgray.com); Ropes & Gray LLP, 191 North Wacker Drive, 32nd Floor, Chicago, IL 60606 (Attn: Stephen L. Iacovo and Jeramy D. Webb, email: stephen.iacovo@ropesgray.com and jeramy.webb@ropesgray.com); and Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, Delaware 19801 (Attn: Laura Davis Jones, email: ljones@pszjlaw.com and Timothy P. Cairns, email: tcairns@pszjlaw.com); (b) the United States Trustee for the District of Delaware, 844 N. King Street, Room 2207, Wilmington, Delaware 19801 (Attn: Richard L. Schepacarter, email: richard.schepacarter@usdoj.gov); (c) counsel to the Prepetition ABL Agent, Blank Rome LLP, 1201 North Market Street, Suite 800, Wilmington, Delaware 19801 (Attn: Regina Stango Kelbon, Esq., email: regina.kelbon@blankrome.com); (d) counsel to Synacor, Thompson Hine, LLP, 3900 Key Center, 127 Public Square, Cleveland, Ohio 44114 (Attn: Curtis Tuggle and Jonathan Hawkins, email: curtis.tuggle@ThompsonHine.com and jonathan.hawkins@ThompsonHine.com); (e) counsel to C&B Newco, Riemer Braunstein LLP, Times Square Tower, Suite 2506, New York, New York 10036 (Attn: Steven Fox, Esq., email: sfox@riemerlaw.com) and Troutman Pepper Hamilton Sanders LLP, Hercules Plaza, Suite 5100, 1313 North Market Street, Wilmington, DE 19801 (Attn: Douglas D. Herrmann, email: douglas.herrmann@troutman.com); (f) counsel to Crystal Financial LLC d/b/a SLR Credit Solutions, Morgan Lewis & Bockius, LLP, One Federal Street, Boston, Massachusetts 021110 (Attn: Julia Frost-Davies, email: julia.frost-davies@morganlewis.com); and (g) counsel for any statutory committee appointed in these chapter 11 cases.

## ANNEX A

**Interim Budget**

| Summary report: Litera Compare for Word 11.3.1.3 Document comparison done on 6/30/2023 12:19:27 PM | |
|---|---|
| **Style name:** RG_Default_Style | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://RGDMS/Active/136893952/1 | |
| **Modified DMS:** iw://RGDMS/Active/136893952/8 | |
| **Changes:** | |
| Add | 44 |
| Delete | 25 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 69 |