IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| iMedia Brands, Inc., *et al.*,[1] | Case No. 23-10852 (KBO) |
| Debtors. | (Joint Administration Requested) |

**STATEMENT OF SIENA LENDING GROUP, LLC**
**REGARDING DEBTORS' REQUESTED FIRST-DAY RELIEF**

Siena Lending Group, LLC, as agent for the Prepetition ABL Secured Parties,[2] states as follows in connection with the first-day hearing.

The Prepetition ABL Secured Parties have been engaged in protracted negotiations with the Debtors, potential purchaser(s) and other significant parties over a case solution for many weeks. To facilitate those continuing negotiations, the Prepetition ABL Secured Parties have consented to the Debtors' use of Cash Collateral for a one-week period in order to achieve agreement on a consensual DIP and stalking horse transaction.

Negotiations remain ongoing and challenging, spurred by many complicating factors. As a result, the Prepetition ABL Secured Parties have serious concerns about the risks posed to them

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: ValueVision Media Acquisitions, Inc. (8670); iMedia Brands, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642). The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed such terms in the *Declaration of James Alt In Support of Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Postpetition Use of Cash Collateral; (II) Granting Adequate Protection to Certain Prepetition Secured Parties And C&B Newco; (III) Scheduling A Second Interim Hearing; And (IV) Granting Related Relief* [Docket No. 18] (the "Alt Declaration").

in the absence of certainty around a sale transaction, as they are owed approximately $19.5 million as of the chapter 11 filing. The Debtors' submission of a declaration alleging that there is a "substantial" equity cushion for the Prepetition ABL Secured Parties based on the *book value* of the Prepetition ABL Collateral is particularly troubling. To quote Judge Shannon's holding in *Samson*, "A thing is worth what a willing buyer will pay to a willing seller following a proper marketing process." The current offer, not "book" values, provides a more accurate picture of the value of the collateral, and it is telling that no one is lining up to provide junior or replacement financing against this alleged equity cushion. Thus, any prospective sale transaction here requires certainty of closing at a price high enough to satisfy the secured debt and not render the estates administratively insolvent. For the Debtors to successfully bridge to a resolution for these cases, particularly during the Interim Period, the Debtors' use of Cash Collateral must be limited solely to payment of mission-critical expenses, such as employee wages and trust fund taxes, including the payment of delinquent trust fund taxes.[3]

Additionally, any first-day relief granted to the Debtors must be limited to those items necessary to avoid immediate and irreparable harm to the estates, and thus defer all unnecessary disbursements during the Interim Period to a second-day hearing within the next week given the Debtors' paucity of projected cash. To be clear, the Prepetition ABL Secured Parties do not and will not consent to the use of Cash Collateral outside of the Interim Budget.

The Prepetition ABL Secured Parties are committed to continuing their negotiations with the Debtors and other stakeholders and remain willing to fund a DIP to bridge the sale process as a case solution on terms acceptable to the Prepetition ABL Secured Parties.

---

[3] The Company failed to pay approximately $3.1 million of trust fund taxes relating to one division of the Company over approximately 15 months (~March 2021 to May 2022).

|  |  |
|---|---|
| Dated: June 30, 2023<br>Wilmington, Delaware | **BLANK ROME LLP**<br><br>*/s/ Regina Stango Kelbon*<br>Regina Stango Kelbon (DE No. 5444)<br>Stanley B. Tarr (DE No. 5535)<br>1201 N. Market Street, Suite 800<br>Wilmington, Delaware 19801<br>Telephone: (302) 425-6400<br>Facsimile: (302) 425-6464<br>Email: regina.kelbon@blankrome.com<br>Email: stanley.tarr@blankrome.com<br><br>-and –<br><br>John Lucian<br>One Logan Square<br>130 North 18th Street<br>Philadelphia, Pennsylvania 19103<br>Telephone: (215) 569-5442<br>Facsimile: (215) 569-5555<br>Email: john.lucian@blankrome.com<br><br>*Counsel to Siena Lending Group LLC* |