**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>iMedia Brands, Inc., *et al.*,[1]<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 23-10852 (KBO)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 88** |

**DEBTORS' MOTION FOR ENTRY OF
AN ORDER SHORTENING NOTICE RELATED TO
DEBTORS' MOTION FOR ENTRY OF INTERIM AND
FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN
POST-PETITION FINANCING, (B) GRANT LIENS AND SUPERPRIORITY
ADMINISTRATIVE EXPENSE CLAIMS TO POST-PETITION LENDERS AND
(C) UTILIZE CASH COLLATERAL, (II) PROVIDING ADEQUATE PROTECTION
TO PRE-PETITION SECURED PARTIES, (III) MODIFYING THE AUTOMATIC
STAY, (IV) GRANTING RELATED RELIEF, PURSUANT TO 11 U.S.C. SECTIONS
105, 361, 362, 363, 364, 503, 506, 507 AND 552, AND (V) SCHEDULING A FINAL
HEARING PURSUANT TO BANKRUPTCY RULE 4001 AND LOCAL RULE 4001-2**

iMedia Brands, Inc., and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases, by and through their undersigned proposed counsel, hereby submit this motion (this "Motion to Shorten") for entry of an order, substantially in the form attached hereto as **Exhibit A**, shortening the notice and objection periods for the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing, (B) Grant Liens and Superpriority Administrative Expense Claims to Post-Petition Lenders and (C) Utilize Cash Collateral, (II) Providing Adequate Protection to Pre-Petition Secured Parties, (III) Modifying the Automatic Stay, (IV) Granting Related Relief,*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: ValueVision Media Acquisitions, Inc. (8670); iMedia Brands, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642). The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

*Pursuant to 11 U.S.C. Sections 105, 361, 362, 363, 364, 503, 506, 507 and 552, and (V) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 and Local Rule 4001-2* [Docket No. 88] (the "DIP Motion"), filed contemporaneously herewith.  In support hereof, the Debtors respectfully represent as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by this Court in connection with this Motion to Shorten to the extent it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 102(1) and 105 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), as supplemented by rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9006-1(e).

## RELIEF REQUESTED

4. By this Motion to Shorten, the Debtors request entry of an order, substantially in the form attached hereto as **Exhibit A**, scheduling a hearing on the DIP Motion (the "DIP Hearing"), so that it may be heard no later than July 5, 2023, filed contemporaneously herewith, to be heard on an interim basis only at a hearing on **July 5, 2023 at 2:00 p.m. (ET)**, with

objections to the DIP Motion, if any, to be made at or before the hearing, and granting such other relief as the Court deems just and proper.

## BACKGROUND

5. On June 28, 2023 (the "Petition Date"), each Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committee of unsecured creditors has been appointed in these chapter 11 cases. As of the date hereof, no trustee or examiner has been appointed in any of these chapter 11 cases.

6. The Debtors, together with their non-Debtor affiliates (the "Company"), capitalize on the convergence of entertainment, ecommerce, and advertising. The Company's global portfolio of entertainment, consumer brands and media commerce services businesses—including ShopHQ, 1-2-3.tv, Christopher & Banks, and iMedia Digital Services—cross promote and exchange data with each other to optimize the engagement experiences the Company creates for advertisers and consumers. The Company's ecommerce business extends across the United States, while the Company's entertainment and advertising services reach customers across the United States, Canada, Germany, and Austria.

7. The Debtors entered these chapter 11 cases cognizant of their need to receive sufficient funding to reorganize or monetize their assets through a value-maximizing sale. As set forth in the DIP Motion and incorporated by reference herein, the Debtors are currently unable to borrow funds on an unsecured or junior basis, or solely secured by the Debtors' unencumbered assets in amounts sufficient to prudently fund their business operations during these chapter 11 cases, as the Debtors seek to effectuate a proposed sale transaction, subject to higher or better bids,

3

and prevent any further erosion of the value of their estates. The proposed DIP Facility (as defined in the DIP Motion) is the product of arm's length and good faith negotiations and a competitive marketing process, is the best financing option currently available to the Debtors, and the terms of the DIP Facility are fair and reasonable under the circumstances. As further noted in the DIP Motion, the Debtors' ability to, among other things, maximize the value of their estates, prevent interruptions to the Debtors' operations, and prevent immediate and irreparable harm to their estates, hinges on their ability to immediately access postpetition financing.

8. Because access to this additional financing is critically necessary, the Debtors have filed this Motion to Shorten seeking to have the DIP Motion heard on an interim basis on shortened notice, which is a similar, customary amount of time typical for "first day" interim DIP financing relief. The Debtors need immediate access to interim DIP funding in order to meet their operational needs in advance of a final hearing on the DIP Motion. The Debtors could not have filed the DIP Motion sooner because they just today reached agreement with the DIP Lenders on the terms of the proposed DIP Facility. In addition, the Debtors do not believe that any party in interest is prejudiced by the relief requested herein because a hearing to further extend the Debtors' use of cash collateral was scheduled on the record during the Debtors' first day hearing, and the DIP Hearing the Debtors are now seeking to schedule on shortened notice will address many of the same issues that would have been addressed at such scheduled hearing.

## BASIS FOR RELIEF

9. Section 102(1) of the Bankruptcy Code provides that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances. 11 U.S.C. § 102(1). Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Pursuant to Bankruptcy Rule 9006(c),

"the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the common filing of such motions "given the accelerated time frame of bankruptcy proceedings"). Local Rule 9006-1(e) likewise provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). Because (a) there are valid exigencies compelling the Debtors to have the DIP Motion heard on an expedited basis and (b) there is no prejudice to any party in interest to having it heard on an interim basis while preserving parties' rights to object prior to a final hearing on the relief sought, there is sufficient cause to justify shortening the notice period for the relief requested in the DIP Motion.

10. The Debtors submit that sufficient cause exists to shorten notice of the DIP Motion. First, as noted above, the Debtors have a critical need for access to the funding provided by the DIP Facility on an interim basis. Receiving interim approval of the DIP Facility as quickly as possible is critical to the Debtors' continuing operations and thus to preserving the value of these bankruptcy estates. Therefore, the relief requested herein is in the best interests of the Debtors and their estates.

11. Second, scheduling the DIP Motion to be heard by the Court on shortened notice as requested herein does not materially prejudice any parties in interest. At this stage, the Debtors request only entry of an interim order approving the DIP Facility, with a final hearing on the DIP Motion to occur on regular notice. Notably, the timeframe between filing the DIP Motion and the interim hearing is similar to the typical 24-hour notice period for "first day" DIP financing motions.

However, unlike a first day hearing, key parties in these cases with a potential interest in the outcome of the DIP Motion are already engaged, and many have retained and appeared through counsel. The Debtors have also provided the counsel to the U.S. Trustee with a substantially final draft of the DIP Motion in advance of the filing. In addition, as detailed above, the DIP Hearing will be addressing many of the same issues that would have been addressed at the second interim cash collateral hearing scheduled on the record during the Debtors' first day hearing. Accordingly, under the circumstances, the Debtors believe that no party will experience prejudice that would outweigh the prejudice to the Debtors, their estates, and their creditors that would result if the DIP Motion is not heard on shortened notice.

12. Accordingly, the Debtors request that the Court schedule the DIP Motion **to be heard on July 5, 2023, at 2:00 p.m. (ET)**, with objections to the DIP Motion, if any, to be made at or before the hearing.

### AVERMENT PURSUANT TO LOCAL RULE 9006-1(e)

13. The Debtors conferred with the U.S. Trustee regarding the relief requested in the DIP Motion and the Motion to Shorten pursuant to Local Rule 9006-1(e). Counsel to the U.S. Trustee has informed proposed counsel for the Debtors that they do not object to the Debtors' request for shortened notice of the DIP Motion under the circumstances.

### NOTICE

14. The Debtors will provide notice of this Motion to: (a) United States Trustee for the District of Delaware, 844 N. King Street, Room 2207, Wilmington, Delaware 19801 (Attn: Richard L. Schepacarter, email: richard.schepacarter@usdoj.gov); (b) the United States Attorney's Office for the District of Delaware; (c) the state attorneys general for all states in which the Debtors conduct business; (d) the Internal Revenue Service; (e) the United States Securities and Exchange Commission; (f) the holders of the fifty (50) largest unsecured claims against the

Debtors on a consolidated basis; (g) counsel to the Prepetition Agent, Blank Rome LLP, 1201 North Market Street, Suite 800, Wilmington, Delaware 19801 (Attn: Regina Stango Kelbon, Esq., email: regina.kelbon@blankrome.com); (h) counsel to Crystal Financial LLC d/b/a SLR Credit Solutions, Morgan Lewis & Bockius, LLP, One Federal Street, Boston, Massachusetts 021110 (Attn: Julia Frost-Davies, email: julia.frost-davies@morganlewis.com); (i) U.S. Bank, N.A. as indenture trustee for the Senior Unsecured Notes; (j) banks and financial institutions where the Debtors maintain accounts; (k) Wells Fargo; (l) counsel to C&B Newco, Riemer Braunstein LLP, Times Square Tower, Suite 2506, New York, New York 10036, Attn: Steven Fox, Esq. (sfox@riemerlaw.com) and Troutman Pepper Hamilton Sanders LLP, Hercules Plaza, Suite 5100, 1313 North Market Street, Wilmington, DE 19801, Attn: Douglas D. Herrmann (douglas.herrmann@troutman.com); (m) counsel to Synacor, Thompson Hine, LLP, 3900 Key Center, 127 Public Square, Cleveland, Ohio 44114 (Attn: Curtis Tuggle and Jonathan Hawkins, email: curtis.tuggle@ThompsonHine.com and jonathan.hawkins@ThompsonHine.com); (n) all parties known to have asserted a lien against the Debtors' assets; (o) all federal, state, and local regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief requested by this Motion; and (p) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that, in light of the nature of the relief requested, no further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems just and proper.

Dated:  July 3, 2023
Wilmington, Delaware

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
Email:  ljones@pszjlaw.com
         tcairns@pszjlaw.com

-and-

**ROPES & GRAY LLP**
Ryan Preston Dahl (admitted *pro hac vice*)
Cristine Pirro Schwarzman (admitted *pro hac vice*)
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
E-mail:  ryan.dahl@ropesgray.com
         cristine.schwarzman@ropesgray.com

-and-

**ROPES & GRAY LLP**
Stephen L. Iacovo (admitted *pro hac vice*)
191 North Wacker Drive, 32nd Floor
Chicago, Illinois 60606
Telephone: (312) 845-1200
Facsimile: (312) 845-5500
E-mail:  stephen.iacovo@ropesgray.com

*Proposed Counsel to the Debtors and Debtors in Possession*