**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>iMedia Brands, Inc., *et al.*,[1]<br><br>                                   Debtors. | Chapter 11<br><br>Case No. 23-10852 (KBO)<br><br>(Jointly Administered)<br><br>**Ref. Docket Nos. 13 and 16** |

**DEBTORS' MOTION FOR ENTRY OF
AN ORDER SHORTENING NOTICE RELATED TO:
(A) DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I)(A)
APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE
OF PAYMENT FOR FUTURE UTILITY SERVICES, (B) APPROVING THE
DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADDITIONAL
ASSURANCE REQUESTS, AND (C) PROHIBITING UTILITY PROVIDERS FROM
ALTERING, REFUSING, OR DISCONTINUING SERVICES; AND
(II) GRANTING RELATED RELIEF; AND
(B) DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I)
AUTHORIZING DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF LIEN
CLAIMANTS AND RELATED OBLIGATIONS, (II) AUTHORIZING
DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF CERTAIN
SECTION 503(b)(9) CLAIMANTS, AND (III) GRANTING RELATED RELIEF**

iMedia Brands, Inc., and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases, by and through their undersigned proposed counsel, hereby submit this motion (this "Motion to Shorten") for entry of an order, substantially in the form attached hereto as **Exhibit A**, shortening the notice and objection periods for (a) *Debtors' Motion for Entry of Interim and Final Orders (I)(A) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (B) Approving the Debtors' Proposed Procedures for Resolving Additional Assurance Requests, and (C) Prohibiting Utility Providers*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: ValueVision Media Acquisitions, Inc. (8670); iMedia Brands, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642). The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

*from Altering, Refusing, or Discontinuing Services; and (II) Granting Related Relief* [Docket No. 16] (the "Utility Motion") and (b) *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to Pay Certain Prepetition Claims of Lien Claimants and Related Obligations, (II) Authorizing Debtors to Pay Certain Prepetition Claims of Certain Section 503(b)(9) Claimants, and (III) Granting Related Relief* [Docket No. 13] (the "Lien Claimants Motion" and collectively with the Utility Motion, the "Motions"), each filed on June 29, 2023. In support hereof, the Debtors respectfully represent as follows:

**JURISDICTION**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by this Court in connection with this Motion to Shorten to the extent it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 102(1) and 105 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), as supplemented by rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9006-1(e).

**RELIEF REQUESTED**

4. By this Motion to Shorten, the Debtors request entry of an order, substantially in the form attached hereto as **Exhibit A**, scheduling a hearing on the Utility Motion and Lien Claimants Motion (the "Hearing"), each filed on June 29, 2023, so that they may be heard on an interim basis only at a hearing on **July 5, 2023 at 2:00 p.m. (ET)**, with objections to the Utility Motion and Lien Claimants Motion, if any, to be made at or before the hearing, and granting such other relief as the Court deems just and proper.

**BACKGROUND**

5. On June 28, 2023 (the "Petition Date"), each Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committee of unsecured creditors has been appointed in these chapter 11 cases. As of the date hereof, no trustee or examiner has been appointed in any of these chapter 11 cases.

6. The Debtors, together with their non-Debtor affiliates (the "Company"), capitalize on the convergence of entertainment, ecommerce, and advertising. The Company's global portfolio of entertainment, consumer brands and media commerce services businesses—including ShopHQ, 1-2-3.tv, Christopher & Banks, and iMedia Digital Services—cross promote and exchange data with each other to optimize the engagement experiences the Company creates for advertisers and consumers. The Company's ecommerce business extends across the United States, while the Company's entertainment and advertising services reach customers across the United States, Canada, Germany, and Austria.

7. The Debtors entered these chapter 11 cases cognizant of their need to receive

sufficient funding to reorganize or monetize their assets through a value-maximizing sale. At the first day hearing, the Debtors obtained approval of their interim request for use of cash collateral, and scheduled a further hearing on July 5, 2023 at 2:00 p.m. (ET). Concurrently herewith, the Debtors have filed *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing, (B) Grant Liens and Superpriority Administrative Expense Claims to Post-Petition Lenders and (C) Utilize Cash Collateral, (II) Providing Adequate Protection to Pre-Petition Secured Parties, (III) Modifying the Automatic Stay, (IV) Granting Related Relief, Pursuant to 11 U.S.C. Sections 105, 361, 362, 363, 364, 503, 506, 507 and 552, and (V) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 and Local Rule 4001-2* [Docket No. 88] (the "DIP Motion"). The proposed DIP Facility (as defined in the DIP Motion) is the product of arm's length and good faith negotiations and a competitive marketing process, is the best financing option currently available to the Debtors, and the terms of the DIP Facility are fair and reasonable under the circumstances. As further noted in the DIP Motion, the Debtors' ability to, among other things, maximize the value of their estates, prevent interruptions to the Debtors' operations, and prevent immediate and irreparable harm to their estates, hinges on their ability to immediately access postpetition financing.

8. Because access to additional financing was necessary to pay the obligations under the Utility Motion and Lien Claimants Motion, the Debtors could not have requested the relief at the initial hearing in this case. The Debtors have filed this Motion to Shorten seeking to have the Utility Motion and Lien Claimants Motion heard on an interim basis on shortened notice, similar to the amount of time typical for "first day" interim relief.

**BASIS FOR RELIEF**

9. Section 102(1) of the Bankruptcy Code provides that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the

circumstances. 11 U.S.C. § 102(1). Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Pursuant to Bankruptcy Rule 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the common filing of such motions "given the accelerated time frame of bankruptcy proceedings"). Local Rule 9006-1(e) likewise provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). Because (a) there are valid exigencies compelling the Debtors to have the Utility Motion and Lien Claimants Motion heard on an expedited basis and (b) there is no prejudice to any party in interest to having it heard on an interim basis while preserving parties' rights to object prior to a final hearing on the relief sought, there is sufficient cause to justify shortening the notice period for the relief requested in the Utility Motion and Lien Claimants Motion.

10. The Debtors submit that sufficient cause exists to shorten notice of the Utility Motion and Lien Claimants Motion. First, as noted above, the Debtors were not able to pay the obligations under the Utility Motion and Lien Claimants Motion prior to receiving access to the funding provided by the DIP Facility on an interim basis. As detailed with the Motion, the relief requested in the Utility Motion and Lien Claimants Motion is critical to the Debtors' continuing operations and thus to preserving the value of these bankruptcy estates. Therefore, the relief requested herein is in the best interests of the Debtors and their estates.

11. Second, scheduling the Utility Motion and Lien Claimants Motion to be heard by

the Court on shortened notice as requested herein does not materially prejudice any parties in interest. The Debtors filed the Utility Motion and Lien Claimants Motion on June 29, 2023, along with all other "first day" motions. Further, the Debtors had previously provided counsel to the U.S. Trustee a substantially complete draft of the Motion prior to the Petition Date, and responded to the U.S. Trustee's comments on the Motions (if any). At this stage, the Debtors request only entry of an interim order approving the Motions, with a final hearing on the Motions to occur on regular notice. Notably, the timeframe between filing this Motion to Shorten and the interim hearing is similar to the typical 24-hour notice period for "first day" motions. Accordingly, under the circumstances, the Debtors believe that no party will experience prejudice that would outweigh the prejudice to the Debtors, their estates, and their creditors that would result if the Motions are not heard on shortened notice.

12. Accordingly, the Debtors request that the Court schedule the Utility Motion and Lien Claimants Motion **to be heard on July 5, 2023, at 2:00 p.m. (ET)**, with objections to the Utility Motion and Lien Claimants Motion, if any, to be made at or before the hearing.

### AVERMENT PURSUANT TO LOCAL RULE 9006-1(e)

13. The Debtors contacted the U.S. Trustee regarding the relief requested in the Motion to Shorten pursuant to Local Rule 9006-1(e). At the time of filing, the Debtors were not able to confirm whether the U.S. Trustee would consent to the relief requested. The Debtors will update the Court regarding the response from the U.S. Trustee after the filing of this Motion to Shorten.

### NOTICE

14. The Debtors will provide notice of this Motion to: (a) United States Trustee for the District of Delaware, 844 N. King Street, Room 2207, Wilmington, Delaware 19801 (Attn: Richard L. Schepacarter, email: richard.schepacarter@usdoj.gov); (b) the United States Attorney's Office for the District of Delaware; (c) the state attorneys general for all states in which

the Debtors conduct business; (d) the Internal Revenue Service; (e) the United States Securities and Exchange Commission; (f) the holders of the fifty (50) largest unsecured claims against the Debtors on a consolidated basis; (g) counsel to the Prepetition Agent, Blank Rome LLP, 1201 North Market Street, Suite 800, Wilmington, Delaware 19801 (Attn: Regina Stango Kelbon, Esq., email: regina.kelbon@blankrome.com); (h) counsel to Crystal Financial LLC d/b/a SLR Credit Solutions, Morgan Lewis & Bockius, LLP, One Federal Street, Boston, Massachusetts 021110 (Attn: Julia Frost-Davies, email: julia.frost-davies@morganlewis.com); (i) U.S. Bank, N.A. as indenture trustee for the Senior Unsecured Notes; (j) banks and financial institutions where the Debtors maintain accounts; (k) Wells Fargo; (l) counsel to C&B Newco, Riemer Braunstein LLP, Times Square Tower, Suite 2506, New York, New York 10036, Attn: Steven Fox, Esq. (sfox@riemerlaw.com) and Troutman Pepper Hamilton Sanders LLP, Hercules Plaza, Suite 5100, 1313 North Market Street, Wilmington, DE 19801, Attn: Douglas D. Herrmann (douglas.herrmann@troutman.com); (m) counsel to Synacor, Thompson Hine, LLP, 3900 Key Center, 127 Public Square, Cleveland, Ohio 44114 (Attn: Curtis Tuggle and Jonathan Hawkins, email: curtis.tuggle@ThompsonHine.com and jonathan.hawkins@ThompsonHine.com); (n) all parties known to have asserted a lien against the Debtors' assets; (o) all federal, state, and local regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief requested by this Motion; and (p) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit that, in light of the nature of the relief requested, no further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems just and proper.

Dated:  July 3, 2023
        Wilmington, Delaware

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
Email:  ljones@pszjlaw.com
       tcairns@pszjlaw.com

-and-

**ROPES & GRAY LLP**

Ryan Preston Dahl (admitted *pro hac vice*)
Cristine Pirro Schwarzman (admitted *pro hac vice*)
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
E-mail:  ryan.dahl@ropesgray.com
       cristine.schwarzman@ropesgray.com

-and-

**ROPES & GRAY LLP**

Stephen L. Iacovo (admitted *pro hac vice*)
191 North Wacker Drive, 32nd Floor
Chicago, Illinois 60606
Telephone: (312) 845-1200
Facsimile: (312) 845-5500
E-mail:  stephen.iacovo@ropesgray.com

*Proposed Counsel to the Debtors and Debtors in Possession*