**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>iMedia Brands, Inc., *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-10852 (KBO)<br><br>(Jointly Administered)<br><br>Re: Docket No. 132[2] |

**DIRECTV, LLC'S LIMITED OBJECTION TO PROPOSED CURE**
**AMOUNTS AND RESERVATION OF RIGHTS WITH RESPECT TO**
**NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT**

DIRECTV, LLC ("**DIRECTV**"), by and through its undersigned counsel, hereby submits this limited objection and reservation of rights (the "**Limited Objection**") to the *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* [Docket No. 132] (the "**Cure Notice**")[3] and respectfully states as follows:

**THE DIRECTV AGREEMENTS**

1. DIRECTV and Debtor iMedia Brands, Inc. ("**iMedia**") are parties to (i) that certain *Letter Agreement*, dated as of July 1, 1999 (as amended and extended from time to time, the "**Satellite Agreement**"), and (ii) that certain *Affiliation Agreement*, dated as of October 11, 2013 (as amended and extended from time to time, the "**U-verse Agreement**" and, together with the Satellite Agreement, the "**DTV Agreements**").[4] Under the DTV Agreements, in consideration of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: ValueVision Media Acquisitions, Inc. (8670); iMedia Brands, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642). The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

[2] The response deadline was consensually extended until July 20, 2023 at 4:00 p.m. (ET) by agreement of the parties.

[3] Capitalized terms used but not defined in this Limited Objection have the meanings used in the Cure Notice.

[4] AT&T Services, Inc. ("**AT&T**") was the original counterparty to the U-verse Agreement. AT&T assigned its rights under the U-verse Agreement to DIRECTV.

per subscriber license fees and other fees payable by Debtor iMedia, DIRECTV provides Debtor iMedia with carriage and distribution of its service, subject to terms and conditions set forth in the DTV Agreements. As of the date hereof, Debtor iMedia is in default under the DTV Agreements with an outstanding payable for delinquent fees and interest in the amount of approximately $29,034,465.00.

2.     Pursuant to that certain *Binding Term Sheet*, dated May 1, 2020 (the "**Binding Term Sheet**"), entered into by Debtor iMedia and DIRECTV,[5] among other things, the terms of the DTV Agreements were extended, and, as set forth in that certain *Letter, Exercise of Option to Extend*, dated November 5, 2020 (the "**Extension Option**"), DIRECTV[6] exercised the option to further extend the terms of the DTV Agreements.[7]

3.     On December 22, 2022, Debtor iMedia and DIRECTV entered into that certain *Omnibus Amendment to Agreements* (the "**Omnibus Amendment**" and, together with the Binding Term Sheet and the Extension Option, collectively, the "**Amendment Documents**"), which further extended the terms of the DTV Agreements. Thereafter, the terms of the DTV Agreements have been further extended from time to time via email extension on a weekly basis (collectively, the "**Email Extensions**"), including through extensions made after the Petition Date. As of the date hereof, the terms of the respective DTV Agreements expire on July 24, 2023. DIRECTV reserves all of its rights with respect to whether any of the DTV Agreements are executory, have expired pursuant to their terms and/or to assert any postpetition administrative expenses incurred with respect to the extensions.

## THE DEBTORS' PROPOSED SALE AND CURE NOTICE

---

[5] Along with DIRECTV and Debtor iMedia, AT&T was an original party to the Binding Term Sheet and assigned its rights and obligations thereunder to DIRECTV.

[6] Along with DIRECTV, AT&T was an original party to the Extension Option and assigned its rights and obligations thereunder to DIRECTV.

[7] The Binding Term Sheet and the Extension Option are listed on the Cure Notice.

4. On July 3, 2023, the Debtors filed a motion [Docket No. 93] (the "**Sale Motion**"), seeking, among other things, approval of the sale of substantially all of their assets (the "**Sale**") to RNN-TV Licensing Co., LLC (the "**Buyer**") pursuant to the Asset Purchase Agreement (the "**APA**"), a copy of which is attached as <u>Exhibit B</u> to the proposed sale order (the "**Sale Order**"),[8] and authorizing the assumption and assignment of certain executory contracts and unexpired leases (the "**Purchased Contracts**") in connection therewith.

5. On July 11, 2023, the Debtors filed the Cure Notice listing certain agreements that may be Purchased Contracts in connection with Sale, as well as their respective proposed cure costs ("**Proposed Cure Costs**") and proposed cure payments ("**Proposed Cure Payments**"), on <u>Exhibit A</u> thereto. The Debtors have listed the following agreements and information with respect to the DTV Agreements, which is incorrect:

| **Incorrectly Listed Information in the Cure Notice** | | | | |
|---|---|---|---|---|
| **Debtor Party** | **Agreement** | **Counterparty Name** | **Cure Cost** | **Proposed Cure Payment** |
| iMedia Brands, Inc. | Binding Term Sheet, dated May 1, 2020 | AT&T | $15,404,223 | $0 |
| iMedia Brands, Inc. | Letter, Exercise of Option to Extend Agreement, dated November 5, 2020 | AT&T AT&T U-VERSE - DIRECTV | $4,475,040 | $0 |

6. As set forth above, DIRECTV is the counterparty to both the Satellite and U-verse Agreements, both of which were subject to the Binding Term Sheet and Extension Option listed in the Cure Notice, as further extended. In addition, the Debtors' Proposed Cure Cost is incorrect and understates the total amount of the prepetition defaults for the DTV Agreements. The correct counterparty information and cure amounts (the "**Correct Cure Costs**") for the DTV Agreements are set forth below.

---

[8] The Sale Order is attached to the Sale Motion as <u>Exhibit A</u> thereto.

| Correct Information Regarding Cure Costs | | | |
|---|---|---|---|
| **Debtor Party** | **Agreements** | **Counterparty Name** | **Cure Cost[9]** |
| iMedia Brands, Inc. | *Letter Agreement*, dated as of July 1, 1999 (as amended and extended from time to time, including pursuant to the Amendment Documents and Email Extensions) | DIRECTV, LLC | $20,354,062.00 |
| iMedia Brands, Inc. | *Affiliation Agreement*, dated as of October 11, 2013 (as amended and extended from time to time, including pursuant to the Amendment Documents and Email Extensions) | DIRECTV, LLC | $8,680,403.00 |
| **Total Cure Under the DTV Agreements** | | | **$29,034,465.00** |

## OBJECTION

7.     While DIRECTV, the Debtors and the Buyer have commenced discussions regarding the DTV Agreements, and DIRECTV is hopeful that a commercially acceptable resolution can be reached, no such resolution has yet been reached between the parties. Accordingly, to preserve its rights while the parties continue to discuss, DIRECTV objects to the assumption and assignment of the DTV Agreements unless and until the Correct Cure Costs are paid in full and adequate assurance of future performance is provided, or another form of acceptable arrangement is reached between DIRECTV, the Debtors and the Buyer.

**A.     In Order to Assume the DTV Agreements, the Debtors Must Cure All Arrearages**

8.     Pursuant to section 365(b) of the Bankruptcy Code, a debtor-in-possession must cure existing defaults or provide adequate assurance of prompt cure to assume an executory

---

[9] Includes one month of rendered services not yet billed.

contract or unexpired lease. *See* 11 U.S.C. § 365(b); *In re Weinstein Company Holdings LLC*, 997 F.3d 497, 505 (3d Cir. 2021) ("To assume a contract, the debtor or the buyer must cure all existing defaults (or provide adequate assurance of a cure), basically putting the contract in the same place as if the bankruptcy did not happen."); *In re Kiwi Int'l Air Lines, Inc.*, 344 F.3d 311, 318 (3d Cir. 2003) ("[T]he debtor must cure all defaults, assure future performance, and make the other contracting party whole before it may be permitted to assume the agreement."). As this Court has recognized, "[c]ure is a critical component of assumption." *In re Thane Int'l, Inc.*, 586 B.R. 540, 549 (Bankr. D. Del. 2018). Section 365(b) of the "Bankruptcy Code is clear—there simply cannot be an assumption without providing the necessary cure or adequate assurance of one." *Id.* (citing 11 U.S.C. § 365(b)(1)(A)–(C)).

9. The Cure Notice lists the Binding Term Sheet and the Extension Option as the agreements that may be assumed and assigned to the Buyer as Purchased Contracts in connection with the Sale. However, the applicable agreements between Debtor iMedia and DIRECTV are the DTV Agreements, as amended and extended by the Amendment Documents and related Email Extensions. In addition, the Proposed Cure Cost listed in the Cure Notice is insufficient to cure existing defaults under the DTV Agreements. Further, the Proposed Cure Payment of $0.00 and the potential assumption of the Proposed Cure Costs under the APA is insufficient to cure existing defaults and is not acceptable to DIRECTV. Accordingly, unless and until the Correct Cure Costs are paid in full, the DTV Agreements cannot be assumed absent DIRECTV's consent, and DIRECTV objects to the Debtors' assumption and assignment of the DTV Agreements, as currently proposed.

**B.     The Debtors Must Provide Adequate Assurance of Future Performance Prior to the Assumption of the DTV Agreements**

10. Under Bankruptcy Code section 365(b)(1)(C), a debtor in possession must also provide adequate assurance of future performance by a proposed assignee. As a matter of fairness,

before requiring the counterparty to an assumed agreement to perform, courts require the debtor in possession to give the other contracting party the full benefit of its bargain. *Kimmelman v. Port Auth. of N.Y. & N.J. (In re Kiwi Int'l Air Lines, Inc.)*, 344 F.3d 311, 318 (3d Cir. 2003).

11. Adequate assurance of future performance is generally determined by the existing factual conditions, and the Court may look to the facts and circumstances in determining what is necessary to provide adequate assurance of future performance under Section 365(b).  *See In re DBSI, Inc.*, 405 B.R. 698, 708 (Bankr. D. Del. 2009) (discussing facts and circumstances analysis of adequate assurance of future performance).  Importantly, the Buyer must provide adequate assurance of future performance of all material terms of the contract *See In re Flemings Co., Inc.*, 499 F.3d 300, 307 (3d. Cir. 2007) (citing *Medtronic AVE, Inc. v. Advanced Cardiovascular Sys., Inc.*, 247 F.3d 44, 60 (3d. Cir. 2001) ([a]n assignment is intended to change only who performs an obligation, not the obligation to be performed").

12. As of the date of this Limited Objection, DIRECTV has not received any financial information with respect to the Buyer's ability to provide adequate assurance of future performance under the current DTV Agreements.  In addition, as set forth above, DIRECTV understands that the Debtors and the Buyer may seek to modify the terms of the DTV Agreements in connection with their proposed assumption and assignment.  However, assumption and assignment of any modified agreements would require DIRECTV's consent as the Debtors may not unilaterally modify their terms to make them assignable. *Id*.  Accordingly, DIRECTV reserves all of its rights with respect to the Debtors' provision of the adequate assurance of the Buyer's future performance and objects to the assumption and assignment of the DTV Agreements, as currently proposed.

**RESERVATION OF RIGHTS**

13. DIRECTV reserves all rights with respect to the DTV Agreements, the Cure Notice, and all other pending pleadings in these chapter 11 cases. DIRECTV further reserves the right to amend or supplement this Limited Objection, including with respect to its cure amount and/or requirements under section 365(b)(1), at any time prior to any purported assumption or assignment of the DTV Agreements, and to assert further arguments as the evidence may allow at any hearing thereon.

**CONCLUSION**

14. For the reasons set forth above and any additional reasons raised in future pleadings and at any hearing on this matter, the Debtors should be required to fully cure all amounts due and owing under the DTV Agreements and provide adequate assurance of future performance prior to their assumption and assignment, and the Court should grant DIRECTV such other and further relief as is just and appropriate.

Dated: July 20, 2023
Wilmington, Delaware

Respectfully submitted,

*/s/ David T. Queroli*
Daniel J. DeFranceschi (No. 2732)
David T. Queroli (No. 6318)
Emily R. Mathews (No. 6866)
**RICHARDS, LAYTON & FINGER, P.A.**
One Rodney Square
920 North King Street
Telephone: 302-651-7700
Facsimile: (302) 651-7701
Email:   defranceschi@rlf.com
          queroli@rlf.com
          mathews@rlf.com

*Counsel for DIRECTV, LLC*