## Exhibit A

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| iMedia Brands, *et al.*,[1] | Case No. 23-10852 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 311** |

## ORDER (I) APPROVING BIDDING PROCEDURES, THE FORM AND MANNER OF NOTICE THEREOF AND (II) GRANTING RELATED RELIEF

In furtherance of the relief requested pursuant to the *Debtors' Motion Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code for Entry of an Order (I) Authorizing the Sale of Substantially all of the Debtors' Assets Free and Clear of all Encumbrances Other Than Assumed Liabilities; (II) Approving the Debtors' Entry Into the Asset Purchase Agreement; (III) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief* [Docket No. 93] (the "Sale Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for, *inter alia*, the entry of a final order: (i) authorizing and approving the sale (the "Sale") of substantially all of the Debtors' assets (the "Assets") free and clear of all Encumbrances other than Assumed Liabilities; (ii) authorizing the assumption and assignment of certain executory contracts and unexpired leases (each, a "Purchased Contract" and collectively, the "Purchased Contracts"); and (iii) granting related relief and the *Debtors' Motion for Entry of an Order (I) Approving Bidding Procedures,*

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  ValueVision Media Acquisitions, Inc. (8670); iMedia Brands, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642).  The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

*the Form and Manner of Notice Thereof and (II) Granting Related Relief* [Docket No. 311] for, *inter alia*, the entry of a final order: (i) scheduling a hearing (the "Sale Hearing") for approval of the proposed Sale in accordance with the Bidding Procedures substantially in the form attached hereto as **Exhibit 1** (the "Bidding Procedures"); (ii) authorizing and approving the Bidding Procedures and the form and manner of notice thereof; (iii) scheduling an auction for the Assets (the "Auction"); and (iv) granting related relief (the "Bidding Procedures Motion," and together with the Sale Motion, collectively, the "Motions");[2] and it appearing that the Court has jurisdiction to consider the Bidding Procedures Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Bidding Procedures Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Bidding Procedures Motion; and the Court having held a status conference on, *inter alia*, the Sale Motion and the *Emergency Motion of the Official Committee of Unsecured Creditors for Entry of Order Adjourning July 28, 2023 Hearing* [Docket No. 277]; and the Court having found and determined that the relief set forth herein is in the best interests of the Debtors, their estates and creditors and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Bidding Procedures substantially in the form attached hereto as **Exhibit 1** are hereby approved.

2.      The Bidding Procedures shall apply to any interested party that wishes to participate in the bidding process for the Assets (the "Potential Bidders"), any Potential Bidder qualified to

---

[2]     Capitalized terms used but not defined herein shall have the meanings given them in the Motions.

participate (the "Qualifying Bidders") in the Auction, the submission, receipt, and analysis of all bids relating to the Sale, and the conduct of the Sale and the Auction.

3.      The Debtors shall, in consultation with the Consultation Parties, including the Official Committee of Unsecured Creditors appointed in these Chapter 11 Cases (the "Committee"), and in their reasonable business judgment, provide access to due diligence with respect to parties that the Debtors reasonably determine may be a Potential Bidder; *provided* that to the extent the Debtors determine not to provide access to due diligence to any party, the Debtors shall promptly notify counsel to the Committee of such decision.

4.      The Debtors' decision to assume and assign the Purchased Contracts to the Winning Bidder (as defined in the Bidding Procedures) is subject to this Court's approval and the closing of the Sale.  Accordingly, absent this Court's approval and the closing of the Sale, the Purchased Contracts shall not be deemed assumed or assumed and assigned, and shall in all respects be subject to further administration by the Debtors and their estates under the Bankruptcy Code in connection with the Chapter 11 Cases.

5.      Promptly after entry of this Order, the Debtors shall cause notice of this Order substantially in the form attached hereto as **Exhibit 2** to be filed on the docket maintained in these Chapter 11 Cases and served on (i) the United States Trustee for the District of Delaware; (ii) proposed counsel to the Committee; (iii) counsel to the DIP Agent and the DIP ABL Lenders; (iv) counsel to RNN; (v) all persons known or reasonably believed to have asserted a lien, an interest in, or a claim to any of the Assets; (vi) all other parties that were provided with Notice of the Sale Motion and/or that have expressed interest in the Assets; (vii) all parties that have requested notice pursuant to Bankruptcy Rule 2002; and (viii) all parties that received the *Notice To Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases*

[Docket No. 132] (the "Cure Notice").  The Debtors may further cause publication notice of this Order, substantially in the form attached hereto as **Exhibit 2** (as modified for publication), to be made promptly following entry of the Order in the *New York Times* and *Star Tribune*.

6.      Promptly after entry of this Order, the Debtors shall file and serve on all non-Debtor counterparties identified therein (each, a "Contract Counterparty") an amended Cure Notice substantially in the form attached hereto as **Exhibit 3** (the "Amended Cure Notice") setting forth the executory contracts and unexpired leases that the Winning Bidder may elect to assume (the "Potential Purchased Contracts") and setting forth the amounts required to cure all monetary defaults under a Potential Purchased Contract to the extent required by section 365 of the Bankruptcy Code in connection with the assumption and assignment of such Potential Purchased Contract (the "Cure Costs").  **Any objection that has already been filed on the docket maintained in these Chapter 11 Cases in connection with the *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* [Docket No. 132] (the "Original Purchased Contracts Schedule") shall be deemed pending without need for further objection.**

7.      Within one (1) business day following the Debtors' designation of the Winning Bidder or as soon as practicable thereafter, the Debtors shall promptly cause notice to be provided to the Contract Counterparties substantially in the form attached hereto as **Exhibit 4** (the "Notice of Winning Bidder").  Such notice shall include (i) such Winning Bidder's identity and (ii) adequate assurance of future performance by such Winning Bidder.

8.      Notice of the Auction and the Bid Procedures as provided herein is, under the circumstances of these Chapter 11 Cases, reasonably calculated to provide notice to any affected

party, including any Potential Bidders, and afford the affected party the opportunity to exercise any rights affected by the Motions and the relief granted by this Order.

9.      Any objections to the Sale or the relief requested in connection with the Sale Motion, including the conduct of the Auction, but not including objections related to Cure Costs for the Potential Purchased Contracts or objections related to the adequate assurance of future performance (a "Sale Objection"), must:  (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) set forth the specific basis for the Sale Objection; (d) be filed with the Clerk of this Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801 **at or prior to the Sale Hearing** (the "Sale Objection Deadline").  If a Sale Objection is not properly raised on or before the Sale Objection Deadline in accordance with the foregoing requirements, the objecting party may be barred from objecting to the Sale and being heard at the Sale Hearing, and this Court may enter the Sale Order without further notice to such party.  The DIP Agent, DIP Lenders, and the Pre-Petition Revolving Secured Parties reserve all of their respective rights to object to any Sale.  Failure to credit bid does not impair rights of the DIP Agent, DIP Lenders, and the Pre-Petition Revolving Secured Parties, under 363(f) of the Bankruptcy Code or otherwise, to object to a Sale that such parties believe is unacceptable; provided that the rights of any other party in interest to oppose such an objection are fully reserved.

10.      Objections to Cure Costs with respect to Potential Purchased Contracts shall be filed not later than seven (7) days from filing and service of the Amended Cure Notice.  In the event of a dispute, such Cure Cost shall be resolved after notice by the Court or otherwise resolved among the affected parties, including the Contract Counterparty, the Debtors, and, as applicable, the Winning Bidder.

11.     Objections to adequate assurance of future performance with respect to Potential Purchased Contracts shall be filed not later than five (5) business days from filing and service of the Notice of Winning Bidder (the "Adequate Assurance Objection Deadline").  In the event of a dispute, such objection to adequate assurance of future performance shall be resolved after notice by the Court or otherwise resolved among the affected parties, including the Contract Counterparty, the Debtors, and, as applicable, the Winning Bidder.

12.     As part of its bid, each Qualifying Bidder must provide the Debtors and the other Bidding Procedures Notice Parties (as defined in the Bidding Procedures) information supporting the Qualifying Bidder's ability to comply with the requirements of adequate assurance of future performance under section 365(f)(2)(B) and, if applicable, section 365(b)(3) of the Bankruptcy Code (the "Adequate Assurance Information"), including (a) the Qualifying Bidder's financial wherewithal and willingness to perform under any contracts and leases that are assumed and assigned to such Qualifying Bidder; and (b) a contact person for the proposed assignee that the applicable Counterparty may directly contact in connection with the adequate assurance of future performance.  In the event that a Qualifying Bidder is a newly formed acquisition entity or the like, the financial and other information supporting the Qualifying Bidder's financial wherewithal shall include financial and other information supporting the financial wherewithal of the Qualifying Bidder's parent company or sponsor.

13.     Any party in receipt of Adequate Assurance Information under this Order shall review the Adequate Assurance Information received on a confidential basis and shall not disclose the Adequate Assurance Information except as expressly provided in this Order and the Bidding Procedures.  Such Counterparty may not use or disclose, except to representatives, attorneys, advisors and financing sources (collectively, "Representatives"), any confidential Adequate

Assurance Information for any purpose other than: (a) evaluating whether adequate assurance of future performance as required under section 365(f)(2)(B) and, if applicable, section 365(b)(3) of the Bankruptcy Code has been provided; and (b) in support of any objection (the "Assignment Objection") (subject to the limitations on disclosure set forth herein) by such Counterparty relating to adequate assurance of future performance.  Any Assignment Objection that includes confidential, non-public Adequate Assurance Information must be filed under seal unless disclosure of such confidential, non-public information is authorized by the Debtors and the applicable assignee(s).  The party filing an Assignment Objection under seal shall follow the procedures for the same set forth in Local Rule 9018-1(d).  The unredacted versions of such Assignment Objections shall be served upon the Debtors, the other Bidding Procedures Notice Parties (as defined below), and the U.S. Trustee.

14.     If no timely Qualifying Bids are submitted on or before the Bid Deadline, the Debtors shall not hold an Auction.  If the Debtors timely receive one or more Qualifying Bids then the Debtors shall conduct the Auction, in-person, on **August [10], 2023 at 9:00 a.m. (ET)**, at the offices of Ropes & Gray LLP, 1211 Sixth Avenue, New York, NY 10036.  Only the Debtors, the Auction Bidders  (as defined in the Bidding Procedures), the Consultation Parties, and any creditors of the Debtors, together with the professional advisors to each of the foregoing parties, may attend the Auction (collectively, the "Auction Participants"); *provided* that any such creditors provide counsel for the Debtors written notice of their intent to attend the Auction no later than 5:00 p.m. (ET) the day prior to the Auction.

15.     The Sale Hearing shall be held in this Court on **August [11], 2023 at [●] (ET)**, unless otherwise determined by this Court.

16.     All persons and entities that participate in the Auction or bid for any Asset during the Sale Process shall be deemed to have knowingly and voluntarily (a) consented to the core jurisdiction of the Court to enter any order related to the Bidding Procedures, the Auction, or any other relief requested in the Motions or granted in this Order; (b) waived any right to a jury trial in connection with any disputes relating to the Bidding Procedures, the Auction, or any other relief requested in the Motions or granted in this Order; and (c) consented to the entry of a final order or judgment in connection with any disputes relating to the Bidding Procedures, the Auction, or any other relief requested in the Motions or granted in this Order, if it is determined that the Court would lack Article III jurisdiction to enter such a final order or judgment absent the consent of the relevant parties.

17.     The Debtors are authorized to conduct the Sale without the necessity of complying with any state or local bulk transfer laws or requirements.

18.     This Order shall be effective immediately upon entry, and any stay of orders provided for in Bankruptcy Rules 6004(h) or 6006(d) or any other provision of the Bankruptcy Code, the Bankruptcy Rules or the Local Rules is expressly waived.  The Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and may, in their sole discretion and without further delay, take any action and perform any act authorized or approved under this Order.

19.     The requirements set forth in Local Rules 6004-1, 9006-1 and 9013-1 are hereby satisfied or waived.

20.     The Debtors are authorized to take all steps necessary or appropriate to implement the relief granted in this Order.

21.     This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation or interpretation of the Order.

**<u>EXHIBIT 1</u>**

**Bidding Procedures**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| iMedia Brands, *et al.*,[1] | Case No. 23-10852 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. 311, [●]** |

**BIDDING PROCEDURES**

On June 28, 2023, the above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). The Debtors are maintaining their business and managing their property as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

On [●], 2023, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. [●]] (the "Bidding Procedures Order"), among other things, granting certain relief requested in the related motion [Docket No. 311] (the "Bidding Procedures Motion"), including authorizing the Debtors to solicit bids and approving the procedures set forth herein (collectively, the "Bidding Procedures") to be employed by the Debtors in connection with the proposed sale (the "Sale") of some, all or substantially all of the Debtors' assets (the "Assets"), to the Winning Bidder (as defined below).

**ANY PARTY INTERESTED IN BIDDING ON THE ASSETS SHOULD CONTACT:**

(A) **THE INVESTMENT BANKER FOR THE DEBTORS, LINCOLN INTERNATIONAL (projectjoy@lincolninternational.com); AND**

(B) **RYAN PRESTON DAHL, ESQ. (212-596-9144; RYAN.DAHL@ROPESGRAY.COM), AND STEPHEN L. IACOVO, ESQ. (312-845-1327; STEPHEN.IACOVO@ROPESGRAY.COM**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: ValueVision Media Acquisitions, Inc. (8670); iMedia Brands, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642). The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

*Summary of Key Dates Established by Bidding Procedures*

| Event | Due Date |
|---|---|
| Deadline to Submit Cure Objections | Seven (7) days after filing and service of the Amended Cure Notice |
| Deadline for Prospective Bidders to Submit Qualifying Bids and Adequate Assurance | August **[9]**, 2023 @ 9:00 a.m. (ET) |
| Auction Date | August **[10]**, 2023 @ 9:00 a.m. (ET) |
| Sale Objection Deadline | At or prior to Sale Hearing |
| Sale Hearing | August **[11]**, 2023 |
| Adequate Assurance Objection Deadline | Not later than five (5) business days after filing and service of the Notice of Winning Bidder |

1.      **Assets to be Sold**

The Debtors shall offer for sale some, all, or substantially all of the Assets, *provided* that the aggregate consideration offered by any bid, or combination of bids, for the Assets must satisfy the requirements set forth in these Bidding Procedures.  Potential Bidders[2] may bid on all or any number or combination of the Assets.  Notwithstanding the foregoing, the official committee of unsecured creditors appointed in the Chapter 11 Cases (the "Committee") has indicated it may object to any bid that requires the Debtors to sell any claims or causes of action against the Debtors' current or former directors and officers.

2.      **Bankruptcy Court Jurisdiction**

Any Potential Bidders and Qualifying Bidders shall: (a) be deemed to have waived any right to a jury trial in connection with, and consented and submitted to the exclusive jurisdiction of the Court over, any actions or proceedings arising from or relating to the Bidding Procedures, the Sale, the Auction and the construction and enforcement of the contemplated transaction documents of such parties; (b) bring any such action or proceeding in the Court; and (c) be deemed to have consented to the Court entering a final judgment determining any such action or proceeding

---

[2]    Capitalized terms used but not otherwise defined in these Bidding Procedures shall have the meanings ascribed to them in the Bidding Procedures Order.

and that such final judgment in any such action or proceeding, including all appeals, shall be conclusive and may be enforced in other jurisdictions (including any foreign jurisdictions) by suit on the judgment or in any other manner provided by applicable law.

3.    **Form of Agreement**

Potential Bidders should reference the Asset and Equity Purchase Agreement attached as Exhibit B to the Sale Motion (the "RNN APA")[3] in connection with their bids.  As set forth below, Potential Bidders intending to submit bids must include with their bids:

(a)    a statement that such Potential Bidder irrevocably offers to (i) purchase the Assets, or a number or combination of the Assets, and (ii) assume liabilities, upon substantially the same terms as, or terms more favorable to the Debtors and their estates than, the terms set forth in the RNN APA, if applicable; and

(b)    a clean and duly executed asset purchase agreement (an "Alternative APA") and a marked copy of the Alternative APA that reflects any variations from the RNN APA.

4.    **Due Diligence**

The Debtors will provide any Potential Bidder with access to the data room maintained by Lincoln International and any other additional information that the Debtors believe to be reasonable and appropriate under the circumstances.  All additional due diligence requests shall be directed to: (a) the proposed investment banker for the Debtors, Lincoln International (**projectjoy@lincolninternational.com**); or (b) proposed counsel to the Debtors, Ryan Preston Dahl, Esq. (212-596-9144; ryan.dahl@ropesgray.com), and Stephen L. Iacovo, Esq. (312-845-1327; stephen.iacovo@ropesgray.com).

The Debtors reserve the right, in their reasonable discretion, and in consultation with the Committee, to withhold or limit access to any due diligence information that the Debtors determine is business-sensitive or otherwise not appropriate for disclosure to a Potential Bidder. Notwithstanding any prepetition limitations, including, without limitation, any non-disclosure, confidentiality or similar provisions relating to any due diligence information, the Debtors and their estates shall be authorized to provide due diligence information to Qualifying Bidders *provided* that such Potential Bidders have delivered an executed confidentiality agreement in form and substance acceptable to the Debtors.

5.    **Bid Requirements**

To be deemed a "Qualifying Bid," a bid must be received from a Qualifying Bidder on or before the Bid Deadline and satisfy each of the following requirements (each, a "Bid Requirement"):

a.    be in writing;

---

[3]    For the avoidance of doubt, RNN is not serving as a stalking horse bidder in the Chapter 11 Cases.

b.    fully disclose the identity of the Qualifying Bidder (and to the extent that the Qualifying Bidder is a newly formed acquisition entity or the like, the identity of the Qualifying Bidder's parent company or sponsor), and provide the contact information of the specific person(s) whom the Debtors or their advisors should contact in the event that the Debtors have any questions or wish to discuss the bid submitted by the Qualifying Bidder;

c.    set forth the purchase price to be paid by such Qualifying Bidder;

d.    identify separately any cash and non-cash components, which non-cash components shall be limited only to credit-bids in accordance with section 363(k) of the Bankruptcy Code and assumed liabilities; *provided that* the rights of all secured parties to credit-bid pursuant to section 363(k), and the right of any party to object to such credit bid, are preserved and are not impaired by these procedures;

e.    state the liabilities proposed to be paid or assumed by such Qualifying Bidder;

f.    specify the Assets that are included in the bid and state that such Qualifying Bidder offers to (i) purchase the Assets, or a number or combination of the Assets, and (ii) assume liabilities, upon substantially the same terms as, or terms more favorable to the Debtors and their estate than, the terms set forth in the RNN APA;

g.    be accompanied by an Alternative APA and an alternative Sale Order that reflects any variations from the RNN APA or the Sale Order attached to the RNN APA, as applicable;

h.    state that such Qualifying Bidder's offer is formal, binding and unconditional, and is irrevocable until two (2) business days after the closing of the Sale;

i.    to the extent that a Bid is not accompanied by evidence of the Qualifying Bidder's capacity to consummate the sale set forth in its Bid with cash on hand, each Bid must include unconditional committed financing from a reputable financing institution, documented to the satisfaction of the Debtors in consultation with the Consultation Parties, that demonstrates that the Qualifying Bidder has received sufficient debt and/or equity funding commitments to satisfy the Qualifying Bidder's purchase price and other obligations under its Bid.  Such funding commitments or other financing must be unconditional and must not be subject to any internal approvals, syndication requirements, diligence, or credit committee approvals, and shall have covenants and conditions

reasonably acceptable to the Debtors, in consultation with the Consultation Parties;

j.    contain such financial and other information to allow the Debtors to make a reasonable determination, after consultation with the Consultation Parties, as to the Qualifying Bidder's financial and other capabilities to close the transactions contemplated by the Alternative APA, including, without limitation, such financial and other information supporting the Qualifying Bidder's ability to comply with the requirements of adequate assurance of future performance under section 365(f)(2)(B) and, if applicable, section 365(b)(3) of the Bankruptcy Code, including the Qualifying Bidder's financial wherewithal and willingness to perform under any contracts and leases that are assumed and assigned to the Qualifying Bidder, in a form that allows the Debtors to serve such information on any counterparties to any contracts or leases potentially being assumed and assigned in connection with the Sale within one (1) business day after the Debtors' receipt of such information.  To the extent that the Qualifying Bidder is a newly formed acquisition entity or the like, the financial and other information supporting the Qualifying Bidder's financial wherewithal shall include financial and other information supporting the financial wherewithal of the Qualifying Bidder's parent company or sponsor;

k.    identify with particularity each and every executory contract and unexpired lease the assumption and assignment of which is a condition to close the transactions contemplated by the Alternative APA;

l.    include a commitment to close the transactions contemplated by the Alternative APA by no later than August [16], 2023;

m.    not request or entitle such Qualifying Bidder to any break-up fee, termination fee, expense reimbursement, or similar type of fee or payment;

n.    not contain any contingencies of any kind, including, without limitation, contingencies related to financing, internal approval or due diligence;

o.    contain written evidence satisfactory to the Debtors that the Qualifying Bidder has a commitment for financing or other evidence of the ability to close the transactions contemplated by the Alternative APA, with appropriate contact information for such financing sources;

p.     contain a written acknowledgement and representation that the Qualifying Bidder (i) has had an opportunity to conduct any and all due diligence regarding the Assets, (ii) has relied solely upon its own independent review, investigation or inspection of any documents and other information in making its Qualifying Bid, and (iii) did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Assets, or the completeness of any documents or other information provided in connection with the Bidding Procedures and the Sale;

q.     provide for the Qualifying Bidder to serve as a back-up bidder (the "Back-Up Bidder") if the Qualifying Bidder's bid is the next highest and best bid (the "Back-Up Bid") after the Winning Bid, in accordance with the terms of the Alternative APA;

r.     include written evidence of authorization and approval from the Qualifying Bidder's board of directors (or comparable governing body) with respect to the submission, execution, and delivery of the Alternative APA;

s.     provide a good faith cash deposit (the "Deposit") in an amount equal to ten percent (10%) of the aggregate purchase price provided for in the Alternative APA; *provided* that, to the extent a DIP Lender submits a bid, such DIP Lender will not have to satisfy this subsection (s);

t.     state or otherwise estimate the types of, and costs or charges for, transition services, if any, the Potential Bidder would require of or provide to the Debtors, including an estimate of the time any such transition services would be required of or provided to the Debtor; and

u.     provide that in the event of the Qualifying Bidder's breach of, or failure to perform under, the Alternative APA, the Debtors and their estate shall be entitled to pursue all available legal and equitable remedies, including, without limitation, retention of the Deposit as part of the damages resulting to the Debtors and their estates for such breach or failure to perform.

A bid from a Potential Bidder satisfying all of the above requirements, as determined by the Debtors in their reasonable business judgment, in consultation with the Consultation Parties, shall constitute a Qualifying Bid, and the party submitting such bid shall be deemed a Qualified Bidder; provided that the Prepetition Agent and the DIP Agent shall each be deemed a Qualified Bidder; provided further the Prepetition Agent and/or the DIP Agent, as applicable, shall be required to satisfy the Bid Requirements, other than the Deposit, in connection with any Bid submitted by such party at the Auction. The Debtors reserve the right to work with any Qualifying

Bidder in advance of the Auction to cure any deficiencies in a bid that is not initially deemed a Qualifying Bid.

Each Qualifying Bidder submitting a bid shall be deemed to: (a) acknowledge and represent that it is bound by all of the terms and conditions of the Bidding Procedures; and (b) have waived the right to pursue a substantial contribution claim under section 503 of the Bankruptcy Code related in any way to the submission of its bid, the Bidding Procedures, and the Sale.

### 6.    **Bid Deadline**

A Qualifying Bidder that desires to make a bid shall deliver an electronic copy of its bid in both PDF and MS-WORD format to the Bidding Procedures Notice Parties so as to be received on or before **August [9], 2023 at 9:00 a.m. (ET)** (the "Bid Deadline"); *provided* that the Debtors may extend the Bid Deadline without further order of the Court after consultation with the Consultation Parties.  To the extent that the Bid Deadline is extended for all parties, the Debtors shall file a notice on the docket of the Chapter 11 Cases indicating the same.  **Any party that does not submit a bid by the Bid Deadline, as such deadline may be extended in accordance with these procedures, will not be allowed to (a) submit any offer after the Bid Deadline, or (b) participate in the Auction.**

### 7.    **Evaluation of Qualifying Bids**

The Debtors will deliver, promptly after receiving such bid, copies of all bids from Qualifying Bidders to the Consultation Parties.

The Debtors, in consultation with the Consultation Parties, shall make a determination regarding whether a timely submitted bid from a Qualifying Bidder is a Qualifying Bid.

No later than **August [9], 2023 at 5:00 p.m. (ET), or as soon as practicable thereafter,** the Debtors shall: (i) notify all Qualifying Bidders whether their respective bids have been determined to be Qualifying Bids; and (ii) determine, in consultation with the Consultation Parties, which of the Qualifying Bids is the highest or best bid for purposes of constituting the opening bid of the Auction (the "Baseline Bid" and the Qualifying Bidder submitting the Baseline Bid, the "Baseline Bidder"), and shall promptly notify all Qualifying Bidders with Qualifying Bids of the Baseline Bid.

### 8.    **No Qualifying Bids**

If no timely Qualifying Bids are submitted on or before the Bid Deadline, the Debtors shall not hold an Auction.

### 9.    **Auction**

If the Debtors timely receive one or more Qualifying Bids, then the Debtors shall conduct an auction (the "Auction").  Following the Auction, the Debtors will determine, in consultation with the Consultation Parties, which Qualifying Bid is the highest or best bid for the Assets, which will be determined by the Debtors in their reasonable business judgment, considering, among other

things, the following non-binding factors: (a) the number, type and nature of any changes to the RNN APA requested by each bidder; (b) the extent to which such modifications are likely to delay closing of the Sale and the cost to the Debtors and their estates of such modifications or delay; (c) the total consideration to be received by the Debtors and their estates; (d) the transaction structure and execution risk, including conditions to, timing of and certainty of closing, termination provisions, availability of financing and financial wherewithal to meet all commitments, and required governmental or other approval; (e) the net benefit to the Debtors' estates; and (f) any other factors the Debtors may reasonably deem relevant.

The Auction shall be governed by the following procedures:

(a)    the Auction shall be held, in-person, on **August [10], 2023 at 9:00 a.m. (ET)** at the offices of Ropes & Gray LLP, 1211 6th Avenue, New York, NY 10036;

(b)    only Qualifying Bidders with Qualifying Bids (together, the "Auction Bidders") shall be entitled to make any subsequent bids at the Auction;

(c)    the Auction Bidders shall appear at the Auction, or through a duly authorized representative;

(d)    only the Debtors, the Auction Bidders, the Consultation Parties, and any creditors of the Debtors, together with the professional advisors to each of the foregoing parties, may attend the Auction (collectively, the "Auction Participants"); *provided* that any such creditors provide counsel for the Debtors written notice of their intent to attend the Auction no later than 5:00 p.m. (ET) the day prior to the Auction;

(e)    the Debtors and their professional advisors shall direct and preside over the Auction, which shall be transcribed;

(f)    prior to start of the Auction, each of the Auction Bidders shall confirm that they have not engaged in any collusion with respect to the Bidding Procedures, the Auction or the Sale;

(g)    the Auction shall be conducted in an open cry format (and not by way of sealed bids except as otherwise provided herein). Bidding shall commence at the amount of the Baseline Bid, and the Auction Bidders may submit successive bids in increments as determined by the Debtors in their reasonable business judgment in consultation with the Consultation Parties; *provided* that the Debtors, in consultation with the Consultation Parties, will determine an initial minimum bid increment, which shall be disclosed prior to the start of the Auction;

(h)    the Debtors, in consultation with the Consultation Parties, may request that last and final bids be submitted on a "blind" basis;

(i)    the Auction may include individual negotiations with any of the Auction Bidders to the extent authorized by the Debtors in consultation with the Consultation Parties, but all bids shall be made on the record and in the presence of all of the Auction Bidders;

(j)      all material terms of the bid that is deemed to be the highest and best bid for each round of bidding shall be fully disclosed to the Auction Bidders, and the Debtors shall use reasonable efforts to clarify any and all questions that the Auction Bidders may have regarding the Debtors' announcement of the then-current highest and best bid;

(k)      except as specifically set forth herein, for the purpose of evaluating the value of the Purchase Price provided by each successive bid, the Debtors, in consultation with the Consultation Parties, may give effect to any additional liabilities to be assumed by a Qualifying Bidder, and any additional costs which may be imposed on the Debtors;

(l)      each Auction Bidder shall (i) be deemed to have waived any right to a jury trial in connection with, and consented and submitted to the exclusive jurisdiction of the Court over, any actions or proceedings arising from or relating to the Bidding Procedures, the Sale, the Auction and the construction and enforcement of the contemplated transaction documents of the Auction Bidders, (ii) bring any such action or proceeding in the Court, and (iii) be deemed to have consented to the Court entering a final judgment determining any such action or proceeding and that such final judgment in any such action or proceeding, including all appeals, shall be conclusive and may be enforced in other jurisdictions (including any foreign jurisdictions) by suit on the judgment or in any other manner provided by applicable law;

(m)      the Auction Bidders shall have the right to make additional modifications to any Alternative APA, as applicable, in conjunction with each Qualifying Bid submitted in each round of bidding during the Auction, *provided* that each Qualifying Bid shall constitute an irrevocable offer and shall be binding on the Auction Bidder submitting such bid until such party shall have submitted a subsequent Qualifying Bid at the Auction or the conclusion of the Sale Hearing, whichever occurs sooner, unless such bid is selected as the Winning Bid or the Back-Up Bid, which shall remain binding as provided for herein;

(n)      the Debtors and the Consultation Parties shall have the right to request any additional financial information that will allow the Debtors and the Consultation Parties to make a reasonable determination as to an Auction Bidder's financial and other capabilities to consummate the transactions contemplated by the applicable Alternative APA, as applicable, as may be amended during the Auction, and any further information that the Debtors may believe is reasonably necessary to clarify and evaluate any bid made by an Auction Bidder during the Auction;

(o)      upon the conclusion of the Auction, the Debtors shall determine, in consultation with the Consultation Parties, and subject to Court approval, the offer or offers for the Assets that is or are the highest or best from among the Qualifying Bids submitted at the Auction (the "Winning Bid").  In making this decision, the Debtors may consider, in consultation with the Consultation Parties, the amount of the purchase price, the assumption of liabilities, the likelihood of the bidder's ability to

close a transaction and the timing thereof, the number, type and nature of any changes provided by an Alternative APA submitted with the Winning Bid, as applicable, requested by each bidder, and the net benefit to the Debtors' estate. The bidder submitting such Winning Bid at the Auction shall become the "<u>Winning Bidder</u>," and shall have such rights and responsibilities of the purchaser in the applicable APA. The Debtors shall designate a Back-Up Bid to purchase the Assets in the event that the Winning Bidder does not close the Sale;

(p)     promptly and not more than one day after the conclusion of the Auction, the Debtors will file with the Court and serve on the parties that received notice of the Sale Motion a notice setting forth the results of the Auction (the "<u>Notice of Winning Bidder</u>"), which will (a) identify the Winning Bidder and the Back-Up Bidder; (b) include a copy of the Winning Bid and the Back-Up Bid or a summary of the material terms of such bids, including any proposed assumption and assignment of Contracts contemplated thereby; and (c) set forth the Adequate Assurance Objection Deadline, the date, time, and location of the Sale Hearing and any other relevant dates or other information necessary to reasonably apprise the parties receiving the Notice of Winning Bidder of the outcome of the Auction;

(q)     prior to the Sale Hearing, the Winning Bidder shall complete and execute all agreements, contracts, instruments and other documents evidencing and containing the terms and conditions upon which the Winning Bid was made.

**THE WINNING BID AND ANY BACK-UP BID AND THEIR RELATED PURCHASE AGREEMENTS SHALL CONSTITUTE AN IRREVOCABLE OFFER AND BE BINDING ON THE WINNING BIDDER AND THE BACK-UP BIDDER, RESPECTIVELY, FROM THE TIME THE BID IS SUBMITTED UNTIL TWO (2) BUSINESS DAYS AFTER THE SALE HAS CLOSED. EACH QUALIFYING BID THAT IS NOT THE WINNING BID OR THE BACK-UP BID SHALL BE DEEMED WITHDRAWN AND TERMINATED AT THE CONCLUSION OF THE SALE HEARING.**

**10.    <u>Sale Hearing</u>**

The Winning Bid and any Back-Up Bid will be subject to approval by the Court. The Sale Hearing to approve the Winning Bid and any Back-Up Bid shall take place on **<u>August [11], 2023 at [ ]:[ ](ET)</u>**. The Sale Hearing may be adjourned by the Debtors, in consultation with the Consultation Parties from time to time without further notice to creditors or other parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing, or by filing a hearing agenda or notice on the docket of the Chapter 11 Cases.

At the Sale Hearing, the Debtors will seek entry of an order, substantially in the form of the Sale Order that, among other things: (i) authorizes and approves the Sale to the Winning Bidder pursuant to the terms and conditions set forth in the Alternative APA submitted by the Winning Bidder, as applicable, free and clear of all liens, claims, interests and encumbrances, except certain permitted encumbrances as determined by the Debtors and any Winning Bidder; (ii) finds that the Winning Bidder, as applicable, is a good faith purchaser pursuant to section 363(m) of the

Bankruptcy Code; (iii) authorizes the assumption and assignment of certain executory contracts and unexpired leases designated as Purchased Contracts in connection with the Sale; (iv) as appropriate, exempts the Sale(s) and conveyance(s) of the Assets from any transfer tax, stamp tax or similar tax, or deposit under any applicable bulk sales statute; and (v) directs that all cash proceeds generated from the Sale shall be paid as ordered by the Court.

11.    **Back-Up Bidder**

Notwithstanding any of the foregoing, in the event that the Winning Bidder fails to close the Sale on or before August **[16]**, 2023 (or such date as may be extended by the Debtors in consultation with the Consultation Parties), the Back-Up Bid will be deemed to be the Winning Bid, the Back-Up Bidder will be deemed to be the Winning Bidder, and the Debtors shall be authorized to close the Sale to the Back-Up Bidder subject to the terms of the Back-Up Bid without the need for further order of the Court and without the need for further notice to any interested parties.

12.    **Return of Deposits**

Other than with respect to loans advanced by the DIP Lenders, which, for the avoidance of doubt are not Deposits, all Deposits shall be returned to each bidder not selected by the Debtors as the Winning Bidder or the Back-Up Bidder no later than three (3) business days following the entry of the Sale Order. The Deposit of the Back-Up Bidder (if not selected as the Winning Bidder) shall be returned no later than three (3) business days following closing of the Sale. The Deposit of the Winning Bidder or, if the Sale is closed with the Back-Up Bidder, the Deposit of the Back-Up Bidder, shall be applied to the purchase price for the Sale. If the Winning Bidder (or, if the Sale is to be closed with the Back-Up Bidder, then the Back-Up Bidder) fails to consummate the Sale because of a breach or failure to perform on the part of such bidder, then, subject to the terms of any Alternative APA, as applicable, the Debtors and their estates shall be entitled to retain the Deposit of the Winning Bidder (or, if the Sale is to be closed with the Back-Up Bidder, then the Back-Up Bidder) as part of the damages resulting to the Debtors and their estates for such breach or failure to perform. For the avoidance of doubt, the Debtors' retention of a Deposit shall not constitute a waiver of any of the Debtors' legal or equitable rights relating to a Winning Bidder's or Back-Up Bidder's breach or failure to perform, and all such rights and remedies are preserved.

13.    **No-Shop or No-Solicitation Provisions**

The Bidding Procedures Order and Bidding Procedures do not limit the Debtors' ability or right to solicit higher or otherwise better bids. The Sale contemplated by the Motion, the Bidding Procedures, and the Bidding Procedures Order call for a fair and open bidding and auction process.

14.    **Notice and Consultation Parties**

(a)    The term "Bidding Procedures Notice Parties" as used in these Bidding Procedures shall mean: (a) counsel to the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036, Attn: Ryan Preston Dahl (Ryan.Dahl@ropesgray.com) and Ropes & Gray LLP, 191 North Wacker Drive, 32nd Floor, Chicago, Illinois 60606, Attn: Stephen L. Iacovo

(Stephen.Iacovo@ropesgray.com); (b) co-counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801), Attn: Laura Davis Jones (Ljones@pszjlaw.com) and Timothy P. Cairns (Tcairns@pszjlaw.com); (c) counsel to DIP Agent and DIP Lenders, Blank Rome LLP, 1201 North Market Street, Suite 800, Wilmington, Delaware 19801, Attn: Regina Stango Kelbon, Esq., email: regina.kelbon@blankrome.com); (d) proposed counsel to the Committee, McDermott Will & Emery LLP, One Vanderbilt Avenue, New York, New York 10017-3852, Attn: Kristin Going (kgoing@mwe.com) and Darren Azman (dazman@mwe.com) and McDermott Will & Emery LLP, 1007 North Orange Street, 10th Floor, Wilmington, DE 19801, Attn: David Hurst (dhurst@mwe.com); and (e) the United States Trustee for the District of Delaware, 844 N. King Street, Room 2207, Wilmington, Delaware, Attn: Richard L. Schepacarter (richard.schepacarter@usdoj.gov).

(b)     The term "Consultation Parties" as used in these Bidding Procedures shall mean the Committee, the DIP Agent, Crystal Financial LLC d/b/a SLR Credit Solutions ("SLR"), and RNN; *provided* that any of the DIP Agent, SLR, and/or RNN shall cease to be a Consultation Party if such party submits a bid or Qualified Bid with respect to the Auction.

For the avoidance of doubt, any consultation rights provided to the Consultation Parties by these Bidding Procedures shall not limit the Debtors' discretion in any way and shall not include the right to veto any decision made by the Debtors in the exercise of their business judgment.

### 15.     **Reservation of Rights**

Notwithstanding any of the foregoing, the Debtors, in consultation with the Consultation Parties, may adopt, implement, and waive such other, additional or existing procedures or requirements that in their reasonable business judgment, including, but not limited to, the imposition of a requirement that all Qualifying Bidders submit sealed Qualifying Bids during the Auction, all without further notice except to the Auction Participants, as appropriate.

The Debtors, in consultation with the Consultation Parties, may (a) determine which Qualifying Bid, if any, is the Winning Bid, and (b) reject at any time before entry of the Sale Order approving the Winning Bid, any bid that, in the discretion of the Debtors, in consultation with the Consultation Parties, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code or the Bidding Procedures, or (iii) contrary to the best interests of the Debtors' estates and their creditors. At or before the conclusion of the Auction, the Debtors, in consultation with the Consultation Parties, may impose such other terms and conditions upon Qualifying Bidders as the Debtors determine to be in the best interests of the Debtors' estates in these cases.

## EXHIBIT 2

**Sale Notice**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| iMedia Brands, *et al.*,[1] | Case No. 23-10852 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. 311, [●]** |

## NOTICE OF PROPOSED SALE OF ASSETS,
## BIDDING PROCEDURES, AUCTION, AND SALE HEARING

PLEASE TAKE NOTICE that the above-captioned debtors and debtors in possession (the "Debtors") each filed a voluntary petition for relief under chapter 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), on June 28, 2023, in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").  The Debtors are seeking to assume and assign certain of their executory contracts and unexpired leases in connection with the sale (the "Sale") of some, all or substantially all of their assets (the "Assets"), free and clear of all Encumbrances other than Assumed Liabilities.[2]

PLEASE TAKE FURTHER NOTICE that by order, dated [●], 2023 [Docket No. [●]] (the "Bidding Procedures Order"), the Bankruptcy Court approved certain relief requested in the related motion [Docket No. 311] (the "Bidding Procedures Motion"), and certain "Bidding Procedures" that govern the sale of the Assets to the highest or otherwise best bidders. Copies of the Bidding Procedures Motion, the Bidding Procedures Order and the Bidding Procedures are available for download at https://cases.stretto.com/imediabrands/ (the "Case Website").  A separate notice will be provided to counterparties to executory contracts and unexpired leases with the Debtors that may be assumed and assigned in connection with the Sale. The deadline to submit a bid for any Assets is **August [9], 2023 at 9:00 a.m. (ET)**.

- Any objections to the Sale or the relief requested in connection with the Sale but not including objections related to cure amounts for the Purchased Contracts or objections related to the adequate assurance of future performance by a Winning Bidder (a "Sale Objection") must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) set forth the specific basis for the Sale Objection; (d) be filed with the Clerk of the Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801 on or before  the sale hearing (the "Sale

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  ValueVision Media Acquisitions, Inc. (8670); iMedia Brands, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642).  The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Bidding Procedures Order (as defined below).

<u>Objection Deadline</u>"), and proof of service of such Sale Objection upon the Objection Notice Parties shall be filed with the Court as and when required by the Local Rules; and (e) be served upon the Objection Notice Parties.  The "<u>Objection Notice Parties</u>" are as follows: (a) counsel to the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036, Attn: Ryan Preston Dahl (Ryan.Dahl@ropesgray.com) and Ropes & Gray LLP, 191 North Wacker Drive, 32nd Floor, Chicago, Illinois 60606, Attn: Stephen L. Iacovo (Stephen.Iacovo@ropesgray.com); (b) co-counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801), Attn: Laura Davis Jones (Ljones@pszjlaw.com) and Timothy P. Cairns (Tcairns@pszjlaw.com); (c) counsel to DIP Agent and DIP Lenders,  Blank Rome LLP, 1201 North Market Street, Suite 800, Wilmington, Delaware 19801, Attn: Regina Stango Kelbon, Esq., email: regina.kelbon@blankrome.com); (d) proposed counsel to the Committee, McDermott Will & Emery LLP, One Vanderbilt Avenue, New York, New York 10017-3852, Attn: Kristin Going (kgoing@mwe.com) and Darren Azman (dazman@mwe.com) and McDermott Will & Emery LLP, 1007 North Orange Street, 10th Floor, Wilmington, DE 19801, Attn: David Hurst (dhurst@mwe.com); and (e) the United States Trustee for the District of Delaware, 844 N. King Street, Room 2207, Wilmington, Delaware, Attn: Richard L. Schepacarter (richard.schepacarter@usdoj.gov).

- An auction for the Assets, unless cancelled or adjourned in accordance with the Bidding Procedures Order, will be held on **August [10], 2023 at 9:00 a.m. (ET)**, at the offices of Ropes & Gray LLP, 1211 6th Avenue, New York, NY 10036.

- Unless adjourned in accordance with the Bidding Procedures Order, the Bankruptcy Court will conduct a hearing (the "<u>Sale Hearing</u>") to consider the Sale on **August [11], 2023 at [●]**, subject to the Bankruptcy Court's availability.

*[Remainder of Page Intentionally Left Blank]*

Dated: [●], 2023
     Wilmington, Delaware

**PACHULSKI STANG ZIEHL & JONES LLP**

_____
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
Email:  ljones@pszjlaw.com
       tcairns@pszjlaw.com

-and-

**ROPES & GRAY LLP**
Ryan Preston Dahl (admitted *pro hac vice*)
Cristine Pirro Schwarzman (admitted *pro hac vice*)
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
E-mail:  ryan.dahl@ropesgray.com
       cristine.schwarzman@ropesgray.com

-and-

**ROPES & GRAY LLP**
Stephen L. Iacovo (admitted *pro hac vice*)
191 North Wacker Drive, 32nd Floor
Chicago, Illinois 60606
Telephone: (312) 845-1200
Facsimile: (312) 845-5500
E-mail:  stephen.iacovo@ropesgray.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## **EXHIBIT 3**

**Amended Cure Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| iMedia Brands, Inc., *et al.*,[1] | ) | Case No. 23-10852 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### AMENDED NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES

> **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU OR ONE OF YOUR AFFILIATES IS A COUNTERPARTY TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE WITH ONE OR MORE OF THE DEBTORS AS SET FORTH ON EXHIBIT A ATTACHED HERETO.**
>
> **THIS NOTICE AMENDS THE *NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES* [DOCKET NO. 132] (THE "PRIOR CURE NOTICE") YOU MAY HAVE PREVIOUSLY RECEIVED.**
>
> **IF YOU ALREADY FILED AN OBJECTION TO THE PRIOR CURE NOTICE, YOUR OBJECTION IS ALREADY PENDING AND YOU DO NOT NEED TO FILE ANOTHER OBJECTION TO PRESERVE YOUR RIGHTS TO THAT OBJECTION.**

      **PLEASE TAKE NOTICE** that on July 3, 2023, the above-captioned debtors and debtors in possession (the "Debtors") filed the *Debtors' Motion Pursuant to Sections 105, 363, and 365 of the Bankruptcy Code for Entry of an Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Encumbrances Other Than Assumed Liabilities; (II) Approving the Debtors' Entry Into the Asset Purchase Agreement; (III) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief* [Docket No. 93] (the "Sale Motion"), with the United States Bankruptcy Court for the District of Delaware (the "Court"), seeking, *inter alia*, (i) authorization for the Debtors to sell substantially all of the their assets free and clear of all Encumbrances other than Assumed Liabilities (the "Sale"), (ii) authorization for the assumption and assignment of certain executory contracts and unexpired leases, and (iii) granting related relief.

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  ValueVision Media Acquisitions, Inc. (8670); iMedia Brands, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642).  The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

PLEASE TAKE FURTHER NOTICE that on July 11, 2023, the Debtors filed the *Notice To Contract Parties To Potentially Assumed Executory Contracts And Unexpired Leases* [Docket No. 132] (the "Original Purchased Contracts Schedule") notifying parties to certain executory contracts and unexpired leases of the Debtors that such executory contracts and unexpired leases may be assumed and assigned pursuant to the relief requested in the Sale Motion.

PLEASE TAKE FURTHER NOTICE that on July 27, 2023, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Approving Bidding Procedures, the Form and Manner of Notice Thereof and (II) Granting Related Relief* [Docket No. 311] (the "Bidding Procedures Motion," and together with the Sale Motion, the "Motions")[2] for, *inter alia*, the entry of a final order: (i) scheduling a hearing (the "Sale Hearing") for approval of the proposed Sale; (ii) authorizing and approving certain bidding procedures for the Sale, and the form and manner of notice thereof; (iii) scheduling an auction for the Assets (the "Auction"); and (iv) granting related relief.  The Court entered the *Order (I) Approving Bidding Procedures, the Form and manner of Notice Thereof and (II) Granting Related Relief* [Docket No. [●]] on [●], 2023.

PLEASE TAKE FURTHER NOTICE that the Debtors may assume and assign to the Winning Bidder certain of the executory contracts and unexpired leases identified on the amended schedule of potential Purchased Contracts (the "Amended Purchased Contracts Schedule") attached hereto as **Exhibit A**, to which you are a counterparty, upon closing of the Sale.  The Amended Purchased Contracts Schedule can also be viewed on the Debtors' Case Website, https://cases.stretto.com/iMediaBrands.  The Amended Purchased Contracts Schedule includes, among other things, the cure amount for unpaid monetary obligations under such potential Purchased Contracts (the "Cure Costs").  A redline showing changes in the Amended Purchased Contracts Schedule to the Original Purchased Contracts Schedule is attached hereto as **Exhibit B**.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to Paragraph **[6]** of the Bid Procedures Order, ***any objection that was filed in connection with the Prior Cure Notice is already deemed pending.  If you already filed an objection to the Prior Cure Notice, you do not need to file another objection to preserve your rights to that objection.***

PLEASE TAKE FURTHER NOTICE that if you disagree with the Cure Costs identified in the Amended Purchased Contracts Schedule, your objection must: (i) be in writing; (ii) comply with the applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any order governing the administration of these Chapter 11 Cases; (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed Cure Costs, state the correct cure amount alleged to be owed to the objecting Contract Counterparty, together with any applicable and appropriate documentation in support thereof; and (iv) be filed with the Court and served **no later than seven (7) days after the filing and service of the Amended Cure Notice** (the "Cure Objection Deadline") on the following parties:  (a) counsel for the Debtors, Ropes & Gray LLP,  1211 Avenue of the Americas, New York, New York 10036 Attn: Ryan Preston Dahl (Ryan.Dahl@ropesgray.com) and Ropes & Gray LLP, 191 North Wacker Drive, 32nd Floor,

---

[2]    All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motions.

Chicago, Illinois 60606 Attn: Stephen L. Iacovo (Stephen.Iacovo@ropesgray.com); (b) co-counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801), Attn: Laura Davis Jones (Ljones@pszjlaw.com) and Timothy P. Cairns (Tcairns@pszjlaw.com); (c) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Richard Schepacarter (Richard.Schepacarter@usdoj.gov); (d) counsel to the DIP Agent and Prepetition Agent, Blank Rome LLP, 1201 North Market Street, Suite 800, Wilmington, Delaware 19801; Attn: Regina Stango Kelbon, Esq. (Regina.Kelbon@blankrome.com); and proposed counsel to the Committee, McDermott Will & Emery LLP, One Vanderbilt Avenue, New York, New York 10017-3852, Attn: Kristin Going (kgoing@mwe.com) and Darren Azman (dazman@mwe.com) and McDermott Will & Emery LLP, 1007 North Orange Street, 10th Floor, Wilmington, DE 19801, Attn: David Hurst (dhurst@mwe.com).

**PLEASE TAKE FURTHER NOTICE THAT, UNLESS YOU HAVE ALREADY FILED AN OBJECTION TO THE PRIOR CURE NOTICE, IF NO OBJECTION TO THE REVISED CURE COSTS IS FILED BY THE CURE OBJECTION DEADLINE THEN (I) YOU WILL BE DEEMED TO HAVE STIPULATED THAT THE CURE COSTS AS DETERMINED BY THE DEBTORS ARE CORRECT AND (II) YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING ANY ADDITIONAL CURE AMOUNT UNDER THE POTENTIAL PURCHASED CONTRACT.**

**PLEASE TAKE FURTHER NOTICE** that any objection to the proposed assumption and assignment of an executory contract or unexpired lease or related Cure Costs in connection with the Sale that otherwise complies with these procedures yet remains unresolved as of the commencement of the Sale Hearing shall be heard at a later date as may be fixed by the Court.

**PLEASE THAT FURTHER NOTICE** that, notwithstanding anything herein, the mere listing of any executory contract or unexpired lease on this Cure Notice does not require or guarantee that such executory contract or unexpired lease will be assumed by the Debtors at any time or assumed and assigned, and all rights of the Debtors and the Buyer with respect to such Executory Contracts and/or Unexpired Leases are reserved. Moreover, the Debtors explicitly reserve their rights, in their reasonable discretion, to seek to reject or assume each identified Executory Contract and Unexpired Lease pursuant to section 365(a) of the Bankruptcy Code and in accordance with the procedures allowing the Debtors and/or the Winning Bidder, as applicable, to designate any Executory Contract or Unexpired Lease as either rejected or assumed on a post-closing basis.

**PLEASE TAKE FURTHER NOTICE** that nothing herein (i) alters in any way the prepetition nature of the potential Purchased Contracts or the validity, priority, or amount of any claims of a counterparty to any potential Purchased Contract against the Debtors that may arise under such potential Purchased Contract, (ii) creates a postpetition contract or agreement, or (iii) elevates to administrative expense priority any claims of a counterparty to any potential Purchased Contract against the Debtors that may arise under such potential Purchased Contract.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motions and other documents related to the Sale of substantially all of the Debtors' assets are available free of charge upon request to the Debtors' Notice and Claims Agent, Stretto, Inc., by calling the case information line at 855.794.3801 (Toll-Free) and 949.340.0398 (International) or visiting the Debtors' restructuring website at https://cases.stretto.com/iMediaBrands for Sale-related documents.

Dated:  [●], 2023
            Wilmington, Delaware

**PACHULSKI STANG ZIEHL & JONES LLP**

_____
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
Email:  ljones@pszjlaw.com
            tcairns@pszjlaw.com

-and-

**ROPES & GRAY LLP**
Ryan Preston Dahl (admitted _pro hac vice_)
Cristine Pirro Schwarzman (admitted _pro hac vice_)
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
E-mail:  ryan.dahl@ropesgray.com
              cristine.schwarzman@ropesgray.com

-and-

**ROPES & GRAY LLP**
Stephen L. Iacovo (admitted _pro hac vice_)
191 North Wacker Drive, 32nd Floor
Chicago, Illinois 60606
Telephone: (312) 845-1200
Facsimile: (212) 845-5500
E-mail:  stephen.iacovo@ropesgray.com

_Proposed Counsel to the Debtors and Debtors in Possession_

**<u>EXHIBIT 4</u>**

**Notice of Winning Bidder**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| iMedia Brands, *et al.*,[1] | Case No. 23-10852 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. 311, [●]** |

**NOTICE OF WINNING BIDDER AND BACK-UP
BIDDER AND ADEQUATE ASSURANCE OF FUTURE PERFORMANCE
WITH RESPECT TO PROPOSED ASSUMPTION AND ASSIGNMENT OF
EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF THE DEBTORS**

**PLEASE TAKE NOTICE THAT** by order, dated [●], 2023 [Docket No. [●]] (the "Bidding Procedures Order"), the Bankruptcy Court approved certain relief requested in the related motion [Docket No. 311] (the "Bidding Procedures Motion"), and certain "Bidding Procedures" that govern the sale of the Assets to the highest or otherwise best bidders. Copies of the Bidding Procedures Motion and the Bidding Procedures Order are available for download at https://cases.stretto.com/imediabrands/ (the "Case Website").

**Please take further notice that the Debtors' proposed Cure Amount with respect to your Contract (as defined below) was filed on the docket maintained in these Chapter 11 Cases at Docket Number [●] on [●] and is available free of charge on the Case Website.**

**You are receiving this Notice because the Debtors have designated [●] as the Winning Bidder and [●] as the Back-Up Bidder in accordance with the Bidding Procedures Order, and you or one of your affiliates may be a party to an unexpired lease or an executory contract that *may* be assumed and assigned (collectively, the "Contracts") in connection with such Sale to the Winning Bidder. A list of the Contracts is attached hereto as Exhibit A.**

**To the extent that a Counterparty to a Contract objects to adequate assurance of performance by the Winning Bidder or the Back-Up Bidder, as applicable, the Counterparty must file and serve an objection (an "Adequate Assurance Objection"). Any Adequate Assurance Objection shall: (i) be in writing; (ii) comply with the Bankruptcy Rules and the Local Rules; (iii) be filed with the Clerk of the Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801 on or before [●], 2023 (the "Adequate Assurance Objection**

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  ValueVision Media Acquisitions, Inc. (8670); iMedia Brands, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642).  The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

**Deadline"), and proof of service of such Adequate Assurance Objection upon the Objection Notice Parties shall be filed with the Court as and when required by the Local Rules; (iv) be served upon the Objection Notice Parties; and (v) state with specificity the grounds for such objection.**

The "Objection Notice Parties" are as follows: (a) counsel to the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036, Attn: Ryan Preston Dahl (Ryan.Dahl@ropesgray.com) and Ropes & Gray LLP, 191 North Wacker Drive, 32nd Floor, Chicago, Illinois 60606, Attn: Stephen L. Iacovo (Stephen.Iacovo@ropesgray.com); (b) co-counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801), Attn: Laura Davis Jones (Ljones@pszjlaw.com) and Timothy P. Cairns (Tcairns@pszjlaw.com); (c) counsel to DIP Agent and DIP Lenders, Blank Rome LLP, 1201 North Market Street, Suite 800, Wilmington, Delaware 19801, Attn: Regina Stango Kelbon, Esq., email: regina.kelbon@blankrome.com); (d) proposed counsel to the Committee, McDermott Will & Emery LLP, One Vanderbilt Avenue, New York, New York 10017-3852, Attn: Kristin Going (kgoing@mwe.com) and Darren Azman (dazman@mwe.com) and McDermott Will & Emery LLP, 1007 North Orange Street, 10th Floor, Wilmington, DE 19801, Attn: David Hurst (dhurst@mwe.com); and (e) the United States Trustee for the District of Delaware, 844 N. King Street, Room 2207, Wilmington, Delaware, Attn: Richard L. Schepacarter (richard.schepacarter@usdoj.gov).

**If no timely objection is received as to adequate assurance of future performance with respect to a Contract, the non-Debtor party to such Contract shall be deemed to have consented to the Court determining that adequate assurance of future performance has been sufficiently demonstrated and shall be forever barred and estopped from asserting or claiming that the requirement of adequate assurance of future performance is not satisfied or demonstrated.**

**The Debtors will seek to assume and assign the Contracts that have been selected by the Winning Bidder (collectively, the "Selected Purchased Contracts") or the Back-Up Bidder, as applicable, at a hearing before the Honorable Karen B. Owens, in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware 19801, 6th Floor, Courtroom #3, (a "Sale Hearing") on August [11], 2023 at [●] (ET), subject to the Bankruptcy Court's availability, or such other date as determined by the Debtors, in consultation with the Winning Bidder or the Back-Up Bidder, as applicable, in accordance with the terms of the Bidding Procedures Order**.

*[Remainder of Page Intentionally Left Blank]*

2

Nothing contained herein shall obligate the Debtors or the Winning Bidder or the Back-Up Bidder, as applicable, to assume any contract, and all rights of the Debtors and the Winning Bidder or the Back-Up Bidder with respect to such Selected Purchased Contracts are reserved. Moreover, the Debtors explicitly reserve their rights, in their reasonable discretion, to seek to reject or assume each Selected Purchased Contract pursuant to section 365(a) of the Bankruptcy Code and in accordance with the procedures allowing the Debtors or the Winning Bidder, as applicable, to designate any Selected Purchased Contract as either rejected or assumed on a post-closing basis.

Dated: [●], 2023
     Wilmington, Delaware

**PACHULSKI STANG ZIEHL & JONES LLP**

_____
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
Email:  ljones@pszjlaw.com
       tcairns@pszjlaw.com
-and-
**ROPES & GRAY LLP**
Ryan Preston Dahl (admitted *pro hac vice*)
Cristine Pirro Schwarzman (admitted *pro hac vice*)
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
E-mail:  ryan.dahl@ropesgray.com
       cristine.schwarzman@ropesgray.com
-and-
**ROPES & GRAY LLP**
Stephen L. Iacovo (admitted *pro hac vice*)
191 North Wacker Drive, 32nd Floor
Chicago, Illinois 60606
Telephone: (312) 845-1200
Facsimile: (312) 845-5500
E-mail:  stephen.iacovo@ropesgray.com

*Proposed Counsel to the Debtors and Debtors in Possession*