# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| IMEDIA BRANDS, INC., *et al.*,[1] | ) ) ) | Case No. 23-10852 (KBO) |
| Debtors. | ) ) ) ) | (Jointly Administered) **Ref. Docket No. 245** |

### ORDER PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 AUTHORIZING THE EMPLOYMENT AND RETENTION OF PACHULSKI STANG ZIEHL & JONES LLP AS CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE

Upon consideration of the application (the "Application") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") seeking authorization to employ and retain Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") as co-counsel for the Debtors; and upon: (i) the Rule 2016 Statement; (ii) the Jones Declaration; and (iii) the Alt Declaration, which were submitted concurrently with the Application; and the Court being satisfied, based on the representations made in the Application, the Rule 2016 Statement, the Jones Declaration, and the Alt Declaration that PSZ&J does not represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged and is disinterested as that term is defined under section 101(14) of the Bankruptcy Code, and as modified by section 1107(b) of the Bankruptcy Code, and that the employment of PSZ&J

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: ValueVision Media Acquisitions, Inc. (8670); iMedia Brands, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642). The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

is necessary and in the best interests of the Debtors and the Debtors' estates; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and the Court having reviewed the Application; and after due deliberation and good and sufficient cause appearing therefor;

ORDERED that the Application is GRANTED; and it is further.

ORDERED that, pursuant to section 327(a) of the Bankruptcy Code, the Debtors are authorized to employ and retain the Firm as co-counsel, effective as of the Petition Date, on the terms set forth in the Application, the Statement, the Jones Declaration, and the Alt Declaration; and it is further

ORDERED that the Firm shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. PSZ&J also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications*

*for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "<u>Revised UST Guidelines</u>"), both in connection with this Application and the interim and final fee applications to be filed by PSZ&J in these chapter 11 cases; and it is further

ORDERED that PSZ&J shall use its reasonable efforts and coordinate with the Debtors and their other professionals to avoid the duplication of services provided by other professionals retained by the Debtors in these chapter 11 cases; and it is further

ORDERED that to the extent that there may be any inconsistency between the terms of the Application, the Jones Declaration, the Alt Declaration, the Engagement Agreement and this Order, the terms of this Order shall govern; and it is further

ORDERED that PSZ&J shall provide ten business days' notice to the Debtors, the U.S. Trustee, and the Committee before any increases in the rates set forth in the Application or any agreement entered into in connection with the Debtors' retention of PSZ&J are implemented and shall file such notice with the Court, provided, however, that in the event that the PSZ&J attorneys responsible for this matter do not have sufficient advance notice of such rate increases, PSZ&J shall provide notice to the Debtors, the U.S. Trustee, and the Committee as soon as practicable after the information regarding rate increases becomes available to the PSZ&J attorneys responsible for this matter. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code; and it is further

ORDERED that, notwithstanding anything in the Application to the contrary, PSZ&J shall (i) to the extent that PSZ&J uses the services of independent contractors or

subcontractors (collectively, the "Contractors") in these cases, pass through the cost of such Contractors at the same rate that PSZ&J pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for PSZ&J; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014; and it is further

ORDERED that the Debtors and PSZ&J are authorized to take such other action as is reasonably necessary to comply with all of the duties set forth in the Application and this Order; and it is further

ORDERED that the Court shall retain jurisdiction over any and all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order; and it is further

ORDERED that, notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

**Dated: August 10th, 2023**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**