**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| iMedia Brands, Inc., *et al.*,[1] | Case No. 23-10852 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 413** |

<u>**AMENDED**[2] **NOTICE OF AGENDA OF MATTERS SCHEDULED FOR**
**HEARING ON AUGUST 14, 2023 AT 1:00 P.M. (EASTERN TIME)**</u>

> This hearing will be conducted in person.  All parties, including witnesses, are expected to attend in person unless permitted to appear via Zoom.  Participation at the in-person court proceeding using Zoom is allowed only in the following circumstances:  (i) counsel for a party or a pro se litigant files a responsive pleading and intends to make only a limited argument; (ii) a party or a representative of a party is interested in observing the hearing; (iii) a party is proceeding in a claims allowance dispute on a pro se basis; (iv) an individual has a good faith health-related reason to participate remotely and has obtained permission from chambers to do so; or (v) other extenuating circumstances that warrant remote participation as may be determined by the Court.[3]

> **If appearance via Zoom is permitted, please use the following link to register for this hearing to appear via Zoom.  All individuals participating by video must register at least two (2) hours prior to the hearing.  After registering your appearance by Zoom, you will receive a confirmation email containing information about joining the hearing.**
>
> **https://debuscourts.zoomgov.com/meeting/register/vJIscuqprzoiG_J_2-Ah_qg4HWtO1W-kqM0**
>
> **Topic: iMedia Brands, Inc.,** *et al*. **– Case No. 23-10852 (KBO)**
> **When: August 14, 2023 at 1:00 p.m. (Prevailing Eastern Time)**

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are:  ValueVision Media Acquisitions, Inc. (8670); iMedia Brands, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642).  The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

[2]  **Amended items are in bold.**

[3]  See Chambers Procedures of the Honorable Karen B. Owens dated October 3, 2022.
https://www.deb.uscourts.gov/content/judge-karen-b-owens.

**You must use your full name when registering and logging into
Zoom or you will not be granted access to the hearing.
CourtCall will NOT be used for this hearing.**

## CONTESTED MATTERS GOING FORWARD

1.    **DIP Motion** – Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing, (B) Grant Liens and Superpriority Administrative Expense Claims to Post-Petition Lenders and (C) Utilize Cash Collateral, (II) Providing Adequate Protection to Pre-Petition Secured Parties, (III) Modifying the Automatic Stay, (IV) Granting Related Relief, Pursuant to 11 U.S.C. Sections 105, 361, 362, 363, 364, 503, 506, 507 and 552, and (V) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 and Local Rule 4001-2 [Filed: 7/3/23] (Docket No. 88).

Response Deadline:  July 17, 2023 at 4:00 p.m. (Eastern Time).  Extended to July 24, 2023 for the Trustee and the Committee.

Responses Received:

   a.    Limited Objection of B.H. Multi Com Corp. and B.H. Multi Color Corp. to Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Grant Liens and Superpriority Administrative Expense Claims to Post-Petition Lenders and (C) Utilize Cash Collateral, (II) Providing Adequate Protection to Pre-Petition Secured Parties, (III) Modifying the Automatic Stay, (IV) Granting Related Relief, Pursuant to 11 U.S.C. Sections 105, 361, 362, 363, 364, 503, 506, 507 and 552, and (V) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 and Local Rule 4001-2 [Filed: 7/17/23] (Docket No. 161).

   b.    Limited Objection of Synacor, Inc. to the Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing, (B) Grant Liens and Superpriority Administrative Expense Claims to Post-Petition Lenders and (C) Utilize Cash Collateral, (II) Providing Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Granting Related Relief, Pursuant to 11 U.S.C. Sections 105, 361, 362, 363, 364, 503, 506, 507 and 552, and (V) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 and Local Rule 4001-2 [Filed: 7/17/23] (Docket No. 169).

      i.    Notice of Withdrawal of Documents [Filed: 7/27/23] (Docket No. 297).

   c.    Objection of the Official Committee of Unsecured Creditors to Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing, (B) Grant Senior Secured Liens and Superpriority Administrative Expense Claims to Post-Petition Lenders, and (C) Utilize Cash Collateral, (II) Providing Adequate Protection to Pre-Petition Secured Parties, (III) Modifying the Automatic Stay, (IV) Granting Related Relief, Pursuant to 11 U.S.C. Sections 105, 361,

362, 363, 364, 503, 506, 507 and 552, and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 and Local Rule 4001-2 [Filed: 7/24/23] ([Docket No. 235](#)).

   i.    Declaration of David MacGreevey in Support of Committee Sale Objection and Committee DIP Objection [Filed: 7/24/23] ([Docket No. 239](#)).

Replies Received:

a    Debtors' Reply in Support of Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing, (B) Grant Liens and Superpriority Administrative Expense Claims to Post-Petition Lenders and (C) Utilize Cash Collateral, (II) Providing Adequate Protection to Pre-Petition Secured Parties, (III) Modifying the Automatic Stay, (IV) Granting Related Relief, Pursuant to 11 U.S.C. Sections 105, 361, 362, 363, 364, 503, 506, 507 and 552, and (V) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 and Local Rule 4001-2 [Filed: 7/25/23] ([Docket No. 264, Exhibit B](#))

   i.    [Signed] Order Granting Debtors' Motion for Leave to File a Late Reply in Support of DIP Motion [Filed: 7/27/23] ([Docket No. 298](#))

b.    Reply of Siena Lending Group, LLC in Support of Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing, (B) Grant Liens and Superpriority Administrative Expense Claims to Post-Petition Lenders and (C) Utilize Cash Collateral, (II) Providing Adequate Protection to Pre-Petition Secured Parties, (III) Modifying the Automatic Stay, (IV) Granting Related Relief, Pursuant to 11 U.S.C. Sections 105, 361, 362, 363, 364, 503, 506, 507 and 552, and (V) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 and Local Rule 4001-2 [Filed: 7/26/23] ([Docket No. 266, Exhibit A](#)).

   i.    [Signed] Order Granting Motion of Siena Lending Group, LLC for Leave to File Late Reply in Support of the Debtors' DIP Motion [Filed: 7/27/23] ([Docket No. 296](#)).

Related Documents:

a.    Declaration of James Alt in Support of Debtors' Motion to Obtain Postpetition Debtor in Possession Financing [Filed: 7/3/23] ([Docket No. 89](#)).

b.    Declaration of Eugene Lee in Support of Debtors' Motion to Obtain Postpetition Debtor in Possession Financing [Filed: 7/3/23] ([Docket No. 90](#)).

c.    Debtors' Motion for Entry of an Order Shortening Notice Related to Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing, (B) Grant Liens and Superpriority Administrative Expense Claims to Post-Petition Lenders and (C) Utilize Cash Collateral, (II) Providing Adequate Protection to Pre-Petition Secured Parties, (III) Modifying the Automatic Stay, (IV) Granting Related Relief, Pursuant to 11 U.S.C. Sections 105, 361, 362, 363, 364, 503,

506, 507 and 552, and (V) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 and Local Rule 4001-2 [Filed: 7/3/23] (Docket No. 91).

d.  [Signed] Order Shortening Notice Related to Debtors' Motion for Entry of an Order Shortening Notice Related to Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing, (B) Grant Liens and Superpriority Administrative Expense Claims to Post-Petition Lenders and (C) Utilize Cash Collateral, (II) Providing Adequate Protection to Pre-Petition Secured Parties, (III) Modifying the Automatic Stay, (IV) Granting Related Relief, Pursuant to 11 U.S.C. Sections 105, 361, 362, 363, 364, 503, 506, 507 and 552, and (V) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 and Local Rule 4001-2 [Filed: 7/5/23] (Docket No. 97).

e.  Notice of Filing of Revised Interim Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing, (B) Grant Liens and Superpriority Administrative Expense Claims to Post-Petition Lenders and (C) Utilize Cash Collateral, (II) Providing Adequate Protection to Pre-Petition Secured Parties, (III) Modifying the Automatic Stay, (IV) Granting Related Relief, Pursuant to 11 U.S.C. Sections 105, 361, 362, 363, 364, 503, 506, 507 and 552, and (V) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 and Local Rule 4001-2 [Filed: 7/5/23] (Docket No. 106).

f.  Certification of Counsel Submitting Revised Interim Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing, (B) Grant Liens and Superpriority Administrative Expense Claims to Post-Petition Lenders and (C) Utilize Cash Collateral, (II) Providing Adequate Protection to Pre-Petition Secured Parties, (III) Modifying the Automatic Stay, (IV) Granting Related Relief, Pursuant to 11 U.S.C. Sections 105, 361, 362, 363, 364, 503, 506, 507 and 552, and (V) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 and Local Rule 4001-2 [Filed: 7/5/23] (Docket No. 109).

g.  [Signed] Interim Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing, (B) Grant Liens and Superpriority Administrative Expense Claims to Post-Petition Lenders and (C) Utilize Cash Collateral, (II) Providing Adequate Protection to Pre-Petition Secured Parties, (III) Modifying the Automatic Stay, (IV) Granting Related Relief, Pursuant to 11 U.S.C. Sections 105, 361, 362, 363, 364, 503, 506, 507 and 552, and (V) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 and Local Rule 4001-2 [Filed: 7/6/23] (Docket No. 116).

h.  Notice of Entry of Interim Order and Final Hearing Regarding Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing, (B) Grant Liens and Superpriority Administrative Expense Claims to Post-Petition Lenders and (C) Utilize Cash Collateral, (II) Providing Adequate Protection to Pre-Petition Secured Parties, (III) Modifying the Automatic Stay, (IV) Granting Related Relief, Pursuant to 11 U.S.C. Sections 105, 361, 362, 363, 364, 503, 506, 507 and 552, and (V) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 and Local Rule 4001-2 [Filed: 7/6/23] (Docket No. 117).

i.   Notice of Rescheduled Final Hearing on Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing, (B) Grant Liens and Superpriority Administrative Expense Claims to Post-Petition Lenders and (C) Utilize Cash Collateral, (II) Providing Adequate Protection to Pre-Petition Secured Parties, (III) Modifying the Automatic Stay, (IV) Granting Related Relief, Pursuant to 11 U.S.C. Sections 105, 361, 362, 363, 364, 503, 506, 507 and 552, and (V) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 and Local Rule 4001-2 [Filed: 7/14/23] (Docket No. 156).

j.   Notice of Filing of Proposed Final Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing, (B) Grant Liens and Superpriority Administrative Expense Claims to Post-Petition Lenders and (C) Utilize Cash Collateral, (II) Providing Adequate Protection to Pre-Petition Secured Parties, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief, Pursuant to 11 U.S.C. Sections 105, 361, 362, 363, 364, 503, 506, 507 and 552 [Filed: 7/26/23] (Docket No. 291).

k.   Notice of Status Conference [Filed: 7/27/23] (Docket No. 304).

l.   Amended Notice of Status Conference [Filed: 7/27/23] (Docket No. 309).

m.   Notice of Further Rescheduled Final Hearing on Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing, (B) Grant Liens and Superpriority Administrative Expense Claims to Post-Petition Lenders and (C) Utilize Cash Collateral, (II) Providing Adequate Protection to Pre-Petition Secured Parties, (III) Modifying the Automatic Stay, (IV) Granting Related Relief, Pursuant to 11 U.S.C. Sections 105, 361, 362, 363, 364, 503, 506, 507 and 552, and (V) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 and Local Rule 4001-2 [Filed 8/4/23] (Docket No. 359).

n.   **Notice of Filing of Proposed Final Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing, (B) Grant Liens and Superpriority Administrative Expense Claims to Post-Petition Lenders and (C) Utilize Cash Collateral, (II) Providing Adequate Protection to Pre-Petition Secured Parties, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief, Pursuant to 11 U.S.C. Sections 105, 361, 362, 363, 364, 503, 506, 507 and 552 [Filed: 8/14/23] (Docket No. 446)**

Status:  This matter is going forward.

2.   **Sale Motion** – Debtors' Motion Pursuant to Sections 105, 363, and 365 of the Bankruptcy Code for Entry of an Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Encumbrances Other Than Assumed Liabilities; (II) Approving the Debtors' Entry Into the Asset Purchase Agreement; (III) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Filed: 7/3/23] (Docket No. 93).

Response Deadline:  At or before the hearing.

Cure Objection Deadline:  August 10, 2023.

Sale Objections:

a.    Objection of the Chubb Companies with Respect to (1) Debtors' Motion Pursuant to Sections 105, 363, and 365 of the Bankruptcy Code for Entry of an Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Encumbrances Other Than Assumed Liabilities; (II) Approving the Debtors' Entry Into the Asset Purchase Agreement; (III) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief; and (2) Debtors' Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases [Filed: 7/18/23] (Docket No. 183).

b.    Limited Objection By C&B Newco, LLC to Debtors' Motion Pursuant to Sections 105, 363, and 365 of the Bankruptcy Code for Entry of an Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Encumbrances Other Than Assumed Liabilities; (II) Approving the Debtors' Entry Into the Asset Purchase Agreement; (III) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Filed: 7/20/23] (Docket No. 215).

c.    Response of Synchrony Bank to the Debtors' Sale Motion [Filed: 7/20/23] (Docket No. 216).

d.    Apparel Solutions Inc.'s Objection to Debtors' Motion Pursuant to Sections 105, 363, and 365 of the Bankruptcy Code for Entry of an Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Encumbrances Other Than Assumed Liabilities; (II) Approving the Debtors' Entry Into the Asset Purchase Agreement; (III) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Filed: 7/21/23] (Docket No. 228).

e.    Limited Objection of IV Media, LLC [Filed: 7/24/23] (Docket No. 231).

f.    Objection of the Official Committee of Unsecured Creditors to Debtors' Motion Pursuant to Sections 105, 363, and 365 of the Bankruptcy Code for Entry of an Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Encumbrances Other Than Assumed Liabilities; (II) Approving the Debtors' Entry Into the Asset Purchase Agreement; (III) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Filed: 7/24/23] (Docket No. 233).

    i.    Declaration of David MacGreevey in Support of Committee Sale Objection and Committee DIP Objection [Filed: 7/24/23] (Docket No. 239).

g.    Oracle's Limited Objection to and Reservation of Rights Regarding: (1) Debtors' Motion Pursuant to Sections 105, 363, and 365 of the Bankruptcy Code for Entry of an Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and

Clear of All Encumbrances Other Than Assumed Liabilities; (II) Approving the Debtors' Entry Into the Asset Purchase Agreement; (III) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief; and (2) Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases ("Assumption Notice") [Filed: 7/24/23] (Docket No. 234).

h.  Kinbow, Inc.'s Objection to Debtors' Motion Pursuant to Sections 105, 363, and 365 of the Bankruptcy Code for Entry of an Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Encumbrances Other Than Assumed Liabilities; (II) Approving the Debtors' Entry Into the Asset Purchase Agreement; (III) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Filed: 7/24/23] (Docket No. 236).

i.  Objection of Clarus Commerce LLC To Debtors' Motion Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code for Entry of an Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of Encumbrances Other Than Assumed Liabilities; (II) Approving the Debtors' Entry Into the Asset Purchase Agreement; (III) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Filed: 7/26/23] (Docket No. 280).

j.  Limited Objection of B.H. Multi Com Corp. to Debtors' Motion Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code for Entry of an Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of Encumbrances Other Than Assumed Liabilities; (II) Approving the Debtors' Entry Into the Asset Purchase Agreement; (III) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Filed: 7/26/23] (Docket No. 281).

Cure/Assumption & Assignment Objections:

a.  Limited Objection of CBL & Associates Management, Inc. to Debtors' Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases [Filed: 7/14/23] (Docket No. 147).

b.  Objection of New York Life Insurance Company to Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases [Filed: 7/17/23] (Docket No. 163).

c.  Objection by C&B IPCO, LLC to Debtors' Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases [Filed: 7/17/23] (Docket No. 164).

d.  Creditor's (Exorigos Ltd.) Objection to Cure Cost and Proposed Cure Payment [Filed: 7/18/23] (Docket No. 173).

e. Response of Radius Global Solutions LLC to Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases [Filed: 7/18/23] ([Docket No. 175](#)).

f. Spectrum Management Holding Company, LLC's Objection to Cure Cost, Cure Payment, and Assumption and Assignment of Executory Contract [Filed: 7/18/23] ([Docket No. 176](#)).

g. Objection of Creditor VXI Global Solutions, LLC to Proposed Assumption and Assignment of Contract [Filed: 7/18/23] ([Docket No. 177](#)).

   i. Exhibit A to Objection of Creditor VXI Global Solutions, LLC to Proposed Assumption and Assignment of Contract [Filed: 7/18/23] ([Docket No. 178](#)).

h. Limited Objection of G&I X Montclair on Center LLC to Debtors' Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases [Filed: 7/18/23] ([Docket No. 180](#)).

i. Lumen's Objection and Reservation of Rights to Proposed Cure Amount [Filed: 7/18/23] ([Docket No. 181](#)).

j. Limited Objection and Reservation of Rights of Comcast Cable Communications, LLC and Comcast Cable Communications Management, LLC to the Debtors' Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases [Filed: 7/18/23] ([Docket No. 182](#)).

k. Objection of the Chubb Companies with Respect to (1) Debtors' Motion Pursuant to Sections 105, 363, and 365 of the Bankruptcy Code for Entry of an Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Encumbrances Other Than Assumed Liabilities; (II) Approving the Debtors' Entry Into the Asset Purchase Agreement; (III) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief; and (2) Debtors' Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases [Filed: 7/18/23] ([Docket No. 183](#)).

l. Objection of InvestStrong, LLC to Debtors' Proposed Cure Amount; and Objection to Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases [Filed: 7/18/23] ([Docket No. 185](#)).

m. Objection of Creditor GG Software LP d/b/a NitroPay to Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases [Filed: 7/18/23] ([Docket No. 186](#)).

n. Objection of Pontus IMB Portfolio, LLC to Debtors' Purchased Contracts Schedule [Filed: 7/18/23] ([Docket No. 189](#)).

o.  Objection of Commerce Technologies, LLC to Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases [Filed: 7/19/23] (Docket No. 202).

p.  Objection of ChannelAdvisor Corporation to Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases [Filed: 7/19/23] (Docket No. 203).

  i.  Exhibit A to Objection of ChannelAdvisor Corporation to Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases [Filed: 7/20/23] (Docket No. 207).

q.  Objection of the Official Committee of Unsecured Creditors to the Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases [Filed: 7/20/23] (Docket No. 208).

r.  DIRECTV, LLC's Limited Objection to Proposed Cure Amounts and Reservation of Rights with Respect to Notice of Potential Assumption and Assignment [Filed: 7/20/23] (Docket No. 218).

s.  Objection of Akamai Technologies, Inc. to Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases [Filed: 7/24/23] (Docket No. 230).

t.  Oracle's Limited Objection to and Reservation of Rights Regarding: (1) Debtors' Motion Pursuant to Sections 105, 363, and 365 of the Bankruptcy Code for Entry of an Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Encumbrances Other Than Assumed Liabilities; (II) Approving the Debtors' Entry Into the Asset Purchase Agreement; (III) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief; and (2) Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases ("Assumption Notice") [Filed: 7/24/23] (Docket No. 234).

u.  Objection of Salesforce, Inc. to the Proposed Assumption of Certain Executory Contracts and Cure Costs, in Connection with the Sale and Reservation of Rights [Filed: 7/26/23] (Docket No. 273).

  i.  Declaration of Kevin Ramirez in Support of the Objection of Salesforce, Inc. to the Proposed Assumption of Certain Executory Contracts and Cure Costs, in Connection with the Sale and Reservation of Rights [Filed: 7/26/23] (Docket No. 274).

v.  Objection of Creditor Famjams Trading LLC to Proposed Assumption and Assignment of Contract [Filed 7/27/23] (Docket No. 313)

w.  Objection and Reservation of Rights of U.S. Bank Equipment Finance to Amended Cure Notice and Sale [Filed 8/10/23] (Docket No. 407)

x.   **Objection Of Entravision Communications Corporation To (i) Notice To Contract Parties To Potentially Assumed Executory Contracts And Unexpired Leases, And (ii) Amended Notice To Contract Parties To Potentially Assumed Executory Contracts And Unexpired Leases [Filed 8/10/23] (Docket No. 414).**

y.   **Supplemental Response of DirecTV, LLC with Respect to Amended Notice of Potential Assumption and Assignment Filed by DIRECTV, LLC [Filed 8/10/23] (Docket No. 416).**

z.   **Supplemental Objection Supplement to the Limited Objection and Reservation of Rights of Comcast Cable Communications, LLC and Comcast Cable Communications Management, LLC to the Debtors Amended Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases [Filed 8/10/23] (Docket No. 417)**

aa.  **Supplement to the Objection of Creditor VXI Global Solutions, LLC, as to the Amended Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases [Filed 8/11/23] (Docket No. 442).**

Replies Filed:

a.   Reply of Siena Lending Group, LLC in Response to Limited Objection By C&B Newco, LLC to Sale Motion [Filed: 7/25/23] (Docket No. 253).

b.   Debtors' Omnibus Reply to the Objections to the Debtors' Motion Pursuant to Sections 105, 363, and 365 of the Bankruptcy Code for Entry of an Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Encumbrances Other Than Assumed Liabilities; (II) Approving the Debtors' Entry Into the Asset Purchase Agreement; (III) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Filed: 7/25/23] (Docket No. 265, Exhibit B).

i   [Signed] Order Granting Debtors' Motion for Leave to File a Late Reply in Support of Sale Motion [Filed: 7/27/23] (Docket No. 300).

Related Documents:

a.   Declaration of Eugene Lee in Support of the Debtors' Motion Pursuant to Sections 105, 363, and 365 of the Bankruptcy Code for Entry of an Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Encumbrances Other Than Assumed Liabilities; (II) Approving the Debtors' Entry Into the Asset Purchase Agreement; (III) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Filed: 7/4/23] (Docket No. 94).

i.   Supplemental Declaration of Eugene Lee in Support of the Debtors' Motion Pursuant to Sections 105, 363, and 365 of the Bankruptcy Code for Entry of an Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and

Clear of All Encumbrances Other Than Assumed Liabilities; (II) Approving the Debtors' Entry Into the Asset Purchase Agreement; (III) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief [Filed: 7/24/23] (Docket No. 243).

b. Notice of Sale Hearing [Filed: 7/5/23] (Docket No. 114).

c. Affidavit of Publication of Notice of Sale Hearing in The New York Times (National Edition) [Filed: 7/11/23] (Docket No. 130).

d. Affidavit of Publication of Notice of Sale Hearing in the Star Tribune Media Company LLC [Filed: 7/11/23] (Docket No. 131).

e. Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases [Filed: 7/11/23] (Docket No. 132).

f. Notice of Auction for All or Substantially All Debtors' Assets in Furtherance of Sale Motion [Filed: 7/24/23] (Docket No. 244).

g. Notice of Cancellation of Auction [Filed: 7/27/23] (Docket No. 303).

h. Notice of Status Conference [Filed: 7/27/23] (Docket No. 304).

i. Amended Notice of Status Conference [Filed: 7/27/23] (Docket No. 309).

j. Notice of Proposed Sale of Assets, Bidding Procedures, Auction, and Sale Hearing [Filed 8/3/23] (Docket No. 347).

k. Notice of Assumption of Lease/Executory Contract /Amended Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases [Filed 8/3/23] (Docket No. 352).

l. **Notice of Winning Bidder and Back-Up Bidder and Adequate Assurance of Future Performance With Respect to Proposed Assumption and Assignment of Executory Contracts and Unexpired Leases of the Debtors [Filed 8/11/23] (Docket No. 438).**

m. **Notice of Filing of Revised Proposed Sale Order [Filed 8/11/23] (Docket No. 439).**

n. **Declaration of Christopher G. Fowler in Support of the Debtors' Sale Motion and IV Media, LLC's Adequate Assurance of Future Performance [Filed 8/11/23] (Docket No. 441).**

o. **Declaration of Eugene Lee in Support of the Debtors' Proposed Sale to Winning Bidder [Filed 8/14/23] (Docket No. 445).**

Status: **This matter is going forward with respect to the Debtors' request for entry of order approving the sale.  Objections to the assumption and assignment of a**

**contract, including objections to proposed cure payments, to the extent not resolved prior to the hearing, are expected to be adjourned to a subsequent hearing.**

Dated:  August **14**, 2023
       Wilmington, Delaware

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Timothy P. Cairns*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
E-mail:  ljones@pszjlaw.com
          tcairns@pszjlaw.com

-and-

**ROPES & GRAY LLP**
Ryan Preston Dahl (admitted *pro hac vice*)
Cristine Pirro Schwarzman (admitted *pro hac vice*)
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
E-mail:  ryan.dahl@ropesgray.com
          cristine.schwarzman@ropesgray.com

-and-

**ROPES & GRAY LLP**
Stephen L. Iacovo (admitted *pro hac vice*)
191 North Wacker Drive, 32nd Floor
Chicago, Illinois 60606
Telephone: (312) 845-1200
Facsimile: (212) 845-5500
E-mail:  stephen.iacovo@ropesgray.com

*Proposed Counsel to the Debtors and Debtors in Possession*