# EXHIBIT B

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>iMedia Brands, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10852 (KBO)<br><br>(Jointly Administered)<br><br>Ref. Docket ~~No~~Nos. ——241 & 444 |

## ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF LINCOLN PARTNERS ADVISORS LLC AS INVESTMENT BANKER FOR THE DEBTORS AND DEBTORS IN POSSESSION, PURSUANT TO 11 U.S.C. §§ 327(A) AND 328, *NUNC PRO TUNC* TO THE PETITION DATE; (II) WAIVING CERTAIN REQUIREMENTS IMPOSED BY LOCAL RULE 2016-2; AND (III) GRANTING RELATED RELIEF

Upon the application (the "Application")[2] of the debtors in the above-captioned chapter 11 cases (collectively, the "Debtors"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for (i) authority to employ and retain Lincoln Partners Advisors LLC ("Lincoln") as investment banker to the Debtors in these Chapter 11 Cases, *nunc pro tunc* to the Petition Date, pursuant to the terms of the Engagement Letter and (ii) a waiver of certain

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: ValueVision Media Acquisitions, Inc. (8670); iMedia Brands, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642). The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

requirements of Local Rule 2016-2 and excusing compliance with certain U.S. Trustee Guidelines, all as more fully set forth in the Application; and upon consideration of the First Day Declaration ~~and~~, the Lee Declaration~~;~~, and the supplemental declaration filed at [Docket No. 444] in these chapter 11 cases; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and consideration of the Application; and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the parties listed therein, and no other or further notice need be provided; and this Court being satisfied that Lincoln has the capability and experience to provide the services described in the Application and that Lincoln does not hold an interest adverse to the Debtors or the estates respecting the matters upon which it is to be engaged; and having found that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon, including the record established at the Court's hearing to consider the Application on August 15, 2023 (the "Hearing"); and good and sufficient cause appearing therefor and for the reasons set forth by the Court at the Hearing,

IT IS HEREBY ORDERED THAT**:**

1. The Application is granted to the extent provided herein, and the limited objection filed by the Official Committee of Unsecured Creditors at [Docket No. 443] is overruled.

2. The Debtors are authorized to retain and employ Lincoln as investment banker to the Debtors in these Chapter 11 Cases, pursuant to sections 327(a) and 328(a) of the Bankruptcy

Code *nunc pro tunc* to the Petition Date, pursuant to the terms and conditions set forth in the Engagement Letter and this order (this "Order").

3. Except to the extent set forth herein, the Engagement Letter (together with all exhibits thereto), including without limitation the Fee and Expense Structure, is approved pursuant to sections 327(a) and 328(a) of the Bankruptcy Code~~, and the Debtors are authorized and directed to perform their payment, reimbursement, contribution, and indemnification obligations and their non-monetary obligations in accordance with the terms and conditions, and at the times specified, in the Engagement Letter.~~.

4. Lincoln's fees in these Chapter 11 Cases, including the Monthly Advisory Fee, the Sale Transaction Fee, the Financing Transaction Fee, and the Restructuring Transaction Fee are hereby approved pursuant to section 328(a) of the Bankruptcy Code~~.~~, *provided that, notwithstanding anything to the contrary in the Application or the Engagement Letter, the aggregate amount of all fees that may be paid to Lincoln during the chapter 11 cases shall not exceed $3,500,000.* The fees and expenses payable to Lincoln pursuant to the Engagement Letter and this Order shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code. Notwithstanding anything to the contrary herein, the U.S. Trustee shall have the right to object to Lincoln's requests for monthly, interim, and final compensation and reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code, not section 328(a) of the Bankruptcy Code~~; *provided, however*, that "reasonableness" shall be evaluated by comparing (among other things) the fees payable in the case to the fees paid to comparable investment banking firms with similar experience and reputation offering comparable services in other chapter 11 cases and shall not be evaluated~~

~~primarily on an hourly or length-of-case based criteria~~.  This Order shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Lincoln's fees under the standard set forth in the preceding sentence.  Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee with respect to the reasonableness of Lincoln's fees and expenses.

5. Lincoln shall file interim and final fee applications for the allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court; *provided*, *however*, that the requirements of the Bankruptcy Code, the Bankruptcy Rules and Local Rule 2016-2 are hereby modified such that Lincoln's: (i) investment banking professionals shall only be required to maintain summary records in half-hour (.50) increments describing each professional's tasks on a daily basis in support of each fee application, including reasonably detailed descriptions of those services and the individuals who provided those services, and shall not be required to keep time records on a "project category" basis, and will present such records to this Court; and (ii) non-investment banking professionals shall not be required to maintain time records.

6. Notwithstanding anything to the contrary in the Application or any of its attachments, no amounts shall be paid to Lincoln absent an order of this Court approving a fee application filed on notice to parties in interest in these chapter 11 cases under the procedures set forth in any order establishing procedures for compensation and reimbursement of expenses of professionals~~, except that the Debtors are authorized to pay the Monthly Advisory Fee to Lincoln each month when required under the Engagement Letter without a prior fee statement or application, *provided* that~~.  Lincoln shall file interim fee applications with time entries and

4

requests for reimbursement that comply with the Local Rules, except as otherwise expressly set forth in this Order, pursuant to the deadlines and other procedures set forth in any order establishing procedures for compensation and reimbursement of expenses of professionals.

7. In the event that Lincoln seeks reimbursement from the Debtors for attorneys' fees and expenses pursuant to the Application, the Engagement Letter, and this Order, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Lincoln's own applications, both interim and final, and these invoices and time records shall be subject to the approval of this Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code. Notwithstanding the foregoing, Lincoln shall ~~only be reimbursed for any legal~~not seek reimbursement of any fees incurred ~~in connection with~~defending any of Lincoln's fee applications in these Chapter 11 Cases ~~to the extent permitted under applicable law and the decisions of this Court~~.

8. The indemnification, contribution, reimbursement, and related provisions set forth in <u>Exhibit I</u> to the Engagement Letter are approved, subject during the pendency of these Chapter 11 Cases to the following modifications:

    a. No Indemnified Party (as that term is defined in <u>Exhibit I</u> to the Engagement Letter) shall be entitled to indemnification, contribution or reimbursement for services other than the services provided under the Engagement Letter, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court.

    b. Notwithstanding anything to the contrary in the Engagement Letter, the Debtors shall have no obligation to indemnify an Indemnified Party, or provide contribution or reimbursement to an Indemnified Party for (i) any claim or expense to the extent that it is either judicially determined (the determination having become final) to have arisen from such Indemnified Party's gross negligence, bad faith, or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of Lincoln's or

    another Indemnified Party's contractual obligations unless this Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artist Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) for any claims or expense that is settled prior to judicial determination as to the exclusions set forth in clauses (i) and (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which such Indemnified Party should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter, as modified herein~~; and~~.

  c. If, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal); and (ii) the entry of an order closing these Chapter 11 Cases, Lincoln believes that it is entitled to payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Engagement Letter, as modified by this Order, including, without limitation, the advancement of defense costs, Lincoln must file an application before this Court, and the Debtors may not pay any such amounts to Lincoln before the entry of an order by this Court approving the payment. This paragraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for payment by Lincoln for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Lincoln. All parties in interest shall retain the right to object to any demand for indemnification, contribution, and/or reimbursement by Lincoln ~~under the respective standards set forth above~~.

  d. The limitation of liability provisions in paragraph 3 of Exhibit I to the Engagement Letter shall be binding only as between the Debtors and Lincoln, and shall have no force or effect as to any other party in interest in these Chapter 11 Cases; provided, however, that the limitation of liability shall not apply with respect to losses, claims, damages, expenses, and liabilities arising out of Lincoln's engagement that are caused by its gross negligence, bad faith, or willful misconduct.

9. Lincoln shall: (i) to the extent that Lincoln uses the services of independent contractors or subcontractors (collectively, the "<u>Contractors</u>") in these Chapter 11 Cases, pass through the cost of such Contractors to the Debtors at the same rate that Lincoln pays the Contractors; and (ii) seek reimbursement for actual costs only. The Debtors shall ensure that the

Contractors are subject to the same conflicts checks as required for Lincoln and file with this Court such disclosures required by Bankruptcy Rule 2014.

10. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be effective and enforceable immediately upon entry hereof.

11. Lincoln shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

12. In the event of any inconsistency between the Engagement Letter, the Application, and this Order, this Order shall govern.

13. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

14. Notwithstanding any term in the Engagement Letter to the contrary, this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

15. None of the fees payable to Lincoln shall constitute a "bonus" or fee enhancement under applicable law.

16. Notwithstanding anything to the contrary in the Application, the Engagement Letter or the Lee Declaration, during the course of this bankruptcy case, Lincoln shall have the fiduciary duties imposed upon it by applicable law.

17. The limitation of liability provisions set forth in paragraph 3 of Exhibit I to the Engagement Letter are hereby eliminated.

18. The U.S. Trustee shall retain the right to object to any request for indemnification.

| Summary report: Litera Compare for Word 11.3.1.3 Document comparison done on 8/15/2023 10:39:57 PM ||
|---|---|
| **Style name:** RG_Default_Style ||
| **Intelligent Table Comparison:** Active ||
| **Original DMS:** iw://RGDMS/Active/137616886/1 ||
| **Modified DMS:** iw://RGDMS/Active/137616886/7 ||
| **Changes:** ||
| Add | 25 |
| Delete | 13 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 38 |