## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| iMedia Brands, Inc., *et al.*,[1] | Case No. 23-10852 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. __452__** |

## ORDER (I) ESTABLISHING DEADLINES TO FILE PROOFS OF CLAIM AND REQUESTS FOR PAYMENT AND PROCEDURES RELATED THERETO; AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (this "Order") (i) establishing the Bar Dates by which proofs of claim and requests for payment must be filed in these Chapter 11 Cases and (ii) approving the form and manner for filing such claims and approving notice thereof, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: ValueVision Media Acquisitions, Inc. (8670); iMedia Brands, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642). The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

in the Motion is in the best interest of the Debtors' estates, their creditors, and other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing thereof,

IT IS HEREBY ORDERED:

1.      The Motion is granted to the extent set forth herein.

2.      Except as otherwise provided herein, all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts, but not governmental units (as such term is defined in section 101(27) of the Bankruptcy Code ("Governmental Units")) that assert a claim, as such term is defined in section 101(5) of the Bankruptcy Code, against the Debtors which arose on or prior to the filing of the chapter 11 petitions (each, a "General Claim" and collectively, "General Claims") on January 12, 2023 (the "Petition Date"), shall file a proof of such claim (each, a "Proof of Claim" and collectively, "Proofs of Claim") in writing or electronically through the Debtors' claims agent's website as set forth in this Order so that it is **actually received** on or before **October 13, 2023 at 4:00 p.m. prevailing Eastern Time** (the "General Bar Date").

3.      Proofs of Claim or Requests for Payment filed by Governmental Units (each a "Governmental Claim" and collectively the "Governmental Claims") must be filed as set forth in this Order so that they are **actually received** on or before **December 26, 2023 at 4:00 p.m. prevailing Eastern Time** (the "Governmental Bar Date").

4.      Except as otherwise provided herein, all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts, but not Governmental Units), that assert a request for payment (each a "Request for Payment" and collectively, the "Requests for Payment") of an administrative claim pursuant to section 503 of the Bankruptcy

Code excluding (i) claims for professional fees and expenses in these proceedings; (ii) claims arising under section 503(b)(9) of the Bankruptcy Code against any of the Debtors; and (iii) claims for which Governmental Units are exempt from filing Requests for Payment pursuant to section 503(b)(1)(D) of the Bankruptcy Code (each, an "Administrative Claim" and collectively, "Administrative Claims") arising between the Petition Date and August 30, 2023 (the "Administrative Claims Deadline"), shall file a request for payment of such Administrative Claims in writing with the Court and serve the same upon counsel to the Debtors so that such Request for Payment  is **actually received** on or before **October 13, 2023 at 4:00 p.m. prevailing Eastern Time** (the "Administrative Claims Bar Date").

5.      Proofs of Claim for Claims (as defined below) under section 503(b)(9) of the Bankruptcy Code must be filed on or before the applicable Bar Date pursuant to the procedures laid forth in this order (the "Procedures").  Claimants shall not be required to submit certain of the foregoing materials to the extent such information is duplicative of information included by such claimants in any notice of, or motion for allowance of a claim under section 503(b)(9) of the Bankruptcy Code that was filed prior to entry of this Order, and such notices and motions filed prior to the entry of this Order shall be deemed timely filed under the procedures set forth herein, subject to the Debtors' rights to object to the alleged claims asserted therein.

6.      In the event the Debtors amend or supplement their Schedules after they are initially filed, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded thirty (30) days from the date of such notice to file Proofs of Claim (any such date, a "Supplemental Bar Date") in respect of their claims and shall be given notice of such deadline.

137823782_11

7.      Notwithstanding any other provision hereof, any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease (each a "Rejection Claim," collectively the "Rejection Claims," and collectively with General Claims and Governmental Claims, the "Claims") must file a Proof of Claim based on such rejection on or before the latest of (i) the date set forth in an order authorizing such rejection (including any order confirming a plan of reorganization in the Debtors' Chapter 11 Cases), (ii) the General Bar Date, and (iii) thirty (30) days from the later of the date the rejection order is entered or notice of rejection is provided, at **4:00 p.m. prevailing Eastern Time** (together with the General Bar Date, the Governmental Bar Date, and the Supplemental Bar Date, the "Bar Dates").

8.      The (i) Proof of Claim form, substantially in the form annexed hereto as **Exhibit 1** (the "Proof of Claim Form"), (ii) proposed notice of Bar Dates, substantially in the form attached hereto as **Exhibit 2** (the "Bar Date Notice") and (iii) proposed notice of Bar Dates to be published in national publications attached hereto as **Exhibit 3** (the "Proposed Publication Notice") are approved.

9.      The following procedures for the filing of Proofs of Claim and Requests for Payment shall apply:

(a)      Proofs of Claim must conform substantially to the Proof of Claim Form or Official Bankruptcy Form No. 410 ("Official Form 410").[3]

(b)      Proofs of Claim must be filed either (i) electronically through the website established by Stretto for the Debtors' cases, using the interface available on such website located at https://cases.stretto.com/iMediaBrands under the link entitled "File a Claim" (the "Electronic Filing System"), or (ii) by mailing the original Proof of Claim form either by U.S. Postal Service mail or overnight delivery to Stretto's claims processing center for the Debtors at iMedia Brands, Inc. et al. Claims Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

---

[3]      Official Form 410 can be found at http://www.uscourts.gov/services-forms/forms.

137823782_11

(c)     A Proof of Claim shall be deemed filed only when **actually received** by Stretto on or before the applicable Bar Date.

(d)     Proofs of Claim must specify by name and case number the Debtor against which the Claim is filed.  If the holder asserts a Claim against more than one Debtor or has Claims against different Debtors, a separate Proof of Claim Form must be filed with respect to each Debtor.  To the extent more than one Debtor is listed on the Proof of Claim, such Proof of Claim will be treated as if filed only against the first-listed Debtor.  If a claimant files a Proof of Claim without identifying a Debtor, such Proof of Claim will be deemed as filed only against iMedia Brands, Inc.

(e)     Proofs of Claim and Requests for Payment must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in United States currency (using the exchange rate, if applicable, as of the Petition Date).

(f)     Requests for Payment must be filed with the Court and served on the Debtors on or before the Administrative Claims Bar Date.  Requests for Payment should not include an objection deadline or be set for hearing.

(g)     Requests for Payment must specify by name and case number the Debtor(s) against which the Claim is filed, but all Requests for Payment must be filed with the Court in Case No. 23-10852 (KBO).

(h)     Proofs of Claim and Requests for Payment sent by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claim filed electronically through the Electronic Filing System found through Stretto's website) **will not** be accepted.

10.     The following persons or entities need **not** file a Proof of Claim or Request for Payment, as applicable, on or before the Bar Dates, solely with respect to the Claims described below:

(a)     any person or entity that has already filed a Proof of Claim against the Debtors in the above-captioned cases in a form substantially similar to Official Form 410 so long as the claimant does not wish to assert such Claim against a Debtor who was not named in the original Claim, in which case another Proof of Claim must be filed;

(b)     any person or entity whose claim is listed on the Schedules; provided, that (i) the Claim is not listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not disagree with the amount, nature, or priority of the General Claim as set forth in the Schedules, and

(iii) the person or entity does not dispute that the Claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(c)     any holder of a Claim that heretofore has been allowed by order of this Court;

(d)     any holder of a Claim that has been paid in full by any of the Debtors;

(e)     any holder of a Claim for which different specific deadlines have previously been fixed by the Court prior to entry of this Order;

(f)     any Claim by a Debtor against another Debtor;

(g)     any person or entity that holds an equity security interest in the Debtors, which interest exclusively is based upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; *provided*, that if any such holder asserts a Claim (as opposed to an ownership interest) against a Debtor (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Proof of Claim must be filed on or before the applicable Bar Date pursuant to the Procedures;

(h)     with respect to any Claim, any person or entity who is not required to file a Proof of Claim or Request for Payment pursuant to the *Interim Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing, (B) Grant Liens and Superpriority Administrative Expense Claims to Post-Petition Lenders and (C) Utilize Cash Collateral, (II) Providing Adequate Protection to Pre-Petition Secured Parties, (III) Modifying the Automatic Stay, (IV) Granting Related Relief, Pursuant to 11 U.S.C. Sections 105, 361, 362, 363, 364, 503, 506, 507 and 552, and (V) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 and Local Rule 4001-2* [Docket No. 116];

(i)     any party that is exempt from filing a Proof of Claim pursuant to an order of this Court in these Chapter 11 Cases;

(j)     the Office of the United States Trustee (the "U.S. Trustee") for any claim for quarterly fees;

(k)     any holder of an Administrative Claim for professional fees and expenses in these proceedings;

(l)     any holder of an Administrative Claim for which Governmental Units are exempt from filing Requests for Payment pursuant to section 503(b)(1)(D) of the Bankruptcy Code; and

137823782_11

(m)     any holder of a Claim allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense that arises after the Administrative Claims Deadline.

11.     Nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any Claim reflected in the Schedules or otherwise.

12.     Pursuant to Bankruptcy Rule 3003(c)(2), all holders of Claims that fail to comply with this Order by timely filing a Proof of Claim or Request for Payment, as applicable, in appropriate form shall (a) be forever barred, estopped, and enjoined from asserting such Claims against the Debtors, their property, or their estates (or submitting a Proof of Claim or Request for Payment with respect thereto) and (b) not be treated as a creditor with respect to such Claim for the purposes of voting and distribution with respect to any chapter 11 plan or plans of reorganization that may be filed in this cases.

13.     Within three (3) business days from the date of entry of this Order, the Debtors shall cause to be mailed (a) the Proof of Claim form attached hereto as **Exhibit 1**, and (b) a copy of the Bar Date Notice, substantially in the form attached hereto as **Exhibit 2**, which is approved and shall be deemed adequate and sufficient if served by first-class mail within three (3) business days from the entry of this Order on:

(a)     the U.S. Trustee;

(b)     counsel to the Committee;

(c)     counsel to the Prepetition Agent;

(d)     counsel to Crystal Financial LLC d/b/a SLR Credit Solutions;

(e)     all persons or entities that have requested notice pursuant to Bankruptcy Rule 2002 (as of the date this Order);

(f)     all persons or entities that have filed claims (as of the date of this Order);

137823782_11

(g)     all creditors and other known holders of Claims against any of the Debtors as of the date of this Order, including all persons or entities listed in the Schedules as holding claims;

(h)     all current employees and former employees (employed within one year of the Petition Date, to the extent that contact information for a former employee is available in the Debtors' records);

(i)     all counterparties to executory contracts and unexpired leases of the Debtors at the addresses stated therein or as updated pursuant to a request by the counterparty or by returned mail from the post office with a forwarding address;

(j)     all parties to litigation with the Debtors (as of the date of this Order);

(k)     the Internal Revenue Service, the United States Attorney for the District of Delaware, the Securities and Exchange Commission and any other required governmental units applicable to the Debtors' businesses;

(l)     state attorneys general and state departments of revenue for each of the states in which the Debtors conduct business; and

(m)     such additional persons and entities as deemed appropriate by the Debtors.

14.     Pursuant to Bankruptcy Rule 2002(f), the Debtors shall publish the Bar Date Notice in substantially the form attached to this Order as **Exhibit 3**, once in a national and international publication, at least thirty (30) days prior to the Bar Date, or as soon as practicable thereafter, which publication is hereby approved and shall be deemed good, adequate and sufficient publication notice of the Bar Date.

15.     Any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules.

16.     The Debtors and Stretto are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

17.     Notification of the relief granted by this Order as provided herein is fair and reasonable and will provide good, sufficient, and proper notice to all creditors of their rights and

137823782_11

obligations in connection with Claims they may have against the Debtors in these Chapter 11 Cases.

18.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

19.    Entry of this Order is without prejudice to the rights of the Debtors to seek a further order of the Court fixing a date by which holders of Claims or interests not subject to the Bar Dates established herein must file such Proofs of Claim or interest or Requests for Payment (as applicable), or be barred from doing so.

20.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: September 5th, 2023
Wilmington, Delaware

KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE

137823782_11