IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>iMedia Brands, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10852 (KBO)<br>(Jointly Administered)<br><br>Related to Docket No. __457____ |

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF iMEDIA BRANDS, INC., *ET AL*., TO RETAIN AND EMPLOY GELLERT SCALI BUSENKELL & BROWN, LLC AS SPECIAL CONFLICTS COUNSEL, EFFECTIVE AUGUST 4, 2023**

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of iMedia Brands, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") for the approval of the Committee's retention and employment of Gellert Scali Busenkell & Brown, LLC ("GSBB") As Special Conflicts Counsel in connection with the Chapter 11 Cases, effective August 4, 2023; and upon consideration of the declaration of Ronald S. Gellert (the "Gellert Declaration"), which is attached to the Application as Exhibit B; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the matter being a core proceeding within the meaning of 28 U.S.C.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: ValueVision Media Acquisitions, Inc. (8670); iMedia Brands, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642). The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

[2] Capitalized terms that are used but not defined herein shall have the meanings ascribed to such terms in the Application.

§ 157(b)(2); and venue of this proceeding and the Application in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby,

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Application is **GRANTED** to the extent set forth herein.

2. The Committee's retention and employment of GSBB As Special Conflicts Counsel in connection with the Chapter 11 Cases, including to represent the Committee in the Chapter 11 Cases and any matter or proceeding arising in or relating to the Chapter 11 Cases, on the terms and conditions that are set forth in the Application and the Gellert Declaration, effective August 4, 2023, is approved under Bankruptcy Code section 1103(a).

3. The terms and conditions of GSBB's retention and employment as the Committee's special conflicts counsel in connection with the Chapter 11 Cases, which are set forth in the Application and the Gellert Declaration, are reasonable and approved as such under Bankruptcy Code section 328(a).

4. GSBB shall be compensated in accordance with the procedures set forth in Bankruptcy Code sections 330(a) and 331, the Bankruptcy Rules, the Local Rules, and any order establishing procedures for professionals' interim compensation and reimbursement.

5. GSBB shall file a supplemental declaration with the Court and give not less than 10 business days' notice to the Debtors, the U.S. Trustee, and the Committee before any increases

in the rates set forth in the Application and the Gellert Declaration become effective. The supplemental declaration shall set forth the basis for the requested increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether the Committee has consented to the increases. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in Bankruptcy Code section 330(a), and nothing in this Order shall prevent the Court from reviewing any rate increase under Bankruptcy Code section 330(a).

6. GSBB shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in Appendix B – Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, which became Effective on November 1, 2013, in connection with both the Application and any interim or final fee applications that GSBB files in the Chapter 11 Cases.

7. GSBB shall neither apply for nor receive payment from the Debtors' estates for any fees or expenses arising from the defense of an objection to a request for the award, allowance, or payment of GSBB's fees and expenses.

8. To the extent that the Application is inconsistent with this Order, this Order shall govern.

9. The Committee is authorized to take any action that is necessary or appropriate to effectuate the relief granted in this Order.

10. Notwithstanding any procedural rule to the contrary, this Order shall become effective and enforceable immediately on its entry.

11. The Court retains exclusive jurisdiction of any matter arising from or relating to this Order or its interpretation, implementation, or enforcement.

**Dated: September 5th, 2023**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**