**<u>EXHIBIT A</u>**

**Rejection Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>iMedia Brands, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10852 (KBO)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. ___** |

**ORDER (I) AUTHORIZING DEBTORS TO (A)**
**REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED**
**LEASES OF NONRESIDENTIAL REAL PROPERTY AND (B) ABANDON**
**PROPERTY IN CONNECTION THEREWITH AND (II) GRANTING RELATED RELIEF**

Pursuant to and in accordance with the *Order Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases* [Docket No. 516] (the "Rejection Procedures Order")[2] entered in the above-caption chapter 11 cases of iMedia Brands, Inc. and its debtor affiliates (collective, the "Debtors"); and the Debtors having properly filed with this Court and served on the Rejection Notice Parties a notice (the "Rejection Notice") of their intent to reject certain executory contracts (each, a "Contract" and collectively, the "Contracts") and unexpired leases (each, a "Lease" and collectively, the "Leases"), including unexpired leases of nonresidential real property of the Debtors (each a "Real Property Lease" and collectively, the "Real Property Leases") identified on **Annex A** hereto; in accordance with the terms of the Rejection Procedures Order, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and no timely objections having been filed to the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are:  ValueVision Media Acquisitions, Inc. (8670); iMedia Brands, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642).  The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Order.

Rejection Notice; and the Court having found and determined that the relief requested is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1.      The Contracts and Leases are hereby rejected as set forth herein, effective as of the date set forth for such Contract or Lease on **Annex A**, which shall not be prior to the date of the Debtors' unequivocal surrender of the leased premises via the delivery of the keys, key codes, and alarm codes to the premises, as applicable, to the applicable lease counterparty, or, if not delivering such keys and codes, providing notice that the landlord may re-let the premises, except as otherwise agreed by the Debtors and the applicable lease counterparty (the "Rejection Date").

2.      Any and all personal property remaining at the leased premises as of the applicable Rejection Date shall be deemed abandoned by the Debtors and their estates upon the Rejection Date without further notice or order of the Court.  Any landlord or other designee shall be free to dispose of any such items as of the Rejection Date without notice or liability to any Debtor or consenting non-Debtor third party and without further notice or order of the Court and, to the extent applicable, the automatic stay is modified to allow such disposition; provided that notwithstanding anything to the contrary in this Order, the Debtors are not authorized hereunder to abandon, and are directed to remove, any (i) hazardous (as such term is defined in federal, state, or local law, rule, regulation, or ordinance) materials, (ii) "personally identifiable information" (as such term is defined in section 101(41A) of the Bankruptcy Code), or (iii) business records that are necessary to conduct these chapter 11 proceedings and are not available elsewhere, at any premises subject to a nonresidential real property lease or sublease. The rights, if any, of any landlord to file claims for the costs of disposal of property or other damages in connection with

the Debtors' rejection of leases are fully reserved, as are the rights of any party in interest to object to such claims.

3.      Nothing contained in this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's right to dispute the amount of, basis for, or validity of any claim against the Debtors; or (iii) a waiver of any claims or causes of action that might exist against any creditor or interest holder.

4.      Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

5.      Consistent with the limitations of section 362 of the Bankruptcy Code, and any other applicable law, counterparties to the Contracts or Leases are prohibited from setting off or otherwise utilizing any amounts deposited by the Debtors with any of the counterparties to the Contracts or Leases as a security deposit or pursuant to another similar arrangement, or owed to the Debtors by any of the counterparties under the Contracts or Leases or other agreements between the same parties, without further order of this Court.

6.      The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

7.      Any proofs of claim for rejection damages or other related claims if any, asserted by counterparties to the Contracts or Leases shall be filed on or before the later of (i) the claims bar date established by the Court in these chapter 11 cases, if any, and (ii) thirty (30) days after entry of this Order.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

**ANNEX 1**

**Contracts**

[Omitted for Notice Purposes.  See Rejection Notice.]

## <u>SCHEDULE 1</u>

**Rejection Procedures Order**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| iMedia Brands, Inc., *et al.*,[1] | Case No. 23-10852 (KBO) |
| Debtors. | (Jointly Administered) |
|  | **Ref. Docket No. 474** |

## ORDER AUTHORIZING AND APPROVING
## PROCEDURES TO REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (i) authorizing and approving the Rejection Procedures for rejecting executory contracts and unexpired leases, and (ii) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided, except as set forth herein; and this Court having reviewed the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: ValueVision Media Acquisitions, Inc. (8670); iMedia Brands, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642). The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the Motion.

Motion and having heard the statements in support of the relief requested therein at a hearing before

this Court (the "Hearing"); and this Court having determined that the legal and factual bases set

forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon

all of the proceedings had before this Court; and after due deliberation and sufficient cause

appearing therefor, it is HEREBY ORDERED THAT:

1.    The Motion is granted to the extent set forth herein.

2.    The following Rejection Procedures are approved in connection with rejecting

Contracts and Leases:

    a.    ***Rejection Notice***.  The Debtors will file a notice (the "Rejection Notice") setting forth the proposed rejection of one or more Contracts and/or Leases and will serve the Rejection Notice via electronic mail or overnight mail on: (i) the counterparty to the rejected Contract or Lease (the "Counterparty"), and its counsel, if known, at the last known address available to the Debtors; (ii) with respect to Real Property Leases, any known third party having an interest in personal property located in or on the leased premises (the "Leased Premises"); (iii) any party known to assert a lien in any property subject to the rejected Contract or Lease; (iv) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"); (v) the indenture trustee for the Senior Unsecure Notes and (vi) counsel to the Committee (collectively, the "Rejection Notice Parties").

    b.    ***Contents of Rejection Notice***.  The Rejection Notice shall be substantially in the form attached hereto as **Exhibit 1**.  With respect to Real Property Leases, the Rejection Notice shall set forth the following information, to the best of the Debtors' knowledge: (i) the street address of the related real property; (ii) the name and address of the landlord (each, a "Landlord"); (iii) the date on which the Debtors will vacate (or have vacated) the Leased Premises; (iv) whether or not the Debtors intend to abandon any property at the Leased Premises (as described further in item c, below) and a description of the same; and (v) the proposed effective date of rejection, which shall be the later of (x) the date of filing of the Rejection Notice, and (y) the date the Debtors vacate the Leased Premises and turn over any keys or key codes to the applicable Landlord, or such date as the Debtors provide notice that the Landlord may re-let the Leased Premises, or such other date as may be agreed between the affected Landlord and the Debtors. With respect to all other Contracts or Leases to be rejected, the Rejection Notice shall set forth the following information, to the best of the Debtors' knowledge: (i) the Contract or Lease to be rejected, (ii) the name and address of the Counterparty, (iii) a brief description of the Contract or Lease to be rejected,

and (iv) the proposed effective date for rejection of the Contract or Lease, which shall not be earlier than the date of filing of the Rejection Notice. All Rejection Notices will be accompanied by a copy of the proposed order approving the rejection of the Contracts and/or Leases set forth on the Rejection Notice (each such order, a "Rejection Order").

c.  **Abandonment**. The Debtors will specify in the Rejection Notice whether they intend to abandon any personal property, including inventory, furniture, fixtures, equipment, and/or other material at the Leased Premises as of the Rejection Date. Absent a timely objection, any such property of the Debtors remaining after the Rejection Date shall be deemed abandoned by the Debtors to the Landlord without further notice or order of the Court; provided that the Debtors shall remove any hazardous or toxic materials (as such terms are defined in any applicable federal, state, or local law, rule, regulation or ordinance) from the Leased Premises prior to the Rejection Date. Any Landlord shall be free to dispose of any abandoned property without notice or liability to the Debtors or any consenting third party, and the Landlord's rights, if any, to file a claim for the costs of disposal of such property are fully reserved, as are the rights of any party in interest to object to such claims. With respect to any personal property that is leased to the Debtors by a third party or owned by a third party, such third party shall contact the Debtors and remove or cause to be removed such personal property from the Leased Premises prior to the Rejection Date. For the avoidance of doubt, if any such personal property remains on the Leased Premises after the Rejection Date, the Landlord may dispose of any and all such property as set forth above.

d.  **Objection Procedures**. Parties objecting to a proposed rejection or abandonment must file and serve a written objection (an "Objection") so that the Objection is filed with the Court and is actually received by (i) co-counsel to the Debtors, Ropes & Gray LLP, 191 North Wacker Drive, 32nd Floor, Chicago, Illinois 60606, Attn: Ryan Preston Dahl (Ryan.Dahl@ropesgray.com), Stephen L. Iacovo (Stephen.Iacovo@ropesgray.com), and Rahmon J. Brown (Rahmon.Brow@ropesgray.com) and Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801), Attn: Laura Davis Jones (Ljones@pszjlaw.com) and Timothy P. Cairns (Tcairns@pszjlaw.com); and (ii) the Rejection Notice Parties, no later than 14 days after the date the Debtors file and serve the relevant Rejection Notice (the "Rejection Objection Deadline"). Each Objection must state with specificity the legal and factual grounds for objection to the proposed rejection or abandonment.

e.  **Event of No Objection**. If no Objection is filed and properly served by the Rejection Objection Deadline, the Debtors shall submit the proposed Rejection Order to the Court after the Rejection Objection Deadline and the Court may enter such order without a hearing. The Rejection Order shall

set forth the applicable effective date of rejection for each Contract and Lease, which date shall be the date set forth in the Rejection Notice (the "Rejection Date").

    f.    ***Deadline for Filing Claims***.  Any Rejection Order entered by the Court will be served on the appropriate Counterparties no later than three (3) days after entry of such Rejection Order.  The deadline to file a proof of claim to assert any damage claim arising from the rejection of a Contract or Lease shall be the later of (i) the deadline to file general unsecured proofs of claim (the "Bar Date") fixed by the Court; and (ii) 30 days after the entry of the applicable Rejection Order.  If no proof of claim is timely filed, such claimant shall not be treated as a creditor with respect to such claims for voting on any chapter 11 plan in these chapter 11 cases and shall be forever barred from asserting a claim for rejection damages and from participating in any distributions that may be made in connection with these chapter 11 cases.

    g.    ***Unresolved Objections***.  If an Objection is timely filed and not withdrawn or resolved (an "Unresolved Objection"), the Debtors shall file a notice for a hearing for the Court to consider the Unresolved Objection at the next scheduled omnibus hearing after the Rejection Objection Deadline, unless the Debtors and objecting party agree to a different hearing date and subject to the Court's schedule.  If the Unresolved Objection is overruled or withdrawn, the effective date of rejection shall be (i) the Rejection Date; (ii) such other date to which the Debtors and the counterparty to the Unresolved Objection have agreed; or (iii) such other date as determined by the Court. If an Objection is filed for fewer than all of the Contracts and Leases included on the Rejection Notice, the Debtors may proceed with submitting a proposed Rejection Order in accordance with the above procedures for the remaining Contracts and Leases on the Rejection Notice.

    h.    ***Treatment of Security Deposits.***  If the Debtors have deposited funds with a Counterparty as a security deposit or other similar arrangement, such Counterparty may not set off or otherwise use such deposit without the prior authorization of the Court or consent of the Debtors.

3.    The form of Rejection Notice attached hereto as **Exhibit 1** is hereby APPROVED.

4.    The Debtors are authorized to send the Rejection Notices to the Counterparties to the Contracts and Leases.

5.    Nothing in the Motion or this Order shall prohibit the Debtors from filing one or more motions to reject executory contracts and unexpired leases.

6.      Nothing herein shall be construed as a concession or evidence that a Contract or Lease has expired, been terminated, or is otherwise not currently in full force and effect.  The Debtors' rights with respect thereto are reserved, including the Debtors' rights to seek a later determination of such matters and to dispute the validity, status, characterization, or enforceability of such Contract or Lease and any claims related thereto.  The Debtors do not waive any claims they may have against any Landlords or Counterparties, regardless of whether such claims relate to the Contract(s) or Lease(s) between the Debtors and such Landlord or Counterparty.

7.      Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) a waiver of any claims or causes of action that may exist against any creditor or interest holder, (d) a waiver of the Debtors' rights to contest any rejection claims and/or the characterization of any lease as an unexpired lease, or (e) an approval, assumption, or adoption of any agreement, contract, lease, program, or policy between the Debtors and any third party pursuant to section 365 of the Bankruptcy Code.

8.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9.      Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein shall create, nor is intended to create, any rights in favor of, or that enhance the status of, any claim held by any person or entity.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Ka B. O.

**Dated: September 6th, 2023**          **KAREN B. OWENS**
**Wilmington, Delaware**                **UNITED STATES BANKRUPTCY JUDGE**

## Exhibit 1

## Proposed Rejection Notice

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| iMedia Brands, Inc., *et al.*,[1] | Case No. 23-10852 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. ___** |

## NOTICE OF REJECTION OF
## CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS BELOW AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

**PLEASE TAKE NOTICE** that on [_____], 2023, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order on the motion (the "Motion")[2] of debtors and debtors in possession (the "Debtors") approving procedures for the rejection of executory contracts and unexpired leases and granting related relief [Docket No. __] (the "Rejection Procedures Order") attached hereto as **Schedule 1**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Rejection Procedures Order, the Debtors hereby provide notice (this "Notice") of their intent to reject the below-referenced contracts and leases. Pursuant to the terms of the Rejection Procedures Order, unless a written objection is filed and served in accordance with the terms of the Rejection

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: ValueVision Media Acquisitions, Inc. (8670); iMedia Brands, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642). The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Procedures Order, the following contracts and leases will be rejected pursuant to section 365(a) of the Bankruptcy Code, effective as of the date set forth below in this Notice (the "Rejection Date"):

### EXECUTORY CONTRACTS AND UNEXPIRED LEASES OTHER THAN NONRESIDENTIAL REAL PROPERTY LEASES

| Title/Description of Contract Counterparty | Name and Address | Effective Date of Rejection |
|---|---|---|
|  |  |  |

### UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES

| Address of Subject Property | Landlord Name and Address | Rejection Date | Description of Abandoned Property | Effective Date of Rejection |
|---|---|---|---|---|
|  |  |  |  |  |

**PLEASE TAKE FURTHER NOTICE** that any personal property including inventory, furniture, fixtures, equipment or other materials remaining at the premises subject to the unexpired nonresidential real property leases as of the Rejection Date shall be deemed abandoned by the Debtors to the applicable Landlord.

**PLEASE TAKE FURTHER NOTICE** that, with respect to any personal property that is leased to the Debtors by a third party or owned by a third party, such third party shall contact the Debtors and remove or cause to be removed such personal property from the Leased Premises prior to the Rejection Date. If any such personal property remains on the Leased Premises after the Rejection Date, the Landlord may dispose of any and all such property as set forth in the Procedures Order.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to this Notice must be filed and served so that such objection is filed with the Court and actually received by the following parties no later than 14 days after the date of service of this Notice (the "Rejection Objection Deadline"): (i) co-counsel to the Debtors, Ropes & Gray LLP, 191 North Wacker Drive, 32nd Floor, Chicago, Illinois 60606 Attn: Ryan Preston Dahl (Ryan.Dahl@ropesgray.com), Stephen L.

Iacovo (Stephen.Iacovo@ropesgray.com), and Rahmon J. Brown (Rahmon.Brown@ropesgray.com) and Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801), Attn: Laura Davis Jones (Ljones@pszjlaw.com) and Timothy P. Cairns (Tcairns@pszjlaw.com); (ii) the Counterparties affected by the Rejection Notice, and their counsel, if known; (iii) with respect to Real Property Leases, any known third party having an interest in personal property located in or on the Leased Premises; (iv) United States Trustee for the District of Delaware, 844 N. King Street, Room 2207, Wilmington, Delaware 19801 (Attn: Richard L. Schepacarter, email: richard.schepacarter@usdoj.gov); (v) the indenture trustee for the Senior Unsecured Notes ; and (vi) proposed counsel to the Committee, McDermott Will & Emery LLP, 1007 North Orange Street, 10th Floor, Wilmington, Delaware 19801, Attn: David Hurst (dhurst@mwe.com) and One Vanderbilt Avenue, New York, New York 10017-3852 (Attn: Kristin Going, email: kgoing@mwe.com and Darren Azman, email: dazman@mwe.com) (collectively, the "Objection Notice Parties").  Each Objection must state, with specificity, the grounds for objection to the proposed Contract or Lease rejection or abandonment of personal property remaining on the Leased Premises.

   **PLEASE TAKE FURTHER NOTICE** that if no Objection is filed and served in compliance with the foregoing, the Debtors may submit to the Bankruptcy Court after the Rejection Objection Deadline a proposed order approving the rejection of the Contracts and Leases set forth in the Notice (the "Rejection Order"), substantially in the form attached hereto as **Exhibit A**, and the Bankruptcy Court may enter such order without a hearing.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Rejection Procedures Order, if no Objection is properly filed and served in compliance with the foregoing, the rejection of each Contract and/or Lease shall become effective as of the Rejection Date.[3]

**PLEASE TAKE FURTHER NOTICE** that, if an Objection to this Notice is properly filed and served in compliance with the foregoing, a hearing will be scheduled to consider the Objection. If the Objection is overruled or withdrawn, the effective date of rejection shall be the (i) Rejection Date; (ii) such other date to which the Debtors and the counterparty to the Objection have agreed; or (iii) such other date as determined by the Court. If an Objection is filed for fewer than all of the Contracts and/or Leases included on this Notice, the Debtors may proceed with submitting a proposed Rejection Order in accordance with the above procedures for the remaining Contracts and/or Leases on this Rejection Notice

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Rejection Procedures Order, if the Debtors have deposited funds with a Counterparty as a security deposit or pursuant to some other arrangement, such Counterparty may not setoff or otherwise use such deposit without the prior authority of this Court or agreement of the Debtors.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Rejection Procedures Order, any Rejection Order shall be served on the appropriate Counterparties no later than three (3) days after entry of such order.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Rejection Procedures Order, the deadline to file a proof of claim to assert any damage arising from the

---

[3]     An objection to the rejection of any particular Contract listed in this Rejection Notice shall not constitute an objection to the rejection of any other contract listed in this Rejection Notice. Any objection to the rejection of any particular Contract listed in this Rejection Notice must state with specificity the Contract to which it is directed. For each particular Contract whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Order.

rejection of a Contract or Lease shall be the later of (i) the deadline to file general unsecured proofs of claim fixed by the Court; and (ii) 30 days after the entry of the Rejection Order. If you do not timely file such proof of claim, you will not be treated as a creditor with respect to such claims for voting on any chapter 11 plan in these chapter 11 cases and shall be forever barred from asserting a claim for rejection damages arising from the rejection of the above-referenced Contracts and Leases and from participating in any distributions that may be made in connection with these chapter 11 cases unless otherwise ordered by the Court.

Dated: [●], 2023
      Wilmington, Delaware

**PACHULSKI STANG ZIEHL & JONES LLP**

_____
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
Email:  ljones@pszjlaw.com
 tcairns@pszjlaw.com

-and-

**ROPES & GRAY LLP**
Ryan Preston Dahl (admitted *pro hac vice*)
Cristine Pirro Schwarzman (admitted *pro hac vice*)
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
E-mail:  ryan.dahl@ropesgray.com
      cristine.schwarzman@ropesgray.com

-and-

**ROPES & GRAY LLP**
Stephen L. Iacovo (admitted *pro hac vice*)
191 North Wacker Drive, 32nd Floor
Chicago, Illinois 60606
Telephone: (312) 845-1200

Facsimile: (212) 845-5500
E-mail:  stephen.iacovo@ropesgray.com

*Counsel to the Debtors and Debtors in Possession*

**<u>EXHIBIT A</u>**

**Proposed Rejection Order**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| iMedia Brands, Inc., *et al.*,[1] | Case No. 23-10852 (KBO) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. ___ |

## ORDER (I) AUTHORIZING DEBTORS TO (A) REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (B) ABANDON PROPERTY IN CONNECTION THEREWITH AND (II) GRANTING RELATED RELIEF

Pursuant to and in accordance with the *Order Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases* [Docket No. ___] (the "Rejection Procedures Order")[2] entered in the above-caption chapter 11 cases of iMedia Brands, Inc. and its debtor affiliates (collective, the "Debtors"); and the Debtors having properly filed with this Court and served on the Rejection Notice Parties a notice (the "Rejection Notice") of their intent to reject certain executory contracts (each, a "Contract" and collectively, the "Contracts") and unexpired leases (each, a "Lease" and collectively, the "Leases"), including unexpired leases of nonresidential real property of the Debtors (each a "Real Property Lease" and collectively, the "Real Property Leases") identified on **Annex A** hereto; in accordance with the terms of the Rejection Procedures Order, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and no timely objections having been filed to the

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  ValueVision Media Acquisitions, Inc. (8670); iMedia Brands, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642).  The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Order.

Rejection Notice; and the Court having found and determined that the relief requested is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and after due deliberation and sufficient cause appearing therefore,  it is HEREBY ORDERED THAT:

1.      The Contracts and Leases are hereby rejected as set forth herein, effective as of the date set forth for such Contract or Lease on **Annex A**, which shall not be prior to the date  of  the Debtors' unequivocal surrender of the leased premises via the delivery of the keys, key codes, and alarm codes to the premises, as applicable, to the applicable lease counterparty, or, if not delivering such keys and codes, providing notice that the landlord may re-let the premises, except as otherwise agreed by the Debtors and the applicable lease counterparty (the "Rejection Date").

2.      Any and all personal property remaining at the leased premises as of the applicable Rejection Date shall be deemed abandoned by the Debtors and their estates upon the Rejection Date without further notice or order of the Court.  Any landlord or other designee shall be free to dispose of any such items as of the Rejection Date without notice or liability to any Debtor or consenting non-Debtor third party and without further notice or order of the Court and, to the extent applicable, the automatic stay is modified to allow such disposition; provided that notwithstanding anything to the contrary in this Order, the Debtors are not authorized hereunder to abandon, and are directed to remove, any (i) hazardous (as such term is defined in federal, state, or local law, rule, regulation, or ordinance) materials, (ii) "personally identifiable information" (as such term is defined in section 101(41A) of the Bankruptcy Code), or (iii) business records that are necessary to conduct these chapter 11 proceedings and are not available elsewhere, at any premises subject to a nonresidential real property lease or sublease. The rights, if any, of any landlord to file claims for the costs of disposal of property or other damages in connection with

2

the Debtors' rejection of leases are fully reserved, as are the rights of any party in interest to object to such claims.

3.       Nothing contained in this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's right to dispute the amount of, basis for, or validity of any claim against the Debtors; or (iii) a waiver of any claims or causes of action that might exist against any creditor or interest holder.

4.       Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

5.       Consistent with the limitations of section 362 of the Bankruptcy Code, and any other applicable law, counterparties to the Contracts or Leases are prohibited from setting off or otherwise utilizing any amounts deposited by the Debtors with any of the counterparties to the Contracts or Leases as a security deposit or pursuant to another similar arrangement, or owed to the Debtors by any of the counterparties under the Contracts or Leases or other agreements between the same parties, without further order of this Court.

6.       The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

7.       Any proofs of claim for rejection damages or other related claims if any, asserted by counterparties to the Contracts or Leases shall be filed on or before the later of (i) the claims bar date established by the Court in these chapter 11 cases, if any, and (ii) thirty (30) days after entry of this Order.

8.       The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.