**Exhibit B**

**Blackline**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Legacy IMBDS, Inc., *et al.*,[1] | Case No. 23-10852 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. [●]** |

## ORDER (I) GRANTING INTERIM APPROVAL
## OF THE DISCLOSURES IN THE COMBINED PLAN AND DISCLOSURE
## STATEMENT; (II) SCHEDULING A COMBINED CONFIRMATION HEARING
## AND SETTING DEADLINES RELATED THERETO; (III) APPROVING
## SOLICITATION PACKAGES AND PROCEDURES; (IV) APPROVING
## THE FORMS OF BALLOTS; AND (V) GRANTING RELATED RELIEF

Upon consideration of the *Debtors' Motion for Entry of an Order (I) Granting Interim Approval of the Adequacy of the Disclosures in the Combined Plan and Disclosure Statement; (II) Scheduling a Combined Confirmation Hearing and Setting Deadlines Related Thereto; (III) Approving Solicitation Packages and Procedures; (IV) Approving the Forms of Ballots; and (V) Granting Related Relief* (the "Motion")[1][2] filed by the above-captioned debtors and debtors in possession (the "Debtors"); and based on the record in these chapter 11 cases; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  ValueVision Media Acquisitions, Inc. (8670); Legacy IMBDS, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642).  The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

[1][2] Capitalized terms not defined herein shall have the same meanings ascribed to them in the Motion or the Combined Plan and Disclosure Statement, as applicable.

U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that sufficient notice of the Motion has been given and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AS FOLLOWS:**

A.      The *Combined Joint Chapter 11 Plan of Liquidation and Disclosure Statement of Legacy IMBDS, Inc., and its Debtor Affiliates* [Docket No. [●]] (as amended, supplemented or otherwise modified from time to time, the "Combined Plan and Disclosure Statement") filed on October 10[●], 2023 contains adequate information within the meaning of section 1125 of the Bankruptcy Code for purposes of solicitation, subject to final approval at the Combined Hearing.

B.      The contents of the Solicitation Package and Non-Voting Notices, as set forth in the Motion, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties including, without limitation, Holders of Claims against and Interests in the Debtors.

C.      The Solicitation Procedures provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

D.        The forms of Ballots attached hereto as **Exhibit 4**: (i) are sufficiently consistent with Official Form B314; (ii) adequately address the particular needs of the Debtors' chapter 11 cases; and (iii) are appropriate for the Voting Classes.

E.        The voting instructions and procedures attached to the Ballots provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code and the applicable Bankruptcy Rules.

F.        The period during which the Debtors may solicit votes to accept or reject the Plan, as established by this Order, provides sufficient time for Holders of Claims in the Voting Classes to make informed decisions to accept or reject the Plan, and submit their Ballots in a timely fashion.

G.        The Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 1**, satisfies the requirements of due process with respect to all Holders of Claims and Interests, whether known or unknown.

**IT IS HEREBY ORDERED THAT:**

1.        The Motion is granted as set forth herein.

2.        The Debtors are authorized and granted permission to file a combined plan and disclosure statement pursuant to Local Bankruptcy Rule 3017-2.

3.        2. The Combined Plan and Disclosure Statement is approved on an interim basis as containing adequate information within the meaning of section 1125 of the Bankruptcy Code. Any objections to the adequacy of the information contained in the Disclosures are expressly reserved for consideration at the Combined Hearing to consider final approval of the Disclosures and confirmation of the Combined Plan and Disclosure Statement and related deadlines.

4.    ~~3.~~ The Solicitation Procedures utilized by the Debtors for the distribution of the Solicitation Packages as set forth in the Motion and this Order, including solicitation and tabulation of votes to accept or reject the Plan, satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and are approved.

5.    ~~4.~~ The contents of the Solicitation Package described in the Motion comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all parties in interest, including, without limitation, the Holders of Claims against and Interests in the Debtors.

6.    ~~5.~~ The Debtors are authorized to distribute the Combined Plan and Disclosure Statement in an electronic format.

7.    In the case of email service, no pre-addressed postage pre-paid return envelope will be included in the Solicitation Package.

8.    ~~6.~~ The form of Combined Hearing Notice attached hereto as **Exhibit 1** and the forms of Non-Voting Notices attached hereto as **Exhibit 2** and **Exhibit 3** are approved in all respects.

9.    ~~7.~~ The forms of Ballots attached hereto as **Exhibit 4** are approved in all respects.

10.    ~~8.~~ The Debtors are authorized, but not directed, to provide the Nominees with sufficient copies of the Combined Hearing Notice to forward to the Beneficial Holders of Unsecured Claims.  Nominees are required to forward the Combined Hearing Notice or copies thereof to the Beneficial Holder of Unsecured Claims within five (5) business days after the receipt by such Nominee of the Combined Hearing Notice.

11.    ~~9.~~ The Combined Hearing is scheduled for **December ~~11~~21, 2023, at 1:00 p.m. (Eastern Time)** at the United States Bankruptcy Court for the District of Delaware, before the Honorable Judge Karen B. Owens in the United States Bankruptcy Court for the District of

Delaware, 824 North Market Street, 6th Floor, Courtroom No. 3 Wilmington, DE 19801.  The

Combined Hearing may be adjourned from time to time.  If the Combined Hearing is adjourned,

the Debtors will file a notice of adjournment on the docket and serve it by email if available,

otherwise by first class or overnight mail, on the parties who have requested notice pursuant to

Bankruptcy Rule 2002 and Local Rule 2002-1(b) and on any parties that have filed objections to

approval of the Disclosures or confirmation of the Combined Plan and Disclosure Statement.

12.    10. **October 30, 2023** is established as the Voting Record Date for purposes of

determining the creditors and Interest Holders entitled to receive the Solicitation Package or the

Non-Voting Notices and to vote on the Combined Plan and Disclosure Statement.

13.    11. The Solicitation Package and Non-Voting Notices shall be sent for

distribution on or before **November 6, 2023**.

14.    12. Any Plan Supplement must be filed with this Court not later than ~~November 27~~**December 7**, **2023 at 4:00 p.m. (Eastern Time)**.

15.    13. Ballots must be received on or before **December ~~4~~14, 2023 at 4:00 p.m. (Eastern Time)** ("Voting Deadline") in accordance with the instructions on the Ballot, unless

extended by the Debtors in writing.

16.    14. If any claimant seeks to have a claim temporarily allowed for purposes of

voting to accept or reject the Combined Plan and Disclosure Statement pursuant to Bankruptcy

Rule 3018(a), such claimant is required to file a motion (the "3018 Motion") for such relief by no

later than **November 16, 2023 at 4:00 p.m. (Eastern Time)**.  The deadline for any party in

interest to object to any 3018 Motion is **November 23, 2023 at 4:00 p.m. (Eastern Time)**.  Any

such 3018 Motion may be resolved by agreement between the Debtors and the movant without

the requirement for further order or approval of the Court.

17.    ~~15.~~ As to any creditor filing a 3018 Motion, such creditor's Ballot shall not be counted unless temporarily allowed by the Court for voting purposes after notice and a hearing, either at or prior to the Combined Hearing.

18.    Pursuant to Bankruptcy Rule 3018(a), any creditor who seeks to withdraw an acceptance or rejection of the Combined Plan and Disclosure Statement at any time, or seeks to change their vote after the Voting Deadline, must seek Court approval of such withdrawal or vote change upon motion to the Court and notice to all parties in interest.

19.    In tabulating votes, the following procedures shall be used to determine the voting amount of each claim:

    a.    The amount of each Claim listed in the Debtors' schedules of assets and liabilities shall be the voting amount of such Claim; unless (i) such Claim is scheduled but listed (x) as contingent, unliquidated, undetermined, or disputed or (y) in the amount of $0.00, (ii) a Proof of Claim has been timely filed (or otherwise deemed timely filed by the Court under applicable law), (iii) such Claim has been satisfied by the Debtor, (iv) a Proof of Claim has been asserted in the amount of $0.00, or (v) such Claim has been resolved pursuant to a stipulation or order entered by the Court in the amount of $0.00.

    b.    The undisputed, non-contingent and liquidated amount specified in a Proof of Claim timely filed with the Court or the Notice, Claims, and Solicitation Agent (or otherwise deemed timely filed by the Court under applicable law) shall be the voting amount of such Claim to the extent such Proof of Claim has not been amended or superseded by another Proof of Claim filed on or before the Voting Deadline and is not the subject of an objection (or, if such Claim has been resolved pursuant to a stipulation or order entered by the Court, or otherwise resolved by the Court, the amount set forth in such stipulation or order);

    c.    If a Proof of Claim timely filed with the Court or the Notice, Claims, and Solicitation Agent (or otherwise deemed timely filed by the Court under applicable law) has been amended by a later Proof of Claim filed on or before the Voting Deadline, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed Proof of Claims shall be disallowed for voting purposes, regardless of whether the Debtor has objected to such amended claim;

    d.    If a Proof of Claim has been timely filed with the Court or the Notice, Claims, and Solicitation Agent (or otherwise deemed timely filed by the

Court under applicable law) such claim is asserted in the amount of $0.00, such claim shall not be entitled to vote;

e.    If a Claim is proposed to be treated as Allowed under the Plan, such Claim is allowed for voting purposes in the deemed Allowed amount;

f.    If a Claim is temporarily allowed by the Court for voting purposes pursuant to Bankruptcy Rules 3018, such claim is allowed for voting purposes in the amount permitted by the Court's order;

20.    The following voting procedures shall apply to each Ballot:

a.    Except to the extent the Debtors otherwise determine, or as permitted by the Bankruptcy Court, Ballots received after the Voting Deadline will not be accepted or counted by the Notice, Claims, and Solicitation Agent in connection with the confirmation of the Combined Plan and Disclosure Statement;

b.    Claims shall not be split for purposes of voting; thus, each creditor must vote the full amount of its Claim(s) within each class to either accept or reject the Combined Plan and Disclosure Statement.  If a creditor attempts to split such vote on its Ballot, such Ballot will not be counted for voting purposes;

c.    Any executed Ballot that does not indicate an acceptance or rejection shall not be counted;

d.    Any executed Ballot that indicates both an acceptance and rejection of the Combined Plan and Disclosure Statement shall not be counted;

e.    Votes cast pursuant to a Ballot that is not signed or does not contain an original signature shall not be counted, unless this Court orders otherwise;

f.    The method of delivery of Ballots to be sent to the Notice, Claims, and Solicitation Agent is at the election and risk of each Holder of a Claim, but such delivery will be deemed made only when the original, executed Ballot is actually received by the Notice, Claims, and Solicitation Agent;

g.    Delivery of the original executed Ballot to the Notice, Claims, and Solicitation Agent on or before the Voting Deadline is required.  Delivery of a Ballot by facsimile or email will not be accepted unless otherwise ordered by this Court;

h.    No Ballot sent to the Debtors, or the Debtors' financial or legal advisors, shall be accepted or counted;

i.    The Debtors expressly reserve the right, subject to the approval of the Bankruptcy Court, to amend at any time and from time to time the terms of the Combined Plan and Disclosure Statement (subject to compliance with Section 1127 of the Bankruptcy Code and the terms of the Combined Plan and Disclosure Statement regarding modification).  If the Debtors make material changes in the terms of the Combined Plan and Disclosure Statement, the Debtors will disseminate additional solicitation materials and will extend the solicitation deadline, in each case to the extent directed by this Court;

j.    If multiple Ballots are received from or on behalf of an individual Holder of a Claim with respect to the same Claim prior to the Voting Deadline,

the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

k.      If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtors, must submit proper evidence, satisfactory to the Debtors, of such person's authority to so act in such capacity;

l.      The Debtors, subject to any contrary order of the Bankruptcy Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice.  Except as otherwise provided herein, the Debtors may, in their discretion, reject any such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Combined Plan and Disclosure Statement;

m.      Unless otherwise ordered by this Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtors, which determination shall be final and binding;

n.      If designation of a Claim is requested under section 1126(e) of the Bankruptcy Code, any vote to accept or reject the Combined Plan and Disclosure Statement cast with respect to such Claim will not be counted for purposes of determining whether the Combined Plan and Disclosure Statement has been accepted or rejected, unless the Bankruptcy Court orders otherwise;

o.      Any Holder of a Claim that has delivered a valid Ballot voting on the Combined Plan and Disclosure Statement may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

p.      Unless waived or as otherwise ordered by this Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by this Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

q.      Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

r.      Neither the Debtors nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

s.      No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting Ballots to accept the Combined Plan and Disclosure Statement;

t.      The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Combined Plan and Disclosure Statement; and

u.      The Ballot does not constitute, and shall not be deemed to be, a proof of Claim or an assertion or admission of a Claim or Interest.

21.     The Combined Hearing Notice will be served upon: (a) Holders of Claims in the voting class; (b) Holders of Claims and Interests in non-voting classes; (c) the U.S. Trustee; (d) counsel to the Committee; (e) state and local taxing authorities in which the Debtors did business; (f); the Internal Revenue Service; (g) the United States Securities and Exchange Commission; (h) the United States Attorney for the District of Delaware; (i) U.S. Bank, N.A., as indenture trustee for the Senior Unsecured Notes; (j) banks and financial institutions where the Debtors maintain accounts; (k) all federal, state and local authorities that regulate any portion of the Debtor's business; (l) all counterparties to executory contracts and unexpired leases; (m) all parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in these Chapter 11 Cases; and (n) all persons or entities listed on the Debtors' creditor mailing matrix.

22.     ~~16.~~ Objections to the adequacy of the Disclosures or confirmation of the Combined Plan and Disclosure Statement must be in writing, must conform to the Bankruptcy Rules and Local Rules, must set forth the name of the objector, the nature and amount of Claims or Interests held or asserted by the objector against the Debtors, the basis for the objection and the specific grounds of the objection, and must be filed with the Court, together with proof of service thereof, and served upon: (a) co-counsel to the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036, Attn: Ryan Preston Dahl (Ryan.Dahl@ropesgray.com) and Cristine Pirro Schwarzman (Cristine.Schwarzman@ropesgray.com), Ropes & Gray LLP, 191 North Wacker Drive, 32nd Floor, Chicago, Illinois 60606, Attn: Stephen L. Iacovo (Stephen.Iacovo@ropesgray.com) and Jeramy D. Webb (Jeramy.Webb@ropesgray.com), and Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier

19801), Attn: Laura Davis Jones (Ljones@pszjlaw.com) and Timothy P. Cairns (Tcairns@pszjlaw.com); (b) counsel to the Committee, McDermott Will & Emery LLP, One Vanderbilt Avenue, New York, New York 10017-3852, Attn: Darren Azman (dazman@mwe.com), Kristin Going (kgoing@mwe.com), Stacy A. Lutkus (salutkus@mwe.com), Lucas B. Barrett (lbarrett@mwe.com) and 1000 N. West Street, Suite 1400, Wilmington, Delaware 19801, Attn: David Hurst (dhurst@mwe.com); and (c) Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Richard L. Schepacarter (Richard.Schepacarter@usdoj.gov), in a manner as will cause such objection to be received by all such parties on or before **December 4̶14, 2023, at 4:00 p.m. (Eastern Time)**.  Any objections not filed and served as set forth above will not be considered by the Court.

23.    17. Any party supporting the Combined Plan and Disclosure Statement may file a statement in support or a reply to any objection to confirmation of the Combined Plan and Disclosure Statement by **December 7̶19, 2023 at 4:00 p.m. (Eastern Time)**.

24.    18. The Combined Plan and Disclosure Statement voting certification shall be filed by **December 7̶19, 2023 at 4:00 p.m. (Eastern Time)**., which shall set forth the final voting results and methodology used to tabulate the votes.  The voting certification shall also identify the Ballots that are not counted in determining the acceptance or rejection of the Combined Plan and Disclosure Statement, such as: (i) any Ballot that is illegible or contain insufficient information to permit the identification of the Holder of such Claim; (ii) any Ballot cast by an entity that does not hold a Claim in Class 4; (iii) any unsigned Ballot or Ballot lacking an original signature (other than properly executed electronic Ballot); and (iv) any Ballot submitted by an entity not entitled to vote.

25.    ~~19.~~ The Debtors are authorized to make non-substantive and ministerial changes to the Combined Plan and Disclosure Statement, the Ballots, the notices, and any related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make nonmaterial conforming changes to the Combined Plan and Disclosure Statement, and any other materials in the Solicitation Package and Non-Voting Notices, as applicable, prior to the distribution of such materials. If any such changes are made, the Debtors shall promptly file a notice on the Court's docket reflecting all such changes in a manner that highlights each such change.

26.    ~~20.~~ All time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

27.    ~~21.~~ The terms and conditions of this Order are immediately effective and enforceable upon its entry.

28.    ~~22.~~ The Debtors are authorized to take any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

29.    ~~23.~~ This Court shall retain jurisdiction over all matters related to or arising from the Motion or the interpretation or implementation of this Order.

## Exhibit 1

**Form of Combined Hearing Notice**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Legacy IMBDS, Inc., *et al.*,[1] | Case No. 23-10852 (KBO) |
| Debtors. | (Jointly Administered) |

**NOTICE OF (I) INTERIM APPROVAL OF**
**DISCLOSURES; (II) HEARING TO CONSIDER CONFIRMATION**
**OF THE COMBINED PLAN AND DISCLOSURE STATEMENT;**
**(III) DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF**
**THE COMBINED PLAN AND DISCLOSURE STATEMENT; AND (IV) DEADLINE**
**FOR VOTING ON THE COMBINED PLAN AND DISCLOSURE STATEMENT**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.  On June 28, 2023 (the "Petition Date"), Legacy IMBDS, Inc. (f/k/a iMedia Brands, Inc.) and its affiliated debtors and debtors in possession (each, a "Debtor" and collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

**THE COMBINED PLAN AND DISCLOSURE STATEMENT**

2.  On October 10, 2023, the Debtors filed the *Combined Joint Chapter 11 Plan of Liquidation and Disclosure Statement of Legacy IMBDS, Inc., and its Debtor Affiliates* [Docket No. [●]] (the disclosure statement portion thereof, the "Disclosure Statement" and the chapter 11 plan portion thereof, the "Plan, including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, and collectively, the "Combined Plan and Disclosure Statement").[2]

**INTERIM APPROVAL OF DISCLOSURE STATEMENT**

3.  By an Order dated October [●], 2023 (the "Solicitation Procedures Order"), the Bankruptcy Court approved, on an interim basis, the disclosures (the "Disclosures") in the

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  ValueVision Media Acquisitions, Inc. (8670); Legacy IMBDS, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642).  The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

[2]  Capitalized terms not defined herein shall have the same meanings ascribed to them in the Combined Plan and Disclosure Statement.

Combined Plan and Disclosure Statement as containing adequate information within the meaning of section 1125 of Bankruptcy Code. Pursuant to the Solicitation Procedures Order, the Bankruptcy Court established **[December 7], 2023 at 4:00 p.m. (Eastern Time)** as the deadline by which the Debtors may file a plan supplement (the "Plan Supplement"). The Plan Supplement will be available at the Debtors' case website at (https://cases.stretto.com/imediabrands) or by telephoning Stretto, Inc. (the "Notice, Claims, and Solicitation Agent") at (855) 794-3801 (Toll-Free) and (949) 340-0398 (International). The Solicitation Procedures Order expressly reserves all parties' rights to raise objections to the adequacy of information in the Disclosures and the Combined Plan and Disclosure Statement.

4.        Pursuant to the Solicitation Procedures Order, the Bankruptcy Court established **December 4~~14~~, 2023 at 4:00 p.m. (Eastern Time)** (the "Voting Deadline") as the deadline by which ballots accepting or rejecting the Combined Plan and Disclosure Statement must be received. To be counted, your original ballot must actually be **received** on or before the Voting Deadline by the Notice, Claims, and Solicitation Agent at the following address:

| |
|---|
| **Legacy IMBDS, Inc.**<br>**c/o Stretto, Inc.**<br>**410 Exchange, Suite 100**<br>**Irvine, CA 92602** |

### THE COMBINED HEARING

5.        On **December ~~11~~21, 2023 at 1:00 p.m. (Eastern Time)**, or as soon thereafter as counsel may be heard, a hearing will be held before Judge Karen B. Owens in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Courtroom 3, Wilmington, DE 19801 to consider final approval of the Disclosures and confirmation of the Plan, as the same may be amended or modified (the "Combined Hearing").

6.        The Combined Hearing may be adjourned from time to time. If the Combined Hearing is adjourned, the Debtors will file a notice of adjournment on the docket and serve it by email if available, otherwise by first class or overnight mail, on the parties who have requested notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b) and on any parties that have filed objections to approval of the Disclosures or confirmation of the Plan. The Combined Plan and Disclosure Statement may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and other applicable law, without further notice to creditors or other parties in interest, prior to or as a result of the Combined Hearing.

### EXCULPATION, RELEASES, AND INJUNCTION

7.        Article XIII of the Combined Plan and Disclosure Statement contains the exculpation, releases, and injunction provisions set forth below~~:~~.

Certain defined terms with respect to the exculpation, releases, and injunction provisions of the Combined Plan and Disclosure Statement:

- "**Company Parties**" means, collectively, the Debtors' current and former directors, managers, officers, and employees (currently and prior to the closing of the Sale), each solely in their capacity as such, in each case, excluding the Non-Released Company Parties.

- "**Exculpated Parties**" means, collectively, and in each case in its capacity as such: (a) the Debtors; (b) the directors, managers, and officers of the Debtors who served in such capacity between the Petition Date and the Effective Date; (c) the Committee; (d) the Committee Members; and (e) the Professionals; provided, that in no instance shall a Non-Released Company Party be an Exculpated Party.

- "**Non-Released Company Parties**" means, collectively, those Entities, if any, that may be identified pursuant to the Plan Supplement.[3]

- "**Released Parties**" means, collectively, and in each case in its capacity as such: (a) each of the Company Parties; (b) the Released Debtor Professionals; (c) the Committee Members; and (d) the Released Committee Professionals; provided that, for the avoidance of doubt, in no instance shall a Non-Released Company Party be a Released Party.

- "**Releasing Parties**" means, collectively, and in each case in its capacity as such, all Holders of Claims entitled to vote under the Plan that vote to accept the Plan.

**Article XIII.ED, Exculpation:** Notwithstanding anything herein to the contrary, the Exculpated Parties shall neither have nor incur, and each Exculpated Party is exculpated from, any liability to any Holder of a Cause of Action, Claim, or Interest for any act or omission taking place between the Petition Date and the Effective Date of the Plan in connection with, relating to, or arising out of, the Chapter 11 Cases, consummation of the Sale Transaction, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Combined Plan and Disclosure Statement, the Plan Supplement, the DIP Credit Facility Documents, the Liquidating Trust Agreement, or any Restructuring Transaction, contract, instrument, release or other agreement or document created or entered into in connection with the Combined Plan and Disclosure Statement or the Plan Supplement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan or any other related agreement, negotiations regarding or concerning any of the foregoing, or the administration of the Plan or property to be distributed hereunder, except for actions determined by Final Order to have constituted bad faith, breach of fiduciary duty, willful misconduct, actual fraud or gross negligence, but in all respects such Entities shall be entitled to assert appropriate affirmative defenses, including reliance upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.  The Exculpated Parties have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or

---

[3] The Plan Supplement will be filed by [December 7], 2023.

regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

<u>Releases:</u>

(a)     **Article XIII.~~C~~B, Releases by the Debtors.**

As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is deemed released by each and all of the Debtor Releasing Parties, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other entities who may purport to assert any Cause of Action by, through, for, or because of the foregoing entities, from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of any of the Debtor Releasing Parties whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that the Debtor Releasing Parties would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Post Effective Date Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined Plan and Disclosure Statement, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out-of-court sale and restructuring efforts, intercompany transactions, the Sale Transaction, the Chapter 11 Cases, the Liquidating Trust, the Liquidating Trust Agreement, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Combined Plan and Disclosure Statement, the Plan Supplement, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Combined Plan and Disclosure Statement, the Plan Supplement, or the Liquidating Trust Agreement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; provided, that any right to enforce the Plan, the Confirmation Order, the Liquidating Trust Agreement, and the Purchase Agreement is not so released.  <u>For the avoidance of doubt, no direct Claims of third parties against third parties are being released pursuant to this Article XIII.B.</u>

~~Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in this Article XIII.C by the Debtors, which includes by reference each of the related provisions and definitions contained in this Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in this Article XIII.C is: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good-faith settlement and compromise of such Claims; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Post-Effective~~

~~Date Debtors, the Liquidating Trustee, or their respective Estates asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property.~~

(b)    Article XIII.~~D~~C, Releases by Holders of Claims and Interests.

As of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released each Debtor and Released Party from any and all any and all Claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Post-Effective Date Debtors, the Liquidating Trustee, or their Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Post-Effective Date Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined Plan and Disclosure Statement, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out-of-court sale and restructuring efforts, intercompany transactions, the Sale Transaction, the Chapter 11 Cases, the Liquidating Trust, the Liquidating Trust Agreement, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Combined Plan and Disclosure Statement, the Plan Supplement, the Liquidating Trust Agreement, any Restructuring Transaction, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Combined Plan and Disclosure Statement, the Plan Supplement, or the Liquidating Trust Agreement, or the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; provided, that any right to enforce the Plan, the Confirmation Order, the Liquidating Trust Agreement, and the Purchase Agreement is not so released.

~~Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in this Article XIII.D which includes by reference each of the related provisions and definitions contained in this Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in this Article XIII.D is: (1) consensual; (2) in exchange for the good and valuable consideration provided by the Released Parties; (3) a good faith settlement and compromise of such Claims; (4) in the best interests of the Debtors and all Holders of Claims and Interests; (5) fair, equitable, and reasonable; (6) given and made after due notice and opportunity for hearing; and (7) a bar to any of the Releasing Parties or the Debtors, or their respective Estates asserting any claim, Cause of Action, or liability~~

~~related thereto, of any kind whatsoever, against any of the Released Parties or their property.~~

**Article XIII.~~F~~E, Injunction**: Except as otherwise expressly provided in the Combined Plan and Disclosure Statement or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold Claims or Interests that have been released or are subject to exculpation are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Post-Effective Date Debtors, the Liquidating Trustee, the Liquidating Trust, the Exculpated Parties, the Released Parties, or the successors and assigns of each of the foregoing and any of their assets and properties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (4) asserting any right of setoff,~~ or~~ **or** subrogation~~, or recoupment~~ of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests unless such Holder has Filed a **proof of claim asserting a setoff or a** motion requesting the right to perform such setoff on or before the Effective Date~~, and notwithstanding an indication of a Claim or Interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff or recoupment pursuant to applicable law or otherwise~~; **provided**, that this provision does not enjoin setoff ~~or recoupment~~ related to any Claims or Interests arising after the Effective Date.

Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan.  Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in this Article XIII.~~F~~E of the Plan.

## DEADLINE TO FILE RULE 3018 MOTIONS

8.      If any holder of a Claim seeks to challenge the allowance of its Claim for voting purposes in accordance with the instructions and procedures approved by the Bankruptcy Court in connection with solicitation of the Plan, including because a claim objection has been filed against that holder's Claim, such holder must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its Claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "Rule 3018 Motion") and serve the Rule 3018 Motion on the Debtors' counsel, whose contact information is on the last page of this notice, so that it is received by them no later than **[November 16], 2023; 4:00 p.m. (Eastern Time)**, unless the Rule 3018 Motion is filed in response to a claim objection filed against the holder's claim, in which case the Rule 3018 Motion shall be served on the Debtors' counsel no later than 4:00 p.m. Eastern Time on the date that is seven (7) days after service of such claim objection.  The Debtors (and, with respect to filing a response, any other party in interest) shall then have seven (7) days after service of the Rule 3018 Motion to file and serve any responses to the same.  If the Rule 3018 Motion is not consensually resolved, such Rule 3018 Motion will be adjudicated as part of the Combined Hearing.

## DEADLINE FOR OBJECTIONS TO FINAL APPROVAL
## OF THE DISCLOSURES OR CONFIRMATION OF THE PLAN

9.  8.  Objections, if any, to final approval of the Disclosures or confirmation of the Plan, including any supporting memoranda, must be in writing, be filed with the Clerk of the Court, United States Bankruptcy Court, District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, DE 19801 together with proof of service **on or before December 414, 2023 at 4:00 p.m. (Eastern Time)** (the "Objection Deadline"), and shall (a) state the name and address of the objecting party and the amount of its claim or the nature of its interest in the Debtors' chapter 11 cases; (b) state with particularity the provision or provisions of the Combined Plan and Disclosure Statement objected to and for any objection asserted, the legal and factual basis for such objections; and (c) be served on the following parties: (i) co-counsel to the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036, Attn: Ryan Preston Dahl (Ryan.Dahl@ropesgray.com) and Cristine Pirro Schwarzman (Cristine.Schwarzman@ropesgray.com), Ropes & Gray LLP, 191 North Wacker Drive, 32nd Floor, Chicago, Illinois 60606, Attn: Stephen L. Iacovo (Stephen.Iacovo@ropesgray.com) and Jeramy D. Webb (Jeramy.Webb@ropesgray.com), and Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801), Attn: Laura Davis Jones (Ljones@pszjlaw.com) and Timothy P. Cairns (Tcairns@pszjlaw.com); (ii) counsel to the Committee, McDermott Will & Emery LLP, One Vanderbilt Avenue, New York, New York 10017-3852, Attn: Darren Azman (dazman@mwe.com), Kristin Going (kgoing@mwe.com), Stacy A. Lutkus (salutkus@mwe.com), Lucas B. Barrett (lbarrett@mwe.com) and 1000 N. West Street, Suite 1400, Wilmington, Delaware 19801, Attn: David Hurst (dhurst@mwe.com); and (iii) Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Richard L. Schepacarter (Richard.Schepacarter@usdoj.gov).

**COPIES OF THE COMBINED PLAN AND DISCLOSURE STATEMENT**

10. 9. If you wish to receive copies of the Combined Plan and Disclosure Statement, they will be provided, as quickly as practicable, upon request to ~~Stretto, Inc. (~~the "Notice, Claims, and Solicitation Agent") by writing to Legacy IMBDS, Inc. c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602. Copies of the Combined Plan and Disclosure Statement are also available for free by visiting the Debtors' case website at (https://cases.stretto.com/imediabrands) or telephoning the Notice, Claims, and Solicitation Agent at (855) 794-3801 (Toll-Free) and (949) 340-0398 (International). In addition, copies of the Combined Plan and Disclosure Statement are on file with the Clerk of the Bankruptcy Court for the District of Delaware, and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.deb.uscourts.gov.

11. 10. IF YOU HAVE ANY QUESTIONS REGARDING YOUR CLAIM OR INTEREST OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE COMBINED PLAN AND DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE NOTICE, CLAIMS, AND SOLICITATION AGENT AS SET FORTH ABOVE.

*[Remainder of Page Intentionally Left Blank]*

Dated: [●], 2023                    **PACHULSKI STANG ZIEHL & JONES LLP**
      Wilmington, Delaware

_____
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
Email:  ljones@pszjlaw.com
        tcairns@pszjlaw.com

-and-

**ROPES & GRAY LLP**
Ryan Preston Dahl (admitted *pro hac vice*)
Cristine Pirro Schwarzman (admitted *pro hac vice*)
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
E-mail:  ryan.dahl@ropesgray.com
        cristine.schwarzman@ropesgray.com

-and-

**ROPES & GRAY LLP**
Stephen L. Iacovo (admitted *pro hac vice*)
Jeramy D. Webb (admitted *pro hac vice*)
191 North Wacker Drive, 32nd Floor
Chicago, Illinois 60606
Telephone: (312) 845-1200
Facsimile: (312) 845-5500
E-mail:  stephen.iacovo@ropesgray.com
        jeramy.webb@ropesgray.com

*Counsel to the Debtors and Debtors in Possession*

**Exhibit 2**

**Form of Non-Voting Parties Notice (Presumed to Accept)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Legacy IMBDS, Inc., *et al.*,[1] | Case No. 23-10852 (KBO) |
| Debtors. | (Jointly Administered) |

**NOTICE OF (I) NON-VOTING STATUS**
**DUE TO NON-IMPAIRMENT, (II) INTERIM**
**APPROVAL OF DISCLOSURES, (III) HEARING TO**
**CONSIDER CONFIRMATION OF THE COMBINED PLAN AND**
**DISCLOSURE STATEMENT, (IV) AND DEADLINE FOR FILING OBJECTIONS TO**
**CONFIRMATION OF THE COMBINED PLAN AND DISCLOSURE STATEMENT**

To:     Holders of: (i) Class 1 – Secured Tax Claims; (ii) Class 2 – Other Secured Claims; (iii) Class 3 – Other Priority Claims, and to the extent applicable, (iv) Class 5 – Intercompany Claims; and (v) Class 7 – Intercompany Interests

**PLEASE TAKE NOTICE THAT:**

1.      On June 28, 2023 (the "<u>Petition Date</u>"), Legacy IMBDS, Inc. (f/k/a iMedia Brands, Inc.) and its affiliated debtors and debtors in possession (each, a "<u>Debtor</u>" and collectively, the "<u>Debtors</u>") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Additional information regarding the Debtors and these chapter 11 cases, including the Debtors' historical businesses, corporate structure, and the events leading to the filing of these chapter 11 cases, are set forth in the *Declaration of James Alt, Chief Transformation Officer of iMedia Brands, Inc., in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 17].

**THE COMBINED PLAN AND DISCLOSURE STATEMENT**

2.      On October 10, 2023, the Debtors filed the *Combined Joint Chapter 11 Plan of Liquidation and Disclosure Statement of Legacy IMBDS, Inc., and its Debtor Affiliates* [Docket No. [●]] (the disclosure statement portion thereof, the "<u>Disclosure Statement</u>" and the chapter 11 plan portion thereof, the "<u>Plan</u>, including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, and collectively, the "<u>Combined Plan and Disclosure</u>

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: ValueVision Media Acquisitions, Inc. (8670); Legacy IMBDS, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642). The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

Statement").[2]  Interested parties may review and download the Combined Plan and Disclosure Statement, the Solicitation Procedures Order (as defined below), and related documents free of charge at the Debtors' case website at (https://cases.stretto.com/imediabrands), or by requesting a paper copy by telephoning Stretto, Inc. (the "Notice, Claims, and Solicitation Agent") at (855) 794-3801 (Toll-Free) and (949) 340-0398 (International).

## INTERIM APPROVAL OF DISCLOSURES

3.      By ~~an~~the Order *(I) Granting Interim Approval of the Disclosures in the Combined Plan and Disclosure Statement; (II) Scheduling a Combined Confirmation Hearing and Setting Deadlines Related Thereto; (III) Approving Solicitation Packages and Procedures; (IV) Approving the Forms of Ballots; and (V) Granting Related Relief* dated October [●], 2023 (the "Solicitation Procedures Order"), the Bankruptcy Court approved, on an interim basis, the disclosures (the "Disclosures") in the Combined Plan and Disclosure Statement as containing adequate information within the meaning of section 1125 of Bankruptcy Code.  Pursuant to the Solicitation Procedures Order, the Bankruptcy Court established **[December 7], 2023 at 4:00 p.m. (Eastern Time)** as the deadline by which the Debtors may file a plan supplement (the "Plan Supplement").  The Plan Supplement will be available at the Debtors' case website at (https://cases.stretto.com/imediabrands) or by telephoning the Notice, Claims, and Solicitation Agent at (855) 794-3801 (Toll-Free) and (949) 340-0398 (International).   The Solicitation Procedures Order expressly reserves all parties' rights to raise objections to the adequacy of information in the Disclosures and the Combined Plan and Disclosure Statement.  A copy of the Solicitation Procedures Order can be obtained at the Debtors' case website at (https://cases.stretto.com/imediabrands).

## TREATMENT UNDER THE PLAN

| Class | Claim/Interest | Status | Voting Rights | Projected Recovery |
|---|---|---|---|---|
| 1 | Secured Tax Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) | 100% |
| 2 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) | 100% |
| 3 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) | 100% |
| 5 | Intercompany Claims | Unimpaired / Impaired | Not Entitled to Vote (Deemed to Accept or Reject) | 0–100% |
| 7 | Intercompany Interests | Unimpaired / Impaired | Not Entitled to Vote (Deemed to Accept or Reject) | 0–100% |

4.      **Class 1 – Secured Tax Claims.** Each Holder of an Allowed Secured Tax Claim shall (i) be paid by the Debtors or the Liquidating Trustee from the Secured Claims Reserve, in

---

[2]    Capitalized terms not defined herein shall have the same meanings ascribed to them in the Combined Plan and Disclosure Statement.

accordance with the terms of the Plan, the amount of such Holder's Allowed Secured Tax Claim on the later of (A) the Effective Date (or as soon as reasonably practicable thereafter) and (B) fifteen (15) Business Days following the date such Claim is Allowed by Final Order or (ii) receive such other treatment rendering such Holder's Allowed Secured Tax Claim Unimpaired.

5.    **Class 2 – Other Secured Claims.**  Each Holder of an Allowed Other Secured Claim shall (i) be paid by the Debtors or the Liquidating Trustee from the Secured Claims Reserve, in accordance with the terms of the Plan, the amount of such Holder's Allowed Other Secured Claim on the later of (A) the Effective Date (or as soon as reasonably practicable thereafter) and (B) fifteen (15) Business Days following the date such Claim is Allowed by Final Order, (ii) receive the collateral securing such Holder's Allowed Other Secured Claim as of the Petition Date or the value of such collateral, or (iii) receive such other treatment rendering such Holder's Allowed Other Secured Claim Unimpaired.

6.    **Class 3 – Other Priority Claims.**  Each Holder of an Allowed Other Priority Claim shall (i) be paid by the Debtors or the Liquidating Trustee from the Priority Claims Reserve, in accordance with the terms of the Plan, the amount of such Holder's Allowed Other Priority Claim on the later of (A) the Effective Date (or as soon as reasonably practicable thereafter) and (B) fifteen (15) Business Days following the date such Claim is Allowed by Final Order or (ii) receive such other treatment rendering such Holder's Allowed Other Priority Claim Unimpaired.

7.    **Class 5 – Intercompany Claims.**  On the Effective Date, each Holder of an Allowed Intercompany Claim shall, at the option of the Liquidating Trustee, have its Claim either: (i) Reinstated; or (ii) Canceled, released, and extinguished as of the Effective Date, and will be of no further force or effect, and Holders of Intercompany Claims will not receive any distribution on account of such Intercompany Claims.

8.    **Class 7 – Intercompany Interests.**  Intercompany Interests shall be, at the option of the Liquidating Trustee, either: (i) Reinstated in accordance with Article V.F of the Plan; or (ii) Canceled, released, and extinguished as of the Effective Date, and will be of no further force or effect, and Holders of Intercompany Interests will not receive any distribution on account of such Intercompany Interests.

## THE COMBINED HEARING

9.    4.  On **December 1121, 2023 at 1:00 p.m. (Eastern Time)**, or as soon thereafter as counsel may be heard, a hearing will be held before Judge Karen B. Owens in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Courtroom 3, Wilmington, DE 19801, to consider final approval of the Disclosures and confirmation of the Plan, as the same may be amended or modified (the "Combined Hearing").

10.   5.  The Combined Hearing may be adjourned from time to time.  If the Combined Hearing is adjourned, the Debtors will file a notice of adjournment on the docket and serve it by email if available, otherwise by first class or overnight mail, on the parties who have requested notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b) and on any parties that have

filed objections to approval of the Disclosures or confirmation of the Plan.  The Combined Plan and Disclosure Statement may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and other applicable law, without further notice to creditors or other parties in interest, prior to or as a result of the Combined Hearing.

## NON-VOTING STATUS

11.    6. You are receiving this notice because under the terms of the Combined Plan and Disclosure Statement, either: (a) your Claim(s) are not classified under the Plan pursuant to section 1123(a)(1) of the Bankruptcy Code and therefore you are not entitled to vote on the Plan; or (b) you are a Holder of a Claim which is defined in the Plan as being in a class receiving an estimated one hundred percent (100%) recovery under the Plan, and therefore deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, and are not entitled to vote to accept or reject the Plan.  Accordingly, this notice is being delivered to you for your information only.

12.    7. If, notwithstanding this notice of your non-voting status, you believe that you may have a Claim against the Debtors that entitles you to vote on the Plan, you should immediately request the appropriate Ballot by contacting Stretto, Inc. (the "Notice, Claims, and Solicitation Agent").

## COPIES OF THE COMBINED PLAN AND DISCLOSURE STATEMENT

13.    8. If you wish to receive copies of the Combined Plan and Disclosure Statement, they will be provided, as quickly as practicable, upon request to the Notice, Claims, and Solicitation Agent by writing to Legacy IMBDS, Inc. c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602.  Copies of the Combined Plan and Disclosure Statement are also available for free by visiting the Debtors' case website at (https://cases.stretto.com/imediabrands) or telephoning the Notice, Claims, and Solicitation Agent at (855) 794-3801 (Toll-Free) and (949) 340-0398 (International).  In addition, copies of the Combined Plan and Disclosure Statement are on file with the Clerk of the Bankruptcy Court for the District of Delaware, and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.deb.uscourts.gov.

## EXCULPATION, RELEASES, AND INJUNCTION

14.    9. Article XIII of the Combined Plan and Disclosure Statement contains the exculpation, releases, and injunction provisions set forth below.

Certain defined terms with respect to the exculpation, releases, and injunction provisions of the Combined Plan and Disclosure Statement:

- "**Company Parties**" means, collectively, the Debtors' current and former directors, managers, officers, and employees (currently and prior to the closing of the Sale), each solely in their capacity as such, in each case, excluding the Non-Released Company Parties.

- "**Exculpated Parties**" means, collectively, and in each case in its capacity as such: (a) the Debtors; (b) the directors, managers, and officers of the Debtors who served in such capacity

between the Petition Date and the Effective Date; (c) the Committee; (d) the Committee Members; and (e) the Professionals; provided, that in no instance shall a Non-Released Company Party be an Exculpated Party.

- "**Non-Released Company Parties**" means, collectively, those Entities, if any, that may be identified pursuant to the Plan Supplement.[3]

- "**Released Parties**" means, collectively, and in each case in its capacity as such: (a) each of the Company Parties; (b) the Released Debtor Professionals; (c) the Committee Members; and (d) the Released Committee Professionals; provided that, for the avoidance of doubt, in no instance shall a Non-Released Company Party be a Released Party.

- "**Releasing Parties**" means, collectively, and in each case in its capacity as such, all Holders of Claims entitled to vote under the Plan that vote to accept the Plan.

**Article XIII.ED, Exculpation:** **Notwithstanding anything herein to the contrary, the Exculpated Parties shall neither have nor incur, and each Exculpated Party is exculpated from, any liability to any Holder of a Cause of Action, Claim, or Interest for any act or omission taking place between the Petition Date and the Effective Date of the Plan in connection with, relating to, or arising out of, the Chapter 11 Cases, consummation of the Sale Transaction, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Combined Plan and Disclosure Statement, the Plan Supplement, the DIP Credit Facility Documents, the Liquidating Trust Agreement, or any Restructuring Transaction, contract, instrument, release or other agreement or document created or entered into in connection with the Combined Plan and Disclosure Statement or the Plan Supplement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan or any other related agreement, negotiations regarding or concerning any of the foregoing, or the administration of the Plan or property to be distributed hereunder, except for actions determined by Final Order to have constituted bad faith, breach of fiduciary duty, willful misconduct, actual fraud or gross negligence, but in all respects such Entities shall be entitled to assert appropriate affirmative defenses, including reliance upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.  The Exculpated Parties have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.**

---

[3]    The Plan Supplement will be filed by [December 7], 2023.

**Releases:**

(a)     **Article XIII.~~C~~B, Releases by the Debtors.**

As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is deemed released by each and all of the Debtor Releasing Parties, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other entities who may purport to assert any Cause of Action by, through, for, or because of the foregoing entities, from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of any of the Debtor Releasing Parties whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that the Debtor Releasing Parties would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Post Effective Date Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined Plan and Disclosure Statement, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out-of-court sale and restructuring efforts, intercompany transactions, the Sale Transaction, the Chapter 11 Cases, the Liquidating Trust, the Liquidating Trust Agreement, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Combined Plan and Disclosure Statement, the Plan Supplement, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Combined Plan and Disclosure Statement, the Plan Supplement, or the Liquidating Trust Agreement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; provided, that any right to enforce the Plan, the Confirmation Order, the Liquidating Trust Agreement, and the Purchase Agreement is not so released. For the avoidance of doubt, no direct Claims of third parties against third parties are being released pursuant to this Article XIII.B.

~~Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in this Article XIII.C by the Debtors, which includes by reference each of the related provisions and definitions contained in this Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in this Article XIII.C is: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good-faith settlement and compromise of such Claims; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Post-Effective Date Debtors, the Liquidating Trustee, or their respective Estates asserting any claim,~~

~~Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property.~~

(b)    Article XIII.~~D~~C, Releases by Holders of Claims and Interests.

As of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released each Debtor and Released Party from any and all any and all Claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Post-Effective Date Debtors, the Liquidating Trustee, or their Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Post-Effective Date Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined Plan and Disclosure Statement, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out-of-court sale and restructuring efforts, intercompany transactions, the Sale Transaction, the Chapter 11 Cases, the Liquidating Trust, the Liquidating Trust Agreement, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Combined Plan and Disclosure Statement, the Plan Supplement, the Liquidating Trust Agreement, any Restructuring Transaction, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Combined Plan and Disclosure Statement, the Plan Supplement, or the Liquidating Trust Agreement, or the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; provided, that any right to enforce the Plan, the Confirmation Order, the Liquidating Trust Agreement, and the Purchase Agreement is not so released.

~~Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in this Article XIII.D which includes by reference each of the related provisions and definitions contained in this Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in this Article XIII.D is: (1) consensual; (2) in exchange for the good and valuable consideration provided by the Released Parties; (3) a good-faith settlement and compromise of such Claims; (4) in the best interests of the Debtors and all Holders of Claims and Interests; (5) fair, equitable, and reasonable; (6) given and made after due notice and opportunity for hearing; and (7) a bar to any of the Releasing Parties or the Debtors, or their respective Estates asserting any claim, Cause of Action, or liability~~

related thereto, of any kind whatsoever, against any of the Released Parties or their property.

**Article XIII.FE, Injunction:** Except as otherwise expressly provided in the Combined Plan and Disclosure Statement or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold Claims or Interests that have been released or are subject to exculpation are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Post-Effective Date Debtors, the Liquidating Trustee, the Liquidating Trust, the Exculpated Parties, the Released Parties, or the successors and assigns of each of the foregoing and any of their assets and properties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (4) asserting any right of setoff, **or** subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests unless such Holder has Filed a **proof of claim asserting a setoff or a** motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff or recoupment pursuant to applicable law or otherwise; **provided,** that this provision does not enjoin setoff or recoupment related to any Claims or Interests arising after the Effective Date.

Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan. Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in this Article XIII.FE of the Plan.

## DEADLINE FOR OBJECTIONS TO APPROVAL OF THE DISCLOSURES OR CONFIRMATION OF THE COMBINED PLAN AND DISCLOSURE STATEMENT

15.   10. Objections, if any, to final approval of the Disclosures or confirmation of the Plan, including any supporting memoranda, must be in writing, be filed with the Clerk of the Court, United States Bankruptcy Court, District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, DE 19801 together with proof of service **on or before December 414, 2023 at 4:00 p.m. (Eastern Time)** (the "Objection Deadline"), and shall (a) state the name and address of the objecting party and the amount of its claim or the nature of its interest in the Debtors' chapter 11 cases; (b) state with particularity the provision or provisions of the Combined Plan and Disclosure Statement objected to and for any objection asserted, the legal

and factual basis for such objections; and (c) be served on the following parties: (i) co-counsel to the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036, Attn: Ryan Preston Dahl (Ryan.Dahl@ropesgray.com) and Cristine Pirro Schwarzman (Cristine.Schwarzman@ropesgray.com), Ropes & Gray LLP, 191 North Wacker Drive, 32nd Floor, Chicago, Illinois 60606, Attn: Stephen L. Iacovo (Stephen.Iacovo@ropesgray.com) and Jeramy D. Webb (Jeramy.Webb@ropesgray.com), and Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801), Attn: Laura Davis Jones (Ljones@pszjlaw.com) and Timothy P. Cairns (Tcairns@pszjlaw.com); (ii) counsel to the Committee, McDermott Will & Emery LLP, One Vanderbilt Avenue, New York, New York 10017-3852, Attn: Darren Azman (dazman@mwe.com), Kristin Going (kgoing@mwe.com), Stacy A. Lutkus (salutkus@mwe.com), Lucas B. Barrett (lbarrett@mwe.com) and 1000 N. West Street, Suite 1400, Wilmington, Delaware 19801, Attn: David Hurst (dhurst@mwe.com); and (iii) Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Richard L. Schepacarter (Richard.Schepacarter@usdoj.gov).

[*Remainder of Page Intentionally Left Blank*]

Dated: [●], 2023
      Wilmington, Delaware

**PACHULSKI STANG ZIEHL & JONES LLP**

_____

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
Email:  ljones@pszjlaw.com
        tcairns@pszjlaw.com

-and-

**ROPES & GRAY LLP**
Ryan Preston Dahl (admitted *pro hac vice*)
Cristine Pirro Schwarzman (admitted *pro hac vice*)
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
E-mail:  ryan.dahl@ropesgray.com
        cristine.schwarzman@ropesgray.com

-and-

**ROPES & GRAY LLP**
Stephen L. Iacovo (admitted *pro hac vice*)
Jeramy D. Webb (admitted *pro hac vice*)
191 North Wacker Drive, 32nd Floor
Chicago, Illinois 60606
Telephone: (312) 845-1200
Facsimile: (312) 845-5500
E-mail:  stephen.iacovo@ropesgray.com
        jeramy.webb@ropesgray.com

*Counsel to the Debtors and Debtors in Possession*

**Exhibit 3**

**Form of Non-Voting Parties Notice (Presumed to Reject)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Legacy IMBDS, Inc., *et al.*,[1] | Case No. 23-10852 (KBO) |
| Debtors. | (Jointly Administered) |

**NOTICE OF (I) NON-VOTING STATUS DUE TO NO RECOVERY,**
**(II) CONDITIONAL APPROVAL OF DISCLOSURES, (III) HEARING**
**TO CONSIDER CONFIRMATION OF THE COMBINED PLAN AND**
**DISCLOSURE STATEMENT, AND (IV) DEADLINE FOR FILING OBJECTIONS TO**
**CONFIRMATION OF THE COMBINED PLAN AND DISCLOSURE STATEMENT**

To: Holders of: (i) Class 6 – Section 510(b) Claims; (ii) Class 8 – Interests in Legacy IMBDS, and, to the extent applicable, (iii) Class 5 – Intercompany Claims; and (iv) Class 7 – Intercompany Interests

   **PLEASE TAKE NOTICE THAT:**

   1.      On June 28, 2023 (the "Petition Date"), Legacy IMBDS, Inc. (f/k/a iMedia Brands, Inc.) and its affiliated debtors and debtors in possession (each, a "Debtor" and collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Additional information regarding the Debtors and these chapter 11 cases, including the Debtors' historical businesses, corporate structure, and the events leading to the filing of these chapter 11 cases, are set forth in the *Declaration of James Alt, Chief Transformation Officer of iMedia Brands, Inc., in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 17].

   **THE COMBINED PLAN AND DISCLOSURE STATEMENT**

   2.      On October 10, 2023, the Debtors filed the *Combined Joint Chapter 11 Plan of Liquidation and Disclosure Statement of Legacy IMBDS, Inc., and its Debtor Affiliates* [Docket No. [●]] (the disclosure statement portion thereof, the "Disclosure Statement" and the chapter 11 plan portion thereof, the "Plan, including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, and collectively, the "Combined Plan and Disclosure

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:   ValueVision Media Acquisitions, Inc. (8670); Legacy IMBDS, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642).  The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

Statement").[2]  Interested parties may review and download the Combined Plan and Disclosure Statement, the Solicitation Procedures Order (as defined below), and related documents free of charge at the Debtors' case website at (https://cases.stretto.com/imediabrands), or by requesting a paper copy by telephoning Stretto, Inc. (the "Notice, Claims, and Solicitation Agent") at (855) 794-3801 (Toll-Free) and (949) 340-0398 (International).

## INTERIM APPROVAL OF DISCLOSURES

3.      By ~~an~~the Order *(I) Granting Interim Approval of the Disclosures in the Combined Plan and Disclosure Statement; (II) Scheduling a Combined Confirmation Hearing and Setting Deadlines Related Thereto; (III) Approving Solicitation Packages and Procedures; (IV) Approving the Forms of Ballots; and (V) Granting Related Relief* dated October [●], 2023 (the "Solicitation Procedures Order"), the Bankruptcy Court approved, on an interim basis, the disclosures (the "Disclosures") in the Combined Plan and Disclosure Statement as containing adequate information within the meaning of section 1125 of Bankruptcy Code.  Pursuant to the Solicitation Procedures Order, the Bankruptcy Court established **[December 7], 2023 at 4:00 p.m. (Eastern Time)** as the deadline by which the Debtors may file a plan supplement (the "Plan Supplement").  The Plan Supplement will be available at Debtors' case website at (https://cases.stretto.com/imediabrands) or by telephoning the Notice, Claims, and Solicitation Agent at (855) 794-3801 (Toll-Free) and (949) 340-0398 (International).  The Solicitation Procedures Order expressly reserves all parties' rights to raise objections to the adequacy of information in the Disclosures and the Combined Plan and Disclosure Statement.  A copy of the Solicitation Procedures Order can be obtained at the Debtors' case website at (https://cases.stretto.com/imediabrands).

## TREATMENT UNDER THE PLAN

| Class | Claim/Interest | Status | Voting Rights | Projected Recovery |
|---|---|---|---|---|
| 5 | Intercompany Claims | Unimpaired / Impaired | Not Entitled to Vote (Deemed to Accept or Reject) | 0–100% |
| 6 | Section 510(b) Claims | Impaired | Not Entitled to Vote (Deemed to Reject) | 0% |
| 7 | Intercompany Interests | Unimpaired / Impaired | Not Entitled to Vote (Deemed to Accept or Reject) | 0–100% |
| 8 | Interests in Legacy IMBDS | Impaired | Not Entitled to Vote (Deemed to Reject) | 0% |

4.      **Class 5 – Intercompany Claims.**  On the Effective Date, each Holder of an Allowed Intercompany Claim shall, at the option of the Liquidating Trustee, have its Claim either: (i) Reinstated; or (ii) Canceled, released, and extinguished as of the Effective Date, and

---

[2]    Capitalized terms not defined herein shall have the same meanings ascribed to them in the Combined Plan and Disclosure Statement.

will be of no further force or effect, and Holders of Intercompany Claims will not receive any distribution on account of such Intercompany Claims.

    5.    **Class 6 – Section 510(b) Claims.**  Allowed Section 510(b) Claims, if any, shall be canceled, released, and extinguished as of the Effective Date, and will be of no further force or effect, and Holders of Allowed Section 510(b) Claims will not receive any distribution on account of such Allowed Section 510(b) Claims.

    6.    **Class 7 – Intercompany Interests.**  Intercompany Interests shall be, at the option of the Liquidating Trustee, either: (i) Reinstated in accordance with Article V.F of the Plan; or (ii) Canceled, released, and extinguished as of the Effective Date, and will be of no further force or effect, and Holders of Intercompany Interests will not receive any distribution on account of such Intercompany Interests.

    7.    **Class 8 – Interests in Legacy IMBDS.**  Interests in Legacy IMBDS will be canceled, released, and extinguished as of the Effective Date, and will be of no further force or effect, and Holders of Interests in Legacy IMBDS will not receive any distribution on account of such Interests in Legacy IMBDS.

## THE COMBINED HEARING

    8.    ~~4.~~ On **December ~~11~~21, 2023 at 1:00 p.m. (Eastern Time)**, or as soon thereafter as counsel may be heard, a hearing will be held before Judge Karen B. Owens in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Courtroom 3, Wilmington, DE 19801 to consider final approval of the Disclosures and confirmation of the Plan, as the same may be amended or modified (the "Combined Hearing").

    9.    ~~5.~~ The Combined Hearing may be adjourned from time to time.  If the Combined Hearing is adjourned, the Debtors will file a notice of adjournment on the docket and serve it by email if available, otherwise by first class or overnight mail, on the parties who have requested notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b) and on any parties that have filed objections to approval of the Disclosures or confirmation of the Plan.  The Combined Plan and Disclosure Statement may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and other applicable law, without further notice to creditors or other parties in interest, prior to or as a result of the Combined Hearing.

## NON-VOTING STATUS

    10.    ~~6.~~ You are receiving this notice because under the terms of the Combined Plan and Disclosure Statement you are not entitled to receive or retain property on account of your Claim(s) against, or Interest(s) in, the Debtors and, therefore, in accordance with section 1126(g) of the Bankruptcy Code, you are (a) deemed to have rejected the Plan and (b) **not** entitled to vote on the Plan.

    11.    ~~7.~~ If, notwithstanding this notice of your non-voting status, you believe that you may have a Claim against or Interest in the Debtors that entitles you to vote on the Plan, you

should immediately request the appropriate Ballot by contacting ~~Stretto, Inc.~~ (the "~~"~~Notice, Claims, and Solicitation Agent~~"~~).

## COPIES OF THE COMBINED PLAN AND DISCLOSURE STATEMENT

12.    ~~8.~~ If you wish to receive copies of the Combined Plan and Disclosure Statement, they will be provided, as quickly as practicable, upon request to the Notice, Claims, and Solicitation Agent by writing to Legacy IMBDS, Inc. c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602.  Copies of the Combined Plan and Disclosure Statement are also available for free by visiting the Debtors' case website at (https://cases.stretto.com/imediabrands) or telephoning the Notice, Claims, and Solicitation Agent at (855) 794-3801 (Toll-Free) and (949) 340-0398 (International).  In addition, copies of the Combined Plan and Disclosure Statement are on file with the Clerk of the Bankruptcy Court for the District of Delaware, and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.deb.uscourts.gov.

## EXCULPATION, RELEASES, AND INJUNCTION

13.    ~~9.~~ Article XIII of the Combined Plan and Disclosure Statement contains the exculpation, releases, and injunction provisions set forth below.

Certain defined terms with respect to the exculpation, releases, and injunction provisions of the Combined Plan and Disclosure Statement:

- "**Company Parties**" means, collectively, the Debtors' current and former directors, managers, officers, and employees (currently and prior to the closing of the Sale), each solely in their capacity as such, in each case, excluding the Non-Released Company Parties.

- "**Exculpated Parties**" means, collectively, and in each case in its capacity as such: (a) the Debtors; (b) the directors, managers, and officers of the Debtors who served in such capacity between the Petition Date and the Effective Date; (c) the Committee; (d) the Committee Members; and (e) the Professionals; provided, that in no instance shall a Non-Released Company Party be an Exculpated Party.

- "**Non-Released Company Parties**" means, collectively, those Entities, if any, that may be identified pursuant to the Plan Supplement.[3]

- "**Released Parties**" means, collectively, and in each case in its capacity as such: (a) each of the Company Parties; (b) the Released Debtor Professionals; (c) the Committee Members; and (d) the Released Committee Professionals; provided that, for the avoidance of doubt, in no instance shall a Non-Released Company Party be a Released Party.

- "**Releasing Parties**" means, collectively, and in each case in its capacity as such, all Holders of Claims entitled to vote under the Plan that vote to accept the Plan.

---

[3]    The Plan Supplement will be filed by [December 7], 2023.

**Article XIII.ED, Exculpation:** Notwithstanding anything herein to the contrary, the Exculpated Parties shall neither have nor incur, and each Exculpated Party is exculpated from, any liability to any Holder of a Cause of Action, Claim, or Interest for any act or omission taking place between the Petition Date and the Effective Date of the Plan in connection with, relating to, or arising out of, the Chapter 11 Cases, consummation of the Sale Transaction, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Combined Plan and Disclosure Statement, the Plan Supplement, the DIP Credit Facility Documents, the Liquidating Trust Agreement, or any Restructuring Transaction, contract, instrument, release or other agreement or document created or entered into in connection with the Combined Plan and Disclosure Statement or the Plan Supplement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan or any other related agreement, negotiations regarding or concerning any of the foregoing, or the administration of the Plan or property to be distributed hereunder, except for actions determined by Final Order to have constituted bad faith, breach of fiduciary duty, willful misconduct, actual fraud or gross negligence, but in all respects such Entities shall be entitled to assert appropriate affirmative defenses, including reliance upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.  The Exculpated Parties have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

**Releases:**

(a)      **Article XIII.~~C~~B, Releases by the Debtors.**

As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is deemed released by each and all of the Debtor Releasing Parties, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other entities who may purport to assert any Cause of Action by, through, for, or because of the foregoing entities, from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of any of the Debtor Releasing Parties whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that the Debtor Releasing Parties would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Post Effective Date Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined Plan and Disclosure Statement, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out-of-court sale and restructuring efforts, intercompany transactions, the Sale Transaction, the Chapter 11 Cases, the Liquidating Trust, the Liquidating Trust Agreement, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Combined Plan and Disclosure Statement, the Plan Supplement, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Combined Plan and Disclosure Statement, the Plan Supplement, or the Liquidating Trust Agreement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; provided, that any right to enforce the Plan, the Confirmation Order, the Liquidating Trust Agreement, and the Purchase Agreement is not so released.  **For the avoidance of doubt, no direct Claims of third parties against third parties are being released pursuant to this Article XIII.B.**

~~Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in this Article XIII.C by the Debtors, which includes by reference each of the related provisions and definitions contained in this Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in this Article XIII.C is: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of such Claims; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Post-Effective Date Debtors, the Liquidating Trustee, or their respective Estates asserting any claim,~~

~~Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property.~~

(b)    **Article XIII.~~D~~C, Releases by Holders of Claims and Interests.**

As of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released each Debtor and Released Party from any and all any and all Claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Post-Effective Date Debtors, the Liquidating Trustee, or their Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Post-Effective Date Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined Plan and Disclosure Statement, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out-of-court sale and restructuring efforts, intercompany transactions, the Sale Transaction, the Chapter 11 Cases, the Liquidating Trust, the Liquidating Trust Agreement, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Combined Plan and Disclosure Statement, the Plan Supplement, the Liquidating Trust Agreement, any Restructuring Transaction, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Combined Plan and Disclosure Statement, the Plan Supplement, or the Liquidating Trust Agreement, or the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; provided, that any right to enforce the Plan, the Confirmation Order, the Liquidating Trust Agreement, and the Purchase Agreement is not so released.

~~Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in this Article XIII.D which includes by reference each of the related provisions and definitions contained in this Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in this Article XIII.D is: (1) consensual; (2) in exchange for the good and valuable consideration provided by the Released Parties; (3) a good-faith settlement and compromise of such Claims; (4) in the best interests of the Debtors and all Holders of Claims and Interests; (5) fair, equitable, and reasonable; (6) given and made after due notice and opportunity for hearing; and (7) a bar to any of the Releasing Parties or the Debtors, or their respective Estates asserting any claim, Cause of Action, or liability~~

~~related thereto, of any kind whatsoever, against any of the Released Parties or their property.~~

**Article XIII.~~F~~E, Injunction: Except as otherwise expressly provided in the Combined Plan and Disclosure Statement or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold Claims or Interests that have been released or are subject to exculpation are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Post-Effective Date Debtors, the Liquidating Trustee, the Liquidating Trust, the Exculpated Parties, the Released Parties, or the successors and assigns of each of the foregoing and any of their assets and properties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (4) asserting any right of setoff,~~ or~~ **or** subrogation~~, or recoupment~~ of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests unless such Holder has Filed a _proof of claim asserting a setoff or a_ motion requesting the right to perform such setoff on or before the Effective Date~~, and notwithstanding an indication of a Claim or Interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff or recoupment pursuant to applicable law or otherwise~~; _provided_, that this provision does not enjoin setoff ~~or recoupment~~ related to any Claims or Interests arising after the Effective Date.**

Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan.  Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in this Article XIII.~~F~~E of the Plan.

### DEADLINE FOR OBJECTIONS TO APPROVAL OF THE DISCLOSURES OR CONFIRMATION OF THE COMBINED PLAN AND DISCLOSURE STATEMENT

_14._    ~~10.~~ Objections, if any, to final approval of the Disclosures or confirmation of the Plan, including any supporting memoranda, must be in writing, be filed with the Clerk of the Court, United States Bankruptcy Court, District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, DE 19801 together with proof of service **on or before December ~~4~~14, 2023 at 4:00 p.m. (Eastern Time)** (the "Objection Deadline"), and shall (a) state the name and address of the objecting party and the amount of its claim or the nature of its interest in the Debtors' chapter 11 cases; (b) state with particularity the provision or provisions of the Combined Plan and Disclosure Statement objected to and for any objection asserted, the legal

and factual basis for such objections; and (c) be served on the following parties: (i) co-counsel to the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036, Attn: Ryan Preston Dahl (Ryan.Dahl@ropesgray.com) and Cristine Pirro Schwarzman (Cristine.Schwarzman@ropesgray.com), Ropes & Gray LLP, 191 North Wacker Drive, 32nd Floor, Chicago, Illinois 60606, Attn: Stephen L. Iacovo (Stephen.Iacovo@ropesgray.com) and Jeramy D. Webb (Jeramy.Webb@ropesgray.com), and Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801), Attn: Laura Davis Jones (Ljones@pszjlaw.com) and Timothy P. Cairns (Tcairns@pszjlaw.com); (ii) counsel to the Committee, McDermott Will & Emery LLP, One Vanderbilt Avenue, New York, New York 10017-3852, Attn: Darren Azman (dazman@mwe.com), Kristin Going (kgoing@mwe.com), Stacy A. Lutkus (salutkus@mwe.com), Lucas B. Barrett (lbarrett@mwe.com) and 1000 N. West Street, Suite 1400, Wilmington, Delaware 19801, Attn: David Hurst (dhurst@mwe.com); and (iii) Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Richard L. Schepacarter (Richard.Schepacarter@usdoj.gov).

*[Remainder of Page Intentional Left Blank]*

Dated: [●], 2023
        Wilmington, Delaware

**PACHULSKI STANG ZIEHL & JONES LLP**

_____
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
Email:  ljones@pszjlaw.com
        tcairns@pszjlaw.com

-and-

**ROPES & GRAY LLP**
Ryan Preston Dahl (admitted _pro hac vice_)
Cristine Pirro Schwarzman (admitted _pro hac vice_)
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
E-mail:  ryan.dahl@ropesgray.com
          cristine.schwarzman@ropesgray.com

-and-

**ROPES & GRAY LLP**
Stephen L. Iacovo (admitted _pro hac vice_)
Jeramy D. Webb (admitted _pro hac vice_)
191 North Wacker Drive, 32nd Floor
Chicago, Illinois 60606
Telephone: (312) 845-1200
Facsimile: (312) 845-5500
E-mail:  stephen.iacovo@ropesgray.com
          jeramy.webb@ropesgray.com

_Counsel to the Debtors and Debtors in Possession_

**Exhibit 4**

**Form of Ballots**

**Exhibit 4-A**

**General Ballot**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Legacy IMBDS, Inc., *et al.*,[1] | Case No. 23-10852 (KBO) |
| Debtors. | (Jointly Administered) |

**GENERAL BALLOT TO ACCEPT OR REJECT COMBINED**
**JOINT CHAPTER 11 PLAN OF LIQUIDATION AND DISCLOSURE**
**STATEMENT OF LEGACY IMBDS, INC. AND ITS DEBTOR AFFILIATES**

**CLASS 4 – Unsecured Claims**

**THIS BALLOT IS TO BE USED BY OR ON BEHALF OF THE HOLDERS OF THE**
**CLASS 4 UNSECURED CLAIMS, OTHER THAN THE HOLDERS OF CLASS 4**
**UNSECURED CLAIMS THAT ARE SENIOR UNSECURED NOTES CLAIMS.**
**PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY.**
**COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED**
**ENVELOPE PROMPTLY.**

| **TO BE COUNTED, YOUR VOTE MUST BE ACTUALLY RECEIVED BY STRETTO, INC. BY DECEMBER ~~4~~14, 2023 AT 4:00 P.M. (EASTERN TIME) OR THE VOTE REPRESENTED BY THIS BALLOT WILL NOT BE COUNTED.** |
|---|

**FACSIMILE AND EMAIL BALLOTS WILL NOT BE ACCEPTED**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the *Combined Joint Chapter 11 Plan of Liquidation and Disclosure Statement of Legacy IMBDS, Inc., and its Debtor Affiliates* [Docket No. [●]] (the disclosure statement portion thereof, the "Disclosure Statement" and the chapter 11 plan portion thereof, the "Plan, including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, and collectively, the "Combined Plan and Disclosure Statement")[2] proposed by the above-captioned debtors and debtors in possession (the "Debtors"). On [●], 2023, after a hearing to consider the adequacy of disclosures (the "Disclosures") contained in the Combined Plan and Disclosure Statement, the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: ValueVision Media Acquisitions, Inc. (8670); Legacy IMBDS, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642). The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

[2] Capitalized terms not defined herein shall have the same meanings ascribed to them in the Combined Plan and Disclosure Statement.

United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") entered an order approving on an interim basis the Disclosures provided in the Combined Plan and Disclosure Statement.  [Docket No. [●]].  The Disclosures provide information to assist you in deciding how to vote your Ballot.  You should review the Combined Plan and Disclosure Statement before you vote.

If you seek to have a Claim temporarily allowed for purposes of voting to accept or reject the Combined Plan and Disclosure Statement pursuant to Bankruptcy Rule 3018(a), you should file a motion (the "Rule 3018 Motion") for such relief by no later than [**November 16], 2023 at 4:00 p.m. (Eastern Time)**.

Pursuant to the *Order (I) Granting Interim Approval of the Disclosures in the Combined Plan and Disclosure Statement; (II) Scheduling a Combined Confirmation Hearing and Setting Deadlines Related Thereto; (III) Approving Solicitation Packages and Procedures; (IV) Approving the Forms of Ballots; and (V) Granting Related Relief* dated October [●], 2023 (the "Solicitation Procedures Order"), the Bankruptcy Court established **[December 7], 2023 at 4:00 p.m. (Eastern Time)** as the deadline by which the Debtors may file a plan supplement (the "Plan Supplement").  The Plan Supplement will be available at the Debtors' case website at (https://cases.stretto.com/imediabrands) or by telephoning Stretto, Inc. (the "Notice, Claims, and Solicitation Agent") at (855) 794-3801 (Toll-Free) and (949) 340-0398 (International).

**The Combined Plan and Disclosure Statement is subject to final approval and confirmation by the Bankruptcy Court.**

You may wish to seek legal advice concerning the Combined Plan and Disclosure Statement and the classification and treatment of your Claim(s) under the Combined Plan and Disclosure Statement.  **PLEASE BE ADVISED THAT YOUR DISTRIBUTION UNDER THE PLAN WILL NOT BE AFFECTED BY WHETHER OR NOT YOU VOTE TO REJECT THE PLAN.**

The Combined Plan and Disclosure Statement provides information to assist you in deciding how to vote your Ballot.  If you did not receive a copy of the Combined Plan and Disclosure Statement with this Ballot, you may obtain a copy free of charge on the dedicated webpage of ~~Stretto, Inc.~~ (the "Notice, Claims, and Solicitation Agent") at https://cases.stretto.com/imediabrands or upon written request to the Notice, Claims, and Solicitation Agent at Legacy IMBDS, Inc. c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602 or telephoning the Notice, Claims, and Solicitation Agent at (855) 794-3801 (Toll-Free) and (949) 340-0398 (International), or emailing the Notice, Claims, and Solicitation Agent at iMediaInquiries@stretto.com.  Copies of the Combined Plan and Disclosure Statement are also on file with the Clerk of the Bankruptcy Court for the District of Delaware and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.deb.uscourts.gov.

The Combined Plan and Disclosure Statement may be confirmed by the Bankruptcy Court, and therefore made binding on you, if it is accepted by the Holders of at least one-half in number and two-thirds in amount of the Claims in each of the classes who vote on the Combined Plan and

Disclosure Statement and/or if the Combined Plan and Disclosure Statement otherwise satisfies applicable legal requirements.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

| |
|---|
| **IMPORTANT** |
| **You should review the Combined Plan and Disclosure Statement before you vote. You may wish to seek legal advice concerning the Combined Plan and Disclosure Statement and your classification and treatment under the Combined Plan and Disclosure Statement. Your Claim has been placed in Class 4 (Unsecured Claims) under the Combined Plan and Disclosure Statement.** |
| **If your Ballot is not <u>actually received</u> by the Notice, Claims, and Solicitation Agent on or before December 4<s>1</s>4, 2023 at 4:00 p.m. (Eastern Time) (the "<u>Voting Deadline</u>"), and such deadline is not extended by the Debtors, your vote will not count as either an acceptance or rejection of the Combined Plan and Disclosure Statement. If the Combined Plan and Disclosure Statement is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.** |
| **To cast your vote, please do (i) or (ii) below:** |
| **(i) complete and execute this paper Ballot and return it using the first-class mail pre-addressed postage pre-paid return envelope provided with this Ballot or by submitting it by overnight courier or hand delivery to the following address:** |
| **Legacy IMBDS, Inc.** <br> **c/o Stretto, Inc.** <br> **410 Exchange, Suite 100** <br> **Irvine, CA 92602** |
| **(ii) submit your Ballot via the Notice, Claims, and Solicitation Agent's online portal at https://balloting.stretto.com and follow the instructions to submit your Ballot.** |
| **IMPORTANT NOTE: You will need the following information to retrieve your customized electronic Ballot:** |
| **Unique eBallot Password:**_____ |
| **The Notice, Claims, and Solicitation Agent's online portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.** |
| **Each eBallot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each eBallot ID# that your receive, as applicable.** |

> **Creditors who cast a Ballot using the Notice, Claims, and Solicitation Agent's online portal should NOT also submit a paper Ballot.**

### ACCEPTANCE OR REJECTION OF THE COMBINED PLAN AND DISCLOSURE STATEMENT

**Item 1**.  **Vote Amount and Debtor Name**.  For purposes of voting to accept or reject the Combined Plan and Disclosure Statement, as of October 30, 2023 (the "Voting Record Date"), the undersigned (the "Claimant") was a Holder of a Class 4 Unsecured Claim against the specified Debtor in the aggregate amount set forth below.

$_____

Debtor Name:_____

**Item 2**.  **Vote on Combined Plan and Disclosure Statement.  CHECK ONE BOX ONLY:**

☐     **ACCEPTS (votes FOR) the Combined Plan and Disclosure Statement**.

☐     **REJECTS (votes AGAINST) the Combined Plan and Disclosure Statement**.

**IF YOU VOTE TO ACCEPT THE PLAN, SUCH ACCEPTANCE IS ALSO AN ACCEPTANCE OF THE RELEASES OF THE RELEASED PARTIES SET FORTH IN ARTICLE XIII.~~D~~C OF THE COMBINED PLAN AND DISCLOSURE STATEMENT. THEREFORE YOU WILL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED THE RELEASED PARTIES FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION TO THE EXTENT PROVIDED IN ARTICLE XIII.~~D~~C OF THE COMBINED PLAN AND DISCLOSURE STATEMENT.**

**IF YOU VOTE TO REJECT THE PLAN OR DO NOT RETURN A BALLOT, YOU WILL BE DEEMED TO HAVE ~~DEEMED TO HAVE~~ ALSO REJECTED THE RELEASES SET FORTH IN ARTICLE XIII.~~D~~C OF THE COMBINED PLAN AND DISCLOSURE STATEMENT AND WILL NOT BE GIVING SUCH RELEASES.  THE AMOUNT OF ANY DISTRIBUTION TO WHICH YOU MAY BE ENTITLED UNDER THE PLAN WILL NOT BE AFFECTED BY WHETHER YOU VOTE TO ACCEPT THE PLAN, VOTE TO REJECT THE PLAN, DO NOT VOTE ON THE PLAN, OR WHETHER YOU ARE GIVING THE RELEASES SET FORTH IN ARTICLE XIII.C OF THE COMBINED PLAN AND DISCLOSURE STATEMENT.**

> **Article XIII.~~D~~C of the Combined Plan and Disclosure Statement provides as follows:**
>
> **Releases by Holders of Claims and Interests.  As of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, to the fullest extent permissible under applicable law, as such law may be**

extended or integrated after the Effective Date, each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released each Debtor and Released Party from any and all any and all Claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Post-Effective Date Debtors, the Liquidating Trustee, or their Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Post-Effective Date Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined Plan and Disclosure Statement, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out-of-court sale and restructuring efforts, intercompany transactions, the Sale Transaction, the Chapter 11 Cases, the Liquidating Trust, the Liquidating Trust Agreement, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Combined Plan and Disclosure Statement, the Plan Supplement, the Liquidating Trust Agreement, any Restructuring Transaction, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Combined Plan and Disclosure Statement, the Plan Supplement, or the Liquidating Trust Agreement, or the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; provided, that any right to enforce the Plan, the Confirmation Order, the Liquidating Trust Agreement, and the Purchase Agreement is not so released.

~~Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in this Article XIII.D which includes by reference each of the related provisions and definitions contained in this Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in this Article XIII.D is: (1) consensual; (2) in exchange for the good and valuable consideration provided by the Released Parties; (3) a good-faith settlement and compromise of such Claims; (4) in the best interests of the Debtors and all Holders of Claims and Interests; (5) fair, equitable, and reasonable; (6) given and made after due notice and opportunity for hearing; and (7) a bar to any of the Releasing Parties or the Debtors, or their respective Estates asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property.~~

<u>Under the Combined Plan and Disclosure Statement:</u>

UNDER THE COMBINED PLAN AND DISCLOSURE STATEMENT "RELEASED PARTIES" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS

SUCH: (A) EACH OF THE COMPANY PARTIES; (B) THE RELEASED DEBTOR PROFESSIONALS; (C) THE COMMITTEE MEMBERS; AND (D) THE RELEASED COMMITTEE PROFESSIONALS; PROVIDED THAT, FOR THE AVOIDANCE OF DOUBT, IN NO INSTANCE SHALL A NON-RELEASED COMPANY PARTY BE A RELEASED PARTY.

"**Company Parties**" means, collectively, the Debtors' current and former directors, managers, officers, and employees (currently and prior to the closing of the Sale), each solely in their capacity as such, in each case, excluding the Non-Released Company Parties.

"**Non-Released Company Parties**" means, collectively, those Entities, if any, that may be identified pursuant to the Plan Supplement.[3]

UNDER THE COMBINED PLAN AND DISCLOSURE STATEMENT "RELEASING PARTIES" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) EACH OF THE DEBTORS AND (B) ALL HOLDERS OF CLAIMS ENTITLED TO VOTE UNDER THE PLAN THAT VOTE TO ACCEPT THE PLAN.

"**Released Parties**" means, collectively, and in each case in its capacity as such: (a) each of the Company Parties; (b) the Released Debtor Professionals; (c) the Committee Members; and (d) the Released Committee Professionals; provided that, for the avoidance of doubt, in no instance shall a Non-Released Company Party be a Released Party.

"**Releasing Parties**" means, collectively, and in each case in its capacity as such, all Holders of Claims entitled to vote under the Plan that vote to accept the Plan.

**Item 3.  Certification.**  By signing this Ballot, the Claimant certifies that: (i) on the Voting Record Date, it was the Holder of the Class 4 Unsecured Claim to which this Ballot pertains or an authorized signatory for such Holder, (ii) it has full power and authority to vote to accept or reject the Combined Plan and Disclosure Statement, execute, and cast the Ballot, and (iii) it has either (a) received a copy of the Combined Plan and Disclosure Statement and the other solicitation materials or (b) was provided instructions on how to obtain a copy of the Combined Plan and Disclosure Statement and the other solicitation materials.  The undersigned understands that an otherwise properly completed, executed and timely-casted Ballot that does not indicate either acceptance or rejection of the Combined Plan and Disclosure Statement or indicates both acceptance and rejection of the Combined Plan and Disclosure Statement will not be counted.  The undersigned also certifies that its vote on the Combined Plan and Disclosure Statement is subject to all the terms and conditions set forth in the Combined Plan and Disclosure Statement.

Name of Claimant:_____

Claim/Schedule Number (if available): _____

---

[3]    The Plan Supplement will be filed by [December 7], 2023.

Signature:_____

Name (if different from Claimant):_____

Title:_____

Address:_____

___

___

E-Mail Address:_____

Telephone Number:_____

Date Completed:_____

**Please make sure you have provided all information requested in this Ballot.  Please read and follow the instructions set forth in the attached Voting Instructions carefully.  Please complete, sign, and date this Ballot and cast it in the manner set forth herein so that it is <u>actually</u> <u>received</u> by the Notice, Claims, and Solicitation Agent by December 414, 2023 at 4:00 p.m. (Eastern Time).**

## **VOTING INSTRUCTIONS FOR COMPLETING THE GENERAL BALLOT**

1.     In order for your vote to count, you must:

> (i)     In the boxes provided in **Item 2** of the Ballot, indicate <u>either</u> acceptance or rejection of the Combined Plan and Disclosure Statement by checking the appropriate box; and

> (ii)    Review and sign the certifications in **Item 3** of the Ballot.  Please be sure to sign and date your Ballot.  Your signature is required in order for your vote to be counted.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the Unsecured Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

2.     **To have your vote counted and for any elections made in this Ballot to be effective, you must complete, sign and cast this Ballot so that it is <u>actually</u> <u>received</u> by the Notice, Claims, and Solicitation Agent not later than 4:00 p.m. (Eastern Time) on December ~~4~~14, 2023.**

3.     DO NOT SUBMIT YOUR BALLOT BY FAX OR EMAIL TRANSMISSION.  A Ballot submitted by fax or email transmission will not be counted, unless approved by the Debtors in writing or otherwise ordered by the Bankruptcy Court.

4.     The following voting procedures apply to your Ballot:

> (i)     Except to the extent the Debtors otherwise determine, or as permitted by the Bankruptcy Court, Ballots received after the Voting Deadline will not be accepted or counted by the Notice, Claims, and Solicitation Agent in connection with the confirmation of the Combined Plan and Disclosure Statement;

> (ii)    Claims shall not be split for purposes of voting; thus, each creditor must vote the full amount of its Claim(s) within each class to either accept or reject the Combined Plan and Disclosure Statement.  If a creditor attempts to split such vote on its Ballot, such Ballot will not be counted for voting purposes;

> (iii)   Any executed Ballot that does not indicate an acceptance or rejection shall not be counted;

> (iv)    Any executed Ballot that indicates both an acceptance and rejection of the Combined Plan and Disclosure Statement shall not be counted;

(v)     Votes cast pursuant to a Ballot that is not signed or does not contain an original signature shall not be counted, unless the Bankruptcy Court orders otherwise;

(vi)     The method of delivery of Ballots to be sent to the Notice, Claims, and Solicitation Agent is at the election and risk of each Holder of a Claim, but such delivery will be deemed made only when the original, executed Ballot is actually received by the Notice, Claims, and Solicitation Agent;

(vii)     Delivery of the original executed Ballot to the Notice, Claims, and Solicitation Agent on or before the Voting Deadline is required. Delivery of a Ballot by facsimile or email will not be accepted unless otherwise ordered by the Bankruptcy Court;

(viii)     No Ballot sent to the Debtors, or the Debtors' financial or legal advisors, shall be accepted or counted;

(ix)     The Debtors expressly reserve the right, subject to the approval of the Bankruptcy Court, to amend at any time and from time to time the terms of the Combined Plan and Disclosure Statement (subject to compliance with Section 1127 of the Bankruptcy Code and the terms of the Combined Plan and Disclosure Statement regarding modification). If the Debtors make material changes in the terms of the Combined Plan and Disclosure Statement, the Debtors will disseminate additional solicitation materials and will extend the solicitation deadline, in each case to the extent directed by the Bankruptcy Court;

(x)     If multiple Ballots are received from or on behalf of an individual Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

(xi)     If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtors, must submit proper evidence, satisfactory to the Debtors, of such person's authority to so act in such capacity;

(xii)     The Debtors, subject to any contrary order of the Bankruptcy Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Except as otherwise provided herein, the Debtors may, in their discretion, reject any such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Combined Plan and Disclosure Statement;

(xiii)     Unless otherwise ordered by the Bankruptcy Court, all questions as to the validity, eligibility (including time of receipt) and revocation or

withdrawal of Ballots will be determined by the Debtors, which determination shall be final and binding;

(xiv) If designation of a Claim is requested under section 1126(e) of the Bankruptcy Code, any vote to accept or reject the Combined Plan and Disclosure Statement cast with respect to such Claim will not be counted for purposes of determining whether the Combined Plan and Disclosure Statement has been accepted or rejected, unless the Bankruptcy Court orders otherwise;

(xv) Any Holder of a Claim that has delivered a valid Ballot voting on the Combined Plan and Disclosure Statement may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

(xvi) Unless waived or as otherwise ordered by the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Bankruptcy Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

(xvii) Neither the Debtors nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

(xviii) No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting Ballots to accept the Combined Plan and Disclosure Statement;

(xix) The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Combined Plan and Disclosure Statement; and

(xx) The Ballot does not constitute, and shall not be deemed to be, a proof of Claim or an assertion or admission of a Claim or Interest.

5.    It is important that you vote.  The Combined Plan and Disclosure Statement may be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the Holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each impaired Class who vote on the Combined Plan and Disclosure Statement and if the Combined Plan and Disclosure Statement otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Combined Plan and Disclosure Statement if it finds that the Combined Plan and Disclosure Statement: (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the

Class or Classes voting to reject the Combined Plan and Disclosure Statement and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To confirm a plan over the objection of a dissenting Class, the Bankruptcy Court also must find that at least one Impaired Class has accepted the Combined Plan and Disclosure Statement, with such acceptance being determined without including the acceptance of any "insider" in such Class.

6.    NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS DELIVERED WITH THIS BALLOT OR OTHER SOLICITATION MATERIALS APPROVED BY THE BANKRUPTCY COURT, INCLUDING, WITHOUT LIMITATION, THE DISCLOSURE STATEMENT.

7.    PLEASE CAST YOUR BALLOT PROMPTLY.

8.    THE PLAN PROPONENT EXPRESSLY RESERVES THE RIGHT TO OBJECT AT A LATER DATE TO THE AMOUNT ALLEGED HEREIN TO BE DUE TO THE HOLDER OF A CLAIM BY THE DEBTORS OR THE INDEBTEDNESS IN A TIMELY FILED PROOF OF CLAIM.

| |
|---|
| **IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THESE VOTING INSTRUCTIONS, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT, THE COMBINED PLAN AND DISCLOSURE STATEMENT, THE SOLICITATION PROCEDURES ORDER, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE NOTICE, CLAIMS, AND SOLICITATION AGENT AT (855) 794-3801 (TOLL-FREE) AND (949) 340-0398 (INTERNATIONAL) OR** |

**IMEDIAINQUIRIES@STRETTO.COM, OR JERAMY D. WEBB, ESQ, COUNSEL TO THE DEBTORS, AT JERAMY.WEBB@ROPESGRAY.COM.**

**Exhibit 4-B**

**Beneficial Holder Ballot**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Legacy IMBDS, Inc., *et al.*,[1] | Case No. 23-10852 (KBO) |
| Debtors. | (Jointly Administered) |

**BENEFICIAL HOLDER BALLOT TO ACCEPT OR REJECT COMBINED
JOINT CHAPTER 11 PLAN OF LIQUIDATION AND DISCLOSURE
STATEMENT OF LEGACY IMBDS, INC. AND ITS DEBTOR AFFILIATES**

**CLASS 4 – Unsecured Claims**

**THIS BENEFICIAL HOLDER BALLOT IS TO BE USED BY OR ON BEHALF OF THE
BENEFICIAL HOLDERS OF CLASS 4 UNSECURED CLAIMS THAT ARE SENIOR
UNSECURED NOTES CLAIMS.  PLEASE READ AND FOLLOW THE ATTACHED
INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BENEFICIAL
HOLDER BALLOT.**

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS**

**DECEMBER 414, 2023 AT 4:00 P.M. (EASTERN TIME)**

This beneficial holder ballot (the "Beneficial Holder Ballot") is submitted to you to solicit your vote to accept or reject the *Combined Joint Chapter 11 Plan of Liquidation and Disclosure Statement of Legacy IMBDS, Inc., and its Debtor Affiliates* [Docket No. [●]] (the disclosure statement portion thereof, the "Disclosure Statement" and the chapter 11 plan portion thereof, the "Plan, including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, and collectively, the "Combined Plan and Disclosure Statement")[2] proposed by the above-captioned debtors and debtors in possession (the "Debtors").  On [●], 2023, after a hearing to consider the adequacy of disclosures (the "Disclosures") contained in the Combined Plan and Disclosure Statement, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order approving on an interim basis the Disclosures provided in the Combined Plan and Disclosure Statement.  [Docket No. [●]].  The Disclosures

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  ValueVision Media Acquisitions, Inc. (8670); Legacy IMBDS, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642).  The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

[2]   Capitalized terms not defined herein shall have the same meanings ascribed to them in the Combined Plan and Disclosure Statement.

provide information to assist you in deciding how to vote your Beneficial Holder Ballot. You should review the Combined Plan and Disclosure Statement before you vote.

If you seek to have a Claim temporarily allowed for purposes of voting to accept or reject the Combined Plan and Disclosure Statement pursuant to Bankruptcy Rule 3018(a), you should file a motion (the "Rule 3018 Motion") for such relief by no later than [**November 16], 2023 at 4:00 p.m. (Eastern Time)**.

Pursuant to the *Order (I) Granting Interim Approval of the Disclosures in the Combined Plan and Disclosure Statement; (II) Scheduling a Combined Confirmation Hearing and Setting Deadlines Related Thereto; (III) Approving Solicitation Packages and Procedures; (IV) Approving the Forms of Ballots; and (V) Granting Related Relief* dated October [●], 2023 (the "Solicitation Procedures Order"), the Bankruptcy Court established **[December 7], 2023 at 4:00 p.m. (Eastern Time)** as the deadline by which the Debtors may file a plan supplement (the "Plan Supplement"). The Plan Supplement will be available at the Debtors' case website at (https://cases.stretto.com/imediabrands) or by telephoning the Notice, Claims, and Solicitation Agent at (855) 794-3801 (Toll-Free) and (949) 340-0398 (International).

This Beneficial Holder Ballot is being submitted to Beneficial Holders, as of October 30, 2023 (the "Voting Record Date"), of any Claim from, under, or in connection with the 8.50% senior unsecured notes due 2026 (collectively, the "Senior Unsecured Notes," and the Claims arising thereunder, the "Senior Unsecured Notes Claims") issued by Legacy IMBDS, Inc. under that *Indenture*, dated as of September 28, 2021 (as amended by that certain *First Supplemental Indenture*, dated as of September 28, 2021), between Legacy IMBDS, Inc. and U.S. Bank National Association, as trustee for the Senior Unsecured Notes.

You can cast your vote through this Beneficial Holder Ballot and return it to your broker, bank, or other nominee, or the agent of such broker, bank, or other nominee (each of the foregoing, a "Nominee"), in each case as of the Voting Record Date, in accordance with the instructions provided by your Nominee, who will then process your vote and include it on a master ballot (a "Master Ballot") that your Nominee will return to Stretto, Inc. (the "Notice, Claims, and Solicitation Agent"), unless you have received a pre-validated Ballot (and if so, please refer to the following paragraph). In order for your vote to count, your Beneficial Holder Ballot must be completed and returned to your Nominee in accordance with your Nominee's instructions, in all cases allowing sufficient time for your Nominee to receive and process your completed Beneficial Holder Ballot, then complete and return the Master Ballot to the Notice, Claims, and Solicitation Agent before the Voting Deadline.

If your Nominee chose to send you a pre-validated Beneficial Holder Ballot, please complete the remaining items on the Beneficial Holder Ballot and return the Beneficial Holder Ballot directly to the Notice, Claims, and Solicitation Agent by no later than the Voting Deadline using the return envelope provided in the solicitation package. If no return envelope was provided, you should contact the Notice, Claims, and Solicitation Agent for instructions.

This Beneficial Holder Ballot is for use by Beneficial Holders of Class 4 Unsecured Claims that are Senior Unsecured Notes Claims, which applicable CUSIPs are set forth on **Exhibit A** hereto.

**The Combined Plan and Disclosure Statement is subject to final approval and confirmation by the Bankruptcy Court.**

You may wish to seek legal advice concerning the Combined Plan and Disclosure Statement and the classification and treatment of your Claim(s) under the Combined Plan and Disclosure Statement.  **PLEASE BE ADVISED THAT YOUR DISTRIBUTION UNDER THE PLAN WILL NOT BE AFFECTED BY WHETHER OR NOT YOU VOTE TO REJECT THE PLAN.**

The Combined Plan and Disclosure Statement provides information to assist you in deciding how to vote your Beneficial Holder Ballot.  If you did not receive a copy of the Combined Plan and Disclosure Statement with this Ballot, you may obtain a copy free of charge on the dedicated webpage of Stretto, Inc. at https://cases.stretto.com/imediabrands or upon written request to the Notice, Claims, and Solicitation Agent at Legacy IMBDS, Inc. c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602 or telephoning the Notice, Claims, and Solicitation Agent at (855) 794-3801 (Toll-Free) and (949) 340-0398 (International), or emailing the Notice, Claims, and Solicitation Agent at iMediaInquiries@stretto.com.  Copies of the Combined Plan and Disclosure Statement are also on file with the Clerk of the Bankruptcy Court for the District of Delaware and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.deb.uscourts.gov.

The Combined Plan and Disclosure Statement may be confirmed by the Bankruptcy Court, and therefore made binding on you, if it is accepted by the Holders of at least one-half in number and two-thirds in amount of the Claims in each of the classes who vote on the Combined Plan and Disclosure Statement and/or if the Combined Plan and Disclosure Statement otherwise satisfies applicable legal requirements.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BENEFICIAL HOLDER BALLOT.**

---

**IMPORTANT**

**You should review the Combined Plan and Disclosure Statement before you vote.  You may wish to seek legal advice concerning the Combined Plan and Disclosure Statement and your classification and treatment under the Combined Plan and Disclosure Statement. Your Claim has been placed in Class 4 (Unsecured Claims) under the Combined Plan and Disclosure Statement.**

**Voting Deadline: December 4~~14~~, 2023 at 4:00 p.m. (Eastern Time)**

**Voting Record Date: October 30, 2023**

IN ORDER FOR YOUR VOTE TO COUNT, UNLESS YOU HAVE RECEIVED A PRE-VALIDATED BALLOT (AND IF SO, PLEASE REFER TO THE FOLLOWING PARAGRAPH), YOU MUST SUBMIT THIS BENEFICIAL HOLDER BALLOT   (OR OTHERWISE CONVEY YOUR VOTE AND THE REQUIRED INFORMATION REQUESTED ON THIS BENEFICIAL HOLDER BALLOT ACCORDING TO INSTRUCTIONS RECEIVED FROM  YOUR NOMINEE) TO YOUR NOMINEE WITH

---

SUFFICIENT TIME FOR YOUR NOMINEE TO RECEIVE YOUR VOTE, COMPLETE THE MASTER BALLOT AND RETURN THE MASTER BALLOT TO THE NOTICE, CLAIMS, AND SOLICITATION AGENT, SUCH THAT THE MASTER BALLOT IS <u>ACTUALLY RECEIVED</u> BY THE NOTICE, CLAIMS, AND SOLICITATION AGENT BY THE VOTING DEADLINE.  IF THE NOTICE, CLAIMS, AND SOLICITATION AGENT DOES NOT <u>ACTUALLY RECEIVE</u> THE MASTER BALLOT INDICATING YOUR VOTE CAST ON YOUR BENEFICIAL HOLDER BALLOT (OR OTHERWISE IN ACCORDANCE WITH YOUR NOMINEE'S INSTRUCTIONS) BY THE VOTING DEADLINE, YOUR VOTE WILL NOT BE COUNTED, EXCEPT AS DIRECTED BY THE DEBTORS IN THEIR SOLE DISCRETION.

IF YOUR NOMINEE CHOSE TO SEND YOU A PRE-VALIDATED BENEFICIAL HOLDER BALLOT, YOUR NOMINEE WILL HAVE ALREADY COMPLETED ITEM 4 BELOW AND EXECUTED THIS BENEFICIAL HOLDER BALLOT ON YOUR BEHALF.  IF YOU RECEIVED A PRE-VALIDATED BALLOT, PLEASE COMPLETE THE REMAINING ITEMS ON THE BENEFICIAL HOLDER BALLOT AND RETURN THE BENEFICIAL HOLDER BALLOT DIRECTLY TO THE NOTICE, CLAIMS, AND SOLICITATION AGENT BY NO LATER THAN THE VOTING DEADLINE USING THE RETURN ENVELOPE PROVIDED IN THE SOLICITATION PACKAGE. IF NO RETURN ENVELOPE WAS PROVIDED, YOU SHOULD CONTACT THE NOTICE, CLAIMS, AND SOLICITATION AGENT FOR INSTRUCTIONS.

YOU SHOULD NOT SEND YOUR BENEFICIAL HOLDER BALLOT TO ANY OF THE DEBTOR ENTITIES, DEBTORS' AGENTS (OTHER THAN THE NOTICE, CLAIMS, AND SOLICITATION AGENT ONLY IF PRE-VALIDATED), OR DEBTORS' FINANCIAL OR LEGAL ADVISORS.  IF SO SENT, THE BENEFICIAL HOLDER BALLOT WILL NOT BE COUNTED IN CONNECTION WITH THE PLAN.

IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, IT  WILL BE BINDING ON YOU WHETHER OR NOT YOU VOTE.

<u>**ACCEPTANCE OR REJECTION OF THE COMBINED PLAN AND DISCLOSURE STATEMENT**</u>

<u>**Item 1.**</u>  **Vote Amount**.  For purposes of voting to accept or reject the Combined Plan and Disclosure Statement, as of the Voting Record Date, the undersigned (the "<u>Claimant</u>") was the Beneficial Holder (or authorized signatory of such a Beneficial Holder) of Class 4 Unsecured Claims that are Senior Unsecured Notes Claims ("<u>Class 4 Notes Claims</u>"), which CUSIP is indicated by your Nominee on <u>**Exhibit A**</u> hereto, in the aggregate outstanding <u>principal</u> amount set forth below, without regard to any accrued but unpaid interest.  If your Class 4 Notes Claims are held by a Nominee on your behalf and you do not know the principal amount of the Claims held, please contact your Nominee immediately to obtain the amount.

$_____

<u>**Item 2.**</u>  **Vote on Combined Plan and Disclosure Statement.  CHECK ONE BOX ONLY:**

☐    **ACCEPTS (votes FOR) the Combined Plan and Disclosure Statement**.

☐      **REJECTS (votes AGAINST) the Combined Plan and Disclosure Statement**.

**IF YOU VOTE TO ACCEPT THE PLAN, SUCH ACCEPTANCE IS ALSO AN ACCEPTANCE OF THE RELEASES OF THE RELEASED PARTIES SET FORTH IN ARTICLE XIII.~~D~~C OF THE COMBINED PLAN AND DISCLOSURE STATEMENT. THEREFORE YOU WILL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED THE RELEASED PARTIES FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION TO THE EXTENT PROVIDED IN ARTICLE XIII.~~D~~C OF THE COMBINED PLAN AND DISCLOSURE STATEMENT.**

**IF YOU VOTE TO REJECT THE PLAN OR DO NOT RETURN A BALLOT, YOU WILL BE DEEMED TO HAVE ~~DEEMED TO HAVE~~ ALSO REJECTED THE RELEASES SET FORTH IN ARTICLE XIII.~~D~~C OF THE COMBINED PLAN AND DISCLOSURE STATEMENT AND WILL NOT BE GIVING SUCH RELEASES. THE AMOUNT OF ANY DISTRIBUTION TO WHICH YOU MAY BE ENTITLED UNDER THE PLAN WILL NOT BE AFFECTED BY WHETHER YOU VOTE TO ACCEPT THE PLAN, VOTE TO REJECT THE PLAN, DO NOT VOTE ON THE PLAN, OR WHETHER YOU ARE GIVING THE RELEASES SET FORTH IN ARTICLE XIII.C OF THE COMBINED PLAN AND DISCLOSURE STATEMENT.**

> **Article XIII.~~D~~C of the Combined Plan and Disclosure Statement provides as follows:**
>
> **Releases by Holders of Claims and Interests. As of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released each Debtor and Released Party from any and all any and all Claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Post-Effective Date Debtors, the Liquidating Trustee, or their Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Post-Effective Date Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined Plan and Disclosure Statement, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out-of-court sale and restructuring efforts, intercompany transactions, the Sale Transaction, the Chapter 11 Cases, the Liquidating Trust, the Liquidating Trust Agreement, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Combined Plan and Disclosure Statement, the Plan Supplement, the Liquidating Trust**

Agreement, any Restructuring Transaction, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Combined Plan and Disclosure Statement, the Plan Supplement, or the Liquidating Trust Agreement, or the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; provided, that any right to enforce the Plan, the Confirmation Order, the Liquidating Trust Agreement, and the Purchase Agreement is not so released.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in this Article XIII.D which includes by reference each of the related provisions and definitions contained in this Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in this Article XIII.D is: (1) consensual; (2) in exchange for the good and valuable consideration provided by the Released Parties; (3) a good-faith settlement and compromise of such Claims; (4) in the best interests of the Debtors and all Holders of Claims and Interests; (5) fair, equitable, and reasonable; (6) given and made after due notice and opportunity for hearing; and (7) a bar to any of the Releasing Parties or the Debtors, or their respective Estates asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property.

Under the Combined Plan and Disclosure Statement:

UNDER THE COMBINED PLAN AND DISCLOSURE STATEMENT "RELEASED PARTIES" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) EACH OF THE COMPANY PARTIES; (B) THE RELEASED DEBTOR PROFESSIONALS; (C) THE COMMITTEE MEMBERS; AND (D) THE RELEASED COMMITTEE PROFESSIONALS; PROVIDED THAT, FOR THE AVOIDANCE OF DOUBT, IN NO INSTANCE SHALL A NON-RELEASED COMPANY PARTY BE A RELEASED PARTY.

"**Company Parties**" means, collectively, the Debtors' current and former directors, managers, officers, and employees (currently and prior to the closing of the Sale), each solely in their capacity as such, in each case, excluding the Non-Released Company Parties.

"**Non-Released Company Parties**" means, collectively, those Entities, if any, that may be identified pursuant to the Plan Supplement.[3]
UNDER THE COMBINED PLAN AND DISCLOSURE STATEMENT "RELEASING PARTIES" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) EACH OF THE DEBTORS AND (B) ALL HOLDERS OF CLAIMS ENTITLED TO VOTE UNDER THE PLAN THAT VOTE TO ACCEPT THE PLAN.

---

[3]    The Plan Supplement will be filed by [December 7], 2023.

"**Released Parties**" means, collectively, and in each case in its capacity as such: (a) each of the Company Parties; (b) the Released Debtor Professionals; (c) the Committee Members; and (d) the Released Committee Professionals; provided that, for the avoidance of doubt, in no instance shall a Non-Released Company Party be a Released Party.

"**Releasing Parties**" means, collectively, and in each case in its capacity as such, all Holders of Claims entitled to vote under the Plan that vote to accept the Plan.

**Item 3**.   **Certification as to Class 4 Notes Claims Held in Additional Accounts.**   The undersigned hereby certifies that either (i) it has not submitted any other Ballots for other Class 4 Notes Claims held in other accounts or other record names, or (ii) if it has submitted Ballots for other Class 4 Notes Claims held in other accounts or other record names, then such Ballots indicate the same vote to accept or reject the Plan and the same release election.   If the undersigned has submitted Ballots for other such Class 4 Notes Claims, then the undersigned certifies the accuracy of the information provided below as to such other Claims.

| Name of Other Nominee(s) through which the Beneficial Holder Submitted Other Class 4 Notes Claims Votes | Beneficial Holder's Account Number(s) with Other Nominee(s) | Amount of Other Class 4 Notes Claims Voted through Other Nominee(s) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**Item 4.  Certification**.  By signing this Beneficial Holder Ballot, the Claimant certifies that: (i) on the Voting Record Date, it was the Beneficial Holder of the Class 4 Notes Claim identified in Item 1 to which this Beneficial Holder Ballot pertains or an authorized signatory for such Beneficial Holder, (ii) it has full power and authority to vote to accept or reject the Combined Plan and Disclosure Statement, execute, and cast the Beneficial Holder Ballot, and (iii) it has either (a) received a copy of the Combined Plan and Disclosure Statement and the other solicitation materials or (b) was provided instructions on how to obtain a copy of the Combined Plan and Disclosure Statement and the other solicitation materials.  The undersigned understands that an otherwise properly completed, executed and timely-casted Beneficial Holder Ballot that does not indicate either acceptance or rejection of the Combined Plan and Disclosure Statement or indicates both acceptance and rejection of the Combined Plan and Disclosure Statement will not be counted.  The undersigned also certifies that its vote on the Combined Plan and Disclosure Statement is subject to all the terms and conditions set forth in the Combined Plan and Disclosure Statement.

Name of Claimant:_____

Claim/Schedule Number (if available): _____

Signature:_____

Name (if different from Claimant):_____

Title:_____

Name of Institution: _____

Address:_____

___

___

E-Mail Address:_____

Telephone Number:_____

Date Completed:_____

This Beneficial Holder Ballot shall not constitute or be deemed a proof of claim or equity interest, an assertion of a claim or equity interest, or the allowance of a claim or equity interest.

**UNLESS YOU HAVE RECEIVED A PRE-VALIDATED BENEFICIAL HOLDER BALLOT (IN WHICH CASE YOU MUST RETURN YOUR COMPLETED BENEFICIAL HOLDER BALLOT TO THE NOTICE, CLAIMS, AND SOLICITATION AGENT BY 4:00 P.M. (PREVAILING EASTERN TIME) ON DECEMBER 4~~14~~, 2023, YOU MUST FORWARD YOUR BENEFICIAL HOLDER BALLOT TO YOUR NOMINEE WITH SUFFICIENT TIME FOR YOUR NOMINEE TO COMPLETE THE MASTER BALLOT AND SUBMIT THE MASTER BALLOT TO THE NOTICE, CLAIMS, AND SOLICITATION AGENT SO THAT THE NOTICE, CLAIMS, AND SOLICITATION AGENT ACTUALLY RECEIVES THE MASTER BALLOT BY 4:00 P.M. (PREVAILING EASTERN TIME) ON DECEMBER 4~~14~~, 2023, OR YOUR VOTE WILL NOT BE COUNTED.  PLEASE NOTE THAT YOUR NOMINEE MAY ESTABLISH AN EARLIER DEADLINE FOR YOU TO SUBMIT YOUR BENEFICIAL HOLDER BALLOT IN ORDER TO ALLOW ITSELF SUFFICIENT TIME TO**

**DELIVER THE MASTER BALLOT TO THE NOTICE, CLAIMS, AND SOLICITATION AGENT BY THE DEADLINE NOTED ABOVE.**

**Please make sure you have provided all information requested in this beneficial holder ballot.  please read and follow the instructions set forth in the attached voting instructions carefully.**

<p style="text-align:center">*     *     *     *     *</p>

<h2 style="text-align:center"><u>EXHIBIT A</u></h2>

Your Nominee may have checked a box below to indicate the CUSIP/ISIN to which this Beneficial Holder Ballot pertains, or otherwise provided that information to you on a label or schedule attached to the Beneficial Holder Ballot.  If your Nominee has not checked the box below, please check the appropriate box.

| Class 4 – Notes Claims | | |
|---|---|---|
| ☐ | 8.50% Senior Unsecured Notes due 9/30/2026 | CUSIP 452465305 |

## BENEFICIAL HOLDER BALLOT INSTRUCTIONS

In order for your vote to count, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; and (c) sign and return the Ballot in accordance with the instructions received, so that this Ballot (if "pre-validated" by your Nominee) or a Master Ballot cast on your behalf is actually received by the Notice, Claims, and Solicitation Agent by the Voting Deadline.  If you are returning your Ballot to the Nominee that provided you with this Ballot, your completed Ballot must be sent to your Nominee, allowing sufficient time for your Nominee to receive your Ballot, complete a Master Ballot, and transmit the Master Ballot to the Notice, Claims, and Solicitation Agent so that it is <u>actually received</u> by the Voting Deadline.

1.  Complete Items 1 and 2.

2.  Review the certification contained in Item 3.

3.  Review the certification contained in Item 4.

4.  **Sign and date the Beneficial Holder Ballot and fill out the other required information (or otherwise follow the instructions of your Nominee).**  Your signature is required in order for your vote to be counted.  If you are completing the Beneficial Holder Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.

5.  If you have not received a pre-validated Beneficial Holder Ballot, return your completed Beneficial Holder Ballot to your Nominee so that your Nominee may complete the Master Ballot and return the Master Ballot to the Notice, Claims, and Solicitation Agent no later than December 4<u>14</u>, 2023 at 4:00 p.m. (prevailing Eastern Time).

6.  If you have received a pre-validated Beneficial Holder Ballot, return your completed Beneficial Holder Ballot to the Notice, Claims, and Solicitation Agent no later than December 4<u>14</u>, 2023 at 4:00 p.m. (prevailing Eastern Time).

7.  You must vote the full amount of your Class 4 Notes Claim either to accept or reject the Plan and may not split your vote.  If you attempt to split your vote on the Beneficial Holder Ballot, such ballot will not be counted for voting purposes.

8.  The following Beneficial Holder Ballots will not be counted in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of such Claim, (ii) any Ballot cast by any Entity that does not hold a Claim in a Voting Class, (iii) any Ballot cast for a Claim scheduled as unliquidated, contingent, or disputed for which no Proof of Claim was timely filed (unless the Claim was resolved by stipulation with the Debtors or allowance through an order of the Bankruptcy Court), (iv) any Ballot lacking an original signature, (v) any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan, (vi) any Ballot received after the Voting Deadline, (vii) any Ballot that has been supervened by a later valid Ballot returned by the same Holder, and (viii)

any Ballot submitted by any Entity not entitled to vote pursuant to the procedures described herein.

9. If the Beneficial Holder Ballot is received after the Voting Deadline, it will not be counted, unless otherwise determined by the Debtors, in their sole discretion. The method of delivery of the Beneficial Holder Ballot to the Nominee or the Notice, Claims, and Solicitation Agent is at your election and risk.

10. If multiple ballots are received from or on behalf of a Beneficial Holder with respect to the same Claim prior to the Voting Deadline, the last properly completed Beneficial Holder Ballot timely received by the Voting Deadline will be deemed to reflect the voter's intent and to supersede and revoke any prior ballots.

11. The Beneficial Holder Ballot should not be sent to the Debtors, the Bankruptcy Court, or the Debtors' financial or legal advisors.

12. In the event that (i) the Debtors revoke or withdraw the Plan, or (ii) the Confirmation Order is not entered or consummation of the Plan does not occur, this Beneficial Holder Ballot shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you.

13. There may be changes made to the Plan that do not have material adverse effects on an accepting Class. If such non-material changes are made to the Plan, the Debtors will not resolicit votes for acceptance or rejection of the Plan. The Debtors expressly reserve the right, subject to the approval of the Bankruptcy Court, to amend at any time and from time to time the terms of the Combined Plan and Disclosure Statement (subject to compliance with Section 1127 of the Bankruptcy Code and the terms of the Combined Plan and Disclosure Statement regarding modification). If the Debtors make material changes in the terms of the Combined Plan and Disclosure Statement, the Debtors will disseminate additional solicitation materials and will extend the solicitation deadline, in each case to the extent directed by the Bankruptcy Court.

14. DO NOT SUBMIT YOUR BALLOT BY FAX OR EMAIL TRANSMISSION. A Beneficial Holder Ballot submitted by fax or email transmission will not be counted, unless approved by the Debtors in writing or otherwise ordered by the Bankruptcy Court.

15. The following additional voting procedures apply to your Ballot:

a. If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtors, must submit proper evidence, satisfactory to the Debtors, of such person's authority to so act in such capacity;

b. The Debtors, subject to any contrary order of the Bankruptcy Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Except as otherwise provided herein, the Debtors may, in their discretion,

reject any such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Combined Plan and Disclosure Statement;

c.   Unless otherwise ordered by the Bankruptcy Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtors, which determination shall be final and binding;

d.   If designation of a Claim is requested under section 1126(e) of the Bankruptcy Code, any vote to accept or reject the Combined Plan and Disclosure Statement cast with respect to such Claim will not be counted for purposes of determining whether the Combined Plan and Disclosure Statement has been accepted or rejected, unless the Bankruptcy Court orders otherwise;

e.   Any Holder of a Claim that has delivered a valid Ballot voting on the Combined Plan and Disclosure Statement may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

f.   Unless waived or as otherwise ordered by the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Bankruptcy Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived;

g.   Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

h.   Neither the Debtors nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

i.   No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting Ballots to accept the Combined Plan and Disclosure Statement;

j.   The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Combined Plan and Disclosure Statemen; and

k.   The Ballot does not constitute, and shall not be deemed to be, a proof of Claim or an assertion or admission of a Claim or Interest.

16.   It is important that you vote.  The Combined Plan and Disclosure Statement may be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the Holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each impaired Class who vote on the Combined Plan and Disclosure Statement and if the Combined Plan and Disclosure Statement otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Combined Plan and Disclosure Statement if it finds that the Combined Plan and Disclosure Statement:

(i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Combined Plan and Disclosure Statement and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To confirm a plan over the objection of a dissenting Class, the Bankruptcy Court also must find that at least one Impaired Class has accepted the Combined Plan and Disclosure Statement, with such acceptance being determined without including the acceptance of any "insider" in such Class.

17.    NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS DELIVERED WITH THIS BENEFICIAL HOLDER BALLOT OR OTHER SOLICITATION MATERIALS APPROVED BY THE BANKRUPTCY COURT, INCLUDING, WITHOUT LIMITATION, THE DISCLOSURE STATEMENT.

18.    PLEASE CAST YOUR BALLOT PROMPTLY.

19.    THE PLAN PROPONENT EXPRESSLY RESERVES THE RIGHT TO OBJECT AT A LATER DATE TO THE AMOUNT ALLEGED HEREIN TO BE DUE TO THE HOLDER OF A CLAIM BY THE DEBTORS OR THE INDEBTEDNESS IN A TIMELY FILED PROOF OF CLAIM.

---

**IF YOU HAVE ANY QUESTIONS REGARDING THE BENEFICIAL HOLDER BALLOT, HOW TO PROPERLY COMPLETE THE BENEFICIAL HOLDER BALLOT, OR VOTING INSTRUCTIONS YOU HAVE RECEIVED, PLEASE CONTACT YOUR NOMINEE.**

**IF YOU HAVE GENERAL QUESTIONS ABOUT SOLICITATION OF THE PLAN VOTES, OR IF YOU NEED ADDITIONAL COPIES OF THE BENEFICIAL HOLDER BALLOT, THE COMBINED PLAN AND DISCLOSURE STATEMENT, THE SOLICITATION PROCEDURES ORDER, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE NOTICE, CLAIMS, AND SOLICITATION AGENT AT (855)**

**794-3801 (TOLL-FREE) AND (949) 340-0398 (INTERNATIONAL) OR IMEDIAINQUIRIES@STRETTO.COM, OR JERAMY D. WEBB, ESQ, COUNSEL TO THE DEBTORS, AT JERAMY.WEBB@ROPESGRAY.COM.**

**Exhibit 4-C**

**Master Ballot**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>Legacy IMBDS, Inc., *et al.*,[1]<br><br><div align="right">Debtors.</div> | Chapter 11<br><br>Case No. 23-10852 (KBO)<br><br>(Jointly Administered) |

**MASTER BALLOT TO ACCEPT OR REJECT COMBINED**
**JOINT CHAPTER 11 PLAN OF LIQUIDATION AND DISCLOSURE**
**STATEMENT OF LEGACY IMBDS, INC. AND ITS DEBTOR AFFILIATES**

**CLASS 4 – Unsecured Claims that are Seniors Unsecured Notes Claims**

**PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY**
**BEFORE COMPLETING THIS MASTER BALLOT.**

| **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS**<br><br>**DECEMBER 4~~4~~14, 2023 AT 4:00 P.M. (EASTERN TIME)** |
|---|

This master ballot (the "Master Ballot") is being submitted to brokers, dealers, commercial banks, trust companies, or other agent nominees (collectively, the "Nominees") of beneficial holders of Senior Unsecured Notes Claims (as defined below) against Legacy IMBDS, Inc. (each, a "Beneficial Holder") in connection with the above-captioned debtors and debtors in possession's (the "Debtors")  solicitation of votes to accept or reject the *Combined Joint Chapter 11 Plan of Liquidation and Disclosure Statement of Legacy IMBDS, Inc., and its Debtor Affiliates* [Docket No. [●]] (the disclosure statement portion thereof, the "Disclosure Statement" and the chapter 11 plan portion thereof, the "Plan, including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, and collectively, the "Combined Plan and Disclosure Statement")[2] proposed by the Debtors.  On [●], 2023, after a hearing to consider the adequacy of disclosures (the "Disclosures") contained in the Combined Plan and Disclosure Statement, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:   ValueVision Media Acquisitions, Inc. (8670); Legacy IMBDS, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642).  The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

[2]    Capitalized terms not defined herein shall have the same meanings ascribed to them in the Combined Plan and Disclosure Statement.

Court") entered an order approving on an interim basis the Disclosures provided in the Combined Plan and Disclosure Statement.  [Docket No. [●]].

The Disclosures provide information to assist holders of Claims in deciding whether to accept of reject the Plan.

If any claimant seeks to have a Claim temporarily allowed for purposes of voting to accept or reject the Combined Plan and Disclosure Statement pursuant to Bankruptcy Rule 3018(a), such claimant is required to file a motion (the "Rule 3018 Motion") for such relief by no later than **[November 16], 2023 at 4:00 p.m. (Eastern Time)**.

Pursuant to the *Order (I) Granting Interim Approval of the Disclosures in the Combined Plan and Disclosure Statement; (II) Scheduling a Combined Confirmation Hearing and Setting Deadlines Related Thereto; (III) Approving Solicitation Packages and Procedures; (IV) Approving the Forms of Ballots; and (V) Granting Related Relief* dated October [●], 2023 (the "Solicitation Procedures Order"), the Bankruptcy Court established **[December 7], 2023 at 4:00 p.m. (Eastern Time)** as the deadline by which the Debtors may file a plan supplement (the "Plan Supplement").  The Plan Supplement will be available at the Debtors' case website at (https://cases.stretto.com/imediabrands) or by telephoning the Notice, Claims, and Solicitation Agent at (855) 794-3801 (Toll-Free) and (949) 340-0398 (International).

This Master Ballot is being submitted to Nominees of Beneficial Holders, as of October 30, 2023 (the "Voting Record Date"), of any Claim from, under, or in connection with the 8.50% senior unsecured notes due 2026 (collectively, the "Senior Unsecured Notes," and the Claims arising thereunder, the "Senior Unsecured Notes Claims") issued by Legacy IMBDS, Inc. under that *Indenture*, dated as of September 28, 2021 (as amended by that certain *First Supplemental Indenture*, dated as of September 28, 2021), between Legacy IMBDS, Inc. and U.S. Bank National Association, which CUSIP(s) are indicated on **Exhibit A** hereto.  Nominees should use this Master Ballot to tabulate votes on behalf of the Beneficial Holders of Class 4 Unsecured Claims that are Senior Unsecured Notes Claims (the "Class 4 Notes Claims") to accept or reject the Plan.

Upon receipt of these materials, you should immediately forward to the Beneficial Holders the form of ballot for such holders (the "Beneficial Holder Ballot") with a stamped return envelope addressed to you, as provided in the attached instructions, if you intend to utilize the Master Ballot. If you choose to pre-validate the Beneficial Holder Ballot prior to forwarding the aforementioned materials to the Holders, please (i) complete Item 4 of the Beneficial Holder Ballot and execute the Beneficial Holder Ballot on behalf of the Holder and (ii) direct the Holder to return the Beneficial Holder Ballot directly to Stretto Inc. (the "Notice, Claims, and Solicitation Agent") by no later than the Voting Deadline.

In addition, you are authorized to collect votes to accept or to reject the Plan from the Beneficial Holders of Class 4 Notes Claims in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Holder Ballot, and collecting votes from Holders through online voting, by phone, facsimile, or other electronic means.

**The Combined Plan and Disclosure Statement is subject to final approval and confirmation by the Bankruptcy Court.**

You may wish to seek legal advice concerning the Combined Plan and Disclosure Statement and the classification and treatment of Claim(s) under the Combined Plan and Disclosure Statement.

**PLEASE BE ADVISED THAT YOUR DISTRIBUTION UNDER THE PLAN WILL NOT BE AFFECTED BY WHETHER OR NOT YOU VOTE TO REJECT THE PLAN.**

The Combined Plan and Disclosure Statement provides information to assist holders of Claims in deciding whether to accept or reject the Plan.  If you did not receive a copy of the Combined Plan and Disclosure Statement with this Ballot, you may obtain a copy free of charge on the dedicated webpage of Stretto, Inc. at https://cases.stretto.com/imediabrands or upon written request to the Notice, Claims, and Solicitation Agent at Legacy IMBDS, Inc. c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602 or telephoning the Notice, Claims, and Solicitation Agent at (855) 794-3801 (Toll-Free) and (949) 340-0398 (International), or emailing the Notice, Claims, and Solicitation Agent at iMediaInquiries@stretto.com.  Copies of the Combined Plan and Disclosure Statement are also on file with the Clerk of the Bankruptcy Court for the District of Delaware and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.deb.uscourts.gov.

The Combined Plan and Disclosure Statement may be confirmed by the Bankruptcy Court, and therefore made binding on Holders of Class 4 Notes Claims, if it is accepted by such Holders of at least one-half in number and two-thirds in amount of the Claims who vote on the Combined Plan and Disclosure Statement and/or if the Combined Plan and Disclosure Statement otherwise satisfies applicable legal requirements.

Your receipt of this Master Ballot does not signify that a Beneficial Holder's Claim(s) has been or will be Allowed.  This Master Ballot is solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of or distribution on account of Class 4 Notes Claims.

### NOTICE REGARDING CERTAIN RELEASE PROVISIONS IN THE PLAN

Please be advised that if the Plan is consummated, Holders of Class 4 Notes Claims that vote to accept the Plan will be deemed to have granted such releases.

If you are deemed to grant the releases set forth in Article XIII.~~D~~C of the Combined Plan and Disclosure Statement but do not wish to grant such release, you must file an objection with the Bankruptcy Court in accordance with the procedures described in the Solicitation Procedures Order.

> **YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

The text of certain release provisions of the Plan and certain related definitions are set forth

below for your convenience, but you should review the Combined Plan and Disclosure Statement for a complete description of such provisions.

If a Holder of Class 4 Notes Claims votes to accept the Plan, such Holder of Class 4 Notes Claims shall be deemed to have consented to the releases contained in the Plan.

> **Article XIII.~~D~~C of the Combined Plan and Disclosure Statement provides as follows:**
>
> **Releases by Holders of Claims and Interests. As of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released each Debtor and Released Party from any and all any and all Claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Post-Effective Date Debtors, the Liquidating Trustee, or their Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Post-Effective Date Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined Plan and Disclosure Statement, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out-of-court sale and restructuring efforts, intercompany transactions, the Sale Transaction, the Chapter 11 Cases, the Liquidating Trust, the Liquidating Trust Agreement, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Combined Plan and Disclosure Statement, the Plan Supplement, the Liquidating Trust Agreement, any Restructuring Transaction, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Combined Plan and Disclosure Statement, the Plan Supplement, or the Liquidating Trust Agreement, or the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; provided, that any right to enforce the Plan, the Confirmation Order, the Liquidating Trust Agreement, and the Purchase Agreement is not so released.**
>
> **~~Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in this Article XIII.D which includes by reference each of the related provisions and definitions contained in this Plan, and further, shall constitute the Bankruptcy~~**

4

~~Court's finding that each release described in this Article XIII.D is: (1) consensual; (2) in exchange for the good and valuable consideration provided by the Released Parties; (3) a good-faith settlement and compromise of such Claims; (4) in the best interests of the Debtors and all Holders of Claims and Interests; (5) fair, equitable, and reasonable; (6) given and made after due notice and opportunity for hearing; and (7) a bar to any of the Releasing Parties or the Debtors, or their respective Estates asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property.~~

Under the Combined Plan and Disclosure Statement:

~~UNDER THE COMBINED PLAN AND DISCLOSURE STATEMENT "RELEASED PARTIES" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) EACH OF THE COMPANY PARTIES; (B) THE RELEASED DEBTOR PROFESSIONALS; (C) THE COMMITTEE MEMBERS; AND (D) THE RELEASED COMMITTEE PROFESSIONALS; PROVIDED THAT, FOR THE AVOIDANCE OF DOUBT, IN NO INSTANCE SHALL A NON-RELEASED COMPANY PARTY BE A RELEASED PARTY.~~

"**Company Parties**" means, collectively, the Debtors' current and former directors, managers, officers, and employees (currently and prior to the closing of the Sale), each solely in their capacity as such, in each case, excluding the Non-Released Company Parties.

~~UNDER THE COMBINED PLAN AND DISCLOSURE STATEMENT "RELEASING PARTIES" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) EACH OF THE DEBTORS AND (B) ALL HOLDERS OF CLAIMS ENTITLED TO VOTE UNDER THE PLAN THAT VOTE TO ACCEPT THE PLAN.~~

"**Non-Released Company Parties**" means, collectively, those Entities, if any, that may be identified pursuant to the Plan Supplement.[3]

"**Released Parties**" means, collectively, and in each case in its capacity as such: (a) each of the Company Parties; (b) the Released Debtor Professionals; (c) the Committee Members; and (d) the Released Committee Professionals; provided that, for the avoidance of doubt, in no instance shall a Non-Released Company Party be a Released Party.

"**Releasing Parties**" means, collectively, and in each case in its capacity as such, all Holders of Claims entitled to vote under the Plan that vote to accept the Plan.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS MASTER BALLOT.**

| **IMPORTANT** |
| --- |

---

[3]   The Plan Supplement will be filed by [December 7], 2023.

**You should review the Combined Plan and Disclosure Statement before you complete the Master Ballot.  You may wish to seek legal advice concerning the Combined Plan and Disclosure Statement and the classification and treatment of Claims under the Combined Plan and Disclosure Statement.**

**Voting Deadline: December 414, 2023 at 4:00 p.m. (Eastern Time)**

**Voting Record Date: October 30, 2023**

IF THE NOTICE, CLAIMS, AND SOLICITATION AGENT DOES NOT <u>ACTUALLY RECEIVE</u> THE MASTER BALLOT BY THE VOTING DEADLINE, THE VOTES BY THE BENEFICIAL HOLDERS WILL NOT BE COUNTED, EXCEPT AS DIRECTED BY THE DEBTORS IN THEIR SOLE DISCRETION.

YOU SHOULD NOT SEND THE MASTER BALLOT TO ANY OF THE DEBTOR ENTITIES, DEBTORS' AGENTS (OTHER THAN THE NOTICE, CLAIMS, AND SOLICITATION AGENT), OR DEBTORS' FINANCIAL OR LEGAL ADVISORS.  IF SO SENT, THE MASTER BALLOT WILL NOT BE COUNTED IN CONNECTION WITH THE PLAN.

IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, IT  WILL BE BINDING ON THE HOLDERS OF CLASS 4 NOTES CLAIMS WHETHER OR NOT THEY VOTE.

**PLEASE COMPLETE ALL OF THE ITEMS BELOW BASED UPON ANY BENEFICIAL HOLDER BALLOTS RECEIVED.  IF THIS MASTER BALLOT HAS NOT BEEN PROPERLY COMPLETED, THE VOTES OF THE BENEFICIAL HOLDERS MAY NOT BE COUNTED.**

<u>Item 1</u>.  **Certification of Authority to Vote.**

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

☐    is a Nominee for the Beneficial Holders in the principal amount of Class 4 Notes Claims listed in Item 2 below and is the registered holder of such Class 4 Notes Claims; or

☐    is acting under a power of attorney and/or agency (a copy of which must be provided upon request) granted by a Nominee that is the registered holder of Class 4 Notes Claims in the principal amount listed in Item 2 below; or

☐    has been granted a proxy (an original of which is annexed hereto) from a Nominee or a Beneficial Holder that is the registered holder of the principal amount of Class 4 Notes Claims listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Holders of the Class 4 Notes Claims in the principal amount listed in Item 2 below.

<u>Item 2</u>.  **Vote on Combined Plan and Disclosure Statement.**

The undersigned transmits the following votes of Beneficial Holders in respect of their Class 4 Notes Claims and certifies that the following Beneficial Holders, as identified by their respective customer account numbers set forth below, are Beneficial Holders as of the Voting Record Date and have delivered to the undersigned, as Nominee, Beneficial Holder Ballots casting such votes.[24]

---

[24]   Indicate in the appropriate column the principal amount of the Unsecured Claims voted for each account, or attach such information to this Master Ballot in the form of the following table.  Please note that each Beneficial Holder must vote all of such Beneficial Holder's Claims to accept or to reject the Plan and may not split such vote.  Any ballot executed by a Beneficial Holder that does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and a rejection of the Plan, and has not been corrected by the Voting Deadline, shall not be counted.

| Your Customer Account Number for Each Beneficial Holder of Class 4 Notes Claims that Voted | Principal Amount of Unsecured Claims Held by Your Customer | Item 2. Vote on Plan | |
|---|---|---|---|
| | | ACCEPT | REJECT |
| 1. | | ☐ | ☐ |
| 2. | | ☐ | ☐ |
| 3. | | ☐ | ☐ |
| 4. | | ☐ | ☐ |
| 5. | | ☐ | ☐ |
| 6. | | ☐ | ☐ |
| 7. | | ☐ | ☐ |
| 8. | | ☐ | ☐ |
| 9. | | ☐ | ☐ |
| 10. | | ☐ | ☐ |

**<u>Item 3</u>.  Certification as to Transcription of Information from Item 4 of the Beneficial Holder Ballots as to Class 4 Notes Claims Voted Through Other Ballots.**

The undersigned certifies that the undersigned has transcribed in the following table the information, if any, Beneficial Holders have provided in Item 3 of the Beneficial Holder Ballot, identifying any Class 4 Notes Claims for which such Beneficial Holders have submitted other ballots (other than to the undersigned):

| Your Customer Account Number for Each Beneficial Holder That Completed Item 3 of the Beneficial Holder Ballot | TRANSCRIBE FROM ITEM 3 OF THE BALLOTS: | | |
|---|---|---|---|
| | Name of Beneficial Holder (or name of Nominee if notes are held through a Nominee) | Account Number | Principal Amount of Class 4 Unsecured Claims Voted |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**Item 4.  Certification.**

By signing this Master Ballot, the undersigned certifies that:

(a)     (i) the undersigned has either received a copy of the Combined Plan and Disclosure Statement (or  was provided instructions on how to obtain a copy of the Combined Plan and Disclosure Statement), Master Ballot and Beneficial Holder Ballot, and has either delivered the Combined Plan and Disclosure Statement and Beneficial Holder Ballot to Beneficial Holders holding Class 4 Notes Claims through the undersigned with a return envelope or in accordance with your customary practices; (ii) the undersigned has received a completed and signed Beneficial Holder Ballot from each such Beneficial Holder as provided in this Master Ballot or in accordance with your customary practices; (iii) the undersigned is the registered holder of the securities being voted or agent thereof; and (iv) the undersigned has been authorized by each such Beneficial Holder to vote on the Plan and to make applicable elections;

(b)     the undersigned has properly disclosed: (i) the number of Beneficial Holders voting Class 4 Notes Claims through the undersigned; (ii) the respective amounts of Class 4 Notes Claims owned by each such Beneficial Holder; (iii) each such Beneficial Holder's respective vote concerning the Plan; and (iv) the customer account or other identification number for each such Beneficial Holder;

(c)     if the undersigned is a Beneficial Holder and uses this Master Ballot to vote the undersigned's Class 4 Notes Claims, the undersigned confirms and attests to each of the certifications in Item 4 of the Beneficial Holder Ballot;

9

(d)    each such Beneficial Holder has certified to the undersigned that such beneficial holder is a Beneficial Holder and/or is otherwise eligible to vote on the Plan; and

(e)    the undersigned will maintain Beneficial Holder Ballots and evidence of separate transactions returned by Beneficial Holders (whether properly completed or defective) for at least one year after the Voting Deadline, and disclose all such information to the Bankruptcy Court or the Debtors, as the case may be, if so ordered.

**Item 5.**  **Nominee Information and Signature.**

Name of Nominee:_____

Participant Number: _____

Name of Proxy Holder or Agent for Nominee (if applicable): _____

_____

Signature:_____

Name of Signatory:_____

Title:_____

Address:_____

___

___

E-Mail Address:_____

Telephone Number:_____

Date Completed:_____

This Master Ballot shall not constitute or be deemed a proof of claim or equity interest, an assertion of a claim or equity interest, or the allowance of a claim or equity interest.

**THE COMPLETED MASTER BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE NOTICE, CLAIMS, AND SOLICITATION AGENT BY 4:00 P.M. (PREVAILING EASTERN TIME) ON DECEMBER 4<u>14</u>, 2023.**

<p style="text-align:center">*    *    *    *    *</p>

<p style="text-align:center"><u>**EXHIBIT A**</u></p>

Please check the box below to indicate the CUSIP/ISIN to which this Master Ballot pertains (or clearly indicate such information directly on the Master Ballot or on a schedule thereto):

| Class 4 – Unsecured Claims | | |
|---|---|---|
| ☐ | 8.50% Senior Unsecured Notes due 9/30/2026 | CUSIP 452465305 |

## MASTER BALLOT INSTRUCTIONS

1.  To have the votes of your Beneficial Holders count, you should already have delivered to each such holder a copy of the Combined Plan and Disclosure Statement (or provided instructions on how to obtain a copy of the Combined Plan and Disclosure Statement), along with a Beneficial Holder Ballot with a stamped return envelope addressed to you (unless you have elected to send pre-validated Beneficial Holder Ballots, in which case the stamped return envelope should be addressed to the Notice, Claims, and Solicitation Agent), so such Holder may return their Beneficial Holder Ballot to you in sufficient time for you to complete and return the Master Ballot to the Notice, Claims, and Solicitation Agent, so that the Notice, Claims, and Solicitation Agent <u>actually receives</u> the Master Ballot before the Voting Deadline.

2.  With regard to any Beneficial Holder Ballots returned to you, to have the vote of your Beneficial Holders count, you must: (i) transfer the requested information from each such Beneficial Holder Ballot onto the Master Ballot; (ii) execute the Master Ballot; and (iii) deliver the Master Ballot to the Notice, Claims, and Solicitation Agent in accordance with these instructions.

3.  Please keep any records of Beneficial Holder Ballots, whether in hard copy or by electronic means, for at least one year after the Voting Deadline (or such other date as is set by order of the Bankruptcy Court). You may be ordered to produce the Beneficial Holder Ballots (or evidence of the votes submitted to you) to the Debtors or the Bankruptcy Court.

4.  If you are both the Nominee and Beneficial Holder, and you wish to vote such Class 4 Notes Claims for which you are a Beneficial Holder, you may return either a Beneficial Holder Ballot or the Master Ballot for such Claims.

5.  The following ballots will not be counted in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of such Claim, (ii) any Ballot cast by any Entity that does not hold a Claim in a Voting Class, (iii) any Ballot cast for a Claim scheduled as unliquidated, contingent, or disputed for which no Proof of Claim was timely filed (unless the Claim was resolved by stipulation with the Debtors or allowance through an order of the Court), (iv) any Ballot lacking an original signature (for the avoidance of doubt, a Ballot cast via the online balloting portal and Master Ballots submitted by e-mail will be deemed to include an original signature), (v) any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan, (vi) any Ballot received after the Voting Deadline, (vii) any Ballot that has been supervened by a later valid Ballot returned by the same Holder, and (viii) any Ballot submitted by any Entity not entitled to vote pursuant to the procedures described herein.

6.  If the Master Ballot is received after the Voting Deadline, it will not be counted, unless otherwise determined by the Debtors, in their sole discretion. The method of delivery of the Master Ballot to the Notice, Claims, and Solicitation Agent is at your election and risk.

7.  The Master Ballot should not be sent to the Debtors, the Bankruptcy Court, or the Debtors' financial or legal advisors.

8.  In the event that (i) the Debtors revoke or withdraw the Plan, or (ii) the Confirmation Order is not entered or consummation of the Plan does not occur, this Master Ballot shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you.

9.  There may be changes made to the Plan that do not have material adverse effects on an accepting Class.  If such non-material changes are made to the Plan, the Debtors will not resolicit votes for acceptance or rejection of the Plan.  The Debtors expressly reserve the right, subject to the approval of the Bankruptcy Court, to amend at any time and from time to time the terms of the Combined Plan and Disclosure Statement (subject to compliance with Section 1127 of the Bankruptcy Code and the terms of the Combined Plan and Disclosure Statement regarding modification).  If the Debtors make material changes in the terms of the Combined Plan and Disclosure Statement, the Debtors will disseminate additional solicitation materials and will extend the solicitation deadline, in each case to the extent directed by the Bankruptcy Court.

10. The following additional rules and procedures apply to the Master Ballots:

   a.  Votes cast by Beneficial Holders through a Nominee will be applied against the positions held by such entities in the Class 4 Notes Claims as of the Voting Record Date, as evidenced by the record and depository listings;

   b.  Votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Holder Ballots, will not be counted in excess of the record amount of the Class 4 Notes Claims held by such Nominee;

   c.  To the extent that conflicting votes or "overvotes" are submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Holder Ballots, the Notice, Claims, and Solicitation Agent will attempt to reconcile discrepancies with the Nominee;

   d.  To the extent that overvotes on a Master Ballot or pre-validated Beneficial Holder Ballots are not reconcilable prior to the preparation of the vote certification, the Notice,  Claims, and Solicitation Agent will apply the votes to accept and reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or pre-validated Beneficial Holder Ballots that contained the overvote, but only to the extent of the Nominee's position in the relevant Class 4 Notes Claims;

   e.  For purposes of tabulating votes, each Beneficial Holder holding through a particular account will be deemed to have voted the amount relating to its holding in that particular account, although the Notice, Claims, and Solicitation Agent may be asked to adjust such amount to reflect the Claim amount;

   f.  The Debtors, subject to any contrary order of the Bankruptcy Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without

notice.  Except as otherwise provided herein, the Debtors may, in their discretion, reject any such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Combined Plan and Disclosure Statement;

g.  Unless otherwise ordered by the Bankruptcy Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtors, which determination shall be final and binding;

h.  If designation of a Claim is requested under section 1126(e) of the Bankruptcy Code, any vote to accept or reject the Combined Plan and Disclosure Statement cast with respect to such Claim will not be counted for purposes of determining whether the Combined Plan and Disclosure Statement has been accepted or rejected, unless the Bankruptcy Court orders otherwise;

i.  Any Holder of a Claim that has delivered a valid Ballot voting on the Combined Plan and Disclosure Statement may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

j.  Unless waived or as otherwise ordered by the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Bankruptcy Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived;

k.  Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

l.  Neither the Debtors nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

m.  No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting Ballots to accept the Combined Plan and Disclosure Statement;

n.  The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Combined Plan and Disclosure Statement; and

o.  The Ballot does not constitute, and shall not be deemed to be, a proof of Claim or an assertion or admission of a Claim or Interest.

11.   NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS DELIVERED WITH THIS MASTER BALLOT OR OTHER SOLICITATION MATERIALS APPROVED BY THE BANKRUPTCY COURT, INCLUDING, WITHOUT LIMITATION, THE DISCLOSURE STATEMENT.

12.     PLEASE SUBMIT YOUR MASTER BALLOT PROMPTLY.

13.     THE PLAN PROPONENT EXPRESSLY RESERVES THE RIGHT TO OBJECT AT A LATER DATE TO THE AMOUNT ALLEGED HEREIN TO BE DUE TO THE HOLDER OF A CLAIM BY THE DEBTORS OR THE INDEBTEDNESS IN A TIMELY FILED PROOF OF CLAIM.

---

**YOUR COMPLETED MASTER BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE NOTICE, CLAIMS, AND SOLICITATION AGENT BY THE VOTING DEADLINE AT THE FOLLOWING ADDRESS OR EMAIL:**

**IF BY EMAIL TO: IMEDIASECURITIESVOTE@STRETTO.COM**

**IF BY MAIL, OVERNIGHT OR HAND DELIVERY TO:**

**LEGACY IMBDS, INC.**
**C/O STRETTO, INC.,**
**410 EXCHANGE, SUITE 100**
**IRVINE, CA 92602**

**THE VOTING DEADLINE IS DECEMBER 4~~4~~14, 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME)**

---

---

**IF YOU HAVE ANY QUESTIONS REGARDING THE MASTER BALLOT, HOW TO PROPERLY COMPLETE THE MASTER BALLOT, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT, THE COMBINED PLAN AND DISCLOSURE STATEMENT, THE SOLICITATION PROCEDURES ORDER, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE NOTICE, CLAIMS, AND SOLICITATION AGENT AT (855) 794-3801 (TOLL-FREE) AND (949) 340-0398 (INTERNATIONAL) OR IMEDIAINQUIRIES@STRETTO.COM, OR JEREMY D.**

---

WEBB, ESQ, COUNSEL TO THE DEBTORS, AT JERAMY.WEBB@ROPESGRAY.COM.

| Summary report: Litera Compare for Word 11.3.1.3 Document comparison done on 10/27/2023 3:51:50 PM | |
|---|---|
| **Style name:** RG_Default_Style | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** Active_139548911_1_iMedia - Order re Interim Approval of DS Motion.docx | |
| **Modified DMS:** iw://RGDMS/Active/139548911/12 | |
| **Changes:** | |
| Add | 306 |
| Delete | 147 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 2 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 455 |