# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Legacy IMBDS, Inc., *et al.*,[1] | Case No. 23-10852 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 592** |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
OF SIDLEY AUSTIN LLP AS ATTORNEYS FOR THE BOARD OF
DIRECTORS OF LEGACY IMBDS, INC. EFFECTIVE AS OF THE PETITION DATE**

Upon consideration of the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") seeking authorization to retain and employ Sidley Austin LLP ("Sidley") as attorneys for the Board of Directors of Legacy IMBDS, Inc. (f/k/a iMedia Brands, Inc.)[3] (collectively, the "Directors"), effective as of the Petition Date, pursuant to sections 327(e) of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"); and the Court having reviewed the Application, the Declaration of Thomas Califano, a partner of Sidley (the "Califano

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: ValueVision Media Acquisitions, Inc. (8670); Legacy IMBDS, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642). The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

[3] Subsequent to the Petition Date, iMedia Brands, Inc. was renamed to Legacy IMBDS, Inc. For the avoidance of doubt, the proposed retention shall apply to any representation of iMedia Brands, Inc. prior to such name change, and Legacy IMBDS, Inc. subsequent to such name change.

Declaration"), and the declaration of Darryl Porter, the Chairman of the Board of Directors of Legacy IMBDS, Inc. (the "Porter Declaration" and, together with the Califano Declaration, the "Declarations"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Declarations that (a) Sidley does not hold or represent an interest adverse to the Debtors' estates as required by section 327(e) of the Bankruptcy Code; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application and having heard statements in support of the Application at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. The Debtors are authorized to employ Sidley as attorneys to the Board of Directors of Legacy IMBDS, Inc., effective as of the Petition Date, in accordance with the terms and conditions set forth in the Application and in the Engagement Letter attached hereto as **Exhibit 1**.

3. Sidley is authorized to provide the Debtors with the professional services as described in the Application and the Engagement Letter.

4. Sidley shall apply for compensation earned for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.  Sidley shall also make reasonable efforts to comply with the requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with the Application and all applications for compensation and reimbursement of expenses filed by Sidley in these Chapter 11 Cases.

5. Prior to any increases in Sidley's rates, Sidley shall file a supplemental affidavit with the Court and provide ten (10) business days' notice to the Debtors, the U.S. Trustee, and counsel to the Committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase.  The U.S. Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

6. Notwithstanding anything in the Application to the contrary, Sidley shall (i) to the extent that it uses the services of contract attorneys, independent contractors or subcontractors (collectively, the "Contractors") in these cases, pass through the cost of such Contractors at the same rate that Sidley pays the Contractors; (ii) seek reimbursement for actual costs only; (iii)

ensure that the Contractors are subject to the same conflicts checks as required for Sidley; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014.

7. The Debtors and Sidley are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

8. To the extent there is any inconsistency between the Application, the Declarations and this Order, the provisions of this Order shall govern.

9. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. Despite anything to the contrary in the Application, Engagement Letter or supporting declarations, this Court retains exclusive jurisdiction with respect to any and all matters arising from, out of or related to the implementation, interpretation and/or enforcement of this Order.