IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Legacy IMBDS, Inc., *et al.*,[1] | ) Case No. 23-10852 (KBO) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket Nos. 624 & 653** |

**MOTION OF COMCAST CABLE COMMUNICATIONS, LLC (I) FOR AUTHORITY TO FILE UNDER SEAL PORTIONS OF (1) THE REPLY OF COMCAST CABLE COMMUNICATIONS, LLC IN SUPPORT OF MOTION (A) TO COMPEL PAYMENT OF POSTPETITION AMOUNTS OWED UNDER THE AFFILIATION AGREEMENT, (B) TO ENFORCE THE SALE ORDER AND APA, (C) TO COMPEL IMMEDIATE ASSUMPTION OR REJECTION OF THE AFFILIATION AGREEMENT AND (D) FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT COMCAST TO EXERCISE ITS RIGHTS AND REMEDIES UNDER THE AFFILIATION AGREEMENT, INCLUDING TERMINATION OF THE AFFILIATION AGREEMENT, AND (2) THE DECLARATION OF JUSTIN SMITH AND EXHIBITS THERETO AND (II) TO SEAL THE COURTROOM DURING THE PRESENTATION OF CONFIDENTIAL INFORMATION AT THE HEARING ON THE MOTION**

Comcast Cable Communications, LLC ("Comcast"), hereby moves (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (I) authorizing Comcast to file under seal portions of the *Reply of Comcast Cable Communications, LLC in Support of Motion of Comcast Cable Communications, LLC (A) to Compel Payment of Postpetition Amounts Owed Under the Affiliation Agreement, (B) to Enforce the Sale Order and APA, (C) to Compel Immediate*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: ValueVision Media Acquisitions, Inc. (8670); Legacy IMBDS, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642). The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

Case 23-10852-KBO    Doc 670    Filed 10/31/23    Page 2 of 9

*Assumption or Rejection of the Affiliation Agreement, and (D) for Relief from the Automatic Stay to Permit Comcast to Exercise Its Rights and Remedies Under the Affiliation Agreement, Including, Termination of the Affiliation Agreement* [D.I. 653] (the "Reply") and the accompanying *Declaration of Justin Smith* in support of the Reply and exhibits thereto (the "Smith Declaration") under seal and (II) directing (a) the sealing of the hearing on the *Motion of Comcast Cable Communications, LLC (A) to Compel Payment of Postpetition Amounts Owed Under the Affiliation Agreement, (B) to Enforce the Sale Order and APA, (C) to Compel Immediate Assumption or Rejection of the Affiliation Agreement, and (D) for Relief from the Automatic Stay to Permit Comcast to Exercise Its Rights and Remedies Under the Affiliation Agreement, Including, Termination of the Affiliation Agreement* [D.I. 624] (the "Motion to Compel") for the limited durations in connection with the presentation of confidential commercial information related to Comcast's business (the "Sealed Testimony"); (b) the sealing of unredacted portions of any hearing transcript containing such Sealed Testimony; and (c) the redaction of Sealed Testimony prior to the filing of any such transcript with the Court or otherwise in the public domain. In support of this Motion, Comcast respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of the case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

2. On June 28, 2023 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of title

2

11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

3. On October 18, 2023, Comcast filed the Motion to Compel. A hearing on the Motion to Compel is scheduled for November 1, 2023 at 9:30 a.m. (the "Hearing").

4. The Motion Compel seeks entry of an order (i) compelling immediate payment by the Debtors or IV Media, LLC ("IV Media") of the October payment owed to Comcast under that certain Affiliation and Distribution Agreement, dated as of March 1, 2009 (as subsequently modified and amended, the "Affiliation Agreement"); (ii) rejecting the Affiliation Agreement; or in the alternative, (iii) directing the Debtors and/or IV Media to continue to perform its obligations under the Affiliation Agreement until such time the Affiliation Agreement is assumed or rejected. Alternatively, the Motion to Compel seeks entry of an order lifting the stay for all purposes with respect to the Affiliation Agreement so that Comcast may terminate the Affiliation Agreement and pursue its state law rights.

5. On October 25, 2023, the Debtors filed a limited objection to the Motion to Compel. [D.I. 638]. The Official Committee of Unsecured Creditors (the "Committee") filed a joinder to the Debtors' limited objection. [D.I. 640].

6. Also on October 25, 2023, IV Media filed an objection under seal to the Motion to Compel. [D.I. 642].

7. On October 27, 2023, Comcast filed the Reply and the accompanying Smith Declaration in support of the Motion to Compel. Portions of the Reply and Smith Declaration rely on highly confidential and sensitive non-public information regarding the Affiliation Agreement, negotiations regarding the sensitive pricing terms under the Affiliation Agreement, and Comcast's business that would be detrimental if publically disclosed

3

(collectively, the "Confidential Information") and would result in an unfair advantage to competitors by providing them information about Comcast's pricing and other commercial terms. The exhibits to the Smith Declaration are also comprised of the Affiliation Agreement and e-mails containing confidential negotiations. Disclosure of certain of the Confidential Information could also violate the confidentiality provision included in the Affiliation Agreement.

8. The Confidential Information is critical to the Reply and Smith Declaration. Contemporaneously with the filing of this Motion, Comcast will file a partially redacted version of the Reply and Smith Declaration.

9. Further, Comcast intends to call Justin Smith as a witness at the Hearing to testify regarding Comcast's business relationship with IV Media. Comcast anticipates that such Sealed Testimony will be necessary to dispute specific market and business considerations that are central to the Motion to Compel.

## RELIEF REQUESTED

10. By this Motion, Comcast seeks to protect the Confidential Information and requests that this Court enter an Order authorizing Comcast to file under seal the portions of the Reply and Smith Declaration containing Confidential Information, and to not make them available to any party other than the Court, the U.S. Trustee, the Debtors, IV Media, and their counsel unless such party demonstrates a legitimate need to obtain some or all of the Confidential Information, as applicable, and agrees to keep confidential the information sought.

11. Subject to this Court's approval, Comcast has redacted the Confidential Information from the Reply and Smith Declaration.

12. By this Motion, Comcast also seeks to protect the Sealed Testimony and requests that this Court enter an Order authorizing (a) the sealing of the Hearing for the limited

durations in connection with the presentation of the Seal Testimony; (b) the sealing of unredacted portions of any hearing transcript containing such Sealed Testimony; and (c) the redaction of Sealed Testimony prior to the filing of any such transcript with the Court or otherwise in the public domain.

## ARGUMENT

**A.    This Court Should Protect the Confidential Information from Public Disclosure**

13.    Section 107(b) of the Bankruptcy Code provides, "On the request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information."   11 U.S.C. § 107(b). Bankruptcy Rule 9018 provides, "On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018.

14.    Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g.*, *Video Software Dealers Assn v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994) (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information).  Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *Orion Pictures*, 21 F.3d at 27 (citations omitted).

15.    Moreover, when the requirements of Rule 9018 are satisfied, the authority to issue a resulting order is broad (i.e., "any order which justice requires"). *In re Global*

5

*Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27 (citations omitted). Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *Global Crossing*, 295 B.R. at 724-25 (noting that "the whole point of [Rule 9018(1)] is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury.").

16. Courts have found that relief should be granted if the information sought to be protected is "commercial information," defined as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor,'" and disclosure of the information is reasonably expected to cause the entity commercial injury and unfairly benefit the debtor's competitors. *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27–28 (2d Cir. 1994) (internal quotations omitted); *see also In re Frontier Group, LLC*, 256 B.R. 771, 773 (Bankr. E.D. Tenn. 2000) (citations omitted) (holding names of physicians who worked for a debtor which operated an employment agency specializing in contracting physicians to work in emergency rooms of various client hospitals were confidential commercial information).

17. Here, Comcast cannot prosecute its Motion to Compel and its Reply in support of the same without use of the Confidential Information; however, the Confidential Information included in the Reply and Smith Declaration refers to confidential commercial information, and should appropriately remain confidential in connection with the Court's consideration of the Motion.

18. Submitting the Confidential Information under seal will not prejudice the Debtors, IV Media, any creditor, or other party in interest in these Chapter 11 Cases.

19. Furthermore, the sealing of the Hearing during the portions in which Sealed Testimony is discussed or presented will ensure that the parties in interest are granted an opportunity to be heard, while protecting Comcast from the danger and undue burden of public disclosure of confidential and non-public information at the Hearing. If such relief is not granted, Comcast will not be able to meaningfully engage on certain issued raised in IV Media's objection because the information that such argument would rely on is confidential and should be sealed.

20. This Court and other courts have authorized hearings to be sealed in other Chapter 11 cases to protect confidential information. See, e.g. *In re Catholic Diocese of Wilmington, Inc.*, Case No. 09-13560 (CSS), 2012 WL 2359880 (Bankr. D. Del. June 20, 2012) (sealing the courtroom for a hearing on a protective order); *In re Spansion, Inc.*, Case No. 09-10690 (KJC), 2009 WL 1531788, at *1 n.3 (noting that the court granted motion to close certain portions of the hearing on a settlement motion pursuant to Section 107(b) of the Bankruptcy Code); *In re Labrum & Doak, LLP*, 227 B.R. 391, 398 (Bankr. E.D. Pa. 1998) (noting "[s]everal portions of the transcript and exhibits were deemed confidential in nature and were heard in a cleared courtroom" and that the exhibits and transcripts "consequently contain certain sealed portions").

21. Accordingly, for the reasons set forth herein, Comcast respectfully submits that the relief requested in this Motion is appropriate and necessary under the circumstances.

**CONSENT TO JURISDICTION**

22.     Pursuant to Local Rule 9013-1(f), Comcast consents to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

**CERTIFICATION OF COUNSEL**

23.     Pursuant to Delaware Bankruptcy Local Rule 9018-1(d)(iii), the undersigned counsel hereby certifies that she has conferred in good faith with counsel to the Debtors and IV Media and reached agreement concerning what information contained in the proposed sealed document, filed contemporaneously herewith, must remain sealed from public view.

**NOTICE OF MOTION**

24.     Notice of this Motion will be given to: (a) the Debtors; (b) the Office of the United States Trustee for the District of Delaware; (c) the Committee; (d) IV Media; and (c) all parties who would receive service of the Reply.  Comcast submits that, under the circumstances, no other or further notice is required.

**CONCLUSION**

WHEREFORE, the Comcast respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as Exhibit A, and grant such other and further relief as the Court deems just and proper.

Dated: October 31, 2023
Wilmington, Delaware

*/s/ Matthew G. Summers*
Matthew G. Summers (DE No. 5533)
Laurel D. Roglen (DE No. 5759)
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, Delaware 19801-3034
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
E-mail: summersm@ballardspahr.com
     roglenl@ballardspahr.com

*Counsel for Comcast Cable Communications, LLC*