## EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Legacy IMBDS, Inc., *et al.*,[1] | ) Case No. 23-10852 (KBO) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket Nos. 624, 653** |

**ORDER (I) AUTHORIZING COMCAST CABLE COMMUNICATIONS, LLC
TO FILE UNDER SEAL PORTIONS OF (1) THE REPLY OF COMCAST CABLE
COMMUNICATIONS, LLC IN SUPPORT OF MOTION (A) TO COMPEL
PAYMENT OF POSTPETITION AMOUNTS OWED UNDER THE AFFILIATION
AGREEMENT, (B) TO ENFORCE THE SALE ORDER AND APA, (C) TO COMPEL
IMMEDIATE ASSUMPTION OR REJECTION OF THE AFFILIATION AGREEMENT
AND (D) FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT COMCAST
TO EXERCISE ITS RIGHTS AND REMEDIES UNDER THE AFFILIATION
AGREEMENT, INCLUDING TERMINATION OF THE AFFILIATION
AGREEMENT AND (2) THE DECLARATION OF JUSTIN SMITH AND (II)
DIRECTING THE SEALING OF THE COURTROOM DURING THE PRESENTATION
OF CONFIDENTIAL INFORMATION AT THE HEARING ON THE MOTION**

Upon consideration of the motion (the "Motion")[2] of Comcast Cable Communications, LLC ("Comcast") for entry of an order, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, (I) authorizing Comcast to file under seal portions of the *Reply of Comcast Cable Communications, LLC in Support of Motion of Comcast Cable Communications, LLC (A) to Compel Payment of Postpetition Amounts Owed Under the Affiliation Agreement, (B) to Enforce the Sale Order and APA, (C) to Compel Immediate Assumption or Rejection of the Affiliation Agreement, and (D) for Relief from the Automatic Stay to Permit Comcast to Exercise Its Rights and Remedies Under the Affiliation Agreement,*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: ValueVision Media Acquisitions, Inc. (8670); Legacy IMBDS, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642). The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

*Including, Termination of the Affiliation Agreement* [D.I. 653] (the "Reply") and the accompanying *Declaration of Justin Smith* in support of the Reply (the "Smith Declaration") and (II) directing (a) the sealing of the hearing on the Motion to Compel for the limited durations in connection with the presentation of confidential commercial information related to Comcast's business (the "Sealed Testimony"); (b) the sealing of unredacted portions of any hearing transcript containing such Sealed Testimony; and (c) the redaction of Sealed Testimony prior to the filing of any such transcript with the Court or otherwise in the public domain; it appearing that the relief requested in the Motion is in the best interests of the Debtors' estate, its creditors and other parties in interest; the Court having found that due and proper notice of the Motion was provided under the particular circumstances and that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. Comcast is authorized file those portions of the Reply and Smith Declaration that contain Confidential Information under seal.

3. Comcast shall provide unredacted copies of the Reply and Smith Declaration to the Debtors, the U.S. Trustee, the Committee, and IV Media.

4. The courtroom shall be sealed during any portion of the Hearing when Confidential Information or Sealed Testimony is discussed or presented such that no persons shall participate in such portions of the Hearing other than Comcast, the Debtors, the United States Trustee, the Committee, IV Media, and the Court.

5. Any portions of the transcript of the hearing in which Confidential Information or Sealed testimony is discussed or presented shall also be sealed and only versions in which confidential information is redacted shall be filed with the Court or otherwise made publically available.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. Comcast is authorized to take all actions necessary to effectuate the relief granted in this Order.

8. This Court shall retain jurisdiction with respect to any and all matters arising from or related to the implementation or interpretation of this Order.