**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Legacy IMBDS, Inc., *et al.*,[1] | Case No. 23-10852 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: Nov. 1, 2023, at 9:30 a.m. ET**<br>**Objection Deadline: at the hearing** |

**MOTION OF IV MEDIA, LLC TO (I) AUTHORIZE IT TO REDACT AND FILE UNDER SEAL CERTAIN INFORMATION CONTAINED IN THE OBJECTION OF IV MEDIA, LLC TO MOTION OF COMCAST COMMUNICATIONS, LLC (A) TO COMPEL PAYMENT OF POSTPETITION AMOUNTS OWED UNDER THE AFFILIATION AGREEMENT, (B) TO ENFORCE THE SALE ORDER AND APA, (C) TO COMPEL IMMEDIATE ASSUMPTION OR REJECTION OF THE AFFILIATION AGREEMENT, AND (D) FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT COMCAST TO EXERCISE ITS RIGHTS AND REMEDIES UNDER THE AFFILIATION AGREEMENT, AS WELL AS IN DOCUMENTS SUPPORTING THAT OBJECTION, AND (II) GRANTING RELATED RELIEF**

IV Media, LLC ("IVM"), by and through its undersigned counsel, hereby files this motion (this "Motion") pursuant to section 107 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an Order, substantially in the form attached hereto as **Exhibit A**, authorizing IVM to redact and to file under seal certain information in connection with the *Objection of IV Media, LLC to Motion of Comcast Cable Communications, LLC (A) To Compel Payment of Postpetition Amounts Owed*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: ValueVision Media Acquisitions, Inc. (8670); iMedia Brands, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642). The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

1

*Under the Affiliation Agreement, (B) To Enforce the Sale Order and APA, (C) to Compel Immediate Assumption or Rejection of the Affiliation Agreement, and (D) For Relief from the Automatic Stay to Permit Comcast to Exercise its Rights and Remedies Under the Affiliation Agreement, Including Termination of the Affiliation Agreement* [D.I. 642] (the "<u>Objection</u>").[2] In further support of this Motion, IVM respectfully states as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This matter is a core proceeding within the meaning 28 U.S.C. § 157(b)(2). Under Local Rule 9013-1(f), IVM consents to entry of a final order under Article III of the United States Constitution. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2. On October 18, 2023, Comcast Cable Communications ("<u>Comcast</u>") filed the *Motion of Comcast Cable Communications, LLC (A) To Compel Payment of Postpetition Amounts Owed Under the Affiliation Agreement, (B) To Enforce the Sale Order and APA, (C) to Compel Immediate Assumption or Rejection of the Affiliation Agreement, and (D) For Relief from the Automatic Stay to Permit Comcast to Exercise its Rights and Remedies Under the Affiliation Agreement, Including Termination of the Affiliation Agreement* [D.I. 624] (the "<u>Administrative Claim Motion</u>").

3. On October 25, 2023, IVM filed its Objection to the Administrative Claim Motion. IVM's Objection relies, in part, on information that has been designated confidential under the

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Objection.

2

Affiliation Agreement (the "**Confidential Information**"), including, but not limited to, the terms of the Affiliation Agreement, including certain confidential commercial information relating to affiliate contract pricing.

4. Accordingly, IVM filed the Objection under seal [D.I. 642]. In accordance with Local Rule 9018-1(d)(ii),

5. IVM subsequently filed on the public docket a proposed redacted version of the Objection [D.I. 669].

### Relief Requested

6. By this Motion, IVM requests entry of an order authorizing IVM to file the Objection under seal and accepting the proposed redactions to the Objection and the Declaration of Cavitt Randall (the "Declaration") filed contemporaneously therewith; in order to abide by the confidentiality provisions contained in the Affiliation Agreement preventing disclosure of the Confidential Information to non-contract parties.

### Basis for Relief

7. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. 11 U.S.C. § 107(b). Specifically, section 107(b) provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

8. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, providing that: "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate

3

or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

9. If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); *see also In re Gen. Homes Corp.*, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995) ("The court has authority to seal court records, in order to protect trade secrets or confidential research, development, or confidential information, or to protect a person with regard to a scandalous or defamatory matter."); *In re 50-Off Stores, Inc.*, 213 B.R. 646, 655–56 (Bankr. W.D. Tex. 1997) ("The statute, on its face, states that the bankruptcy court is **required** to protect such an entity on request of a party in interest.") (emphasis in original). Stated differently, section 107(b) of the Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause." *Orion Pictures*, 21 F.3d at 28. "Courts have supervisory power over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y 2003).

10. The Confidential Information in the Objection is necessary to fully apprise the Court of issues directly relevant to the Administrative Claim Motion. However, IVM and Comcast both assert that the Confidential Information is confidential and should remain under seal pursuant

4

to section 107(b) of the Bankruptcy Code. Based on the "Confidentiality Rights"[3] contained within the Affiliation Agreement, IVM requests that the Court authorize IVM to file the Objection under seal.

11. IVM has narrowly tailored the request set forth in this Motion to protect only the kind of commercially sensitive information that is entitled to be protected under section 107 of the Bankruptcy Code, as required by the confidentiality provisions in the Affiliation Agreement.

### Certification Pursuant to Local Rule 9018-1(d)

12. In accordance with Local Rule 9018-1(d), undersigned counsel to IVM has conferred in good faith with counsel for Comcast, as required under Local Rule 9018-1(d), and both parties agree that the redactions are appropriate under the Affiliation Agreement.

### Notice

13. Notice of this Motion has been or will be provided to (i) counsel to the Debtors; (ii) the Office of the United States Trustee for the District of Delaware; and (iii) any party who has requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002. IVM respectfully submits that no further notice of this Motion is required.

### No Previous Request

14. No prior request for the relief requested in this Motion has been made to this Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

---

[3] Local Rule 9018-1(d)(iii) defines "Confidentiality Rights" as "information that has been designated by another entity as confidential pursuant to a protective order, contract or applicable law or as otherwise requiring protection for the benefit of another entity pursuant to section 107 of the Bankruptcy Code[.]"
ADMIN 691088336v1

**Conclusion**

WHEREFORE, IVM respectfully requests that this Court enter an order substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated:  October 31, 2023
        Wilmington, DE

**GREENBERG TRAURIG, LLP**

*/s/ Dennis A. Meloro*
Dennis A. Meloro (DE Bar. No. 4435)
222 Delaware Avenue, Suite 1600
Wilmington, Delaware 19801
Telephone: (302) 661-7395
Email: Dennis.Meloro@gtlaw.com

- and -

Oscar N. Pinkas (admitted *pro hac vice*)
Nathan A. Haynes (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017
Tel: (212) 801-9200
Email: PinkasO@gtlaw.com
       HaynesN@gtlaw.com

*Counsel to IV Media, LLC*