# **<u>EXHIBIT A</u>**

(Proposed Order)

7

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Legacy IMBDS, Inc., *et al.*,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 23-10852 (KBO)<br><br>(Jointly Administered)<br><br>Ref. Docket No. ___ |

**ORDER GRANTING MOTION OF IV MEDIA, LLC TO (I) AUTHORIZE IT TO
REDACT AND FILE UNDER SEAL CERTAIN INFORMATION CONTAINED IN THE
OBJECTION OF IV MEDIA, LLC TO MOTION OF COMCAST COMMUNICATIONS,
LLC (A) TO COMPEL PAYMENT OF POSTPETITION AMOUNTS OWED UNDER
THE AFFILIATION AGREEMENT, (B) TO ENFORCE THE SALE ORDER AND APA,
(C) TO COMPEL IMMEDIATE ASSUMPTION OR REJECTION OF THE
AFFILIATION AGREEMENT, AND (D) FOR RELIEF FROM THE AUTOMATIC
STAY TO PERMIT COMCAST TO EXERCISE ITS RIGHTS AND REMEDIES UNDER
THE AFFILIATION AGREEMENT, AS WELL AS IN DOCUMENTS SUPPORTING
THAT OBJECTION, AND (II) GRANTING RELATED RELIEF**

Upon consideration *Motion of the IV Media, LLC to (I) Authorize it to Redact and File Under Seal Certain Information Contained in the Objection of IV Media, LLC to Motion of Comcast Cable Communications, LLC (A) To Compel Payment of Postpetition Amounts Owed Under the Affiliation Agreement, (B) To Enforce the Sale Order and APA, (C) to Compel Immediate Assumption or Rejection of the Affiliation Agreement, and (D) For Relief from the Automatic Stay to Permit Comcast to Exercise its Rights and Remedies Under the Affiliation Agreement, Including Termination of the Affiliation Agreement, as Well as in Documents*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: ValueVision Media Acquisitions, Inc. (8670); iMedia Brands, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642). The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

8

*Supporting that Objection, and (II) Granting Related Relief* (the "Motion");[2] and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. IVM is authorized to file redacted versions of the Objection and supporting documents to the extent necessary pursuant to the Affiliation Agreement confidentiality provisions.

3. Subject to Local Rule 9018-1(d), the Confidential Information shall remain confidential, shall remain under seal, and shall not be made available to anyone, except that IVM is authorized to cause the unredacted versions of the Objection to be served on and made available to: (a) the Court, (b) the U.S. Trustee; and on a confidential basis; (c) the Debtors; and (d) any other party as may be ordered by the Court or agreed to in writing by IVM and, with respect to parties listed in each of (a) through (c) above, under appropriate confidentiality agreements reasonably satisfactory to the Debtors and IVM, that preserve the confidentiality of Confidential information (and any information derived therefrom).

4. IVM and any party authorized to receive the unredacted versions of the Objection shall be authorized and directed, subject to Local Rule 9018-1, to redact specific references to the Confidential Information set forth therein from pleadings filed on the public docket maintained in these Chapter 11 Cases.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ADMIN 691088336v1

5. Except as required by applicable law or an order of this Court, any party who receives the Confidential Information in accordance with this Order shall not disclose or otherwise disseminate this information to any other person or entity.

6. The requirements set forth in Local Rule 9018-1 are satisfied by the contents of the Motion.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

8. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. IVM is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.