**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Legacy IMBDS, Inc., *et al.*,[1] | Case No. 23-10852 (KBO) |
| Debtors. | (Jointly Administered) |
| | Re: D.I. 723, 725, 731, 737, 738, 739 |

**FIRST OMNIBUS ORDER AWARDING INTERIM**
**ALLOWANCE OF COMPENSATION FOR SERVICES**
**RENDERED AND FOR REIMBURSEMENT OF EXPENSES**

Upon consideration of the interim applications (each an "Interim Application" and collectively, the "Interim Applications") of the professionals listed on **Exhibit A** attached hereto (each an "Applicant" and, collectively, the "Applicants") for the interim allowance of certain fees, including all holdbacks, and expenses for the period set forth on each of their Interim Applications (the "Compensation Period"), filed pursuant to the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief*, entered August 11, 2023 [D.I. 436] (the "Interim Compensation Order")[2]; and the Court having reviewed the Interim Applications; and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) notice of the Interim Applications was adequate under the circumstances; and (c) all persons with standing have been

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: ValueVision Media Acquisitions, Inc. (8670); Legacy IMBDS, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642). The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

[2] Capitalized terms used but not otherwise defined in this Order shall have the meanings ascribed to such terms in the Interim Compensation Order.

afforded the opportunity to be heard on the Interim Applications; and upon the full record of all proceedings in this case; and sufficient cause having been shown therefor,

**IT IS HEREBY ORDERED THAT:**

1. Each Interim Application is GRANTED and approved as set forth herein.

2. Each of the Applicants is allowed compensation for services rendered and reimbursement for actual and necessary expenses incurred during the Compensation Period in the amounts set forth on **Exhibit A** hereto, including any and all holdbacks.

3. To the extent not already paid pursuant to the Interim Compensation Order, the above-captioned debtors and debtors in possession are authorized to pay each of the Applicants one-hundred percent (100%) of the fees and one-hundred percent (100%) of the expenses listed on **Exhibit A** hereto that have not yet been paid in satisfaction of the allowed fees for services rendered and expenses incurred during the Compensation Period.

4. All fees and expenses allowed herein shall be subject to final allowance by the Court without regard to whether such amounts have been paid to the Applicant.

5. This Order shall be deemed a separate order with respect to each of the Interim Applications. Any stay of this Order pending appeal with respect to any one Applicant shall only apply to the particular Applicant that is the subject of such appeal and shall not operate to stay the applicability and/or finality of this Order with respect to any other of the Applicants.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: December 20th, 2023
Wilmington, Delaware

**KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE**