UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

RECEIVED
2024 FEB -7 PM 12: 03
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:

Legacy IMBDS, Inc., *et al.*,

        Debtors.

Chapter 11

Case No. 23-10852 (KBO)

(Jointly Administered)

## OBJECTION TO REJECTION OF EXECUTORY CONTRACT

Vidazoo Ltd. ("Vidazoo"), by its attorneys, Bernstein Cherney LLP, submits this objection to the January 24, 2024 Notice of Rejection by Debtors' Legacy IMBDS, Inc., *et al* ("Debtor") of the Executory Contract between Vidazoo and Debtor.

1. Vidazoo is a corporation formed pursuant to the laws of the State of Israel and maintaining its principal offices at 114 Yigal Alon St, Tel Aviv, 6744320. Vidazoo is a video content and yield management platform that focuses primarily on building smart automation tools to help publishers manage multiple video placements and optimize demand under the same platform.

2.. In or about October 2021, Vidazoo entered into an Agreement with iMedia Brands, Inc. (the "Services Agreement"), whereby Vidazoo offered its video placement services (the "Services") to iMedia for a period of a year and thereafter the Services Agreement automatically renewed on a year-to-year basis.

3. Pursuant to the Services Agreement, Vidazoo was to receive eighty five percent (85%) of all revenues generated by such placements with payments to be received on a net 60-day basis.

4. Although Vidazoo rendered the Services and delivered invoices to iMedia, iMedia failed to deliver payments on a timely basis. At the time it filed for bankruptcy protection, iMedia owed Vidazoo $625,072.00 – representing payments iMedia had failed to deliver.

5. iMedia has failed to pay Vidazoo a total of $625,072.00 (the "Overdue Balance") due and owing for the Services.

6. In May 2023, Vidazoo advised iMedia that it intended to commence legal action to collect the delinquent sum and breach of the Services Agreement unless arrangements for payment were finalized without further delay. In response, iMedia offered to enter into a new agreement with Vidazoo, whereby Vidazoo would monetize iMedia's websites by placing traffic on those sites and any amounts payable by Vidazoo for such usage would be offset by iMedia's massive debt to Vidazoo. (iMedia's May 22, 2023 email detailing this proposal is annexed hereto as Exhibit "B").

7. On June 20, 2023, Vidazoo agreed to the arrangement proposed by iMedia and entered into an agreement (via iMedia's affiliate, on its behalf) to that effect. That agreement was signed by both Vidazoo and iMedia (the "2023 Agreement"). (A copy of the 2023 Agreement is annexed hereto as Exhibit "C"). The 2023 Agreement clearly stated (*inter alia*) that it shall not derogate from or exhaust any of Vidazoo's right, claims and remedies available with respect to the iMedia's debt.

8. It would appear clear that iMedia proposed and entered into this arrangement while it was preparing to file for bankruptcy – which it did only days later, on June 28, 2023. In effect,

iMedia made Vidazoo believe that it intended to honor the 2023 Agreement, seemingly, in order to avoid payment of its outstanding debt.

9. iMedia's conduct here constituted bad faith; negotiating and entering into a contract that iMedia undoubtedly was aware it would seek to avoid. Rejection of this agreement (and of iMedia's earlier agreement to pay for Services) is an abuse of discretion, reflecting a scheme to avoid this obligation that originated prior to the filing.

10. Debtor's objectionable conduct here is not limited to such bad faith and abuse of discretion. Debtor's Notice of Rejection fails to provide adequate details of the contract it seeks to reject – including whether it is referring to the original Services Agreement, or the 2023 Agreement, or both. Debtor's vague reference to the "rejected" Executory Contract as "Publishing Agreement" fails to clarify that matter or provide the requisite detail of the agreement whose rejection is being sought or the basis for that rejection. In fact, the Notice of Rejection is confounding for yet another reason. Since execution of the 2023 Agreement, the Imedia debt to Vidazoo has been reduced to $554,381. It is difficult to understand why Debtor would decline to accept an agreement that would continue to reduce its outstanding obligation.

11. Debtor's failure to satisfy the criteria for rejection is evident. "A debtor's decision to assume an executory contract is subject to review under the "business judgment standard." See, e.g., In re Orion Pictures Corp., 4 F.3d 1095, 1099 (2d Cir. 1993); In re Gardiner, Inc., 831 F.2d 974, 975 n.2 (11th Cir. 1987); In re Health Science Products, Inc., 191 B.R. 895, 909 n.15 (Bankr. N.D. Ala. 1995) (Bankruptcy courts must approve a debtor's decision to assume or reject an executory contract "unless there is bad faith or a gross abuse of discretion." **In other words, the court must decide "whether the decision of the debtor is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, whim, or caprice.")."**

U.S. Department of Justice, Civil Resource Manual, 60. Executory Contracts in Bankruptcy -- Assumption and Rejection. (Emphasis added).

12. As the Court concluded in *In re Orion Pictures Corp*, supra, "a bankruptcy court reviewing a trustee's or debtor-in-possession's decision to assume or reject an executory contract should examine a contract and the surrounding circumstances and apply its best 'business judgment' to determine if it would be beneficial or burdensome to the estate to assume it." In this case, the circumstances surrounding negotiation of the 2023 Agreement should compel its acceptance rather than its rejection. As noted above, the contract was negotiated by Debtor in bad faith, on the eve of the bankruptcy filing, with a clear intention that bankruptcy would render it a nullity and thereby absolve Debtor of any responsibility for payment of the debt to Vidazoo. Rejection of the agreement would allow Debtor to escape culpability for its purposeful and wrongful conduct.

18. Accordingly, in view of the foregoing, we submit that this Court should deny Debtors request to reject the Vidazoo Executory Agreements.

Dated: February 6, 2024

BERNSTEIN CHERNEY LLP

By: /s/ Hartley T. Bernstein
Hartley T. Bernstein, Esq.
955 Park Avenue, Fifth Floor West
New York, N.Y. 10028
(212) 381-9684 – Phone
(646) 304-9535 – FAX
hbernstein@bernsteincherney.com

# BERNSTEIN CHERNEY LLP
ATTORNEYS AT LAW
955 Park Avenue, Fifth Floor West
New York, N.Y. 10028

Hartley T. Bernstein
Phone: (212) 381-9684
Fax: (646) 304-9535
hbernstein@bernsteincherney.com

RECEIVED

2024 FEB -7 PM 12: 03

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

February 6, 2024

Judge Karen B. Owens, U.S.B.J.
United States Bankruptcy Court for Delaware
824 North Market Street
Wilmington, DE 19801

Re: Legacy IMBDS, Inc., *et al.*, Case No. 23-10852 (KBO)

Dear Judge Owen:

We are counsel to Vidazoo Ltd. ("Vidazoo"), a creditor of iMedia Brands, Inc. ("Debtor").

We are in receipt of the *Sixth Notice of Rejection of Certain Executory Contracts and Unexpired Leases*, which was filed with the Court on January 24, 2024 by the Debtors and which seeks to reject \ an Executory Contract with Vidazoo.

In accordance with the Court's Order Dated September 26, 2023, I am enclosing herewith Vidazoo's objections to such rejection. On behalf of Vidazoo I am requesting that these objections remain confidential and that they not be available for public viewing.

Thank you for your attention.

Respectfully,

Hartley T. Bernstein