**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Legacy IMBDS, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10852 (KBO)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 922** |

**ORDER (I) AUTHORIZING DEBTORS TO REJECT**
**EXECUTORY CONTRACTS AND (II) GRANTING RELATED RELIEF**

Pursuant to and in accordance with the *Order Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases* [Docket No. 516] (the "Rejection Procedures Order")[2] entered in the above-caption chapter 11 cases of Legacy IMBDS, Inc. and its debtor affiliates (collective, the "Debtors"); and the Debtors having properly filed with this Court and served on the Rejection Notice Parties a notice (the "Rejection Notice") of their intent to reject certain executory contracts (each, a "Contract" and collectively, the "Contracts") and unexpired lease of nonresidential real property of the Debtors (the "Lease") identified on **Annex A** hereto; in accordance with the terms of the Rejection Procedures Order, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and no timely objections having been filed to the Rejection Notice with respect to the Contracts and Leases identified in **Annex A** hereto; and the Court having found and determined that the relief requested is in the best interests of the Debtors, their estates, their

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  ValueVision Media Acquisitions, Inc. (8670); Legacy IMBDS, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642).  The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Order.

creditors, and all parties in interest, and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Contracts and Lease are hereby rejected as set forth herein, effective as of the date set forth for such Contracts or Lease on **Annex A**, which shall not be prior to the date of the Debtors' unequivocal surrender of the leased premises via the delivery of the keys, key codes, and alarm codes to the premises, as applicable, to the lease counterparty, or, if not delivering such keys and codes, providing notice that the landlord may re-let the premises, except as otherwise agreed by the Debtors and the applicable lease counterparty (the "Rejection Date").

2. Any and all personal property remaining at the leased premises as of the applicable Rejection Date shall be deemed abandoned by the Debtors and their estates upon the Rejection Date without further notice or order of the Court. Any landlord or other designee shall be free to dispose of any such items as of the Rejection Date without notice or liability to any Debtor or consenting non-Debtor third party and without further notice or order of the Court and, to the extent applicable, the automatic stay is modified to allow such disposition; provided that notwithstanding anything to the contrary in this Order, the Debtors are not authorized hereunder to abandon, and are directed to remove, any (i) hazardous (as such term is defined in federal, state, or local law, rule, regulation, or ordinance) materials, (ii) "personally identifiable information" (as such term is defined in section 101(41A) of the Bankruptcy Code), or (iii) business records that are necessary to conduct these chapter 11 proceedings and are not available elsewhere, at any premises subject to a nonresidential real property lease or sublease. The rights, if any, of any landlord to file claims for the costs of disposal of property or other damages in connection with the Debtors' rejection of leases are fully reserved, as are the rights of any party in interest to object to such claims.

3. Nothing contained in this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's right to dispute the amount of, basis for, or validity of any claim against the Debtors; or (iii) a waiver of any claims or causes of action that might exist against any creditor or interest holder.

4. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

5. Consistent with the limitations of section 362 of the Bankruptcy Code, and any other applicable law, counterparties to the Contracts or Lease are prohibited from setting off or otherwise utilizing any amounts deposited by the Debtors with any of the counterparties to the Contracts or Lease a security deposit or pursuant to another similar arrangement, or owed to the Debtors by any of the counterparties under the Contracts or Lease or other agreements between the same parties, without further order of this Court.

6. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

7. Any proofs of claim for rejection damages or other related claims if any, asserted by counterparties to the Contracts shall be filed on or before the later of (i) the claims bar date established by the Court in these chapter 11 cases, if any, and (ii) thirty (30) days after entry of this Order.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

**Dated: February 12th, 2024**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**