IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Legacy IMBDS, Inc., *et al.*,[1] | Case No. 23-10852 (KBO) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 932 |

**ORDER APPROVING**
**THE SETTLEMENT AGREEMENT AMONG THE DEBTORS,**
**SYNACOR, INC., AND IV MEDIA, LLC, AND GRANTING RELATED RELIEF**

Upon the motion (the "Motion"),[2] filed by the above-captioned debtors and debtors in possession (the "Debtors"), for entry of an order approving the Settlement Agreement by and among the Debtors, Synacor, and IV Media; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and this Court having found that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: ValueVision Media Acquisitions, Inc. (8670); Legacy IMBDS, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642). The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

[2] Capitalized terms used in this Order but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all other parties in interest; and this Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT**:**

1. The Motion is GRANTED as set forth herein and the Settlement Agreement attached hereto as **Exhibit 1** is approved in its entirety pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

2. The Debtors are authorized to enter into the Settlement Agreement and to take any and all actions necessary and appropriate to consummate the Settlement Agreement, including, without limitation, executing and delivering any documents, agreements or instruments as may be necessary or appropriate to implement the Settlement Agreement.

3. Synacor is deemed to accept the Debtors' Plan pursuant to Federal Rule of Bankruptcy Procedure 3018 on account of Class 4 Unsecured Claims (as defined in the Plan) held against each of Legacy IMBDS, Inc. and Portal Acquisition Company, each Claim with a voting amount of $4,710,946.53.

4. Synacor's objection to the Debtors' Plan docketed as Docket No. 823 on the docket of these chapter 11 cases is withdrawn with prejudice.

5. Synacor's Allowed Claim is not subject to dispute, challenge, or objection by any party in interest in these chapter 11 cases; provided that, other than the Allowed Claim, Synacor shall not have any other claim against any of the Debtors in these chapter 11 cases, whether secured, unsecured, or administrative.

6. The Settlement Agreement and any related agreements, documents, or other instruments may be modified, amended, supplemented, or restated by the parties thereto in a

writing signed by such parties, and in accordance with the terms thereof, without further order of this Court; provided, that any such modification, amendment, supplement, or restatement shall not materially adversely affect the Debtors' estates or unsecured creditors unless such modification, amendment, supplement, or restatement has been consented to in writing by the Committee and the U.S. Trustee (which, in each case, may be by email from counsel).

7. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this order are immediately effective and enforceable upon its entry.

8. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion, the Settlement Agreement, or the implementation of this order.

Dated: February 16th, 2024
Wilmington, Delaware

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**