# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Legacy IMBDS, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10852 (KBO)<br><br>(Jointly Administered)<br><br>**Hearing Date:** *Only if an objection is filed*<br>**Obj. Deadline: Mar. 12, 2024 at 4:00 p.m. (ET)** |

## SUMMARY OF SEVENTH MONTHLY FEE APPLICATION OF MCDERMOTT WILL & EMERY LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JANUARY 1, 2024 THROUGH JANUARY 31, 2024

| | |
|---|---|
| Name of applicant: | **MCDERMOTT WILL & EMERY LLP** |
| Authorized to provide professional services to: | **Official Committee of Unsecured Creditors of Legacy IMBDS, Inc., *et al.*** |
| Date of retention: | **September 1, 2023, effective July 11, 2023** |
| Period for which compensation and reimbursement are sought: | **January 1, 2024 through January 31, 2024** |
| Amount of compensation sought as actual, reasonable, and necessary: | **$55,732.80 (80% of $69,666.00)** |
| Amount of reimbursement sought as actual, reasonable, and necessary: | **$348.47** |
| This is a: | **Monthly Fee Application** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: ValueVision Media Acquisitions, Inc. (8670); Legacy IMBDS, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642). The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

**Prior Applications:**

| Application | Date Filed | Period Covered | Requested Fees/Expenses | Approved Fees/Expenses |
|---|---|---|---|---|
| **First Monthly** | 9/18/23 [D.I. 534] | 7/11/23 – 7/31/23 | $895,304.50/ $6,268.00 | $716,243.60/ $6,268.00 |
| **Second Monthly** | 10/02/23 [D.I. 557] | 8/1/23 – 8/31/23 | $588,476.50/ 7,355.80 | $470,781.20/ 7,355.80 |
| **Third Monthly** | 10/16/23 [D.I. 614] | 9/1/23 – 9/30/23 | $275,539.50/ 960.08 | $220,431.60/ 960.08 |
| **Fourth Monthly** | 11/15/23 [D.I. 742] | 10/1/23 – 10/31/23 | $325,002.00/ 1,263.64 | $260,001.60/ 1,263.64 |
| **Fifth Monthly** | 12/14/23 [D.I. 822] | 11/1/23 – 11/30/23 | $225,960.00/ $640.63 | $180,768.00/ $640.63 |
| **Sixth Monthly** | 1/22/24 [D.I. 912] | 12/1/23 – 12/31/23 | $335,065.00/ $7,164.92 | $268,052.00/ $7,164.92 |

**OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS OF IMEDIA BRANDS, INC., *ET AL.***
**SUMMARY OF BILLING BY PROFESSIONAL**
**JANUARY 1, 2024 THROUGH JANUARY 31, 2024**

| Name of Professional Person | Date of Bar Admission | Position with the Applicant and Practice Area | Hourly Billing Rate[2] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Kristin K. Going | 1999 | Partner; Corporate Advisory | $1,395.00 | 2.5 | $3,487.50 |
| David R. Hurst | 1998 | Partner; Corporate Advisory | $1,395.00 | 17.0 | $23,715.00 |
| Stacy A. Lutkus | 2003 | Partner; Corporate Advisory | $1,305.00 | 15.0 | $19,575.00 |
| Daniel A. Thomson | 2019 | Associate; Corporate Advisory | $1,035.00 | 0.9 | $931.50 |
| Landon W. Foody | 2023 | Associate; Corporate Advisory | $750.00 | 22.5 | $16,875.00 |
| Daniel D. Northrop | N/A | Paralegal; Corporate Advisory | $605.00 | 8.4 | $5,082.00 |
| **TOTALS** | | | | **66.3** | **$69,666.00** |

**Blended Rate: $1,050.77**

---

[2] Except as set forth below, the rate represents the current standard hourly rate of each McDermott attorney and paralegal who rendered legal services at a ten percent discount.

**OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF IMEDIA BRANDS, INC., *ET AL.*
SUMMARY OF FEES BY PROJECT CATEGORY
JANUARY 1, 2024 THROUGH JANUARY 31, 2024**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 8.6 | $8,226.00 |
| Asset Disposition | 0.3 | $181.50 |
| Meetings/Communications with Creditors | 6.1 | $6,586.50 |
| Fee/Employment Applications | 13.7 | $12,220.00 |
| Assumption/Rejection of Leases | 1.3 | $844.50 |
| Other Contested Matters | 24.4 | $28,124.00 |
| Financing/Cash Collateral | 1.7 | $1,757.50 |
| Plan/Disclosure Statement | 10.2 | $11,726.00 |
| **TOTALS** | **66.3** | **$69,666.00** |

**OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS OF IMEDIA BRANDS, INC.,** *ET AL.*
**SUMMARY OF EXPENSES**
**JANUARY 1, 2024 THROUGH JANUARY 31, 2024**

| Expense Category | Service Providers (if applicable) | Total Expenses |
|---|---|---|
| Computer Research | PACER | $151.60 |
| Express Mail | FedEx | $196.87 |
| **TOTAL** | | **$348.47** |

v

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Legacy IMBDS, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10852 (KBO)<br><br>(Jointly Administered)<br><br>Hearing Date: *Only if an objection is filed*<br>Obj. Deadline: Mar. 12, 2024 at 4:00 p.m. (ET) |

**SEVENTH MONTHLY FEE APPLICATION OF MCDERMOTT WILL & EMERY LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JANUARY 1, 2024 THROUGH JANUARY 31, 2024**

McDermott Will & Emery LLP (the "Applicant" or "McDermott"), counsel to the Official Committee of Unsecured Creditors (the "Committee") of Legacy IMBDS, Inc. (f/k/a iMedia Brands, Inc.) and its affiliated debtors (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby applies (the "Application"), pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for allowance of compensation for services rendered and expenses incurred for the period from January 1, 2024 through January 31, 2024 (the "Application Period"), and respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: ValueVision Media Acquisitions, Inc. (8670); Legacy IMBDS, Inc. (3770); ValueVision Interactive, Inc. (8730); Portal Acquisition Company (3403); VVI Fulfillment Center, Inc. (5552); ValueVision Retail Inc. (2155); JWH Acquisition Company (3109); PW Acquisition Company, LLC (0154); EP Properties, LLC (3951); FL Acquisition Company (3026); Norwell Television, LLC (6011); and 867 Grand Avenue, LLC (2642). The Debtors' service address is 6740 Shady Oak Road, Eden Prairie, MN 55344-3433.

## JURISDICTION AND VENUE

1.  The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b).

2.  Venue of the Chapter 11 Cases and this Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3.  The legal predicates for the relief requested herein are Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016, and Local Rule 2016-2. Pursuant to Local Rule 9013-1(f), McDermott consents to the entry of a final judgement or order with respect to this Application if it is determined that the Court would lack Article III jurisdiction to enter such final judgement or order absent the consent of the parties.

## BACKGROUND

**A.    The Chapter 11 Cases**

4.  On June 28, 2023 (the "Petition Date"), the Debtors commenced the Chapter 11 Cases by filing petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee or examiner has been appointed in the Chapter 11 Cases.

5.  On July 10, 2023, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee under section 1102(a)(1) of the Bankruptcy Code. *See* Docket No. 126.

2

6. Additional information regarding the Debtors and the Chapter 11 Cases, including information regarding the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of the Chapter 11 Cases, is set forth in the *Declaration of James Alt, Chief Transformation Officer of iMedia Brands, Inc., in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 17] (the "First Day Declaration").

**B.    The Committee's Retention of McDermott**

7. On August 4, 2023, the Committee applied [Docket No. 354] (the "McDermott Retention Application") to the Court for an order authorizing the Committee to retain and employ McDermott as its counsel, effective as of July 11, 2023. On September 1, 2023, the Court entered an order [Docket No. 507] authorizing such retention.

**C.    The Interim Compensation Order**

8. On August 11, 2023, the Court entered the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 436] (the "Interim Compensation Order"),[2] which establishes the procedures for interim compensation and reimbursement of expenses in the Chapter 11 Cases. Specifically, the Interim Compensation Order provides that a Professional may file and serve a Monthly Fee Application on or after the fourteenth (14th) day of each month following the month for which compensation is sought. Provided that there are no objections to the Monthly Fee Application filed within twenty-one (21) days after the service of a Monthly Fee Application, the Professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such Professional eighty percent (80%) of the fees and one-hundred percent (100%) of the expenses requested in such Monthly Fee Application.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such items in the Interim Compensation Order.

3

**RELIEF REQUESTED**

9. By this Application, McDermott requests the allowance of $55,732.80, which is equal to eighty percent (80%) of the $69,666.00 in fees for professional services rendered by McDermott during the Application Period. McDermott also requests reimbursement of $348.47 in expenses incurred during the Application Period in connection with its engagement by the Committee.

**DESCRIPTION OF SERVICES RENDERED**

10. During the Application Period, McDermott professionals, including attorneys and paraprofessionals (collectively, the "McDermott Professionals"), devoted 66.3 hours to, among other things, contested matters, preparation of professional fee applications, and plan and disclosure statement matters. McDermott Professionals' most significant work in these matter categories is summarized below and is described in **Exhibit A** hereto, which provides a detailed itemization, by project category, of all services performed by McDermott with respect to the Chapter 11 Cases during the Application Period. This detailed itemization complies with Local Rule 2016-2(d) in that each time entry contains a separate time allotment, a description of the type of activity, and the subject matter of the activity, all time is billed in increments of one-tenth of an hour, time entries are presented chronologically in categories, and all meetings or hearings are individually identified.

A. **Other Contested Matters**
   **Amount Sought: $28,124.00**

11. During the Application Period, McDermott Professionals participated in multiple conferences with the Debtors and other interested parties regarding the ongoing Synacor, Inc. dispute. In connection with the foregoing, McDermott Professionals reviewed various documents, presentations, and correspondence and provided comments regarding the same. McDermott

4

Professionals also devoted time to reviewing and commenting on the Debtors' settlement agreement and participated in multiple conferences in connection therewith.

12. McDermott Professionals devoted a total of 24.4 hours to contested matters during the Application Period, for which compensation in the amount of $28,124.00 is sought.

**B.  Fee/Employment Applications**
    **Amount Sought: $12,220.00**

13. During the Application Period, McDermott Professionals drafted and filed McDermott's sixth monthly fee statement. Additionally, McDermott Professionals reviewed, provided comments on, and filed the Committee's financial advisor's fifth monthly fee application and filed a certificate of no objection for the Committee's financial advisor's fourth monthly fee statement.

14. McDermott Professionals devoted a total of 13.7 hours to fee applications during the Application Period, for which compensation in the amount of $12,220.00 is sought.

**C.  Plan and Disclosure Statement**
    **Amount Sought: $11,726.00**

15. During the Application Period, McDermott Professionals reviewed and analyzed, and provided comments to various plan related documents of the Debtors, including the Debtors' motion to extend the exclusivity period and documents relating to the Debtors' liquidating trust agreement. In connection with the foregoing, McDermott Professionals participated in various conferences with the Debtors regarding plan confirmation and post-confirmation matters.

16. McDermott Professionals devoted a total of 10.2 hours to plan and disclosure statement related matters during the Application Period, for which compensation in the amount of $11,726.00 is sought.

### DESCRIPTION OF ACTUAL, REASONABLE, AND NECESSARY EXPENSES INCURRED

During the Application Period, McDermott incurred actual, reasonable, and necessary expenses in connection with its engagement by the Committee in the aggregate amount of $348.47, for which McDermott seeks reimbursement. Attached hereto as **Exhibit B** are descriptions of the expenses actually incurred by McDermott in the performance of services rendered as counsel to the Committee. The expenses are broken down into categories of charges, including, among other things, the following charges: online legal research and express mail.[3]

### VALUATION OF SERVICES

McDermott Professionals expended a total of 66.3 hours in connection with this matter during the Application Period. The amount of time spent by each of the McDermott Professionals providing services to the Committee during the Application Period is set forth in **Exhibit A**. The rates reflected in this Application are McDermott's normal hourly rates of compensation for work of this character at a ten percent discount. The reasonable value of the services rendered by McDermott during the Application Period as counsel for the Committee in the Chapter 11 Cases is $69,666.00.

In accordance with the factors enumerated in Bankruptcy Code section 330, McDermott submits that the amount requested is fair and reasonable given (a) the complexity of the Chapter 11 Cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

---

[3] In accordance with Del. Bankr. L.R. 2016-2(e)(iii), McDermott does not charge more than $0.10 per page for photocopies, does not charge for incoming facsimile transmissions, and does not charge more than $0.25 per page for outgoing facsimiles.

6

**NO PRIOR REQUEST**

No prior request for the relief requested in this Application has been made to this Court or any other court.

**CERTIFICATE OF COMPLIANCE AND REQUEST FOR WAIVER**

The undersigned representative of McDermott certifies that he has reviewed the requirements of Local Rule 2016-2 and that the Application substantially complies with that Local Rule. To the extent that the Application does not comply in all respects with the requirements of Local Rule 2016-2, McDermott believes that such deviations are not material and respectfully requests that any such requirement be waived.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, McDermott respectfully requests that it (a) be allowed (i) compensation in the amount of $55,732.80 (80% of the $69,666.00 in fees actually incurred) for necessary professional services rendered to the Committee during the Application Period, and (ii) reimbursement of actual and necessary expenses in the amount of $348.47 incurred during that period, and (b) be granted such other and further relief as the Court deems just and proper.

Dated: February 20, 2024
Wilmington, Delaware

**MCDERMOTT WILL & EMERY LLP**

*/s/ David R. Hurst*
David R. Hurst (I.D. No. 3743)
The Brandywine Building
1000 N. West Street, Suite 1400
Wilmington, DE 19801
Telephone:    (302) 485-3900
Fax:               (302) 351-8711
E-mail:          dhurst@mwe.com

- and -

Darren Azman (admitted *pro hac vice*)
Kristin Going (admitted *pro hac vice*)
Stacy A. Lutkus (admitted *pro hac vice*)
Lucas B. Barrett
One Vanderbilt Avenue
New York, NY 10017-3852
Telephone:    (212) 547-5400
Fax:               (212) 547-5444
E-mail:          dazman@mwe.com
                     kgoing@mwe.com
                     salutkus@mwe.com
                     lbarrett@mwe.com

*Counsel to the Official Committee of Unsecured Creditors*